IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD JAMES BAKER
DOC NO: DC-5930
SCI DALLAS
1000 FOLLIES ROAD
DALLAS, PA. 18612,

        Petitioner,

VS.

BRADFORD COUNTY DISTRICT ATTORNEY,
And,
JEROME WALSH,
SCI DALLAS SUPERINTENDANT,
1000 FOLLIES ROAD
DALLAS, PA. 18612,

        Respondent.

FILED SCRANTON
APR 17 2013
PER _____
DEPUTY CLERK

CASE NO: 3:13-cv-00652-ARC-SES

## AMENDED
## PETITION FOR WRIT OF HABEAS CORPUS

**COMES NOW:** the Petitioner in the above styled cause and most respectfully moves this Honorable Court, pursuant to Title 28, U.S.C. 2254(d) issue a writ of habeas corpus, ordering his release from imprisonment at the hands of the Respondent, and submits that:

### JURISDICTION

1) **This Honorable Court enjoys jurisdiction to entertain this** writ on the basis of these facts: (a) Under Pennsylvania Habeas Corpus Rules, Title 42 Pa.C.S.A. §9545(b)(1)(i) & (ii), Petitioner is time barred from seeking collateral review of his sentence; (b) Likewise under the AEDPA since he was sentenced on August 08, 1997. No direct appeal, nor a PCRA or §2254 writ was taken; (c) The sentencing Court was without subject matter jurisdiction to sentence him to 20 years imprisonment for an Aggravated Assault by Vehicle while under DUI, (d) that conviction was obtained by fraud.

**PARTIES**

2)   <u>Petitioer</u> is a 52 year old white male currently serving a technical parole violation at the SCI Dallas prison, located at 1000 Follies Road, Dallas, Pa. 18612. HIS prison number is DC-5930.

<u>Jerome Walah</u>, is the superintendant at the SCI Dallas facility (*) and enjoys custody over the petitioner.

**STATEMENTS OF THE FACTS**

3)   On September 29, 1996, while petitioner attempted to pass two cars on Liberty Corners Road in Bradford County, he was unable to avoid an oncomming car on its side of the road traveling towards him. Petitioner was traveling at a high rate of speed, struck the oncomming car. A horrible accident ensued.

The female driver of the oncomming car was seriously injured. Her 6-8 year old daughter was also seriously injured. An infant, thank God, was not harmed. The mother and daughter were transported to Towanda Memorial Hospital, under went several operations, and were in and out of the hospital for additional operations for months on end.

Petitioner was seriously injured. He incurred a broken hip in several places, required a hip replacement, plates in his broken legs and arms, a pierced liver, lower bowels, and other major injuries.

4)   Upon entering the Towanda Memorial Hospital, at the request of his police escort, staff drew blood from petitioner for a blood alcohol test. Days later he was arrested at the hospital regarding <u>charges related to the accident.</u>

||*) Petitioner amends the respondents to include the Bradford County District Attorney.

5)   After two months petitioner was transferred to the SCI Mahanoy, hospital ward.  Doctors advised him he would be bound to a wheel chair for the rest of his life.

Six months later he was tranported to the Bradford County Courthouse to stand trial.  At that time his attorney, the District Attorney, and Judge advised him that if he proceeded to trial and was convicted he faced 30-to-60 years imprisonment.  If he took a plea bargain a 7½-to-25 year term of imprisonment.  Petitioner then pled guilty ans was sentenced as follows:

- a) Two years 6 months to 10 years; A consecutive term of two years 6 months to 10 years for violating 75 Pa. C.S.A. §3735.1;
  AGGRAVATED ASSAULT BY VEHICLE WHILE DUI

- b) One year 6 months, consecutive to the sentence above, and a consecutive one year six months for violating 75 Pa. C.S.A. §3742.1.
  ACCIDENT INVOLVING DEATH OR PERSONAL INJURY WHILE NOT PROPERLY LICENSED.

  See Exhibit 1, DOC SETENCE STATUS SUMMARY.

**LEGAL ISSUES**

6)   Out lined below are jurisdictional issues that give rise to filing this habeas corpus action in federal court; and the basis for granting the writ.

