# COURT OF COMMON PLEAS OF BRADFORD COUNTY
## DOCKET



**Docket Number: CP-08-CR-0000716-1996**

# CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania
v.
Ronald James Baker

Page 1 of 11

## CASE INFORMATION

Cross Court Docket Nos:

Judge Assigned: Mott, John C.

OTN:

Initial Issuing Authority: Fred M. Wheaton

Arresting Agency: PSP - Towanda

Complaint/Incident #:

Case Local Number Type(s)

　Legacy Docket Number

Date Filed: 12/11/1996 　　Initiation Date: 12/11/1996

Lower Court Docket No:

Final Issuing Authority: Fred M. Wheaton

Arresting Officer: Sredenschek, Jeffrey P.

Case Local Number(s)

　96CR000716

## STATUS INFORMATION

Case Status: Closed　　Status Date　Processing Status　　　　Arrest Date: 10/15/1996

　　　　　　　　　　　12/11/1996　Migrated Case

　　　　　　　　　　　　　　　　　　　　　　Complaint Date: 10/15/1996

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 06/28/2012 | DOC Confined | SCI Dallas | | Yes |

## DEFENDANT INFORMATION

Date Of Birth: 01/23/1961　City/State/Zip: Dallas, PA 18612

Alias Name
Baker, Ron
Baker, Ronald
Baker, Ronald J.
Baker, Ronald J.

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Probation Officer | Bradford County Probation Department |
| Defendant | Baker, Ronald James |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | F2 | 75 § 3735 §§A | Homi By Veh While Dr Under The Infl | 10/15/1996 | |
| 2 | 2 | F2 | 75 § 3735 §§A | Homi By Veh While Dr Under The Infl | 10/15/1996 | |
| 3 | 3 | M3 | 75 § 3742 §§A | Accidents Involv.Death/Personal Injury | 10/15/1996 | |
| 4 | 4 | M3 | 75 § 3742 §§A | Accidents Involv.Death/Personal Injury | 10/15/1996 | |
| 5 | 5 | M3 | 75 § 3742 §§A | Accidents Involv.Death/Personal Injury | 10/15/1996 | |
| 6 | 6 | M2 | 75 § 3731 §§A1* | Driving Under The Influence Of Alcohol | 10/15/1996 | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# COURT OF COMMON PLEAS OF BRADFORD COUNTY

## DOCKET



**Docket Number: CP-08-CR-0000716-1996**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Ronald James Baker

Page 2 of 11

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 7 | 7 | M2 | 75 § 3731 §§A4* | Dr W/Bl Alc Lev .10% Or Greater | 10/15/1996 | |
| 8 | 8 | S | 75 § 3736 §§A | Reckless Driving | 10/15/1996 | |
| 9 | 9 | S | 75 § 1543 §§A | Driv While Oper Priv Susp Or Revoked | 10/15/1996 | |
| 10 | 10 | S | 75 § 1501 §§A | Driving W/O A License | 10/15/1996 | |
| 11 | 11 | S | 75 § 3714 | Careless Driving | 10/15/1996 | |
| 12 | 12 | S | 75 § 3305 | Pass Left Unsafe | 10/15/1996 | |
| 13 | 13 | S | 75 § 3302 | Fail To Yield Right | 10/15/1996 | |
| 14 | 14 | S | 75 § 3309 §§1 | Disregard Traffic Lane (Single) | 10/15/1996 | |
| 15 | 15 | F1 | 18 § 2702 §§A1 | Aggravated Assault | 10/15/1996 | |
| 16 | 16 | F1 | 18 § 2702 §§A1 | Aggravated Assault | 10/15/1996 | |
| 17 | 17 | F1 | 18 § 2702 §§A1 | Aggravated Assault | 10/15/1996 | |
| 18 | 18 | M2 | 18 § 2705 | Recklessly Endangering Another Person | 10/15/1996 | |
| 19 | 19 | M2 | 18 § 2705 | Recklessly Endangering Another Person | 10/15/1996 | |
| 20 | 20 | M2 | 18 § 2705 | Recklessly Endangering Another Person | 10/15/1996 | |
| 21 | 21 | | 18 § 2701 §§A | Simple Assault | 10/15/1996 | |

## COMMONWEALTH INFORMATION

**Name:**   Bradford County District Attorney's
Office, Esq.
District Attorney

**Supreme Court No:**

**Phone Number(s):**
570-265-1712   (Phone)

**Address:**
Bradford County Courthouse
301 Main Street
Towanda, PA 18848

## ATTORNEY INFORMATION

**Name:**

**Supreme Court No:**

**Rep. Status:**

**Phone Number(s):**

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|-----------------|---------------|---------------|----------|
| 1 | 12/11/1996 | | Unknown Filer |
| Original Papers Received from Lower Court | | | |
| 2 | 12/11/1996 | | Migrated, Filer |
| NOTICE | | | |
| NOTICE OF ARRAIGNMENT FOR (MGD) | | | |
| ORDER DATE:   01/09/1997 | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BRADFORD COUNTY

## DOCKET



**Docket Number: CP-08-CR-0000716-1996**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald James Baker

Page 3 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 01/03/1997 | | Migrated, Filer |

INFORMATNS

COMMONWEALTH'S INFORMATIONS FILED. (MGD)

| | | | |
|---|---|---|---|
| 1 | 01/09/1997 | | Migrated, Filer |

ARRAIGN

DEFENDANT APPEARED FOR ARRAIGNMENT WITH COUNSEL AND ENTERED A PLEA OF NOT GUILTY (CW)

| | | | |
|---|---|---|---|
| 2 | 01/09/1997 | | Migrated, Filer |

APPEARNCE

PRAECIPE FOR ENTRY OF APPEARANCE ON BEHALF OF DEFENDANT FILED. (CW)

ATTORNEY NAME:   ARTHUR D AGNELLINO

| | | | |
|---|---|---|---|
| 1 | 01/15/1997 | | Migrated, Filer |

REQUEST

REQUEST FOR BILL OF PARTICULARS FILED BY THE DEFENDANT.

