FILED
SCRANTON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AUG 1 2 2013

PER_____
DEPUTY CLERK

RONALD BAKER,

Petitioner,

VS.

JEROME WALSH, and
BRADFORD COUNTY,
DISTRICT ATTORNEY,

Respondents.

Civil No: 3:13-CV-00652

Magistrate Judge Schwab
Judge Caputo

## PETITIONER'S REPLY TO THE RESPONDENTS' ANSWER TO THE WRIT OF HABEAS CORPUS

COMES NOW: the Petitioner in the above captioned cause, and most repectfully files this answer to the Respondents' answer to tne Writ Of Habeas Corpus, and contends the writ snould be granted. In support thereof submitts the following arguments:

STATEMENT OF THE FACTS

1) On September 29, 1996, while attempting to pass two cars on Liberty Corners Road in Bradford Gounty, he struct an oncomming vehicle causing serious bodily injury to the occupants. He too incurred major bodily injuries. All the injured parties were immediately transported to the Towanda Merorial Hospital. Police escorting Petitioner sought and obtained blood-alcohol testing by hospital staff.

2) After 2 months of operations and life sustaining treatments at the hospital, Petitioner was transferred to the SCI Mahanoy facility as he was on parole at the time of the accident. He was now a parole violator. At the hospital, the SCI Mahanoy and his trips to the Courthouse, Petitioner was heaily sedated on pain medications.

3) On January 09, 1997, Petitioner was arraigned on numerous vehicle and DUI charges. <u>See Exhibit A</u>. On June 30, 1997, Petitioner entered a guilty plea to:

a) Two counts Accident Involving Death or Injury by Unlicensed Operator;

b) Two counts of Aggravated Assault by Motor Vehicle While Driving Under the Influence;

c) One Count of Driving Under The Influence;

d) One Count of Driving While Operating Privilege was suspended; and

e) Two counts of Recklessly Endangering Another Person. Person.

The Court deferred acceptance of the guilty plea "until time of sentencing." (<u>See Exhibit B</u>).

4) On August 18, 1997, Petitioner was sentenced as Follows:

a) Two consecutive 30 months to 10 years on the two counts of Aggravated Assault by Motor Vehicle while driving under the influence of alcohol. Title 75 C.S.A. §3735.1;

A laundry list of of fines, costs and restitution.

b· Two consecutive 15 to 30 month terms for Accident Involving Death or Injury by unlicensed Driver, £75 C.S.A. §3742.1) consecitive to the sentences above.

c) "No further sentences are imposed for the other charges the Defendant pled guilty, as they all merge for sentencing purposes." (<u>See Exhibit C</u>)

5) The §2254 Complaint made these allegations:

a) Because Petitioner was never convicted of the Driving Under The Influence (DUI) charges under 75 Pa. C.S.A. §3735.1, the Court lacked subject matter jurisdiction to convivt him of the Aggravated Assault while DUI charges under 75 Pa. C.S.A. §3735.1.

b)) The conviction and sentence under §3735.1 was obtained by fraud: (i) He was never provided; with the hospital's report of his blood-alcohol analysis; (ii) Upon his arrival at the hospital he rushed into emergency room, given a blood transfusion (He was bleeding in-and-extenerally a severe loss of blood); (iii) Those factual events would negate any positive or negative alcohol content in his blood.

c) Because he was heavily medicated at the time of the plea, in a wheel-chair, threatened with a 30 to 60 year sentence if he proceeded with a jury trial, his guilty pleas were not voluntarly, intelligenty, or knowing made.

d) Under Pennsylvania jurisprudencer subject matter jurisdiction may never be waived, nor an illegal sentence.

However, under Title 42, C.S.A. §9545(a)-(b), a collateral relief petition must be filed within one year after exhaustion of state remedies. Untimely PCRA petitions citing miscarriage of justice claims, are subject to the one year jurisdictional time-bar and the court may not entertain them, Com. v. Fahy, 737 A. 2d 214, 223 (Pa. 1999), thus he has no State remedies.

e) Petitioner is unschooled in the law. Not until a prisoner-paralegal advised him that the two convictions under §3735.1 were illegal as outlined in the complaint in February 2013, was he aware of the issues in the complaint.

f) He was ineffectively represented by trial- and appellate counsel.

