UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD JAMES BAKER,       :  CIVIL NO: 3:13-CV-00652
                             :
         Petitioner        :  (Judge Caputo)
     v.                    :
                             :  (Magistrate Judge Schwab)
JEROME WALSH,          :
                             :
        Respondent     :

## REPORT AND RECOMMENDATION

### I.  Introduction.

In this habeas case, the petitioner, Ronald James Baker, is challenging his 1997 conviction in the Court of Common Pleas of Bradford County, Pennsylvania. The petition in this case is barred by the one-year statute of limitation.   Further, because Baker did not present his claims to the state courts and is now time-barred from doing so, he procedurally defaulted his claims.   Accordingly, we recommend that the petition be denied.

### II.  Background and Procedural History.

"After causing a head-on collision while driving without a license and under the influence of alcohol," *Commonwealth v. Baker,* No. 906 Harrisburg 1997, slip op. at 1 (Pa.Super.Ct. Mar. 25, 1998), Baker was charged with numerous criminal violations. *See Doc. 13-1* at 12-17.   In June of 1997, he pleaded guilty to two counts

of causing an accident involving death or personal injury while not properly

licensed, two counts of aggravated assault by vehicle while driving under the

influence, one count of driving under the influence of alcohol, one count of driving

with a suspended or revoked license, and two counts of recklessly endangering

another person. *Doc. 18* at 15-16.   In an order dated June 30, 1997, Judge Mott

scheduled a sentencing hearing, and he stated that he was reserving a ruling on

whether he will accept Baker's plea and the plea agreement until the time of

sentencing. *Id.* at 15.   Judge Mott also stated that at the time of sentencing he will

consider the Commonwealth's motion to dismiss the remaining charges. *Id.*[1]

On August 18, 1997, Judge Mott held a sentencing hearing and sentenced

Baker to a total of 7½ to 25 years imprisonment. *See Doc. 13-1* at 20-21 and *Doc.*

*13-2* at 1-20.   More specifically, he sentenced Baker to two consecutive

30-to-120-month terms of imprisonment on the convictions for aggravated assault

by vehicle while driving under the influence and two consecutive 15-to-30-month

terms of imprisonment on the convictions for causing an accident involving death or

serious injury while not properly licensed. *Doc. 13-1* at 20.   Judge Mott stated that

"[n]o further sentences are imposed for the other charges that [Baker] pleaded guilty

---

[1]  There were numerous remaining charges to which Baker had not pleaded guilty
including charges of reckless driving, unsafe passing on the left, failure to yield,
disregard of a traffic signal, aggravated assault, and simple assault. *See Doc. 13-1* at
1-2 (state criminal docket sheet).

to as they all merge for sentencing purposes with one or more of the foregoing charges." *Id.* at 21.   He also granted the Commonwealth's motion to dismiss the remaining charges. *Id.*

Baker appealed his sentence to the Pennsylvania Superior Court contending that his sentence was excessive, unreasonable, and an abuse of discretion. *Doc. 18* at 21.   On March 25, 1998, the Pennsylvania Superior Court affirmed the judgment of sentence. *Doc. 13-2* at 21-25.   Baker did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. *Doc. 6* at 1.   Nor did he file a Post Conviction Relief Act (PCRA) petition. *Id.*

On March 12, 2013, Baker began this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that the sentencing court did not have subject-matter jurisdiction to sentence him for aggravated assault by vehicle while driving under the influence under 75 Pa.C.S.A. 3735.1 because an essential element of that offense is a conviction for driving under the influence, and, according to Baker, he was not convicted of driving under the influence.   Baker also claimed that his conviction was obtained by fraud because he was not convicted of driving under the influence.   He also stated that the results of a blood/alcohol test taken minutes after the accident were negative, but he was never privy to those

results.   He asserted that a prisoner paralegal told him of the fraud in February of 2013, and, thus, according to Baker, his petition is timely.

In accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the Court notified Baker of the effects of filing a § 2254 petition in light of the Antiterrorism and Effective Death Penalty Act and ordered Baker to complete an election form electing either to have the petition construed and ruled upon as a §2254 petition or to withdraw the current petition.   In response, Baker filed an amended petition and elected to have the court rule on that petition.   In this amended petition, Baker again claims that the court lacked subject-matter jurisdiction to sentence him for aggravated assault by vehicle while driving under the influence under 75 Pa.C.S.A. 3735.1 because an essential element of that offense is a conviction for driving under the influence, and, according to Baker, he was not convicted of driving under the influence.   Further, in the amended petition, Baker claims that his counsel was ineffective in advising him to plead guilty to the charges of aggravated assault by vehicle while driving under the influence, that the Commonwealth suppressed the results of a blood alcohol test taken minutes after the accident, and that his guilty plea was not knowing, intelligent, and voluntary.   Baker also claims that his conviction was obtained by fraud because he was not convicted of driving under the

4

influence and because the results of the blood test were suppressed.   As relief,

Baker seeks an order setting aside his two consecutive sentences under §3735.1.

