1           IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD JAMES BAKER,

        Petitioner,

VS.                                    Civil No: 3:13-CV-00652

JEROME WALSH, AND
BRADFORD COUNTY DISTRICT
ATTORNEY,

        Respondents.

PETITIONER'S NUNC PRO TUNC OBJECTIONS TO:
MAGISTRATE/JUDGE'S REPORT & RECOMMENDATION

<u>RECAP</u>

1) The facts in this cause are not in dispute. On August 18, 1997, Petitioner was sentenced to two consecutive 2½ to 10 year terms for violating 75 Pa. C.S.A. §3735.1. An essential element of that offense requires that "a person who causes seriousl bodily injury to another person as a result of a violation of [DUI] and who is convicted of violating [§3731] commits" a violation of §3735.1, <u>Com. v. Johnson</u>, 545 A. 2d 349, 350 (Superior 1988).

2) In these pleadings the Respondent acknowledged Petitioner was never convicted of a DUI offense. The RR contends: (a) "Baker does not contend a state-created impediment barred him from filing sooner" (A timely PCRA and 2254 petition), and he is "not entitled to equitable tolling." (RR 6-7).

3) Petitioner contends the RR should be rejected because: (a) the admitted failure to convict Petitioner of the DUI charges (They dismissed at the sentencing hearing) means the Commonwealth failed to prove all the elements of the §3735.1 offense, and Petitioner is actually innocent of that charge, <u>In Re Winship</u>,

397 U.S. 358 (      ), Jackson v. Virginia, 443 U.S. 307 (1979). Actual innocence excuses a procedural default, Schulp v. Delo, 513 U.S. 298 (1995); (b) failure to convicted Petitioner of DUI offense, means the Court lacked subject matter jurisdiction to sentence Petitioner to two 2½ to 10 years consecutive terms of imprisonment. Subject matter jurisdiction can never br waived, Liberty Mut. Fire Ins. Co. v. Yoder, 112 Fed. Appx. 826, 828 (3rd Cir. 2004), (c) The Respondent, The trial Court and Petitioner's then counsel perpretrated a fraud in forcing him to plead to the §3735.1 offense knowing there was no evidence to support a DUI charge. The statute of limitations accryes when the fraud is discovered. It was brought to light on or about June-July of 2013, Rothman v. Fillette, 469 A. 2d 543, 546 (Pa. 1983).

CONCLUSION

4) Most respectfully, Petitioner moves this Honorable Court to reject the RR and issue the Writ of Habeas Corpus.

Respectfully submitted,

*Ronald J Baker*
Ronald James Baker
SCI Dallas
1000 Follies Road
Dallas, Pa. 18612

CERTIFICATE OF SERVICE

The undersigned Ronald James Baker, hereby certifies that on this 27th day of May, 2004, he placed in the U.S. Mail a true and correct copy of the foregoing pleading to: District Attorney's Offices, Bradford County Courthouse, 301 Main Street, Towanda, Pa. 18848.

*Ronald J Baker*
Ronald James Baker

NAME Ronald Baker
NUMBER DC 5836
State Correctional Institution at Dallas
1000 Follies Road
Dallas, Pennsylvania 18612

INMATE MAIL
PA DEPT. OF CORRECTIONS

Susan E. Schwab
United States District Court
Middle District of PA
U.S. Courthouse/Federal Building
P.O. Box 1148
Scranton, PA 18501