**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RONALD JAMES BAKER,

    Petitioner,

    v.

JEROME WALSH, et al.,

    Respondents.

CIVIL ACTION NO. 3:13-CV-652

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SCHWAB)

## **MEMORANDUM**

Presently before the Court for review is Magistrate Judge Schwab's Report and Recommendation (Doc. 20) to Petitioner Ronald James Baker's Amended Petition for Writ of Habeas Corpus (Doc. 6), and Respondents' Answer (Doc. 13).  Because Mr. Baker's petition is time barred by the statute of limitations and his claims are procedurally defaulted, the Report and Recommendation will be adopted and the petition will be dismissed.

### **I. Background**

The underlying facts are set forth in detail in Magistrate Judge Schwab's Report and Recommendation.  For purposes of review of the instant Report and Recommendation, it is sufficient to note that Mr. Baker was charged with numerous criminal violations resulting from a car accident, and in June of 1997, he pleaded guilty to two counts of causing an accident involving death or personal injury while not properly licensed, two counts of aggravated assault by vehicle while driving under the influence, one count of driving under the influence of alcohol, one count of driving with a suspended or revoked license, and two counts of recklessly endangering another person.  (Doc. 18, Ex. B.)  In a June 30, 1997 Order, Judge Mott scheduled a sentencing hearing and stated that he was reserving ruling on whether he would accept Mr. Baker's plea and the agreement until the time of sentencing. *Id.*  On August 18, 1997, Mr. Baker was sentenced to two consecutive 30 to 120 month terms of imprisonment on the convictions for aggravated assault by vehicle while driving under the influence and two consecutive 15 to 30 month terms of imprisonment on the convictions for causing an accident involving death or serious injury while not properly

licensed.  (Doc. 13-1, 20.)

Mr. Baker appealed his sentence to the Pennsylvania Superior Court, contending that it was excessive, unreasonable, and an abuse of discretion.  (Doc. 18, Ex. D.)  On March 25, 1998, the Pennsylvania Superior Court affirmed the sentence, (Doc. 13-2 at 21-25) and Mr. Baker did not file a petition for allowance of appeal to the Pennsylvania Supreme Court or a Post Conviction Relief Act (PCRA) petition.  (Doc. 6, ¶ 1.)

On March 12, 2013, Mr. Baker began this action by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that the sentencing court did not have subject matter jurisdiction to sentence him for aggravated assault by vehicle while driving under the influence under 75 Pa.C.S.A. § 3735.1 because conviction for driving under the influence is an essential element of that offense, and he argues that he was not convicted for driving under the influence.  Mr. Baker also claimed that his conviction was obtained by fraud because he was not convicted of driving under the influence.  Mr. Baker asserts that the results of the blood/alcohol test taken minutes after the accident were negative but he was never privy to those results.  He claims that a prison paralegal told him of the fraud in February of 2013, and that his petition is timely.

The Court notified Mr. Baker of the effects of filing a § 2254 petition and ordered him to complete an election form to either have the petition construed and ruled upon as a § 2254 petition or to withdraw the current petition.  In his Amended Petition (Doc. 6), Mr. Baker repeats his claims that the court lacked subject matter jurisdiction to sentence him, that his counsel was ineffective in advising him to plead guilty to the charges of aggravated assault by vehicle while driving under the influence, that the Commonwealth suppressed the results of a blood alcohol test taken after the accident, and that his guilty plea was not knowing, intelligent, and voluntary.  He also claims that his conviction was obtained by fraud.  As relief, he seeks an order setting aside his two consecutive sentences.

