IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD JAMES BAKER,

    Petitioner,

v.

JEROME WALSH et al.,

    Respondents.

CIVIL ACTION NO. 3:13-cv-0652

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SCHWAB)

### MEMORANDUM ORDER

Presently before the Court is the above captioned matter which has been remanded by the Third Circuit solely for a determination as to the issuance of a certificate of appealability ("COA"). In my August 6, 2014 Order (Doc. 28), I adopted Magistrate Judge Schwab's Report and Recommendation ("R&R") (Doc. 20) dismissing Petitioner's habeas petition. However, in my Order, I failed to address the issue of the COA. Because a reasonable jurist could find that Petitioner's Motion was timely filed, a COA shall issue.

Petitioner is proceeding in this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1.) On March 7, 2014, Magistrate Judge Schwab issued a R & R recommending Petitioner's Petition for Writ of Habeas Corpus be denied. (Doc. 20.) According to Magistrate Judge Schwab, Petitioner's petition was procedurally barred because it was untimely filed and was not subject to equitable tolling. (Doc. 20.) In an Order dated August 6, 2014, I adopted Magistrate Judge Schwab's R & R. (Doc. 28.)

Petitioner filed a Notice of Appeal dated September 1, 2014. (Doc. 29.) Subsequently, in an Order filed September 19, 2014, the Third Circuit directed the Court to issue a COA or state reasons why a COA should not issue. (Doc. 31.)

When a state prisoner seeks a writ of habeas corpus, he does not enjoy the "absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (discussing 28 U.S.C. § 2253). The prisoner must first obtain a COA in order for an appeal to appear before the court of appeals. *Id.*

As to the issuance of the COA, the Third Circuit Local Appellate Rule 22.2 provides:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge must state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report. If the district judge has not made a determination as to whether to issue a certificate of appealability by the time of the docketing of the appeal, the clerk will enter an order remanding the case to the district court for a prompt determination as to whether a certificate should issue.

Third Circuit LAR 22.2.

To be issued a COA, the petitioner must satisfy the requirements of § 2253 by making a "substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336 (quoting 28 U.S.C. § 2253(c)(2)). It is not necessary for a petitioner to establish "that he will prevail." *Miller-El*, 537 U.S. at 323. Instead, when courts reject "constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, if the claim is rejected on procedural grounds, the petitioner must establish a substantial showing that a constitutional right has been denied as a prerequisite to "consideration of the procedural issues in an appeal under Section 2254." *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir.2001). Even where this has been demonstrated, the COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

As set forth in my August 6, 2014 Memorandum (Doc. 27), I believe that Petitioner's claim was untimely filed and did not satisfy the limited circumstances in which equitable tolling is applicable. See *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir.2004).

However, Petitioner Baker has established that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right. If the claim upon which Baker's petition is true, that the state withheld evidence materially favorable to him, then Baker may have been denied his constitutional rights to due process under the fourteenth amendment and a fair trial under the sixth amendment of the Constitution. U.S. Const. amends. XIV, VI. The state has a constitutional obligation to disclose evidence favorable to the defense. *Youngblood v. W. Virginia*, 547 U.S. 867, 869 (2006) (citing *Brady v. Maryland*, 373 U.S. 83, 83 (1963)). This includes impeachment as well as exculpatory evidence, and occurs even when the government fails to disclose evidence that is "known only to the police investigators and not to the prosecutor." *Id.* at 869-70 (quoting *Kyles v. Whitley*, 514 U.S. 419, 438 (1995)).

With respect to the procedural bar to Baker's petition, a reasonable jurist could find it debatable whether I was correct in my procedural ruling. Baker argues that the one year statute of limitations began to run in June-July 2013, when he discovered new evidence that a blood test at the scene of the accident indicated that he was not intoxicated, and that the prosecutor fraudulently withheld this information. The applicable statute of limitations is set out in 28 U.S.C. § 2244(d). The relevant provision reads that the statute of limitations "shall run from the latest of—. . . .(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). I adopted Magistrate Judge Schwab's reasoning that "given the nature of Baker's claims, with reasonable diligence Baker could have discovered the basis for his claims before then." (Doc. 20, 6.) However, a reasonable jurist could find that this determination is incorrect, or at least debatable. Thus, a certificate of appealability is appropriate in the present action.

### ORDER

NOW this **24th** day of September, 2014, **IT IS HEREBY ORDERED** that a certificate of appealability **SHALL ISSUE**.

*/s/ A. Richard Caputo*
A. Richard Caputo
United States District Judge