- a) On January 15, 1996, the Commonwealth placed into effect 42 Pa. C.S.A. §9545(b) et seq., which set a jurisdictional one year time-bar for prisoners to seek habeas corpus relief.  An untimely petition will not be entertained regardless of the issues raised therein:
  See Com. v. Abu-jama, 833 A.2d 719, 723,24 (Pa. 2000)

- b) The one year time limit begins when the prisoner has exhaused his direct appeals, and if no appeal was taken one year after sentencing. or sixty days upon the discovery of new evidence with the exercise of due diligence.
  Com v. Hawkins, 953 A. 2d 1248 (2008)

c) Under Pennsylvania jurisprudence, subject matter jurisdiction may never be waived, 42 Pa. Rules of Civil Procedure, Rule 1032, See Com. v. Little, 314 A.2d 270 (Pa. 1974), Musumecli v. Penns Landing Corp., 643 A. 2d 705 (Superior 1994).

d) Likewise, an illegal sentence may never be waived Com. v. Foster, 17 A. 2d 332 (Pa. 2004).

e) However, despite the fact of the non-waiver of the claims note if subparagraphs (c) and (d) above, which if asserted, constitute a miscarriage of justice, they must be filed within the jurisdictional time bar, Com. v. Fahy, 714 A.2d 214, 223 (Pa. 1999)  Thus petitioner has no state court remedies.

g) To proceed to a finding of guilt and subsequent sentence under a DUI offense, and sentenced meaning convicted Com. v. Johnson, 545 A. 2d 349 (Super 1988).

f) Petitioner asserts that the sentencing Court was without subject matter jurisdiction to sentence him to two consecutive 10 year terms of imprisonment under 75 Pa 3735.1 Aggravated Assault By Vehicle while DUI.

This because, an essential element, of that offense is that First, he must be found guilty by a jury or in a non-jury trial, and sentenced, i.e. convicted of a DUI offence.

" Any person who negligently causes serious bodily injury to another person as the result of violation of section 3731 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3731 commits a felong of the second degree when the violation is cause of the injury." §3735.1


7) Since the record is perfectly clear, Petitioner was never found guilty of a DUI offense, nor convicted of a DUI offense which caused the underlying injuries to the occupleas in the oncomming car Johnson, supra, the Court of Commonpleas in this cause was without subject matter jurisdiction to find him guilty of AGGRAVATED ASSAULT BY VEHICLE WHILE DUI, and sentence him to 20 years imprisonment.

8) Furthermore, that conviction was obtained by fraud. As the facts in Statements (6) and (7) above make clear, the blood alcohol test by the Bradford Memorial Hospital staff taken minutes after the accident were negative regarding a DUI offense. Petitioner was never privy to that test result.

**CONCLUSION**

9) Petitioner is unschooled in the law. He must rely upon the assistance a local prisoner paralegal to assist him.

**10) Petitioner asserts that the trial/sentencing Court was without jurisdiction to sentence him to two consecutive 6 months to 10 years imprisonment for violating Title 75 Pa. C.S.A. §3735.1, because he was never convicted of a DUI offense as a result of the same criminal event.**

11) That he was ineffectively represented by counsel who advised him to enter a plea to the §3735.1 charges.

12) The the Commonwealth suppressed the results of the blood alcohol test taken by the Bradford Memorial Hospital staff taken minutes after the accident in the this cause. That test result remains suppressed to this day.

13) That the conviction under §3735.1, was obtained by fraud on the part of the Commonwealth. Here the Court and the District Attorney.

14) That the statute of limitations does not accrue until the fraud is discovered. That date was on or abut the second week of February, 2013.

14(a) That his guilty plea was not knowingly, intelligenty, and voluntarily made.

15) That at the time of his plea he was heavily sedated under pain prescription medication. That his plea of guilty was premised upon the advice of counsel, his integrity, and the integrity of the Court and the District Attorney.

**PRAYER FOR RELIEF**

16) petitioner incorporates into this prayer for relief all the statements in (1) through (15) above and most respectively, for the leagal and factual pleadings in those statements, moves this Honorable Court to set aside the two consecutive 6 months to 10 years of imprisonment under §3735.1, asserted above.

Respectfully submitted,

*Ronald J Baker*
Ronald Baker DC 5930
SCI Dallas
1000 Follies Road
Dallas, Pa. 18612

Sworn and subscribed under the penalty of perjury, 28 U.S.C. 1746, that all the statements made in this §2254 writ are true to the best of his information and belief.

*Ronald J Baker*
Ronald Baker

6)