| | | | |
|---|---|---|---|
| 1 | 01/21/1997 | | Migrated, Filer |

MOTION

MOTION FOR PRETRIAL DISCOVERY AND INSPECTION FILED BY ATTORNEY FOR DEFENDANT. 3C:AA (MGD)

| | | | |
|---|---|---|---|
| 1 | 01/27/1997 | | Migrated, Filer |

ANSWER

ANSWER TO REQUEST FOR PRE-TRIAL DISCOVERY AND INSPECTION, FILED BY COMMONWEALTH. (MGD)

| | | | |
|---|---|---|---|
| 2 | 01/27/1997 | | Migrated, Filer |

BILL

BILL OF PARTICULARS FILED BY THE COMMONWEALTH (MGD)

| | | | |
|---|---|---|---|
| 1 | 02/03/1997 | | Migrated, Filer |

NOTICE

NOTICE OF HEARING SCHEDULED FOR 02/06/97 AT 9:40 AM - PLEA

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BRADFORD COUNTY

## DOCKET





**Docket Number: CP-08-CR-0000716-1996**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald James Baker

Page 4 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 02/06/1997 | | Migrated, Filer |

ORDER

ORDER OF FEBRUARY 6, 1997 HAVING COME FOR A PLEA HEARING AAND THE DEFENDANT HAVING NOT ENTERED APLEA, THE MATTER IS TO BE SCHEDULED FOR CRIMINAL TRIAL LIST. (JCM)(KC)2/10/97 C:DA,DEF,ATTY

| 1 | 02/07/1997 | | Migrated, Filer |
|---|---|---|---|

NOTICE

NOTICE OF HEARING SCHEDULED FOR 04/01/97 AT 8:33 AM - CRIMINAL PRE-TRIAL CONF

| 2 | 02/07/1997 | | Migrated, Filer |
|---|---|---|---|

MOTION

OMNIBUS PRE-TRIAL MOTION FILED BY ATTORNEY FOR DEFENDANT. C:AA (MGD)

| 1 | 02/13/1997 | | Migrated, Filer |
|---|---|---|---|

MOTION

MOTION FOR HEARING TOGETHER WITH ORDER OF COURT FILED DATED FEBRAURY 13, 1997 SETTING HEARING FOR APRIL 11, 1997 AT 1:00 P.M. C:AA (JCM)(MGD)(2/13/97)(

| 1 | 02/14/1997 | | Migrated, Filer |
|---|---|---|---|

MOTION

MOTION FOR TRANSCRIPT OF PRELIMNNARY HEARING FILED BY ATTORNEY FOR DEFENDANT.

| 1 | 02/18/1997 | | Migrated, Filer |
|---|---|---|---|

ORDER

ORDER OF COURT FILED DATED FEBRUARY 18, 1997 DIRECTING TRANSCRIPT BE MADE OF PRELIMINARY HEARING HELD DECEMBER 10, 1996. 2C:AA (JCM)(MGD)(2/18/97)

| 2 | 02/18/1997 | | Migrated, Filer |
|---|---|---|---|

SERVICE

CERTIFICATE OF SERVICE OF OMNIBUS MOTION AND ORDER UPON DISTRICT ATTORNEY FILED BY ATTORNEY FOR DEFENDANT. (MGD)

| 1 | 03/07/1997 | | Migrated, Filer |
|---|---|---|---|

PRAECIPE

PRAECIPE TO FILE VERIFICATION FILED BY ATTORNEY FOR DEFENDANT. (MGD)

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BRADFORD COUNTY



## DOCKET



**Docket Number: CP-08-CR-0000716-1996**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Ronald James Baker

Page 5 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 03/13/1997 | | Migrated, Filer |

MOTION

MOTION FOR TRANSCRIPT TOGETHER WITH ORDER OF COURT FILED DATED MARCH 13, 1997 DIRECTING TRANSCRIPT BE MADE OF PRELIMINARY HEARING BY TRACY SHAYLOR. 4C:DA (JCM)(MGD) (3/13/97)

---

| 1 | 03/25/1997 | | Migrated, Filer |

PETITION

PETITION TO WITHDRAW AS COUNSEL TOGETHER WITH RULE FILED DATED MARCH 25, 1997 RETURNABLE APRIL 9, 1997 AT 1:00 P.M. 2C:AA (JCM)(MGD)(3/26/97)

---

| 1 | 04/01/1997 | | Migrated, Filer |

ORDER

ORDER OF APRIL 1, 1997 AFTER CRIMINAL PRE-TRIAL CONFERENCE THERE BEING OUTSTANDING OMNIBUS PRE-TRIAL MOTION SCHEDULED FOR HEARING ON APRIL 11, 1997 THE TRIAL SCHEDULED FOR APRIL 7, 1997 IS CONTINUED. TO BE PLACED ON NEXT TRIAL LIST. 4/3/97C:DA,DEF,AA

---

| 1 | 04/02/1997 | | Migrated, Filer |

SERVICE

CERTIFICATE OF SERVICE OF PETITION TO WITHDRAW UPON DISTRICT ATTORNEY AND DEFENDANT FILED BY ATTORNEY FOR DEFENDNAT. (MGD)

---

| 1 | 04/04/1997 | | Migrated, Filer |

NOTICE

NOTICE OF HEARING SCHEDULED FOR 04/11/97 AT 1:00 PM - OMNIBUS PRE-TRIAL

---

| 2 | 04/04/1997 | | Migrated, Filer |

MOTION

COMMONWEALTH'S MOTION FOR DISCOVERY FROM DEFENDANT TOGETHER WITH ORDER OF COURT FILED DATED APRIL 4, 1997 SETTING HEARING FOR APRIL 11, 1997 AT 1:00 P.M. 3C:DA (JCM)(MGD) (4/4/97)

---

| 1 | 04/11/1997 | | Migrated, Filer |

NOTICE

NOTICE OF CONTINUANCE FROM COURT ADMINISTRATOR; CONTINUES OMNIBUS PRE-TRIAL TO MAY 21, 1997 AT 1:00 P.M. (MGD)

---

| 1 | 04/14/1997 | | Migrated, Filer |

ORDER

ORDER OF APRIL 9, 1997 SET FOR RULE ON PETITION TO WITH- DRAW AS COUNSEL, AND THE COMMONWEALTH HAVING INFORMED THE COURT THAT IT OPPOSES THE PETITION, THE PARTIES AS DIRECTED TO SCHEDULE THE MATTER FOR HEARING OR ARGUMENT. (JCM)(KC)4/16/97C:DA,DEF,AA

Printed: 04/26/2013

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# COURT OF COMMON PLEAS OF BRADFORD COUNTY

## DOCKET



Docket Number: CP-08-CR-0000716-1996

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald James Baker

Page 6 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 04/17/1997 | | Migrated, Filer |

ORDER

ORDER OF APRIL 16, 1997 THE OMNIBUS PRE-TRIAL SCHEDULED FOR MAY 21, 1997 THE COURT CONTINUES SAID HEARING UNTIL FRIDAY MAY 30, 1997 AT 8:30 AM. (JCM)(KC)C:DA,DEF,AA

| 1 | 05/01/1997 | | Migrated, Filer |
|---|---|---|---|

ORDER

ORDER OF APRIL 30, 1997 THIS COURT'S ORDER OF APRIL 9, 1997 IN THE ABOVE IS VACATED. PETITION OF DEFENDANTS COUNSEL TO WITHDRAW IS GRANTED AND ARTHUR AGNELLINO, ESQ IS WITHDRAWN. DA,DEF,AA

| 1 | 05/13/1997 | | Migrated, Filer |
|---|---|---|---|

ORDER

ORDER OF COURT FILED, APPOINTING COUNSEL ORDER OF MAY 12, 1997 THE PUBLIC DEFENDER HAVING A CONFLICT, THE COURT APPOINTS SUSAN HARTLEY, ESQ. FOR THE DEFENDANT. 5/13/97C:DA,DEF,SH

ATTORNEY NAME:   SUSAN HARTLEY

| 1 | 05/15/1997 | | Migrated, Filer |
|---|---|---|---|

STENO.

STENOGRAPHER'S NOTES OF TESTIMONY FOR PRELIMINARY HEARING HELD DECEMBER 10, 1996 FILED. (MGD)

| 1 | 05/29/1997 | | Migrated, Filer |
|---|---|---|---|

MOTION

MOTION FOR CONTINUANCE TOGETHER WITH ORDER OF COURT FILED DATED MAY 28, 1997 CONTINUING OMNIBUS PRE-TRIAL HEARING TO JULY 2, 1997 AT 9:45 A.M. 2C:SH (JCM)(MGD)(5/29/97)

| 1 | 06/03/1997 | | Migrated, Filer |
|---|---|---|---|

ORDER

ORDER OF JUNE 3, 1997 AFTER PRE-TRIAL CONFERENCE IN THE ABOVE AND THERE BE OUTSTANDING OMNIBUS PRE-TRIAL MOTION NOT HEARD, THE CRIMINAL TRIAL SCHEDULED IN THE ABOVE FOR JUNE 9, 1997 IS CONTINUED.  SHALL BE PLACED ON THE NEXT AVAILABLE CRIMINAL TRIAL LIST.(JCM)(KC)6/5/97C:DA,DEF,ATTY, PROB

| 1 | 06/06/1997 | | Migrated, Filer |
|---|---|---|---|

NOTICE

NOTICE OF HEARING SCHEDULED FOR 07/02/97 AT  9:45 AM - OMNIBUS PRE-TRIAL

Printed:  04/26/2013

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BRADFORD COUNTY

## DOCKET



**Docket Number: CP-08-CR-0000716-1996**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald James Baker

Page 7 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 06/27/1997 | | Migrated, Filer |

SUPPLEME.

SUPPLEMENTAL OMNIBUS PRE-TRIAL MOTION FILED BY ATTORNEY FOR DEFENDANT. 2C:SH (MG)

---

| 1 | 07/01/1997 | | Migrated, Filer |
|---|---|---|---|

PLEA

ORDER OF JUNE 30, 1997 HAVING ENTERED A GUILTY PLEA TO (2) COUNTS OF ACCIDENT INVOLVING DEATH OR INJURY BY UNLICENSED OPERATOR, EACH(F_3),(2) COUNTS OF AGGRAVATED ASSAULT BY MOTOR VEHICLE WHILE DRIVING UNDER THE INFLUENCE EACH(F-2),& DUI (M-2) & DRIVING WHILE SUSPENDED AS A SECOND OR SUBSEQUENT OFFENSE(SUMMARY) AND (2) COUNT OF RECKLESSY ENDANGERING ANOTHER PERSON, EACH (M-2). SENTENCING SET FOR AUGUST 18, 1997 AT 1:00 PM.  PROBATION TO PREPARE A PRE-SENTENCE REPORT AND VICTIM'S IMPACT STATEMENT. SHALL UNDERGO CRN BY BRADFORD/SULLIVAN D&A. (JCM)(KC)7/10/97C:DA, DEF,ATTY,PROB,D&A

---

| 1 | 08/20/1997 | | Migrated, Filer |
|---|---|---|---|

SENTENCING

ORDER OF COURT FILED DATED AUGUST 18, 1997 SENTENCING DEFENDANT AS FOLLOWS: AGG. ASSAULT BY MOTOR VEHICLE WHILE UNDER THE INFLUENCE--PAY COSTS, RESTITUTION OF $83,894.95 AND UNDERGO IMPRISONMENT FOR 30-120 MONTHS; SECOND COUNT OF AGGRAVATED ASSAULT BY MOTOR VEHICLE WHILE UNDER THE INFLUENCE--PAY RESTITUTION OF $18,347.62 AND UNDERGO IMPRISONMENT FOR 30-120 MONTHS;ACCIDENT INVOLVING INJURY BY UNLICENSED OPERATOR--UNDERGO IMPRISONMENT THE 15-30 MONTHS; ON SECOND COUNT OF ACCIDENT INVOLVING INJURY BY UNLICENSED OPERATOR--UNDERGO IMPRISONMENT FOR 15-30 MONTHS. SENTENCES TO RUN CONSECUTIVELY TO EACH OTHER  AND TO BE SERVED IN A STATE CORRECTIONAL FACILITY.  NO FURTHER SENTENCES IMPOSED FOR THE OTHER CHARGES DEFENDANT PLEADED GUILTY TO AS THEY ALL MERGE FOR PURPOSES OF SENTENCING.  DISMISS ANY REMAINING CHARGES. C:DEF., DA, PROB., COUNSEL, ST. POL. (JCM)(MGD)(8/20/97)

---

| 1 | 08/21/1997 | | Migrated, Filer |
|---|---|---|---|

JUDGMENT

JUDGMENT ENTERED BY BRADFORD COUNTY PROBATION DEPT. IN ACCORDANCE WITH ACT 1996-3 FOR FINES, COSTS, RESTITUTION AND FEES.  TRANSCRIPT PREPARED AND NOTICE FORWARDED TO DEFT. (9:00 A.M.) DEBT: $102,676.57 PLUS INTEREST AND COSTS. (DC)

---

| 1 | 09/16/1997 | | Migrated, Filer |
|---|---|---|---|

APPEAL

NOTICE OF APPEAL OF ORDER ENTERED AUGUST 18, 1997 FILED. C:SUP. CT. (MGD)

---

| 1 | 09/18/1997 | | Migrated, Filer |
|---|---|---|---|

ORDER

ORDER OF SEPTEMBER 18, 1997 A NOTICE OF APPEAL FILED IN THE ABOVE, THE APPELLANT SHALL FORTHWITH WITHIN 14 DAYS FILED A CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL. (JCM)(KC)DA,DEF,ATTY

---

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BRADFORD COUNTY

## DOCKET



**Docket Number: CP-08-CR-0000716-1996**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Ronald James Baker

Page 8 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 10/03/1997 | | Migrated, Filer |

STENO.
STENOGRAPHER'S NOTES OF TESTIMONY FOR SENTENCING HEARING HELD AUGUST 18, 1997 LODGED. (MGD)

---

| 2 | 10/03/1997 | | Migrated, Filer |

AFFIDAVIT
AFFIDAVIT OF JULIE LUNDQUIST FILED. (MGD)

---

| 1 | 10/07/1997 | | Migrated, Filer |

STATEMENT
CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL FILED BY ATTORNEY FOR DEFENDANT. 4C:SH (MGD)

---

| 1 | 10/10/1997 | | Migrated, Filer |

NOTICE
SUPERIOR COURT DOCKETING STATEMENT FILED. #00906HBG97. (MGD)

---

| 2 | 10/10/1997 | | Migrated, Filer |

STATEMENT
STATEMENT PURSUANT TO RULE 1925 (A) OF THE PENNSYLVANIA RULES OF APPELLATE PROCEDURE. (JCM)(KC)C:DA,DEF,SH

---

| 1 | 10/14/1997 | | Migrated, Filer |

STENO.
STENOGRAPHER'S NOTES OF TESTIMON FOR SENTENCING HEARING HELD AUGUST 18, 1997 FILED. (MGD)

---

| 1 | 05/12/1998 | | Migrated, Filer |

SUP.CT.OR.
ORDER OF SUPERIOR COURT FILED DATED MARCH 25, 1998 AFFIRMING JUDGMENT OF COURT OF COMMON PLEAS. (MGD)

---

| 1 | 12/27/2000 | | Migrated, Filer |

MOTION
MOITON TO VACATE ORDER AUTHORIZING THE PAYMENT OF COSTS AND FINES PURSUANT TO ACT 84 FILED BY DEFENDANT. 3C:DEF. (MGD) (12/27/2000)

---

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BRADFORD COUNTY

## DOCKET

**Docket Number: CP-08-CR-0000716-1996**

# CRIMINAL DOCKET

**Court Case**



Commonwealth of Pennsylvania
v.
Ronald James Baker

Page 9 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 01/31/2001 | | Migrated, Filer |

MOTION
MOTION FOR A STAY OF COLLECTION OF MONIES OF ACT 84 FILED BY DEFENDANT. NO COPIES (MGD) (01/31/2001)

| 1 | 02/01/2001 | | Migrated, Filer |

ORDER
ORDER OF COURT FILED DATED JANUARY 31, 2001 DENYING MOTION FOR STAY OF COLLECTIONS OF MONIES UNDER ACT 84. C:DEF., DA, COLL. (JCM) (MGD) (02/06/2001)

| 1 | 03/02/2001 | | Migrated, Filer |

APPEAL
NOTICE OF APPEAL OF ORDERS ENTERED JANUARY 31, 2001 AND FEBRUARY 5, 2001 FILED. C:SUP. CT. (SEE 86CR003291 FOR FILING.) (MGD) (03/02/2001)

| 1 | 03/07/2001 | | Migrated, Filer |

STATEMENT
STATEMENT OF THE COURT PURSUANT TO RULE 1925(A) FILED. C:DEF., DA, (JCM)

| 1 | 03/15/2001 | | Migrated, Filer |

NOTICE
SUPERIOR COURT DOCKETING NOTICE FILED. #379MDA2001. (MGD) (03/15/2001)

| 1 | 10/04/2001 | | Migrated, Filer |

MISCELL.
DEFENDANTS FILED RETURNED FROM SUPERIOR COURT OF PA, ALONG WITH DECISION TO REJECT THE APPELLANT'S ARGUMENT THAT DEDUCTIONS FROM HIS ACCOUNT ARE BEING MADE WITHOUT STATUTORY AUTHORITY. (PLL) (10/09/2001)

| 1 | 06/12/2007 | | Baker, Ronald James |

Do Not Pursue Delinquency

| 1 | 09/26/2007 | | Baker, Ronald James |

Pursue Delinquency

| 1 | 01/28/2011 | | Court of Common Pleas - Bradford County |

Payment Plan Introduction Letter

Printed: 04/26/2013

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BRADFORD COUNTY

## DOCKET



**Docket Number: CP-08-CR-0000716-1996**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald James Baker

Page 10 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 01/28/2011 | | Court of Common Pleas - Bradford County |

Payment Plan Introduction Letter

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| 08-2011-P000000115 Baker, Ronald James | Monthly | | 02/28/2011 | Yes No | $1,300.00 $50.00 |
|---|---|---|---|---|---|

| Payment Plan History: | Receipt Date | | Payor Name | Participant Role | Amount |
|---|---|---|---|---|---|
| | 08/04/2005 | Payment | Baker, Ronald James | Defendant | $35.00 |
| | 09/06/2005 | Payment | | | $35.00 |
| | 01/18/2006 | Payment | | | $27.38 |
| | 02/14/2006 | Payment | Dept. Of Corrections | Payor | $98.40 |
| | 03/14/2006 | Payment | Dept. Of Corrections | Payor | $3.35 |
| | 04/20/2006 | Payment | Dept. Of Corrections | Payor | $33.00 |
| | 05/16/2006 | Payment | Dept. Of Corrections | Payor | $14.56 |
| | 06/20/2006 | Payment | Dept. Of Corrections | Payor | $8.26 |
| | 07/20/2006 | Payment | Dept. Of Corrections | Payor | $16.82 |
| | 09/08/2006 | Payment | Dept. Of Corrections | Payor | $25.82 |
| | 10/10/2006 | Payment | Dept. Of Corrections | Payor | $38.88 |
| | 11/21/2006 | Payment | Dept. Of Corrections | Payor | $14.08 |
| | 12/05/2006 | Payment | Dept. Of Corrections | Payor | $14.99 |
| | 12/28/2006 | Payment | | | $7.73 |
| | 01/23/2007 | Payment | Dept. Of Corrections | Payor | $64.72 |
| | 02/23/2007 | Payment | Dept. Of Corrections | Payor | $10.10 |
| | 03/27/2007 | Payment | Dept. Of Corrections | Payor | $21.22 |
| | 04/26/2007 | Payment | Dept. Of Corrections | Payor | $60.00 |
| | 04/27/2007 | Payment | Dept. Of Corrections | Payor | $32.00 |
| | 05/30/2007 | Payment | Dept. Of Corrections | Payor | $37.80 |
| | 07/02/2007 | Payment | Dept. Of Corrections | Payor | $8.40 |
| | 08/07/2007 | Payment | Dept. Of Corrections | Payor | $29.20 |
| | 08/27/2007 | Payment | Dept. Of Corrections | Payor | $13.40 |
| | 10/05/2007 | Payment | Dept. Of Corrections | Payor | $9.13 |
| | 11/07/2007 | Payment | | | $9.33 |
| | 01/02/2008 | Payment | Baker, Ronald James | Defendant | $25.00 |
| | 08/17/2009 | Payment | Baker, Ronald James | Defendant | $25.00 |
| | 09/28/2009 | Payment | | | $25.00 |
| | 10/27/2009 | Payment | | | $25.00 |

Printed:  04/26/2013

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BRADFORD COUNTY

## DOCKET



**Docket Number: CP-08-CR-0000716-1996**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald James Baker

Page 11 of 11

## CASE FINANCIAL INFORMATION

Last Payment Date: 10/27/2009 | Total of Last Payment: -$1.50

| Baker, Ronald James<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $13.12 | $0.00 | $0.00 | $0.00 | $13.12 |
| County Court Cost (Act 204 of 1976) | $19.14 | $0.00 | $0.00 | $0.00 | $19.14 |
| Clerks Fee (Bradford) | $117.32 | -$62.28 | $0.00 | $0.00 | $55.04 |
| Crime Victims Compensation (Act 96 of 1984) | $60.00 | -$60.00 | $0.00 | $0.00 | $0.00 |
| Emergency Medical Services (Act 45 of 1985) | $40.00 | $0.00 | $0.00 | $0.00 | $40.00 |
| State Court Costs (Act 204 of 1976) | $8.74 | $0.00 | $0.00 | $0.00 | $8.74 |
| Victim Witness Service (Act 111 of 1998) | $60.00 | -$60.00 | $0.00 | $0.00 | $0.00 |
| Judicial Computer Project | $5.00 | -$5.00 | $0.00 | $0.00 | $0.00 |
| Firearm Education and Training Fund (158 of 1994) | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Catastrophic Loss Fund (Act 24 of 1989) | $120.00 | $0.00 | $0.00 | $0.00 | $120.00 |
| State Writ Tax (Bradford) | $0.50 | $0.00 | $0.00 | $0.00 | $0.50 |
| Costs/Fees Totals: | $448.82 | -$187.28 | $0.00 | $0.00 | $261.54 |
| **Restitution** | | | | | |
| Restitution | $102,242.57 | -$61.38 | $0.00 | $0.00 | $102,181.19 |
| Restitution Totals: | $102,242.57 | -$61.38 | $0.00 | $0.00 | $102,181.19 |
| Grand Totals: | $102,691.39 | -$248.66 | $0.00 | $0.00 | $102,442.73 |

** - Indicates assessment is subrogated

CPCMS 9082

Printed: 04/26/2013

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

COUNTY OF: BRADFORD

POLICE
CRIMINAL COMPLAINT

CR-247-96

COMMONWEALTH OF PENNSYLVANIA

Magisterial District Number: 42-3-03

District Justice Name: Hon.  James POWELL

Address: 701 S. 4th St.
Towanda, Pa. 18848

Telephone: ( 717 ) 268-5057

VS.

DEFENDANT

NAME and ADDRESS

Ronald  James  BAKER, W N M
515 2nd St.
Towanda, PA 18848

Docket No.: CR-247-96
Date Filed: 10/15/96
OTN: E 690923-2

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B | Defendant's Social Security Number | Defendant's SID |
|---|---|---|---|---|
| ☒ White ☐ Asian ☐ Black ☐ Hispanic ☐ Native American ☐ Unknown | ☐ Female ☒ Male | 01/23/61 | 160520621 | 142-81-28-2 |

| Defendant's A.K.A. | Defendant's Vehicle Information | | | Defendant's Driver's License Number |
|---|---|---|---|---|
| | Plate Number J492XJ | State NY | Registration Sticker (MM/YY) | State PA  60032700 |

| Complaint/Incident Number P5-351138 | Complaint/Incident Numbers if other Participants | UCR/NIBRS Code 210 |
|---|---|---|

District Attorney's Office  ☐ Approved  ☐ Disapproved because: _____

(The district attorney may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing.
Pa.R.Cr.P. 107.)

I, (Name of Attorney for Commonwealth - Please Print or Type)   Tpr. Jeffrey P. SREDENSCHEK    (Signature of Attorney for Commonwealth)    (Date)

(Name of Affiant - Please Print or Type)                                      6866  (Officer Badge Number/I.D.)

of  PA STATE POLICE-TOWANDA STATION    PAPSP8500
(Identify Department or Agency Represented and Political Subdivision)    (Police Agency ORI Number)    (Originating Agency Case Number [O]

do hereby state: (check the appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as _____

   ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have
   therefore designated as John Doe

   with violating the penal laws of the Commonwealth of Pennsylvania at   SR 2004 approx 200' north
   of SR2006, Towanda Twp                                                (Place-Political Subdivision)
   in   BRADFORD    ,PA   County on or about   09/29/96 approx 1630hrs

   Participants were: (If there were participants, place their names here, repeating the name of above defendant)
   Ronald James BAKER

2. The acts committed by the accused were:
   (Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)

                              SEE  PAGE 2 OF 5

                                                              continued page 2



endant's Name:    Ronald James BAKER

Docket Number:    CR-247-96



# CRIMINAL COMPLAINT

3 counts  Aggravated Assault by Vehicle while driving under the influence.
Graded as a Felony two(2) (i.e. one count each for Kim BENJAMIN,
Chelsea BRENNER ; Richard BENJAMIN) Sec.3735.1.(a).
To wit: The defendant did negligently cause serious bodily injury
to other persons v. le the result of a violation of section 3731.

3 counts  Accidents involving death or personal injury while not properly licensed.
Graded as a Felony three(3) (i.e. one count each for Kim BENJAMIN,
Chelsea BRENNER & Richard BENJAMIN)Sec. 3742.1.(a).
To wit: The defendant was the driver of a vehicle and caused an
accident resulting in injury or death of any person and whose operating
privledge at the time of the accident is canceled,revoked or suspended
pursuant to section 1532 and not restored or who at the time of the
accident had not been issued a valid driver's license.

1 count  Driving Under the Influence of Alcohol.
Graded as a Misdemeanor two(2) Sec. 3731(a)(1)(4)
To wit: the defendant did operate and was in actual physical control
of the movement of a motor vehicle,while under the influence of alcohol
to a degree which renders a person incapable of safe driving and while
the amount of alcohol by weight in the blood of the person is .10% or
greater. BAKERS B.A.C.-.125%

1 count  Reckless Driving.
Graded as a Summary Offense Sec. 3736(a)
To wit: In that the defendant did operate a motor vehicle in a willful
or wanton disregard for the safety of persons or property.

"CONTINUED"

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act
of Assembly, or in violation of

| | (Section) | | (Subsection) | | (PA Statute) | | (counts) |
|---|---|---|---|---|---|---|---|
| 1. | 3735.1. | (a) | | of the | TITLE 75 | | 3 |
| 2. | 3742.1. | (a) | | of the | TITLE 75 | | 3 |
| 3. | 3731 | (a)(1),(4) | | of the | TITLE 75 | | 1 |
| 4. | 3736 | (a) | | of the | TITLE 75 | | 1 |

3.  I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have
made. (In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed
and sworn to before the issuing authority.)

4.  I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information
and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S.
§ 4904) relating to unsworn falsification to authorities.

OCTOBER  15 , 19 96        TPR.                                   (Signature of Affiant)

AND NOW, on this date    10/15    , 19 96 , I certify that the complaint has been properly
completed and verified. An affidavit of probable cause must be completed in order for a warrant to issue.

42-3-03
(Magisterial District)

                                             (Issuing Authority)        SEAL

AOPC 412-(8/95)                     2-3

CONTINUATION OF CRIMINAL COMPLAINT                CR-247-96

DEFENDANT;S NAME:  Ronald James BAKER

DOCKET NUMBER:                                            COMM OF PA
                                                         Bradford Co.

       PA VEHICLE CODE TITLE 18

1 count Driving While Operating Privledge is suspended or revoked.
     Graded as a Summary Offense Sec. 1543(a) Second or subsequent
     offense Section 6503.
     To wit: In that the defendant did operate a vehicle on a highway or
     trafficway of this Commonwealth after the commencement of a suspension,
     revocation or cancelltion of the operating privlege and before the
     operating privlege has been restored.

1 count Drivers required to be licensed.
     Graded as a Summary Offense Sec.1501(a)
     To wit: In that the defendant did operate a vehicle on a Commonwealth
     highway without a valid driver's license.

1 count Careless Driving.
     Graded as a Summary Offense Sec.3714
     To wit: In that the defendant did operate a motor vehicle in a careless
     disregard for the safety of persons or property.

1 count Limitations on overtaking on the left.
     Graded as a Summary Offense Sec 3305
     To wit: In that the defendant did drive to the left of the center or
     marked center line of the roadway in overtaking and passing another vehicle
     proceeding in the same direction unless the left side is clearly visible and
     free of oncoming traffic for a sufficient distance, the left side was not
     free of oncoming vehicles and BAKER did hit another vehicle.

1 count Meeting vehicle proceeding in opposite direction.
     Graded as Summary Offense Sec.3302
     To wit: In that the defendant did fail to stay to the right of a
     roadway while proceeding in opposite directions of another vehicle and
     pass to the right.

1 count No-passing zone.
     Graded as a Summary Offense Sec 3307(b)
     To wit: In that the defendant did drive on the left side of the roadway
     within a no-passing zone and attempt to pass vehicles.

1 count Driving on roadways laned for traffic.
     Graded as a Summary Offense Sec 3309(1)
     To wit: In that the defendant did fail to stay as nearly as practicable
     entirely within a single lane and did move from that lane without
     doing so safely.

October 15, 1996

October 15, 1996

CR-247-96

## CONTINUATION OF CRIMINAL COMPLAINT

DEFENDANTS NAME: Ronald James BAKER

COMM OF PA

DOCKET NUMBER:

Bradford Co.

Pennsylvania Consolidated Statues(TITLE 18 Crimes Code)

3 counts Aggravated Assault.
Graded as a Felony one(1)(i.e. one each for Kim BENJAMIN,Chelsea BRENNER,& Richard BENJAMIN)SEC.2702(a)(1)
To wit: In that the defendant did attempt to cause serious bodily injury to another,or cause such injury intentionally,knoingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

6 counts Recklessly endangering another person.
Graded as a Misdemeanor two(2)(one count each for Kim BENJAMIN, Chelsea BRENNER, Richard BENJAMIN,David SHORES,Fred VANDERPOOL,& Richard VANDERPOOL) Sec 2705
To Wit: In that the defendant did recklessly engage in conduct which places or may place another person in danger of death or serious bodily injury.

3 count  Simple Assault.
Graded as a Misdemeanor two(2)(one count each for Kim BENJAMIN, Chelsea BRENNER,& Richard BENJAMIN) Sec 2701(a)(1)
To wit: In that the defendant did attempt to cause or intentionally knowingly or recklessly causes bodily injury to another.

October 15, 1996

October 15, 1996

| Defendant's Name: | BAKER, RONALD JAMES |
|---|---|
| Docket Number: | CR-247-96 |



**POLICE
CRIMINAL COMPLAINT**

## AFFIDAVIT of PROBABLE CAUSE

This officer has been advised by Trooper Christopher Wegrzynowicz that he investigated a three vehicle collision in Towanda Township, Bradford County, Pennsylvania, on September 24, 1996. The said Trooper determined that the collision occurred at approximately 16:30 hrs. He further reported that the Defendant, Ronald J. Baker, was the operator of a white Hyundai automobile bearing New York registration number J492XJ. Wegrzynowicz further reported that Baker attempted to pass a vehicle operated by Richard Vanderpool in a no passing zone on Glen Road and in the process struck the oncoming vehicle operated by Kimberly Benjamin in a head on manner. Benjamin had two passengers, Chelsea Brenner and Richard Benjamin. Baker had a passenger in his vehicle, being David Shores. Vanderpool's vehicle contained one passenger, Fred Vanderpool. Wegrzynowicz reported that Kim Benjamin, Chelsea Brenner, and Richard Benjamin were seriously injured. David Shores was also injured in the three car collision.

Mike Thorn, a paramedic for Towanda Hospital, responded to the crash site and treated Baker. Thorn reported Baker emitted a strong odor of an alcoholic beverage. Blood alcohol concentration test results were taken from Towanda Hospital indicating that Baker had a B.A.C. of 0.128 % after his crash.

An official Penn. D.O.T. driver's record showed that Baker was unlicensed and under suspension on September 24, 1996

I, ___TPR. JEFFREY P. SREDENSCHEK___, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_TPR. _____
(Signature of Affiant)

Sworn to me and subscribed before me this _15th_ day of _OCTOBER_, 19 _96_

_10/15/96_ Date _____

_____, District Justice

My commission expires first Monday of January, _2000_.

**SEAL**

AOPC 412 (6/90)

3 - 3

10/15/96
42-3-03

DISTRICT JUSTICE SYSTEM
COMMONWEALTH OF PENNSYLVANIA

PAGE   1
ADDITIONAL CHARGES.

WARRANT OF ARREST

CR-0000247-96

COMMONWEALTH OF PENNSYLVANIA
VS
BAKER, RONALD JAMES

| CHARGE | DESCRIPTION | OFFENSE DATE |
|---|---|---|
| 75 §3742.1 §§A (3 COUNTS) | ACCIDENTS CAUSING INJURY WHICLE NOT PROPERLY | 9/29/96 |
| 75 §3731 §§A1* | DUI UNSAFE DRIVING | 9/29/96 |
| 75 §3731 §§A4* | DUI BAC GREATER THEN .10, BAC .125 | 9/29/96 |
| 75 §3736 §§A | RECKLESS DRIVING | 9/29/96 |
| 75 §1543 §§A | OPERATOR LIC SUSPENDED 2ND OF SUBSEQUENT OFFENSE | 9/29/96 |
| 75 §1501 §§A | DRIVERS REQUIRED TO BE LICENSED | 9/29/96 |
| 75 §3714 §§ | CARELESS DRIVING | 9/29/96 |
| 75 §3305 §§ | LIMITATIONS ON OVERTAKING ON THE LEFT | 9/29/96 |
| 75 §3302 §§ | MEETING OF VEHICLES PROCEEDING IN OPPOSITE DIRECT | 9/29/96 |
| 75 §3307 §§B | NO PASSING ZONES | 9/29/96 |
| 75 §3309 §§1 | DRIVING ON ROADWAYS LANED FOR TRAFFIC | 9/29/96 |
| 18 §2702 §§A1 (3 COUNTS) | AGGRAVATED ASSAULT | 9/29/96 |
| 18 §2705 §§ (6 COUNTS) | RECKLESSLY ENDANGERING | 9/29/96 |
| 18 §2701 §§A1 | SIMPLE ASSAULT | 9/29/96 |



PRINTED: 10/15/96 18:59:54

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

v.                                    : BRADFORD COUNTY, PENNSYLVANIA

RONALD JAMES BAKER               : NO. 96 CR 000 716

:     :     :     :     :     :     :     :     :     :     :     :     :     :

## ORDER

AND NOW, this 30th day of June, 1997, the Defendant having appeared in open court and having tendered a plea of guilty to two counts of Accident Involving Death or Injury by Unlicensed Operator, each of which is a felony of the third degree; to two counts of Aggravated Assault by Motor Vehicle While Driving Under the Influence, each of which is a felony of the second degree; to one count of Driving Under the Influence of Alcohol, a misdemeanor of the second degree; to one count of Driving While Operating Privilege is Suspended or Revoked, as a second or subsequent offense, a summary offense; and to two counts of Recklessly Endangering Another Person, each of which is a misdemeanor of the second degree, the Court schedules sentencing thereon for August 18, 1997 at 1:00 p.m., Number 4, at which time the Defendant and his counsel are directed to appear. The Probation Office is ordered to prepare a pre-sentence investigation report and a Victim's Impact Statement, if appropriate, in anticipation of sentencing at that time.  The Court reserves ruling on whether it will accept the Defendant's plea and the plea agreement until the time of sentencing.  At the time of sentencing, the Court will also consider the Commonwealth's motion for the dismissal of the remaining charges filed against the

#3

defendant in this matter.

Furthermore, the Defendant is directed to immediately undergo a CRN evaluation to be performed by the Bradford/Sullivan County Drug and Alcohol Program.

BY THE COURT:

_____ J.

JCM/jl
Attn: Court Administrator
   Probation

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

v.                                    : BRADFORD COUNTY, PENNSYLVANIA

RONALD JAMES BAKER              : NO. 96 CR 000 716

: : : : : : : : : : : : :

ORDER

AND NOW, this 18th day of August, 1997, on the first count of Aggravated

Assault by Motor Vehicle While Driving Under the Influence of Alcohol, the Defendant is

sentenced to pay the costs, to pay all mandatory and discretionary charges, to make

restitution of eighty-three thousand eight-hundred and ninety-four dollars and ninety-five

cents ($83,894.95), and to undergo imprisonment for a period of not less than thirty (30)

months nor more than one-hundred twenty (120) months.  On the second count of

Aggravated Assault by Motor Vehicle While Driving Under the Influence of Alcohol, the

Defendant is sentenced to make restitution of eighteen-thousand three-hundred and forty-

seven dollars and sixty-two cents ($18,347.62), and to undergo imprisonment for a period of

not less than thirty (30) months nor more than one-hundred and twenty (120) months.  On

the first count of Accident Involving Injury by Unlicensed Operator, the Defendant is

sentenced to undergo imprisonment for a period of not less than fifteen (15) months nor

more than thirty (30) months.  On the second count of Accident Involving Injury by

Unlicensed Operator, the Defendant is sentenced to undergo imprisonment for not less than

fifteen (15) months nor more than thirty (30) months.  These sentences shall run

#4

consecutively with each other.  It is the intention of the Court hereby that the Defendant's total period of confinement shall be not less than seven and one-half (7 ½) years nor more than twenty-five (25) years, and he shall stand committed in a state correctional institution until the said sentence is served in full.  No further sentences are imposed for the other charges that the Defendant pleaded guilty to as they all merge for sentencing purposes with one or more of the foregoing charges.  The Court hereby grants the Commonwealth's motion and dismisses any remaining charges filed against the Defendant in this matter.

BY THE COURT:

_____ J.

JCM/jl

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

vs                              : BRADFORD COUNTY, PENNSYLVANIA

RONALD JAMES BAKER              : NO. 96 CR 000716

:    :    :    :    :    :    :    :    :    :    :    :

## O R D E R

AND NOW, this 18th day of September, 1997, a Notice of Appeal in the above-captioned matter having been filed on the 16th day of September, 1997, the Appellant shall forthwith, and within fourteen (14) days of the date of this Order, file of record in the lower court, and serve on the trial judge, a concise statement of matters complained of on appeal pursuant to Pa. R.A.P. 1925(b), and a full and complete brief in support thereof. Failure to comply with such direction may be considered by the Appellate Court as a waiver of all objections to the Order, ruling or other matters complained of.

Appellant shall forthwith order, if he has not already done so, any transcript required for the purpose of transmission to the Appellate Court and shall make any necessary payment or deposit therefor.

Appellant shall remain responsible for the transcript preparation throughout the Appellate process. Appellant is specifically directed to the provisions and potential sanctions of Pa. R.A.P. 1911(d) and comments thereto.

BY THE COURT:

_____ J.

attd.: Court Administrator
       Clerk of Courts

Sep 18 3 33 PM '97

#5

COMMONWEALTH : IN THE COURT OF COMMON PLEAS

Vs. : OF BRADFORD COUNTY PENNSYLVANIA

RONALD JAMES BAKER : NO. 96 CR 000716

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### CONCISE STATEMENT OF MATTERS
### COMPLAINED OF ON APPEAL

TO THE HONORABLE JUDGES OF THE ABOVE NAMED COURT:

NOW COMES Appellant, Ronald James Baker, by and through counsel, Susan E. Hartley, and respectfully represents as follows:

1. Ronald James Baker is the Defendant/Appellant in the above-captioned case.

2. On or about August 18, 1997, this Honorable Court sentenced Appellant to a period of confinement of not less than seven and one-half (7 1/2) years nor more than twenty-five (25) years to be served in a State Correctional Institution.

3. Appellant avers that the maximum sentence imposed by the Court is unduly excessive, unreasonable and constitutes an abuse of the Sentencing Court's discretion.

Respectfully submitted,

Susan E. Hartley

#6

FOSTER & HARTLEY
ATTORNEYS AT LAW
320 S. MAIN ST.
P.O. BOX 278
ATHENS, PA 18810
717-888-9607

COMMONWEALTH

    Vs.

RONALD JAMES BAKER

: IN THE COURT OF COMMON PLEAS

: OF BRADFORD COUNTY PENNSYLVANIA

: NO. 96 CR 000716

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### BRIEF IN SUPPORT OF CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

I.

Defendant/Appellant avers that the maximum sentence imposed by the Sentencing Court is unduly excessive, unreasonable, and constitutes an abuse of the Sentencing Court's discretion. The Sentencing Court did not fully consider the circumstances of the Defendant, including his age, education, and capacity for rehabilitation. The Sentencing Court did not specifically state reasons in support of the imposition of consecutive sentences on the offenses. Since the Trial Court did have discretion in determining whether to sentence the Defendant to consecutive or to concurrent sentences, the Court is required to state on the record at the time of sentencing the reasons for imposing consecutive sentences. Commonwealth vs. Button, 322 Pa. 239, 481 A.2d 342 (1984). The Court did not impose the sentence that is the minimum sentence consistent with the protection needs of the public, the gravity of the offense and the rehabilitative needs of the Defendant as is required in Commonwealth vs. Wicks, 265 Pa. Super. 305, 401 A.2d 1223 (1979).

FOSTER & HARTLEY
ATTORNEYS AT LAW
320 S. MAIN ST.
P.O. BOX 278
ATHENS, PA 18810
717-888-9607

The Court may not, as this Sentencing Court seemed to do, base its sentence solely upon the seriousness of the injuries inflicted upon the victims. Commonwealth vs. Butch, 487 Pa. 30, 407 A.2d 1302 (1979). The Pennsylvania Judiciary is firmly committed to the "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime". North Carolina vs. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969).

Although none of the individual sentences imposed against the Defendant/Appellant is in excess of the statutory maximum, Defendant/Appellant urges that the aggregation of said sentence is so manifestly excessive as to inflict too severe a punishment. The sentence imposed by the Sentencing Court demands punishment stripped of all rehabilitative beneficence, contrary to Commonwealth vs. Parrish, 340 Pa. Super. 528, 490 A.2d 905 (1985).

Respectfully submitted,

Susan E. Hartley, Esquire

FOSTER & HARTLEY
ATTORNEYS AT LAW
320 S. MAIN ST.
P.O. BOX 278
ATHENS, PA 18810
717-888-9607

-2-