## 6) RESPONDENTS' ANSWER TO THE COMPLAINT

Petitioner's §2254 writ is time barred.

Petitioner failed to exhaust his State Remedies.

Petitioner's claim of an illegal sentence is without merit and factually incorrect with these subarguments:

a) Petitioner on June 30, 1997, entered a plea of guilty to DUI and Aggravated Assault by Vehicle.

b) A guilty plea is a conviction.

c) He was not sentenced for DUI because it merges with the Aggravated Assault by Vehicle conviction.

## BASIS TO GRANT THE WRIT

7)    THE SUBJECT MATTER JURISDICTION ISSUE

Petitioner was sentenced to two consecutive terms of 30 months to 10 years for violating 75 Pa. C.S.A. §3735.1. The elements of that offense are:

> "(a) Offense defined - Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury." See Exhibit E .

The elements of the offense are: (a) neglegence in the operation of a motor vehicle; (b) which caused serious bodily injury to another person; (c) who was under the influence of alcohol or controlled substance; (d) and who is convicted of violating  section 3802; commits a felony of the second degree; (e) when the violation is the cause of the injury.

8)    These facts emerge from a plain interpretation of §3735.1. "Negligence in the operation of a motor vehicle" occurs when the driver is DUI convicted, because at that stage his mental and physical ability to safely operate a motor vehicle are significantly impaired, putting other motorists safety at risk.    That DUI impairment "caused serious bodily injury to another person."    And "who is convicted of violating section 3802," which negates collateral attacks contending his/her consumption of alcohol did not cause the serious bodily injury to another person. see Com. v. Johnson, 545 A. 2d at 351 (Super. 1988), "[T]he [DUI] violation is the cause of the injury."

- 4 -

9)   Therefore, under the plain interpretation of §3735.1 every element of that offense, rests first on a DUI conviction, and the elements of a DUI offense. A   DUI   conviction   is established when the accused is found guilty in a jury or non-jury trial, or waives a trial, and pleads guilty, and then sentenced to imprisonment, probation, or some form of manditory rehabilatation. Absent a from of punishment, a final order, there is no conviction, the guilty finding is meritless, and not an appealable cause.[1]

10)   That was the interpretation of §3735.1, from 1988 through 2008. See Com. v. Johnson, 545 A. 2d 349 (Super 1988) (A cause that traversed the Pennsylvania trial and appellate courts in tandem with the instant cause). Com. v. Nicotra, 625 A. 2d 1259 (Super 1993), Com, v. Ketterer, 725 A. 2d 801 (Super 1998), Com. v. Sullivan, 864 A. 2d 1246 (Super 2004), Com. v. Miller, 810 A. 2d 178 (Super. 2002).

The interpretation and application of a given statute at the time of arrest, and its elements, controls any future attacks on on that conviction, **unless a controlling subsequent opinion states it may be applied retroactively**, Teague v. Lane, 489 U.S. 288 (1989). **Any statute or subsequent Pennsylvania Supreme Court opinion that makes it more onerous to set aside an earlier**

1.   Respondent contends that "A guilty plea is a conviction." Statement (2)(b), Answer To The Complaint. That defense was obliviated by the Court. "Defendant ... tendered a plea of guilty ... to one count of [DUI] ... the Court reserves ruling on whether it will accept Defendant's plea ... until sentencing." Exhibit B.   The Court sentenced petitioner on August 18, 1977, to the 2 counts of §3735.1, andtwo counts of §3742.1. 'No further sentences are imposed ... as they merge ... with one or more  of the forgeoing charges... grants the Commonwealth's motion      and dismisses any remaining charges." Exhibit C. Simply put, the Court never accepted Petitioner's tendered plea to the DUI charges.

- 5 -

conviction, violates the ex post facto clause of the U.S. Constitution, <u>Weaver v. Graham</u>, 450 U.S. 24, 29 (1981) when "it disadvantages the offender affected by it."

11) In 2009, the Pennsylvania Superior Court filed the opinion in <u>Com. v. Schmohl</u>, 975 A. 2d 1144, which held that "the trial court imposed an illegal sentence for Appellant's DUI conviction under §3802, and the greater offense of §3735.1, 42 Pa. C.S.A. §9765. Then vacated the DUI sentence because all the elements of the DUI sentence/statute were also included into the greated §3735.1 offense, citing 42 Pa. C.S.A. §9765, as an authority to so act. Section 9765 states:

> "No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all the statutory elements of the one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher grated offense." <u>See Exhibit F</u>, attached.

12) The fatal flaw in respondent's position is that: Petitioner was arrested on October 16, 1996, for violasting the DUI statute §3731; and §3735.1. Convicted and sentenced on August 18, 1997, for violating $3735.1, Aggravated Assault by vehicle while driving under the influence. The/ Court declined to accept Petitioner's plea to the DUI offense, and dismissed that charge as per the "Commonwealth's Motion." <u>See Exhibit C</u>.

Secetion 42 Pa.C.S.A. 9765 was enacted on December 09, 2002, six (6) years after Petitioner's arrest. The <u>Schmohl</u> opinion was filked in 2009, some thirteen (13) years after Petitioner's <u>arrest</u>.

13) The Respondent's ploy to evade habeas corpus relief is

fatally flawed  in these respectd: (a) It violates the ex post facto clause of the U.S. Constitution because "it disadvantages the offender affected by it" <u>Weaver v. Graham</u>, 450 U.S. at 29; (b) Constitutes "impermisssable retroactive legislation" <u>Landgraf v. U.S. Film Co.</u>, 511 U.S. 244 , 247 ( 1994 ); (c) The Pa. Superior Court has no authority rule a given opinion may be retroactively applied; and (d) Dismissing the DUI charges came from the mouth of the Commonwealth's advocate.

14) Therefore, as stated in Statement (7) and (8) ante, every element of an  Aggravated Assault by Vehile while DUI (§3735.1), "rests first on a DUI conviction." (Statement 9 ante). Here the Court declined to even accept Petitioner's "tendered plea to the [DUI] offense."

Absent a DUI conviction, as mandated by §3735.1, absent an accepted guilty plea to the DUI charges, the Court lacked subject matter, i.e. elements of the §3735.1 statute, to impose the two consecutive 30 month to 10 year terms of incarceration. The Court had no jurisdiction to so act. Those two sentences must be set aside with prejudice.

15) Since subject matter jurisdiction can never be waived, respondent's time-bar defenses must fail, <u>Com. v. Little</u>, 314 A. 2d 270 (Pa. 1974).   The writ contended Petitioner was ineffectively represented by appellate counsel, who failed to advance the claims above, via a plain reading of §3735.1 while the cause was on direct appeal. Respondent has not denied this claim. It is now admitted. "Courts should give effect to all sections of an act rather than interpreting the language in such a way that one clause is rendered superflorous or meaningless for

the benefit of another," <u>Key Savings and Loan Ass'n. v. Louis John</u>, 549 A. 2d 988, 991 (Pa. 1988). [2.]

The Supreme Court's instructions in <u>Key Savings & Loan Ass.</u> with respect to complying with the plain language of §3735.1 were adhered to in (10) opinions (A few are cited in Statement 10 above) sentencing and convicting the offender of a DUI offense concurrent with the sentence for the §3735.1 conviction.

16) Since Subject Matter Jurisdiction can never be waived <u>Com v. Little</u>, 314 A. 2d 270 (Pa. 1974) Pennsylvania Jurisprudence, and likewise under federal Jurisprudence <u>Meritcare Inc. v. St. Paul Mercury Ins.</u>, 166 F. 3d 214, 217 (3rd Cir 1999), that fact moots the Respondent's time-bar defense.

Since one of the elements of a §3735.1 offense is the offender must be "convicted of DUI" <u>Johnson</u>, <u>et al supra</u>, and that conviction forms the criminal wrong for §3735.1 other requisites as explained in Statements (7), (8) and (9) above, and in <u>Ketterer</u>, <u>supra</u>,and in Petitioner's cause the Court declined to accept Petitioner's "tendered guilty plea" and to sentence and convict him of a DUI offense, the good Court lacked subject matter jurisdiction to convict and sentence him to two consecutive 30 month to 10 year terms of imprisonment under §3735.1.

---

2. Although this notation is not a factor in deciding the claims in the instant cause. But, the <u>Schmohl</u> opinion contravenes the mandate and wisdom of the Pennsylvania Supreme Court in <u>Key Saving & Loan Ass.</u> Furthermore, the opinion in <u>Ketterer</u> at 725 A. 2d 805, does not support the interpretation adopted in <u>Schmohl.</u>

**CONCLUSION**

17)   **WHEREFORE;** incorporating all the statements, facts, and legal logic set forth above, Petitioner most respectfully moves this Honorable Court, to set aside his two consecutive terms of 30 months to 10 years for allegedly violating §3735.1, with prejudice.

Respectfully submitted,

*Ronald J Baker*

**Ronald Baker**
**DOC NO: DC-5930**
**SCI Dallas**
**1000 Follies Road**
**Dallas, Pa. 18612**

- 9 -

# Exhibit A

CONTINUATION OF CRIMINAL COMPLAINT                     CR-247-96

DEFENDANT:S NAME:  Ronald James BAKER

                                                    COMM OF PA
DOCKET NUMBER:                                      Bradford Co.

                    PA VEHICLE CODE TITLE 18
1 count Driving While Operating Privilege is suspended or revoked.
        Graded as a Summary Offense Sec. 1543(a) Second or subsequent
        offense Section 6503.
        To wit: In that the defendant did operate a vehicle on a highway or
        trafficway of this Commonwealth after the commencement of a suspension,
        revocation or cancellition of the operating privilege and before the
        operating privlege has been restored.
1 count Drivers required to be licensed.
        Graded as a Summary Offense Sec.1501(a)
        To wit: In that the defendant did operate a vehicle on a Commonwealth
        highway without a valid driver's license.
1 count Careless Driving.
        Graded as a Summary Offense Sec.3714
        To wit: In that the defendant did operate a motor vehicle in a careless
        disregard for the safety of persons or property.
1 count Limitations on overtaking on the left.
        Graded as a Summary Offense Sec 3305
        To wit: In that the defendant did drive to the left of the center or
        marked center line of the roadway in overtaking and passing another vehicle
        proceeding in the same direction unless the left side is clearly visible and
        free of oncoming traffic for a sufficient distance, the left side was not
        free of oncoming vehicles and BAKER did hit another vehicle.
1 count Meeting vehicle proceeding in opposite direction.
        Graded as Summary Offense Sec.3302
        To wit: In that the defendant did fail to stay to the right of a
        roadway while proceeding in opposite directions of another vehicle and
        pass to the right.
1 count No-passing zone.
        Graded as a Summary Offense Sec 3307(b)
        To wit: In that the defendant did drive on the left side of the roadway
        within a no-passing zone and attempt to pass vehicles.
1 count Driving on roadways laned for traffic.
        Graded as a Summary Offense Sec 3309(1)
        To wit: In that the defendant did fail to stay as nearly as practicable
        entirely within a single lane and did move from that lane without
        doing so safely.

OCTOBER 15, 1996

OCTOBER 15, 1996

Ronald James BAKER

.Docket Number:   CR-247-96



# CRIMINAL COMPLAINT

3 counts Aggravated Assault by Vehicle while driving under the influence.
Graded as a Felony two(2) (i.e. one count each for Kim BENJAMIN,
Chelsea BRENNER ; Richard BENJAMIN) Sec.3735.1.(a).
To wit: The defendant did negligently cause serious bodily injury
to other persons v. le the result of a violation of section 3731.

3 counts Accidents involving death or personal injury - lete not properly licensed.
Graded as a Felony three(3) (i.e. one count each for Kim BENJAMIN,
Chelsea BRENNER,& Richard BENJAMIN)Sec. 3742.1.(a).
To wit: The defendant was the driver of a vehicle and caused an
accident resulting in injury or death of any person and whose operating
privilege at the time of the accident is canceled,revoked or suspended
pursuant to section 1532 and had not been restored or who at the time of the
accident had not been issued a valid driver's license.

1 count Driving Under the Influence of Alcohol.
Graded as a Misdemeanor two(2) Sec. 3731(a)(1)(4)
To wit: the defendant did operate and was in actual physical control
of the movement of a motor vehicle,while under the influence of alcohol
to a degree which renders a person incapable of safe driving and while
the amount of alcohol by weight in the blood of the person is .10% or
greater. BAKERS B.A.C.-.125%

1 count Reckless Driving.
Graded as a Summary Offense Sec. 3736(a)
To wit: In that the defendant did operate a motor vehicle in a willful
or wanton disregard for the safety of persons or property.

"CONTINUED"

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of

| | (Section) | | (Subsection) | of the | (PA Statute) | (counts) |
|---|---|---|---|---|---|---|
| 1. | 3735.1. | (a) | | of the | TITLE 75 | 3 |
| 2. | 3742.1. | (a) | | of the | TITLE 75 | 3 |
| 3. | 3731 | (a)(1),(4) | | of the | TITLE 75 | 1 |
| 4. | 3736 | (a) | | of the | TITLE 75 | 1 |

3. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made. (In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed and sworn to before the issuing authority.)

4. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) relating to unsworn falsification to authorities.

_____OCTOBER 15_____, 19 96     _____TPR._____ (Signed of Affiant)

AND NOW, on this date _____10/15_____, 19 96, I certify that the complaint has been properly completed and verified. An affidavit of probable cause must be completed in order for a warrant to issue.

42-3-03
(Registered Dates)

(Issuing Authority)     **SEAL**

40PC 412-(6/90)     2 - 3

CONTINUATION OF CRIMINAL COMPLAINT

CR-247-96

DEFENDANTS NAME: Ronald James BAKER

COMM OF PA

DOCKET NUMBER:

Bradford Co.

Pennsylvania Consolidated Statues(TITLE 18 Crimes Code)

3 counts Aggravated Assault.
Graded as a Felony one(1)(i.e. one each for Kim BENJAMIN,Chelsea BRENNER,& Richard BENJAMIN)SEC.2702(a)(1)
To wit: In that the defendant did attempt to cause serious bodily injury to another,or cause such injury intentionally,knoingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

6 counts Recklessly endangering another person.
Graded as a Misdemeanor two(2)(one count each for Kim BENJAMIN, Chelsea BRENNER, Richard BENJAMIN,David SHORES,Fred VANDERPOOL,& Richard VANDERPOOL) Sec 2705
To Wit: In that the defendant did recklessly engage in conduct which places or may place another person in danger of death or serious bodily injury.

3 count  Simple Assault.
Graded as a Misdemeanor two(2)(one count each for Kim BENJAMIN, Chelsea BRENNER,& Richard BENJAMIN) Sec 2701(a)(1)
To wit: In that the defendant did attempt to cause or intentionally knowingly or recklessly causes bodily injury to another.

October 15, 1996

October 15, 1996

TPR

# Exhibit B

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

v.                                : BRADFORD COUNTY, PENNSYLVANIA

RONALD JAMES BAKER        : NO. 96 CR 000 716

: : : : : : : : : : : : : : :

### O R D E R

AND NOW, this 30th day of June, 1997, the Defendant having appeared in open court and having tendered a plea of guilty to two counts of Accident Involving Death or Injury by Unlicensed Operator, each of which is a felony of the third degree; to two counts of Aggravated Assault by Motor Vehicle While Driving Under the Influence, each of which is a felony of the second degree; to one count of Driving Under the Influence of Alcohol, a misdemeanor of the second degree; to one count of Driving While Operating Privilege is Suspended or Revoked, as a second or subsequent offense, a summary offense; and to two counts of Recklessly Endangering Another Person, each of which is a misdemeanor of the second degree, the Court schedules sentencing thereon for August 18, 1997 at 1:00 p.m., Number 4, at which time the Defendant and his counsel are directed to appear. The Probation Office is ordered to prepare a pre-sentence investigation report and a Victim's Impact Statement, if appropriate, in anticipation of sentencing at that time.  The Court reserves ruling on whether it will accept the Defendant's plea and the plea agreement until the time of sentencing.  At the time of sentencing, the Court will also consider the Commonwealth's motion for the dismissal of the remaining charges filed against the

#3

defendant in this matter.

Furthermore, the Defendant is directed to immediately undergo a CRN evaluation to be performed by the Bradford/Sullivan County Drug and Alcohol Program.

BY THE COURT:

_____ J.

JCM/jl
Attn: Court Administrator
     Probation

# Exhibit C

**COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS**

v.                                    **: BRADFORD COUNTY, PENNSYLVANIA**

**RONALD JAMES BAKER**              **: NO. 96 CR 000 716**

: : : : : : : : : : : : : : : :

## O R D E R

**AND NOW, this 18th day of August, 1997, on the first count of Aggravated Assault by Motor Vehicle While Driving Under the Influence of Alcohol, the Defendant is sentenced to pay the costs, to pay all mandatory and discretionary charges, to make restitution of eighty-three thousand eight-hundred and ninety-four dollars and ninety-five cents ($83,894.95), and to undergo imprisonment for a period of not less than thirty (30) months nor more than one-hundred twenty (120) months. On the second count of Aggravated Assault by Motor Vehicle While Driving Under the Influence of Alcohol, the Defendant is sentenced to make restitution of eighteen-thousand three-hundred and forty-seven dollars and sixty-two cents ($18,347.62), and to undergo imprisonment for a period of not less than thirty (30) months nor more than one-hundred and twenty (120) months. On the first count of Accident Involving Injury by Unlicensed Operator, the Defendant is sentenced to undergo imprisonment for a period of not less than fifteen (15) months nor more than thirty (30) months. On the second count of Accident Involving Injury by Unlicensed Operator, the Defendant is sentenced to undergo imprisonment for not less than fifteen (15) months nor more than thirty (30) months. These sentences shall run**

#4

consecutively with each other.  It is the intention of the Court hereby that the Defendant's total period of confinement shall be not less than seven and one-half (7 ½) years nor more than twenty-five (25) years, and he shall stand committed in a state correctional institution until the said sentence is served in full.  No further sentences are imposed for the other charges that the Defendant pleaded guilty to as they all merge for sentencing purposes with one or more of the foregoing charges.  The Court hereby grants the Commonwealth's motion and dismisses any remaining charges filed against the Defendant in this matter.

BY THE COURT:

_____ J.

JCM/jl

# Exhibit D

| COMMONWEALTH | : IN THE COURT OF COMMON PLEAS |
|---|---|
| Vs. | : OF BRADFORD COUNTY PENNSYLVANIA |
| RONALD JAMES BAKER | : NO. 96 CR 000716 |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## CONCISE STATEMENT OF MATTERS
## COMPLAINED OF ON APPEAL

TO THE HONORABLE JUDGES OF THE ABOVE NAMED COURT:

NOW COMES Appellant, Ronald James Baker, by and through counsel, Susan E. Hartley, and respectfully represents as follows:

1.  Ronald James Baker is the Defendant/Appellant in the above-captioned case.

2.  On or about August 18, 1997, this Honorable Court sentenced Appellant to a period of confinement of not less than seven and one-half (7 1/2) years nor more than twenty-five (25) years to be served in a State Correctional Institution.

3.  Appellant avers that the maximum sentence imposed by the Court is unduly excessive, unreasonable and constitutes an abuse of the Sentencing Court's discretion.

Respectfully submitted,

Susan E. Hartley

#6

FOSTER & HARTLEY
ATTORNEYS AT LAW
220 S. MAIN ST.
P.O. BOX 278
ATHENS, PA 18810
717-888-9407

12. Pa. SSJI (Crim) 17.3735, Selected Offenses Under the Vehicle Code, Homicide by Vehicle While Driving Under the Influence.

## § 3735.1    Aggravated assault by vehicle while driving under the influence.

(a)    *Offense defined.* —Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

(b) *Definition.* —(Deleted by amendment).

**HISTORY**

Act 1996-8 (H.B. 1979), P.L. 21, § 2, approved Feb. 23, 1996, eff. in 60 days; Act 2003-24 (S.B. 8), P.L. 120, § 15, approved Sept. 30, 2003, eff. Feb. 1, 2004;  Act 2010-81 (H.B. 2246), P.L. 557, § 6, approved Oct. 19, 2010, eff. in 60 days.

**NOTES**

LexisNexis (R) Notes:

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# Exhibit F

## JUDICIARY & JUDICIAL PROCEDURE   42 Pa.C.S.A. § 9773

missioners of the county with the approval of the president judge of the county a record of any moneys paid by the inmate and any remaining balance towards the satisfaction of restitution and any other court-ordered financial obligations.

**(i) Continuing payments.**—The Board of Probation and Parole shall require as a condition of parole that any inmate released to their supervision shall make continuing payments on restitution or any other court-ordered financial obligations. The sentencing court shall require as a condition of county parole that any inmate released to the supervision of the county probation department shall make continuing payments of restitution or any other court-ordered financial obligations.

**(j) Release after maximum sentence.**—Upon release of an inmate from the Department of Corrections at the expiration of his maximum sentence, the Department of Corrections shall transmit to the county probation department or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the inmate was convicted a record of any moneys paid by the inmate and any outstanding amounts owed by the inmate towards satisfaction of restitution or any other court-ordered financial obligations.

**(k) Procedures.**—The Department of Corrections and the Pennsylvania Board of Probation and Parole shall develop procedures to implement the provisions of this section.

**(*l*) Application.**—This section shall apply to offenders transferred to or released from a State or county correctional facility after the effective date of this section.

1998, June 18, P.L. 640, No. 84, § 5, effective in 120 days. Amended 2004, Dec. 1, P.L. 1778, No. 233, § 1, effective in 60 days [Jan. 31, 2005].

¹ 35 P.S. § 7601 et seq.
² "history; written" in enrolled bill.

### § 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

2002, Dec. 9, P.L. 1705, No. 215, § 5, effective in 60 days.

### SUBCHAPTER F.  FURTHER JUDICIAL ACTION

### § 9771. Modification or revocation of order of probation

**(a) General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

**(b) Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

**(c) Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

**(d) Hearing required.**—There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

1974, Dec. 30, P.L. 1052, No. 345, § 1, effective in 90 days. Renumbered from 18 Pa.C.S.A. § 1371 by 1980, Oct. 5, P.L. 693, No. 142, § 401(a), effective in 60 days.

### § 9772. Failure to pay fine

Unless there is proof that failure to pay a fine or that portion of the fine that is due is excusable, the court may after a hearing find the defendant guilty of contempt and sentence him to not more than six months imprisonment, if a term of confinement of that amount could have been imposed for the offense charged. If an alternative sentence has been imposed under section 9758(c) (relating to alternative sentence), the alternative sentence may not take effect until there has been a preliminary finding of non-indigency, and a willful failure to pay the fine.

1974, Dec. 30, P.L. 1052, No. 345, § 1, effective in 90 days. Renumbered from 18 Pa.C.S.A. § 1372 and amended by 1980, Oct. 5, P.L. 693, No. 142, § 401(a), effective in 60 days.

### § 9773. Modification or revocation of county intermediate punishment sentence

**(a) General rule.**—The court may at any time terminate a sentence of county intermediate punishment or increase or decrease the conditions of a sentence pursuant to section 9763 (relating to sentence of county intermediate punishment).

**(b) Revocation.**—The court may revoke a sentence of county intermediate punishment upon proof of a violation of specific conditions of the sentence. Upon revocation and subject to section 9763(d), the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. Upon a revocation of county intermediate punishment for any reason specified by law, the attorney for the Commonwealth

## CERTIFICATE OF SERVICE

The undersigned, Ronald James Baker, hereby certifies that on this __5__ day of ~~July~~ AUG, 2013, he placed in the Prisoners' U.S. Mail Box a true and correct copy of the foregoing pleading to the parties listed below, at their official addresses:

**U.S. Clerk of Courts**
U.S. Courthouse
Box 1148
Scranton, Pa. 18501-1148

**Albert C. Ondrey, Esq.**
District Attorney's Office
Bradford County Courthouse
301 Main Street
Towanda, Pa. 18848

Respectfully submitted

_Ronald J Baker_
Ronald James Baker

Ronald J Bak
SCI Dallas
c Follies Rd
s PA 18612

INMATE MAIL



$ 02.72°
MAILED FROM ZIP CODE

S/SUSAN E. Schwab
US. MAgistrATE/Judge
US. courthouse
PO, Box 1148
SCRANTON PA 18501-1148