The respondent contends that the petition is barred by the statute of

limitations, that Baker failed to exhaust state remedies, and that Baker's claims are

without merit.   For the reasons discussed below, we conclude that the petition is

barred by the statute of limitations and that Baker procedurally defaulted his claims;

hence the petition should be denied.   Accordingly, we do not address the merits of

Baker's claims.


**III.   Discussion**.

**A. Statute of Limitations.**

The respondent contends that the petition is barred by the statute of limitations

set forth in 28 U.S.C. § 2244(d).   That section provides:

> (d)(1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in custody
> pursuant to the judgment of a State court.   The limitation period
> shall run from the latest of—
> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
> (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been

newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.
  (2) The time during which a properly filed application for
State post-conviction or other collateral review with respect to
the pertinent judgment or claim is pending shall not be counted
toward any period of limitation under this subsection.

Subsections (B) and (C) of 28 U.S.C. § 2244(d)(1) do not apply to Baker's

claims because Baker does not contend that a state-created impediment barred him

from filing sooner and his claims are not based on a constitutional rule newly

recognized by the Supreme Court.   Baker asserts that a prisoner paralegal told him

that his sentence was based on fraud in February of 2013, but given the nature of

Baker's claims, with reasonable diligence, Baker could have discovered the basis for

his claims before then.   And so subsection (D) of 28 U.S.C. § 2244(d)(1) also does

not apply to Baker's claims.   Accordingly, the claims are subject to 28 U.S.C.

§ 2244(d)(1)(A), and the one-year statute of limitations began to run on the date that

Baker's judgment of conviction became final.

  In this case, Baker's judgment of conviction became final on April 24, 1998—

thirty days after the Pennsylvania Supreme Court's decision (the time during which

Baker had to file a petition for allowance of appeal).   Thus, the statute of limitations

began running on April 25, 1998 and expired 365 days later on April 24, 1999.

Absent equitable tolling or an equitable exception to the statute of limitations, the petition is barred by the statute of limitations.

28 U.S.C. § 2244(d) functions as a statute of limitations and is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "The decision to equitably toll § 2244(d) '"must be made on a case-by-case basis."'" *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012)(quoting *Holland,* 560 U.S. at 650). "There are 'no bright lines in determining whether equitable tolling is warranted in a given case.'" *Id.* Instead, equitable tolling is proper when the principles of equity make the rigid application of the limitations period unfair. *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). But "courts need to be 'sparing in their use of' the [equitable tolling] doctrine." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)(quoting *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999)). A petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented him from timely filing. *Holland,* 560 U.S. at 649. In this case, Baker has not presented any argument or basis for equitable tolling of the statute of limitations.

In addition to equitable tolling, actual innocence is an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013).

Thus, "actual innocence, if proved, serves as a gateway through which a petitioner may pass" despite the expiration of the statute of limitations. *Id.* at 1928.   The standard for establishing actual innocence, however, is demanding. *Id.* at 1936.   It requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).   The standard is not met unless the petitioner "'persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin,* 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).   "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324.

Here, Baker has not presented a colorable actual-innocence claim.   But he appears to suggest that the statute of limitations should not apply because the trial court did not have subject-matter jurisdiction to sentence him and subject-matter jurisdiction can never be waived.   Baker has not presented any cases, however, holding that lack of subject-matter jurisdiction is an equitable exception to the statute of limitations akin to the actual-innocence exception, and we are not aware of any such cases.   But even assuming for the sake of argument that a state court's lack of subject-matter jurisdiction is an equitable exception to the statute of limitations,

such an exception does not help Baker in his case because it is clear that the Court of Common Pleas of Bradford County had subject-matter jurisdiction in Baker's criminal case.

Subject-matter jurisdiction refers to '"the courts' statutory or constitutional *power* to adjudicate the case."' *United States v. Cotton*, 535 U.S. 625, 630 (2002)(quoting *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998)).   The Constitution of the Commonwealth of Pennsylvania provides for a "unified" judicial system in which the Courts of Common Pleas have "unlimited original jurisdiction in all cases except as may otherwise be provided by law." Pa. Const. art. V, §§ 1 & 5.   The Pennsylvania Supreme Court has held that "[c]ontroversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution." *Commonwealth v. Bethea,* 828 A.2d 1066, 1074 (2003).   "Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code." *Id.*

Baker's contention that the state court did not have subject-matter jurisdiction is wrong on multiple accounts.   First, Baker's contention that the court did not have subject-matter jurisdiction to sentence him on his conviction for aggravated assault by vehicle while driving under the influence because he was not convicted of driving

under the influence confuses subject-matter jurisdiction with the sufficiency of the evidence.[2]   A conviction for driving under the influence is an element of the crime of aggravated assault by vehicle while driving under the influence.[3]   Whether that element is satisfied does not impact whether the court has subject-matter jurisdiction.   Second, because the Courts of Common Pleas have subject-matter jurisdiction over criminal matters, the Court of Common Pleas of Bradford County clearly had subject-matter jurisdiction in the underlying criminal action in this case.

Thus, there is no basis to equitably toll the statute of limitations or for an equitable exception to the statute of limitations.   Because the petition in this case was filed nearly 14 years after the statute of limitations expired, it is barred by the statute of limitations.

_____

2   Baker's contention that he was not convicted of driving under the influence is belied by the record, which shows that he pleaded guilty to driving under the influence, that Judge Mott accepted his guilty plea by sentencing him, and that Judge Mott stated that the sentence for driving under the influence merged with the sentences for other the other crimes to which Baker pleaded guilty.

3   At the time Baker committed his offenses and was sentenced, 75 Pa. Cons. Stat. Ann. § 3735.1 provided that "[a]ny person who negligently causes serious bodily injury to another person as the result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3731 commits a felony of the second degree when the violation is the cause of the injury."

### B.  Procedural Default.

In addition to arguing that the petition is barred by the statute of limitations,

the respondent contends that Baker did not exhaust state remedies with respect to his

claims and that an attempt by Baker to present his claims now by way a PCRA

petition would be futile because a PCRA petition would be barred by the state statute

of limitations applicable to PCRA petitions.   In effect, the respondent argues that

Baker has procedurally defaulted his claims.

"Federal habeas courts reviewing the constitutionality of a state prisoner's

conviction and sentence are guided by rules designed to ensure that state-court

judgments are accorded the finality and respect necessary to preserve the integrity of

legal proceedings within our system of federalism." *Martinez v. Ryan,* 132 S.Ct.

1309, 1316 (2012).   One of these rules is that a state prisoner must exhaust available

state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C.

§ 2254(b) and (c).   The exhaustion requirement serves the interests of comity

between the federal and state systems by allowing the state an initial opportunity to

determine and correct any violations of a prisoner's federal rights. *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 844 (1999)("Comity . . . dictates that when a prisoner

alleges that his continued confinement for a state court conviction violates federal

law, the state courts should have the first opportunity to review this claim and

provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002); *See also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'"). The issue then becomes one of procedural default. A procedural default occurs when a prisoner's claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. *Martinez,* 132 S.Ct. at 1316. A procedural default generally bars a federal court from reviewing the merits of a habeas claim that the prisoner procedurally defaulted in state court. *Id.; Munchinski v. Wilson,* 694 F.3d 308, 332 (3d Cir. 2012). "Grounded in principles of comity and federalism, the procedural default doctrine prevents a federal court sitting in habeas from reviewing a state court decision that rests on a state law ground 'that is sufficient to support the judgment,' when that state law ground 'is independent of the federal question and

12

adequate to support the judgment.'" *Munchinski,* 694 F.3d at 332-33 (quoting

*Coleman v. Thompson,* 501 U.S. 722, 729 (1991)).   "In such situations, 'resolution

of any independent federal ground for the decision could not affect the judgment and

would therefore be advisory.'" *Id.* at 333.

There are, however, exceptions to the bar on consideration of procedurally

defaulted claims. *Martinez,* 132 S.Ct. at 1316.   A federal court may consider the

merits of a procedurally defaulted habeas claim in two situations: (1) the petitioner

establishes cause for the default and actual prejudice as a result of the alleged

violation of federal law; or (2) the petitioner demonstrates that failure to consider the

claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

"To show cause and prejudice, 'a petitioner must demonstrate some objective factor

external to the defense that prevented compliance with the state's procedural

requirements.'" *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002)(quoting

*Coleman*, 501 U.S. at 753).   "To show a fundamental miscarriage of justice, a

petitioner must demonstrate that he is actually innocent of the crime by presenting

new evidence of innocence." *Keller v. Larkins,* 251 F.3d 408, 415–16 (3d Cir. 2001)

(citation omitted).

In this case,  Baker admits that he did not present his claims to the state courts,

and he admits that he is time barred from doing so now.   Thus, it is clear that Baker

has procedurally defaulted his claims.   Baker has not shown cause and prejudice or a fundamental miscarriage of justice to excuse his default.   While Baker argues that the state court lacked subject-matter jurisdiction to sentence him for aggravated assault by vehicle while driving under the influence, as discussed above that argument is meritless.

## IV.   Recommendation.

Accordingly, because the petition is barred by the statute of limitations and because Baker has procedurally defaulted his claims, it is recommended that the petition for a writ of habeas corpus be denied.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own

determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


Submitted this 7th day of March, 2014.

**_S/Susan E. Schwab_**
Susan E. Schwab
United States Magistrate Judge