Respondents contend that the petition is barred by the statute of limitations, that Mr. Baker failed to exhaust his administrative remedies, and that Mr. Barker's claims lack merit.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## III. Discussion

As noted, Magistrate Judge Schwab recommends that Mr. Baker's petition be denied because it is barred by the statute of limitations and is procedurally defaulted. In his objections (Doc. 26), Mr. Baker argues that the report and recommendation should be rejected because of he is actually innocent of the §3735.1 charge. He also argues that the court lacked subject matter jurisdiction to sentence him. Finally, he argues that the trial court and his former counsel perpetrated a fraud in forcing him to plead to the §3735.1 charge knowing that there was no evidence to support a DUI charge, that this was brought to light on or about June-July 2013, and thus that his petition is not barred by the statute of limitations. (Doc. 26, 1-2.)

As Magistrate Judge Schwab notes, a colorable claim of "actual innocence" can serve both as an exception to procedural default and as an equitable exception to the statute of limitations. *See Hubbard v. Pinchak,* 378 F.3d 333, 338 (3d Cir. 2004) ("An allegation of 'actual innocence,' if credible, is one such 'miscarriage of justice' that enables courts to hear the merits of the habeas claims."); *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933-34, 185 L. Ed. 2d 1019 (2013) ("[In] a first petition for federal habeas relief, the miscarriage of justice exception survived AEDPA's passage intact and unrestricted."); *Riley v. Myers*, No. 3:00-CV-1183, 2014 WL 1745874, at *8 (M.D. Pa. May 1, 2014) ("In holding that a colorable claim of actual innocence serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or the AEDPA statue of limitations (thus allowing the district court to adjudicate the petition on its merits), *McQuiggin* cautioned that [. . .] tenable actual-innocence gateway pleas are rare.").

"Actual innocence, meaning factual rather than legal innocence, requires a defendant to establish that 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *United States v. Fake*, No. 1:CR-05-426-02, 2009 WL 1507164, at *1 (M.D. Pa. May 27, 2009) (citing *United States v. Garth*, 188 F.3d 99, 107 (3d Cir.1999)). "To establish actual innocence, a petitioner must offer 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Peace v. Klopotoski*, No. 08-3927, 2009 WL 1872097, at * 3 (E.D. Pa. June 30, 2009) (citing *House v. Bell,* 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)). Although Mr. Baker states in his Petition (Doc. 1) that "[o]bviously the blood/alcohol tests by the Bradford Memorial Staff taken minutes after the accident were negative regarding a DUI offense" and that "Petitioner was never privy to that test result" (Doc. 1, ¶ 8), he fails to present any evidence to support this claim. Therefore, the Court agrees with Magistrate Judge Schwab's conclusion that Mr.

Baker has not presented a colorable actual-innocence claim.

The Court also agrees with Magistrate Judge Schwab's conclusion that the Court of Common Pleas of Bradford County had subject matter jurisdiction in the underlying criminal action. *See generally Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (2003) ("Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. See 18 Pa.C.S. § 102. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code.").

Finally, with respect to Mr. Baker's objection that his petition is timely because "the statute of limitations accryes [sic] when the fraud is discovered" and that "it was brought to light on or about June-July of 2013," the Court agrees with Magistrate Judge Schwab's conclusion that given the nature of his claims, he could have discovered the alleged fraud with reasonable diligence before then. The alleged fraud was that Mr. Baker's counsel "forc[ed] him to plead to the §3735.1 offense knowing there was no evidence to support a DUI charge." (Doc. 26, ¶ 3.) Although Mr. Baker asserts that "it" was not "brought to light" until about June-July of 2013, it is unclear based on his submissions what new information he discovered at this date.[1]  "A petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented him from timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Baker's allegations are insufficient to provide grounds for equitable tolling. *See generally Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) ("Equitable tolling is an extraordinary remedy which should be extended only sparingly.")

---

[1] In his initial petition (Doc. 1), Mr. Baker also asserts that "the fraud was exposed to him by a Paralegal Prisoner during the second week of February 2013," without further clarification.

5

## IV. Conclusion

For the above stated reasons, Magistrate Judge Schwab's report and recommendation (Doc. 20) will be adopted in full, and Mr. Baker's petition for a writ of habeas corpus will be dismissed.

An appropriate order follows.


| | |
|---|---|
| August 6, 2014 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |