COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

v.                                    : BRADFORD COUNTY, PENNSYLVANIA

RONALD JAMES BAKER                    : NO. 96CR000716

:     :     :     :     :     :     :     :     :     :     :     :     :

### TRANSCRIPT OF PROCEEDINGS

### SENTENCING PROCEEDING

BEFORE: MOTT, J.

DATE: AUGUST 18, 1997

WHERE: COURTROOM NUMBER TWO
BRADFORD COUNTY COURTHOUSE
TOWANDA, PENNSYLVANIA

APPEARANCES:

FOR THE COMMONWEALTH:
ROBERT B. McGUINNESS, ESQ.
DISTRICT ATTORNEY

FOR THE DEFENDANT:
SUSAN E. HARTLEY, ESQ.
ATHENS, PENNSYLVANIA

OFFICIAL COURT REPORTER
JULIE L. LUNDQUIST

#44

1 | Commw. v. Ronald James Baker, 96 FC 000716

2 | August 18, 1997, plea proceeding

3 |        *     *     *

4 |       MR. McGUINNESS: Commonwealth next calls the

5 | case of Commonwealth of Pennsylvania versus Ronald James

6 | Baker, number 96 CR 716.  For the record, we'll note the presence

7 | of the Defendant, appearing with counsel, Ms. Hartley.  The

8 | Defendant is before the Court at this time to be sentenced on two

9 | counts of accidents involving injury or death by an unlicensed

10 | operator, two counts of aggravated assault by motor vehicle while

11 | driving under the influence of alcohol, two counts of reckless

12 | endangerment, one count of driving under the influence of alcohol,

13 | one count of driving while suspended or operating privileges

14 | suspended or revoked as a repeat offender.

15 |       We would note that a pre-sentence investigation report

16 | has been prepared in anticipation of sentencing at this time.

17 |       THE COURT: The Court has in its -

18 |       MR. McGUINNESS: I would note that there is no

19 | CRN evaluation.

20 |       THE COURT:  All right.  The Court has in its

21 | possession a pre-sentence investigation report prepared by the

22 | Bradford County Probation Office, which the Court has reviewed

23 | in anticipation of today's sentencing proceeding.  Attached to the

24 | report is - sentencing guideline forms indicating that on the DUI

25 | charge, the Defendant has no prior DUI dispositions in the

1

1    previous seven years.  Also attached to the report are sentencing

2    guidelines forms indicating offense gravity score, prior record

3    score and range for the minimum end of the sentence for each of

4    the other offenses other than the summary offenses, of course, to

5    which the guidelines don't apply.

6                On the two counts of accident involving injury or

7    death by unlicensed operator, the Defendant's prior record score

8    is zero, the offense gravity score is five, and the range for the

9    minimum end of the sentence for each of those offenses, the offense

10   gravity score and prior record score being the same on each - the

11   ranges are also the same for each.  They are as follows: In the

12   mitigated range, the guidelines call for a sentence of no

13   punishment to restorative sanctions.  In the standard range, at

14   sentencing level two, it's restorative sanctions to six months.  In the

15   aggravated range, at sentencing level three, it's six to nine months.

16               On the two counts of - strike that.  On the first count

17   of aggravated assault by motor vehicle while under the influence of

18   alcohol, the Defendant's prior record score is three, the offense

19   gravity score is seven, yielding a range for the minimum end of the

20   sentence in the mitigated range, at sentencing level three, it's ten to

21   sixteen months.  In the standard range, at sentencing level four,

22   it's sixteen to twenty-four months.  And in the aggravated range at

23   sentencing level four, it's twenty-four to thirty months.

24               On the second count of aggravated assault by motor vehicle

25   while driving under the influence, the prior record score is zero,

2

1   the offense gravity score is seven, yielding a range for the

2   minimum end of the sentence, in the mitigated range, at sentencing

3   level one, it's restorative sanctions to four months.  In the standard

4   range at sentencing level three, it's four to twelve months, and in

5   the aggravated range at sentencing level four, it's twelve to

6   eighteen months.

7          On the two counts of reckless endangerment, the prior

8   record score, offense gravity score and range for the minimum end

9   of the sentence are the same, and they are as follows:  The prior

10   record score is zero, the offense gravity score is three, range for

11   the minimum end of the sentence is no punishment to restorative

12   sanctions in the mitigated range.   In the standard range at

13   sentencing level two, it's restorative sanctions to restrictive

14   intermediate punishment, in the aggravated range at sentencing

15   level three, it's restrictive intermediate punishment to three

16   months.

17          Also attached to the report are victim impact

18   statements filed by the victims in this case, Richard Benjamin,

19   junior, making no monetary request for restitution.  There's one

20   filed by Fred Vanderpool, also making no monetary request for

21   restitution.  There is a victim impact statement filed by the victim,

22   or on behalf of the victim, Chelsea Brenner, which makes a total

23   restitution request of eighty-three thousand, eight hundred and

24   ninety-four dollars and thirty-five cents.  And there is a victim

25   impact statement also filed by Kim Benjamin, I believe, yes, -

3

1   which makes a total restitution request of eighteen thousand, three

2   hundred and forty-seven dollars, and sixty-two cents.  And there

3   are also some copies of hospital bills to document those expenses.

4           Ms. Hartley, have you had the opportunity to review

5   the pre-sentence report?

6           MS. HARTLEY: Yes, I have, Your Honor.

7           THE COURT:  Is there anything you wish to say or

8   present on behalf of your client?

9           MS. HARTLEY: Well, Judge, the pre-sentence

10  investigation report does recommend that the Court accept the

11  plea agreement entered into by and between the Commonwealth

12  and the Defendant, and further reflects that the Defendant states

13  that he does feel remorse and does take responsibility for his

14  actions.  We feel that the plea agreement that was negotiated

15  between counsel adequately takes into consideration the

16  Defendant's significant prior criminal history.

17          Judge, as to restitution, my understanding from

18  speaking with the victim witness coordinator, was that the request

19  was for thirteen thousand, one hundred thirty-one dollars and

20  thirty-three cents, to which the Defendant does not take issue.

21  Additionally, Judge, Mr. -

22          THE COURT: What was that figure again?

23          MS. HARTLEY: Thirteen thousand, one thirty-one,

24  point - thirty-three.  There's a memo from Mr. Wilcox in the PSI

25  to that effect.

4

1          THE COURT:  Either I don't have a copy of it or I

2     missed it -

3          MS. HARTLEY: It's right after the Fred Vanderpool

4     victim impact statement, it's kind of towards the front.

5          THE COURT:  I don't have that.

6          MS. HARTLEY: May I approach, Judge?

7          THE COURT:  Could I see a copy of it, please?

8     *(Memo presented to Court)*

9          THE COURT:  I am aware of that memo now that it

10    has been given to me, however, that indicates to me that that's

11    simply the amount of bills that have not been covered by

12    insurance, which would be due to the individual victims in this

13    case.  It's long been this Court's policy that it orders full

14    restitution for the full amount.  The insurance companies have as

15    much right to recover what they paid as do the victims.

16          MS. HARTLEY: The Defendant understands the

17    Court's position, Judge, thank you.  Additionally, Your Honor,

18    Mr. Baker is scheduled to have surgery on his leg tomorrow.  We

19    have arranged with the Sheriff that Mr. Baker will be kept

20    incarcerated in Bradford County until such time as his surgeon

21    releases him.  I would ask that the Court reflect that in the Court's

22    sentencing order since clearly Mr. Baker will be receiving a

23    sentence of state time.  It's my understanding, typically, the Court

24    says -- immediately the Sheriff will remand him to -

25          THE COURT: I never say immediately the Sheriff is

5

1   to transport - when I sentence to an institution, it's up to the

2   Sheriff to do what he wishes with that order.  You're asking for an

3   order to specifically say something?

4          MS. HARTLEY: I was under the impression, Judge,

5   that you put those - that you, at the time that you sentence, that

6   you say that the Sheriff will immediately transport to state, but if

7   you don't do that, then that's not relevant -

8          THE COURT: I don't think I've ever done that.  I

9   don't think I've ever once done that.  I could be wrong, but I don't

10  think I've ever once done that.  I mean, the Sheriff, we may have

11  somebody sentenced to state correctional institution today and

12  another one tomorrow and another one the next day and so on and

13  so forth and it may be - much more cost effective for the Sheriff to

14  wait a week and transport them altogether rather than do three or

15  four different trips, and I've always left that up to that office.  Mr.

16  McGuinness, anything on behalf of the Commonwealth?

17         MR. McGUINNESS: Yes, Judge.  In this case, first of

18  all, it's the Commonwealth's position that sentencing should go

19  forward despite the absence of the CRN evaluation as merger will

20  take care of the DUI offense anyway.  In this case, we believe that

21  the Defendant should be sentenced on four counts, they being -

22  accidents involving injury or death by an unlicensed operator and

23  the two counts of aggravated assault while driving a motor vehicle

24  under the influence of alcohol.  We believe that the other offenses

25  of reckless endangerment, the DUI and the driving while

6

1   suspended, merge into these offenses for purposes of sentencing.

2   And I believe that the defense agrees that this is a proper verdict.

3          We think in this case, the Commonwealth has brought

4   before the Court to be sentenced, an individual who has spent an

5   entire lifetime of thirty-six years proving to be nothing more than

6   a sociopath and a menace.  Mr. Baker has no respect when he's on

7   the street whatsoever for the laws of society and the rights of other

8   individuals.  He has been arrested, by the pre-sentence

9   investigation report, or charged with a criminal offense, on no less

10  than twenty-seven occasions.  He's been sentenced to the state

11  penitentiary.  He's received every single level of punishment that

12  an individual can have and Mr. Baker continually flaunts the law.

13         In this case, he drives without a drivers license.  His

14  driving record indicates that he never in his lifetime possessed a

15  valid drivers license.  Nonetheless, he drives on the roadways of

16  the Commonwealth at will.  He was arrested, during the week in

17  which he was arrested or stopped, during the week at least three

18  times before he committed this offense.

19         This is his first DUI, but he has a long history of use of

20  abuse of alcohol and drugs.  No other individual, to my knowledge,

21  and I have been intimately involved in the Bradford County

22  criminal justice system for the last eleven years, no other

23  individual has been before the Court so many times for inflicting

24  injuries on other people.  For PFAs, for harassments, for assaults,

25  this individual just simply feels that no law whatsoever prevents

7

1   him from, when he's under the influence of drugs and alcohol,

2   from inflicting injuries on anyone who gets in his path.

3          In this case, Mr. Baker was under the influence of

4   alcohol.  A BAC report shows point one, two, five, (.125) but it

5   must be noted that he had received a blood transfusion which

6   diluted the BAC.  He was, by his own report, he consumed thirty

7   drinks of vodka and orange juice prior to driving.  And he drove

8   on a road, a winding two lane road, where he had no clear

9   visibility, at a high rate of speed, passing another vehicle, not

10  having a drivers license, he had no care whatsoever or regard for

11  other individuals or vehicles in his same direction of travel on the

12  roadway.  There was a car that contained infants, he had no

13  regard whatsoever for them, he knew these people, he had

14  socialized with these people.  He drove like a maniac and he struck

15  head-on, three people that were completely innocent, coming in the

16  opposite direction, being Ms. Benjamin, her son Richard, and

17  daughter Chelsea, struck them head-on.

18         He did such injuries to the child as to require eighty

19  thousand dollars in surgeries and the child's not done - there were

20  ten facial fractures.  He crushed the ankles of Kim Benjamin.  It's

21  a miracle that these individuals lived.  It's a miracle that the child,

22  Richard Benjamin, was uninjured in this accident.  But, but for the

23  miracle or the intervention, or the engineering of the vehicle,

24  whatever it is, fate whatever, Kim Benjamin, Richard Benjamin

25  and Chelsea Brenner would be dead by the conduct of this

8

1   Defendant.  He just drove like a maniac, struck this vehicle right

2   head-on.

3            Mr. Baker's always sorry when he comes to court, but

4   anytime he gets out on the street, the first thing he does is assault

5   somebody, get into drugs and alcohol, and drive, ostensibly without

6   a license, without insurance that would adequately compensate

7   these individuals.

8            Mr. Baker's record shows next to nothing as far as

9   ever being employed.  He has accumulated no assets.  These things

10  speak highly of - of the nature of the lifetime that he's led.  He's

11  got an eighth grade education.  He doesn't work.  All he does is

12  abuse drugs and alcohol, get incarcerated, be supported at the

13  taxpayers' expense.  The taxpayers of this Commonwealth have to

14  pay now to mend him with these surgeries and operations and feed

15  and clothe him while he's in prison.

16            He has done nothing in his lifetime, as is indicated in

17  this pre-sentence report, nothing of a positive nature whatsoever.

18  He is a menace and society will be best off if he is committed to a

19  state correctional institution for as long as possible as far as the

20  maximum sentence in this case.

21            We have, in this case, in entering into a plea

22  agreement, attempted to save the victims of this offense, the

23  tragedy of having to relive through a trial, these horrific events.

24  We have tried to save the Commonwealth the additional expenses

25  of expert witnesses that would have to testify, and the costs of the

9

1   trial, so we've entered into it, and by doing so, have agreed to a

2   sentence that exceeds the aggravated range of the sentencing

3   guidelines.  And given the nature of Mr. Baker's contact through

4   the criminal justice system, they are such, that the prior record

5   score that's computed by three here, grossly understates the

6   nature of his involvement in the criminal justice system.

7         If you look at the three pages of offenses that are

8   reported to the Court in the pre-sentence investigation report, it's

9   hard to imagine how this individual is not a five prior record score

10  or a -- but the nature of simple assault as it is, I suppose, and that

11  being his crimes of choice, the day he happened to be driving

12  without a license and driving under suspension, being his crime of

13  choice, or the most frequently occurring - and harassment not

14  committing to - or not counting, the pre-sentence investigation

15  report, the PRS, is probably why.  But this individual is a career

16  criminal, this individual is a menace, the people of Bradford

17  County are best served by his commitment to a state correctional

18  facility for this sentence of seven and a half years, which is beyond

19  the aggravated range and the guidelines.  We ask that the Court

20  impose the maximum sentence, the highest maximum sentence

21  possible in this case - that would be thirty-four years.  I think that

22  this will allow the state parole to supervise Mr. Baker, and

23  incarcerate him, if necessary, until he's up to seventy years of age.

24  He is a menace, and he - the people of this community are best

25  served by his commitment to an institution for as long as possible.

                                    10

1   There is no rehabilitation for this individual.  He's always been
2   real good at expressing remorse and crying when he comes to
3   court, when he's going to get to face his punishment.  But it never
4   does much to straighten him up.

5           There are no periods of law abiding activity on his
6   part.  The only time it breaks up between offenses in Mr. Baker's
7   record, are those periods in time when he's committed to a facility.
8   He belongs in a state prison.  This is the type of individual that the
9   state spent millions of dollars to build state correctional facilities
10  for, to keep them, and house them away, where they can't hurt the
11  rest of society, where decent people, like Kim Benjamin and her
12  two children, can know for the next seven and a half years that
13  when they go around a turn in the road, there won't be a drunken
14  maniac, without a license, and without insurance, coming in their
15  lane of travel to meet them and send them to the hospital for long
16  periods of time.

17          For all the suffering that Mr. Baker has caused in his
18  lifetime, the sentence of seven and a half to thirty-four years, is a
19  small penalty to pay.  This individual simply should be locked
20  away.  And rehabilitation, I don't know that there's ever going to
21  be any rehabilitation of Ronald Baker.  Thank you.

22          THE COURT:  Mr. Baker, is there anything you
23  would like to say to the Court before the Court imposes sentence?

24          RONALD BAKER:  No, Your Honor.

25          THE COURT:  All right, Mr. Baker, in this case, I

11

1   have considered your age, the information about you that is in the

2   pre-sentence investigation report, the information about you that

3   has been related here this afternoon, as well as, the evidence of the

4   circumstances of the offenses.  The facts as to your personal

5   background and circumstances are found to be as set forth in the

6   pre-sentence report and are apparently not in dispute.  The facts

7   of the offenses have been admitted.

8              In addition, I have considered your prior criminal

9   record, your personal characteristics, your potential for

10  rehabilitation, and all the available alternatives to total

11  confinement, including any factors weighing in favor of probation

12  of partial confinement.   After considering all these factors, I find

13  that there is an undue risk that during any period of probation or

14  partial confinement, you will commit another crime, that you are

15  in need of correctional treatment and rehabilitation that can best

16  be provided by your commitment to an institution and that a lesser

17  sentence would depreciate the seriousness of your crimes.  I,

18  therefore, find that a sentence of total confinement is proper.

19             Accordingly, the Court would enter the following

20  Order:

21              AND NOW, today's date, (18 August 1997), on the

22  first count of aggravated assault by motor vehicle while driving

23  under the influence of alcohol, the Defendant is sentenced to pay

24  the costs, to pay all mandatory and discretionary charges, to make

25  restitution of eighty-three thousand, eight hundred ninety-four

12

1  dollars and thirty-five cents, and to undergo imprisonment for a

2  period of not less than thirty months nor more than one hundred

3  and twenty months.

4          On the second count of aggravated assault by motor

5  vehicle while driving under the influence of alcohol, the Defendant

6  is sentenced to make restitution of eighteen thousand, three

7  hundred and forty-seven dollars and sixty-two cents, and to

8  undergo imprisonment for a period of not less than thirty months,

9  nor more than one hundred and twenty months.

10          On the first count of aggravated - strike that, - of

11  accident involving injury by unlicensed operator, the Defendant is

12  sentenced to undergo imprisonment for a period of not less than

13  fifteen months nor more than thirty months.

14          On the second count of accident involving injury by

15  unlicensed operator, the Defendant is sentenced to undergo

16  imprisonment for not less than fifteen months, nor more than

17  thirty months.  These sentences shall run consecutively with each

18  other.

19          It is the intention of the Court hereby that the

20  Defendant's total period of confinement shall be not less than

21  seven and one half years, nor more than twenty-five years, and he

22  shall stand committed in a state correctional institution until the

23  said sentence is served in full.  No further sentence is imposed for

24  the other charges the Defendant pleaded guilty to as they all merge

25  for sentencing purposes with one or more of the foregoing charges.

13

1

2          The Court hereby grants the Commonwealth's motion

3    and dismisses any remaining charges filed against the Defendant

4    in these matters.  That would conclude the Court's order.

5          The Court believes that the sentence imposed is

6    consistent with the protection needs of the public, the gravity of

7    these offenses as they relate to the impact on the life of the victims

8    and on the community, and the rehabilitative needs of the

9    Defendant.

10         The sentence falls above and outside of even the

11   aggravated range of the sentencing guidelines for the reasons

12   already stated on the record.

13         In addition, as has been related here extensively by the

14   Commonwealth, which I won't repeat all of which has been

15   indicated, most of which is accurate, but I would indicate as the

16   pre-sentence investigation report does, that Mr. Baker is certainly

17   not a stranger to the criminal justice system.  He has been

18   consistently involved with the criminal courts since 1981.  The

19   majority of his prior offenses are assaultive in nature.

20   Furthermore, he has a very poor driving history, and he is an

21   individual that has no business driving at all, having apparently

22   never - never had - having a valid drivers license.  He has a

23   lengthy history of drug and alcohol abuse.  He was unresponsive

24   previously when he was sentenced to probation supervision by the

25   Courts'.  He was unresponsive to earlier parole supervision when

1  he was sentenced by the Court and then released on parole.  Prior

2  orders of probation, parole and work release have all been

3  violated, and the last sentence he received was a two and a half to

4  five year sentence of incarceration, and even that, apparently had

5  no effect on this Defendant.

6          The sentence imposed also is, as it is, in order to

7  comply with the plea agreement, it does comply with the plea

8  agreement and the recommendation of the Bradford County

9  Probation Office.

10         Ms. Hartley, have you completed a post-sentence

11  rights advisory form with your client?

12         MS. HARTLEY: Yes, I have, Your Honor.

13         THE COURT: Would you present that to the Court,

14  please?

15  (Rights Advisory Form presented)

16         THE COURT: Mr. Baker, are these your initials on

17  this form?

18         RONALD BAKER: Yes, Your Honor.

19         THE COURT: Is this your signature on the form?

20         RONALD BAKER: Yes, Your Honor.

21         THE COURT: Do you understand everything that's

22  on here?

23         RONALD BAKER: Yes, Your Honor.

24         THE COURT: In addition to what's on that form, Mr.

25  Baker, I must advise you that you can still appeal to a higher court

15

1   even if you do not first file a post-sentence motion with this Court,

2   but you do have the right to file such a motion with this Court if

3   you choose to do so.  Do you understand that?

4           RONALD BAKER: Yes, Your Honor.

5           THE COURT: If you do file such a motion with this

6   Court, it must be in writing, it must state with specificity and

7   particularity the relief that you are requesting, including any

8   motion to withdraw or challenge the validity of your plea of guilty.

9   Do you understand that?

10          RONALD BAKER: Yes, Your Honor.

11          THE COURT: I must make a decision on the motion

12  within one hundred and twenty days of its filing unless that

13  deadline is extended for good cause on your request, for a

14  maximum of thirty additional days.  Do you understand that?

15          RONALD BAKER: Yes, Your Honor.

16          THE COURT: If I do not make a decision on the

17  motion within that time period, the motion will automatically be

18  deemed to be denied and your sole remedy will then be in

19  appealing to a higher court.  Do you understand that?

20          RONALD BAKER: Yes, Your Honor.

21          THE COURT: In addition, I must inform you that you

22  do have the right to file an appeal to the Superior Court on any one

23  or more of the following grounds.  First, you must appeal, you may

24  appeal on the ground that your guilty plea was unlawfully induced

25  and that it was not voluntarily and understandingly made by you.

16

1  And if the Superior Court should rule favorably on that appeal,

2  the sentence and guilty plea would be set aside and you would be

3  granted a new trial.

4         Second, you could appeal on the ground that your

5  sentence is illegal.  In which case the Superior Court agreed, you

6  would be re-sentenced or sentenced again.

7         Third, you could appeal on the ground that this Court

8  did not have jurisdiction.  In which case the Superior Court

9  agreed, you would be discharged and the charges dismissed.

10        And finally, you could appeal based on the alleged

11 ineffectiveness of the attorney who represents you.

12        Do you understand these things?

13        RONALD BAKER: Yes, Your Honor.

14        THE COURT: It is not necessary that issues raised on

15 appeal be first raised in a post-sentence motion, so long as they

16 were previously raised and properly preserved by you or your

17 attorney in this Court.  Do you understand that?

18        RONALD BAKER: Yes, Your Honor.

19        THE COURT: However, you can challenge the

20 legality of your sentence and the jurisdiction of this Court on

21 appeal, even if you have not, or do not, first raise them in this

22 Court.  Do you understand that?

23        RONALD BAKER: Yes, Your Honor.

24        THE COURT: If you are indigent, you can file a post-

25 sentence motion and an appeal without payment of costs.  Do you

17

1  understand that?

2          RONALD BAKER: Yes, Your Honor.

3          THE COURT: Do you have any questions?

4          RONALD BAKER: No, Your Honor.

5          THE COURT: Mr. Baker, I'm not going to say

6  anything more except to say that - I don't know if you've read the

7  victim impact statements in these cases.  Have you?

8          RONALD BAKER: No, Your Honor.

9          THE COURT: I'm not sure that a person of your

10  character and attitude will get anything out of them or that they'll

11  mean anything to you or not, but I'm going to ask you to read

12  those victim impact statements before you leave today, so that you

13  have some, perhaps, somehow, someway, you'll get some

14  appreciation of what effect you've had on other peoples' lives.

15          RONALD BAKER: I know what effect I had.  No

16  matter what Mr. McGuinness says, I'm not the kind of guy who

17  goes around hurting little kids.  I really feel bad about hurting the

18  kids, but it was an accident, there's nothing I can do about it now,

19  no matter what I do, I can't change what happened that day.  He

20  can sit there and paint all the pictures he wants, but -

21          THE COURT: You've had many opportunities to

22  change before this happened, Mr. Baker.  You didn't avail

23  yourself of those opportunities.  All I'm asking, all I'm insisting on,

24  is that - you read the pre-sentence - the victims impact statements

25  before you depart today.

1          MR. McGUINNESS: For the record, Judge, Mr.

2   Baker, you painted the picture.

3          RONALD BAKER: No, you painted it.

4          THE COURT: Anything else, counsel?

5          MS. HARTLEY: Judge, is it my understanding that

6   you are not requiring a CRN in this instance then?

7          THE COURT: I do not deem it necessary for there to

8   be a CRN evaluation completed before today's sentencing because

9   that DUI offense merged into the other offenses, so I don't believe

10  I'm violating the law by going forward with sentencing, even

11  without that CRN.

12         MS. HARTLEY: I just wanted that to be clear on the

13  record.

14         THE COURT: I, however, do think that the CRN

15  should be completed.

16         MS. HARTLEY: You do want a CRN then, okay.

17  Probation will set that up.

18         PROBATION OFFICER: No, that will be arranged at

19  the jail.

20         MS. HARTLEY: Okay.

21         THE COURT: Anything else?

22         MS. HARTLEY: No, Your Honor.

23  *(Plea proceeding concluded, August 18, 1997)*

24

25

## STENOGRAPHER'S CERTIFICATE

I hereby certify that the proceedings and evidence, upon the hearing of the above and foregoing cause, have been transcribed by me to the best of my ability and that this transcript is a correct copy of the same.

*Julie L. Lundquist*

Julie L. Lundquist

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF BRADFORD

IN RE: 08CR000716   COMMONWEALTH OF PA  VS RONALD BAKER

I, DAWN CLOSE, BEING THE PROTHONOTARY AND CLERK OF COURTS
OF BRADFORD COUNTY, COURT OF COMMON PLEAS DO HEREBY
CERTIFY THAT THE ATTACHED DOCUMENTS, BEING DOCUMENTS OF RECORD
IN THE COURT, ARE TRUE AND CORRECT COPIES OF THE DOCUMENTS FILED
OF RECORD IN THIS MATTER.

_____
PROTHONOTARY/CLERK OF COURTS

DATED: 1|4|2017



## Superior Court of Pennsylvania
### Middle District
### August 17, 2001

David A. Szewczak, Esq.
Prothonotary
Patricia A. Whittaker
Chief Clerk

Fulton Building, 200 N. Third Street 9th Floor
Harrisburg, PA 17101
717-772-1294
www.superior.court.state.pa.us

### Certificate of Remittal/Remand of Record

**TO:** Ms. Cheryl Wood-Walter
Prothonotary

**RE:** Com. v. Baker, R.
No.379 MDA 2001

| | |
|---|---|
| Trial Court/Agency Dkt. Number: | 86CR0003291 |
| Trial Court/Agency Dkt. Number: | 88CR000374 |
| Trial Court/Agency Dkt. Number: | 91CR000386 |
| Trial Court/Agency Dkt. Number: | 92CR000230 |
| Trial Court/Agency Dkt. Number: | 96cr000716 |

Trial Court/Agency Name: Bradford County Court of Common Pleas
Intermediate Appellate Court Number:

Annexed hereto pursuant to Pennsylvania Rules of Appellate Procedure 2571 and 2572 is the entire record for the above matter.

Contents of Original Record:

| Original Record Item | Filed Date | Description |
|---|---|---|
| Parts | May 2, 2001 | 5 |
| Transcripts | May 2, 2001 | 1 |
| Date of Remand of Record: | OCT - 3 2001 | |

Enclosed is an additional copy of the certificate. Please acknowledge receipt by signing, dating, and returning the enclosed copy to the Prothonotary Office or the Chief Clerk's office.

_Patricia A. Whittaker_
Patricia A. Whittaker
Chief Clerk

_Margaret L. Leon_
Signature

_MARGARET L. LEW_
Printed Name

_Oct. 9 2001_
Date

J.S51029/01

2001 PA Super 240

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| Appellee | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD JAMES BAKER, | : | |
| Appellant | : | No. 379 MDA 2001 |

Appeal from the Order Entered February 5, 2001
In the Court of Common Pleas of Bradford County
Criminal, Nos. 86CR0003291, 88CR000374,
91CR000386, 92CR000230, 96CR000716

BEFORE:    CAVANAUGH, JOHNSON and HESTER, JJ. ... . ... . --

FILED AUG 1 7 2001

OPINION BY CAVANAUGH, J:

¶ 1    Acting *in propria persona*, Ronald J. Baker has appealed from an order of the Bradford County court which refused to enter an order to stay the collection of money from his inmate account pursuant to statutory authority. The proceeding instituted by Baker is a civil action which should be pursued in the Commonwealth Court. *See Sweatt v. Department of Corrections*, 769 A.2d 574 (Pa. Cmwlth. 2001). Nevertheless, in the interest of institutional comity and system-wide efficiency, we accept the appeal for disposition. Pa.R.A.P. 741.

¶ 2    There is no evidentiary record in the present matter and we rely on statements in appellant's brief and the criminal court record which accompanied this appeal.

¶ 3    Baker is incarcerated in the state correctional system as the result of a sentence on a guilty plea. He was sentenced on August 18, 1997, and is presently an inmate at the facility at Houtzdale, Pa. As part of his sentence,

J.S51029/01

he was directed to pay costs and restitution. Pursuant thereto, deductions are being made from his inmate account. Baker sought in the trial court to have the order for payment from his account vacated. This was denied and we now have his appeal. Baker's argument is straightforward. He claims that the statutory authority for deduction from his inmate personal account applies to inmates transferred to a state institution after October 18, 1998, and that, he, having been in state custody since 1997, is not subject to the deduction system. We disagree.

¶ 4    The authority for collection of restitution, costs, fines and penalties, is found in 42 Pa.C.S.A. §9728. The provision enacted June 18, 1998, became effective October 18, 1998, and contains nothing which would limit its application to offenders who only came into a Department of Corrections institution after the effective date of the provision. The legislature has enacted in §9728 a comprehensive provision for the collection of inmate obligations, and we can conceive of no reason why it should be applicable only to offenders prospectively. In reviewing the statute, we find no such limitation.

¶ 5    Rather, it appears that appellant has incorrectly "borrowed" the reach of the applicable provision from another part of the legislative enactment. In 42 Pa.C.S.A. §9764, the legislature provided for a detailed plan of interchange of offender information upon transfer of offenders into the custody of the Department of Corrections, as well as exchange of

2

J.S51029/01

information when there is a transfer from the Department of Corrections to a county correctional facility. This law, which included direction to the Department of Corrections and the Pennsylvania Board of Probation and Parole to develop implementing procedures, was by its terms, limited to offenders transferred and released only after October 18, 1998. 42 Pa.C.S.A. §9764(I). It can readily be seen that this provision of the Act of June 18, 1998, P.L. 640 No. 84, which mandated new requirements of record keeping and transmittal of information and is applicable to hoth county and commonwealth correctional facilities, may reasonably only be mandated prospectively.

¶ 6    We reject appellant's argument that deductions from his account are being made without statutory authority.

¶ 7    Order affirmed.

Judgment Entered.

Prothonotary

Date: AUG 1 7 2001

3

```
                                                                    PAGE 0001
RUN DATE: 20-AUG-97
RUN TIME: 2:29 PM              C O S T   B I L L

96CR000716            FILE  12/11/96                    BRADFORD COUNTY
DOCKET_____ PAGE_____                                TOWANDA, PA
                                               _____TERM, A.D.1997


COMMONWEALTH OF PA



                   ** VS **


RONALD JAMES BAKER
515 SECOND ST.           (BRADFORD CO. JAIL)
TOWANDA, PA 18848
                                                  RECORD        FEE
FEE              FEE                               CHARGE      AMOUNT
CODE   DATE    DESCRIPTION              ACCT


*********************** C L E R K   F E E S ********************************

  0    2/03/97  NO FEE CHARGES                     .00          .00
  0    2/07/97  NO FEE CHARGES                     .00          .00
  0    4/04/97  NO FEE CHARGES                     .00          .00
  0    6/06/97  NO FEE CHARGES                     .00          .00
  1    3/19/97  5 DEFENSE                  CO      .00        10.00
  1    4/09/97  PRAECIPE FOR SUBPOENA DEFENSE      .00         2.00
  1    4/30/97  3 COMM. COMM.              CO      .00         6.00
  1    5/01/97  PRAECIPE FOR SUBPOENA COMM.        .00         2.00
  1    6/03/97  PRAECIPE FOR SUBPOENA COMM.        .00         2.00
  1    6/03/97  COMM. COMM.                CO      .00         6.00
 65   12/11/96  CLERK'S FEE - CRIM TRANSCRIPT      .00        75.00
                                                ------       --------
                                        TOTAL =    .00       103.00


********************* S H E R I F F   F E E S ********************************


                    * NONE *


********************* O T H E R   F E E S ********************************

 65   12/11/96  PROBATION TRAINING FEES    PT     0.00         5.00

 65   12/11/96  DJ COSTS                   CC     0.00        19.14

 65   12/11/96  STATE C STS                SC     0.00         8.74

 65   12/11/96  STATE PORTION              SP     0.00         3.12
```

```
RUN DATE: 20-AUG-97
RUN TIME: 2:29 PM              C O S T   B I L L

96CR000716          FILED 12/11/96                    BRADFORD COUNTY
DOCKET_____  PAGE_____                             TOWANDA, PA
                                                   _____TERM, A.D. 1997

82  12/12/96  VICTIMS CRIME FEE          VC      0.00       15.00

82  12/12/96  CRIME COMMISSION COST      CR      0.00       15.00

82  12/12/96  (ON CC CHARGES ONLY)       DV      0.00

                                                 -------    -------
                                      **TOTAL**   0.00       86.00


*********************** W I T N E S S   F E E S ************************

                           * NONE *



********************** D E P O S I T S (OPEN ITEMS) ********************

                           * NONE *


************************* S U M M A R Y ********************************

FEES                AMOUNT
--------            -------
CLERK FEES          103.00
SHERIFF FEES          .00
OTHER FEES           86.00
WITNESS FEES          .00
                    -------
 * SUBTOTAL         189.00


RECORD CHARGES        0.00
                    -------
** TOTAL            189.00
```

**Appeal Docket Sheet**
**Docket Number:      379 MDA 2001**
**Page 1 of 3**
**March 13, 2001**

Superior Court of Pennsylvania

---

Commonwealth of Pennsylvania
       v.
Ronald James Baker, Appellant

Initiating Document: Notice of Appeal IFP

Case Status:           Active

Case Processing Status:    March 5, 2001              Awaiting Original Record

Journal Number:

Case Category:        Criminal                        CaseType:

---

Consolidated Docket Nos.:                    Related Docket Nos.:

---

### SCHEDULED EVENT

Next Event Type:  Docketing Statement Received        Next Event Due Date:  March 27, 2001
Next Event Type:  Original Record Received            Next Event Due Date:  April 11, 2001

2:41 P.M.

**Appeal Docket Sheet**

**Docket Number:   379 MDA 2001**

**Page 2 of 3**

**March 13, 2001**

**Superior Court of Pennsylvania**

*96CR 716* ✓

*86CR3291*
*88CR374*
*91CR386*
*92CR230*

COUNSEL INFORMATION

| | |
|---|---|
| **Appellant** | Baker, Ronald James |
| **Pro Se:** | **Appoint Counsel Status:** |
| **IFP Status:** | Yes |

**Appellant Attorney Information:**
Attorney:   Baker, Ronald James
Bar No.:                              Law Firm:
Address:        DC-5930
                     PO Box 1000
                     Houtzdale, PA 16698-1000

Phone No.:                        Fax No.:
Receive Mail: Yes
E-Mail Address:
Receive E-Mail:   No

| | |
|---|---|
| **Appellee** | Commonwealth of Pennsylvania |
| **Pro Se:** | **Appoint Counsel Status:** |
| **IFP Status:** | |

**Appellee Attorney Information:**
Attorney:   Downs, Stephen G.
Bar No.:        26541        Law Firm: Bradford County District Attorney's Office
Address:        District Attorney's Office
                     Bradford County Courthouse
                     Towanda, PA 18848

Phone No.: (570)265-1712        Fax No.:  (570)265-1731
Receive Mail: Yes
E-Mail Address:
Receive E-Mail:   No

BRADFORD COUNTY
PROTHONOTARY
&
CLERK OF COURTS
MAR 15 P 12: 51

FEE INFORMATION

| Fee Date | Fee Name | Fee Amt | Paid Amount | Receipt Number |
|---|---|---|---|---|
| | | | | |

TRIAL COURT/AGENCY INFORMATION

Court Below:   Bradford County Court of Common Pleas
County:   Bradford                      Division:   Criminal
Date of Order Appealed From:  February 8, 2001    Judicial District:   42
Date Documents Received:      March 5, 2001    Date Notice of Appeal Filed: March 2, 2001
Order Type: Order Entered                OTN:

Appeal Docket Sheet
Docket Number:     379 MDA 2001
Page 3 of 3
March 13, 2001

p:
Superior Court of Pennsylvania

| Judge: | Smith, Jeffrey A. | Lower Court Docket No.: | 86CR0003291 |
| | President Judge | | 88CR000374 |
| | | | 91CR000386 |
| | | | 92CR000230 |
| | | | 96cr000716 |

## ORIGINAL RECORD CONTENTS

| Original Record Item | Filed Date | Content/Description |
| --- | --- | --- |

Date of Remand of Record:

## BRIEFS

## DOCKET ENTRIES

| Filed Date | Docket Entry/Document Name | Party Type | Filed By |
| --- | --- | --- | --- |
| March 5, 2001 | Notice of Appeal IFP | | |
| | | Appellant | Baker, Ronald James |
| March 16, 2001 | Docketing Statement Exited (Criminal) | | |
| | | | Middle District Filing Office |

3899

10/08/97        SUPERIOR COURT OF PENNSYLVANIA
1445                 OFFICIAL DOCKET

                  DOCKET # 00906HBG97

FULL CAPTION
    999E   COMMONWEALTH OF PENNSYLVANIA
                      V
    001T   RONALD JAMES BAKER

COUNSEL                                 TITLE      FOR    MAIL

    40402   SUSAN E HARTLEY                        001T    Y
            320 SOUTH MAIN STREET
            P.O. BOX 278
            ATHENS, PA  18810            717-888-9607

    39256   ROBERT B MCGUINNESS          DA        999E    Y
            14 BRIDGE STREET
            TOWANDA, PA  18848           717-265-5892

CONSOLIDATED DOCKET NUMBER

                                        RECORD FILED IN SUPERIOR COURT
BACKGROUND DATA
    TRIAL COURT RECORDS
        CATEGORY:            CR          NOV 14 1997
        COURT NAME:          CRIMINAL
        COUNTY:              BRADFORD
        JUDICIAL DISTRICT:   42          HARRISBURG
        CASE TYPE/CHARGE:    AGGRAVATED ASSAULT
        TRIAL COURT CHARGES:
        JUDGE(S):            MOTT, J
        DISPOSITION TYPE:    JUDGMENT OF SENTENCE
        DISPOSITION DATE:    08/18/97
        APPEAL FILE DATE:    09/18/97
        DISPOSITION ENTERED: 08/20/97
        TRIAL CRT DOCKET NO.: 96 CR 000716
        OFFENSE TRACKING NO.: E6909231

STATUS INFORMATION
    10/22/97   DOCKETING STATEMENT DUE
    10/28/97   LOWER COURT RECORD DUE

DOCKET ENTRIES                          FOR
    10/08/97   NOTICE OF APPEAL IPP     001T
    10/08/97   DOCKETING STATEMENT EXITED 001T

    T=APPELLANT    E=APPELLEE    *=COURT APPOINTED

                            (1) part
                            (1) transcript(ms)

                                            #1

Super█ █ Court of Pennsylvania
Office of the Prothonotary
Fulton Building
9TH Floor
200 North Third Street
Harrisburg, Pennsylvania  17101
(717) 772-1294

October 8, 1997

Notice of Appeal Docketing
Superior Court Docket No. Assigned
00906HBG97

CLERK OF COURTS
Bradford COUNTY
Bradford County Courthouse
Towanda, Pa  18848

RE: Commonwealth V Baker, R

    You are hereby advised that the attached docket
information has been entered into the superior court records
in a case in which you appear as an officer of the court.
Please review this information carefully and notify this
office immediately if you believe correction(s) are in order.
Thank you.

David A. Szewczak
Prothonotary

CERTIFIC__E AND TRANSMIT___ OF REC___ ___S

PENNSYLVANIA RULE OF APPELLATE PROCEDURE ___ __

**TO THE PROTHONOTARY OF THE SUPERIOR COURT OF PENNSYLVANIA:**

THE UNDERSIGNED, CLERK OF COURTS of the Court of Common Pleas of Bradford County, Pennsylvania, the said Court being a Court of record, does hereby certify that annexed hereto is a true and correct copy of the whole and entire record, including an Opinion of Court, as required by Pa. R.A.P. 1925, the original papers, exhibits, the transcript of the proceedings, and the docket entries in the following matter:

RE:     COMMONWEALTH OF PA

VS.                              96CR000716
                                 # 00906HBG97
RONALD JAMES BAKER

in compliance with Pa. R.A.P. 1931(c).

The documents comprising the record have been numbered from Number 1 through Number 45, and attached hereto as Exhibit A is a list of the documents correspondingly numbered and identified with reasonable definiteness.

The date on which the record has been transmitted to the Appellate Court is NOVEMBER 6, 1997.

CHERYL C. WOOD-WALTER,
PROTHONOTARY AND CLERK OF COURT

BY: _Virginia Schultz Chief Deputy_

CRIMINAL DIVISION

(SEAL)

11/06/97

#2

Commonwealth

vs

Ronald James Baker

In the Court of Common Pleas of
Bradford County, Pa.

96CR000716
Sup. Ct. #    00906hbg97

---------------------------------------------------------------------

|  |  | Pages |
|---|---|---|
| 1. | Superior Court Docket Sheet | 1 |
| 2. | Certificate of Transmittal | 1 |
| 2A. | List of Docket Entries | 1 |
| 3. | Certified Copy of Docket Sheet | 5 |
| 4. | Order of Aug. 18, 1997 | 2 |
| 5. | Statement of the Court | 2 |
| 6. | Criminal Transcript & Notice of Arraignment | 22 |
| 7. | Informations | 5 |
| 8. | Requests for Bill of Particulars | 7 |
| 9. | Praecipe for Entry of Appearance by A. Agnellino | 1 |
| 10. | Motion for Pre-Trial Discovery and Inspection | 12 |
| 11. | Answer to Informal Request for Pre-Trial Discovery & Inspection | 1 |
| 12. | Bill of Particulars | 2 |
| 13. | Notice of Plea Hearing, Feb. 6, 1997 | 1 |
| 14. | Order of Feb. 6, 1997, place on trial list | 1 |
| 15. | Notice of Hearing April 1, 1997 for Trial | 1 |
| 16. | Omnibus Pre-Trial Motion | 20 |
| 17. | Motion for Hearing on Omnibus Motion and Order of Feb. 13, 1997 | 1 |
| 18. | Motion for Transcript of Preliminary Hearing | 2 |
| 19. | Order of Feb. 18, 1997 for Transcript | 1 |
| 20. | Certificate of Service of Omnibus Motion and Order | 1 |
| 21. | Praecipe to File Verification | 2 |
| 22. | Motion for Transcript and Order of March 13, 1997 | 1 |
| 23. | Petition to Withdraw Appearance and Order of March 25, 1997 for hearing April 9, 1997 | 6 |
| 24. | Order of April 1, 1997, trial continued | 1 |
| 25. | Certificate of Service of Petition to Withdraw and Rule | 1 |
| 26. | Notice of Pre-Trial and Trial | 2 |
| 27. | Commonwealth's Motion for Discovery from Defendant and Order of April 4, 1997 for hearing. | 3 |
| 28. | Notice of Omnibus Pre-Trial | 2 |
| 29. | Order of April 9, 1997, Hearing on Withdrawal | 1 |
| 30. | Order of April 16, 1997, continues hearing | 1 |
| 31. | Order of April 30, 1997, allowing withdrawal of counsel | 1 |
| 32. | Order of May 12, 1997 appoints T. Hinckley for Deft. | 1 |
| 33. | Steno. Notes of Testimony, Dec. 10, 1996, Preliminary Hearing (Missing) |  |
| 34. | Motion for Continuance of of Omnibus Pre-Trial Hearing and Order of May 28, 1997. | 3 |
| 35. | Order of June 3, 1997, continues trial | 1 |
| 36. | Notice of Pre-Trial and Trial | 2 |
| 37. | Supplemental Omnibus Pre-Trial Motion (missing) |  |
| 38. | Order of June 30, 1997 Plea Order | 2 |

‡2A

Commonwealth                                    In the Court of Common Pleas of
                                                Bradford County, Pa.

vs                                              96CR000716
                                                Sup. Ct. #    00906hbg97
Ronald James Baker

---------------------------------------------------------------------------
                                                                    Pages
39.    Judgment                                                       3
40.    Notice of Appeal to Superior Court                             9
41.    Order of September 18, 1997 for Concise Statement              1
42.    Lodging of Testimony of Sentencing                             1
43.    Concise Statement                                              3
44.    Steno. Notes of Testimony, August 18, 1997                    20
45.    Exhibits

STYLE: RONALD JAMES BAKER
ACTION: CRIMINAL TRANSCRIPT
JUDGE : JOHN C. MOTT
CHARGE: UNINTENTIONAL DEATH W/DU
         UNINTENTIONAL DEATH W/DU
         ACC.INV. DEATH/PERS. INJ
         ACC.INV. DEATH/PERS. INJ
         ACC.INV. DEATH/PERS. INJ
         DRIV. UNDER THE INFLUENC
         DRIV. UNDER INFLUENCE -
         RECKLESS DRIVING
         DRIVING UNDER SUSPENSION
         DRIVERS REQ. TO BE LICEN
         CARELESS DRIVING
         LIMIT. ON OVERTAKING ON
         MEET. VEH. PROC. OPP. DI
         DR. ROADWAYS LANED FOR T
         AGG.ASSLT/INDIFF. HUMAN
         AGG.ASSLT/INDIFF. HUMAN
         AGG.ASSLT/INDIFF. HUMAN
         RECK. ENDANG. ANOTHER
         RECK. ENDANG. ANOTHER
         RECK. ENDANG. ANOTHER
         SIMPLE ASSAULT
OTN: E690923-1
BAIL: $150,000.00
DATE/ARRST: 10/15/96
JUDG DATE: 8/21/97
AMOUNT:    102,676.57
APPEAL:  9/16/97

AFFIANT: PA. STATE POL-SREDENSCHEK
DIST JUST: JAMES POWELL
SID: 142-81-28-2
JUDG TYPE: "ACT 1996-3"
INTEREST:  9/21/97
SUP CT #: 00906HBG97

****************************************************************************

    C 001                              ATTORNEY(S):
COMMONWEALTH OF PA                  DISTRICT ATTORNEY
                                     COURT HOUSE
                                     TOWANDA, PA. 18848

                      ** VS **

                                     ATTORNEY(S):
    D 001
RONALD JAMES BAKER                   SUSAN HARTLEY
519 SECOND ST.        - (SCI, CAMP HILL DG 5930)   PO BOX 278
TOWANDA, PA  18848                   ATHENS, PA.  18810
DOB:  1/23/61
SEX: MALE
LIC NUMBER: PA. 60032700
SS#: 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

CERTIFIED from the record this
___ day of Nov 19__
_____
_____ary & Clerk of Courts
_____ County, Penna.

                                                        #3

BRADFORD COUNTY CLERK COURTS
DOCKET SHEET

D O C K E T   S H E E T

STYLE: RONALD JAMES BAKER
ACTION: CRIMINAL TRANSCRIPT
JUDGE : JOHN C. MOTT

CASE NO: 96CR000718
FILED: 12/11/96

************************************************************

************************************************************

| DATE | TYPE | DESCRIPTION |
|------|------|-------------|

************************************************************

| 12/11/96 | NOTICE | NOTICE OF ARRAIGNMENT FOR (MGD) EXTRA DATE : 1/09/97 |
| 1/03/97 | INFORMATNS | COMMONWEALTH'S INFORMATIONS FILED. (MGD) |
| 1/09/97 | ARRAIGN | DEFENDANT APPEARED FOR ARRAIGNMENT WITH COUNSEL AND ENTERED A PLEA OF NOT GUILTY (CW) |
| 1/09/97 | APPEARNCE | PRAECIPE FOR ENTRY OF APPEARANCE ON BEHALF OF DEFENDANT FILED. (CW) ATTORNEY(S) : ARTHUR D AGNELLINO |
| 1/15/97 | REQUEST | REQUEST FOR BILL OF PARTICULARS FILED BY THE DEFENDANT. |
| 1/21/97 | MOTION | MOTION FOR PRETRIAL DISCOVERY AND INSPECTION FILED BY ATTORNEY FOR DEFENDANT. 3C:AA (MGD) |
| 1/27/97 | ANSWER | ANSWER TO REQUEST FOR PRE-TRIAL DISCOVERY AND INSPECTION, FILED BY COMMONWEALTH. (MGD) |
| 1/27/97 | BILL | BILL OF PARTICULARS FILED BY THE COMMONWEALTH (MGD) |
| 2/03/97 | NOTICE | NOTICE OF HEARING SCHEDULED FOR 02/06/97 AT 9:40 AM - PLEA |
| 2/06/97 | ORDER | ORDER OF FEBRUARY 6, 1997 HAVING COME FOR A PLEA HEARING AAND THE DEFENDANT HAVING NOT ENTERED APLEA, THE MATTER IS TO BE SCHEDULED FOR CRIMINAL TRIAL LIST. (JCM)(FC)2/10/97 C:DA,DEF,ATTY |
| 2/07/97 | NOTICE | NOTICE OF HEARING SCHEDULED FOR 04/01/97 AT 8:33 AM - CRIMINAL PRE TRIAL CONF |
| 2/07/97 | MOTION | OMNIBUS PRE-TRIAL MOTION FILED BY ATTORNEY FOR DEFENDANT. C:AA (MGD) |

BRADFORD COUNTY, PENNSYLVANIA

STYLE: RONALD JAMES BAKER
ACTION: CRIMINAL TRANSCRIPT
JUDGE : JOHN C. MOTT

PAGE

FILED:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**2/13/97 MOTION** — MOTION FOR HEARING TOGETHER WITH ORDER OF COURT FILED DATED FEBRAURY 13, 1997 SETTING HEARING FOR APRIL 11, 1997 AT 1:00 P.M. C:AA (JCM)(MGD)(2/13/97)

**2/14/97 MOTION** — MOTION FOR TRANSCRIPT OF PRELIMINARY HEARING FILED BY ATTORNEY FOR DEFENDANT.

**2/18/97 ORDER** — ORDER OF COURT FILED DATED FEBRUARY 18, 1997 DIRECTING TRANSCRIPT BE MADE OF PRELIMINARY HEARING HELD DECEMBER 10, 1996. 2C:AA (JCM)(MGD)(2/18/97)

**2/18/97 SERVICE** — CERTIFICATE OF SERVICE OF OMNIBUS MOTION AND ORDER UPON DISTRICT ATTORNEY FILED BY ATTORNEY FOR DEFENDANT. (MGD)

**3/07/97 PRAECIPE** — PRAECIPE TO FILE VERIFICATION FILED BY ATTORNEY FOR DEFENDANT. (MGD)

**3/13/97 MOTION** — MOTION FOR TRANSCRIPT TOGETHER WITH ORDER OF COURT FILED DATED MARCH 13, 1997 DIRECTING TRANSCRIPT BE MADE OF PRELIMINARY HEARING BY TRACY SHAYLOR. 4C:DA (JCM)(MGD)(3/13/97)

**3/25/97 PETITION** — PETITION TO WITHDRAW AS COUNSEL TOGETHER WITH RULE FILED DATED MARCH 25, 1997 RETURNABLE APRIL 9, 1997 AT 1:00 P.M. 2C:AA (JCM)(MGD)(3/26/97)

**4/01/97 ORDER** — ORDER OF APRIL 1, 1997 AFTER CRIMINAL PRE-TRIAL CONFERENCE THERE BEING OUTSTANDING OMNIBUS PRE-TRIAL MOTION SCHEDULED FOR HEARING ON APRIL 11, 1997 THE TRIAL SCHEDULED FOR APRIL 7, 1997 IS CONTINUED.  TO BE PLACED ON NEXT TRIAL LIST. 4/3/97C:DA,DEF,AA

**4/02/97 SERVICE** — CERTIFICATE OF SERVICE OF PETITION TO WITHDRAW UPON DISTRICT ATTORNEY AND DEFENDANT FILED BY ATTORNEY FOR DEFENDNAT. (MGD)

**4/04/97 NOTICE** — NOTICE OF HEARING
SCHEDULED FOR 04/11/97 AT  1:00 PM   OMNIBUS PRE TRIAL

**4/04/97 MOTION** — COMMONWEALTH'S MOTION FOR DISCOVERY FROM DEFENDANT TOGETHER WITH ORDER OF COURT FILED DATED APRIL 4, 1997 SETTING HEARING FOR APRIL 11, 1997 AT 1:00 P.M. 3C:DA (JCM)(MGD) (4/4/97)

**4/11/97 NOTICE** — NOTICE OF CONTINUANCE FROM COURT ADMINISTRATOR; CONTINUES OMNIBUS PRE-TRIAL TO MAY 21, 1997 AT 1:00 P.M. (MGD)

**4/14/97 ORDER** — ORDER OF APRIL 9, 1997 SET FOR RULE ON PETITION TO WITH-DRAW AS COUNSEL, AND THE COMMONWEALTH HAVING INFORMED

STYLE: RONALD JAMES BAKER
ACTION: CRIMINAL TRANSCRIPT                          CASE NO. 96CE 00716
JUDGE : JOHN C. MOTT                                 FILED: 12/11/96
**********************************************************************

THE COURT THAT IT OPPOSES THE PETITION, THE PARTIES AS
DIRECTED TO SCHEDULE THE MATTER FOR HEARING OR ARGUMENT.
(JCM)(KC)4/16/97C:DA,DEF,AA

4/17/97 ORDER    ORDER OF APRIL 16, 1997 THE OMNIBUS PRE-TRIAL SCHEDULED FOR
                 MAY 21, 1997 THE COURT CONTINUES SAID HEARING UNTIL FRIDAY
                 MAY 30, 1997 AT 8:30 AM. (JCM)(KC)C:DA,DEF,AA

5/01/97 ORDER    ORDER OF APRIL 30, 1997 THIS COURT'S ORDER OF APRIL 9, 1997
                 IN THE ABOVE IS VACATED.  PETITION OF DEFENDANTS COUNSEL TO
                 WITHDRAW IS GRANTED AND ARTHUR AGNELLINO, ESQ IS WITHDRAWN
                 DA,DEF,AA

5/13/97 ORDER    ORDER OF COURT FILED, APPOINTING COUNSEL
                 ORDER OF MAY 12, 1997 THE PUBLIC DEFENDER HAVING A CONFLICT,
                 THE COURT APPOINTS SUSAN HARTLEY, ESQ. FOR THE DEFENDANT.
                 5/13/97C:DA,DEF,SH
                 ATTORNEY(S)  : SUSAN HARTLEY

5/15/97 STENO.   STENOGRAPHER'S NOTES OF TESTIMONY FOR PRELIMINARY HEARING
                 HELD DECEMBER 10, 1996 FILED. (MGD)

5/29/97 MOTION   MOTION FOR CONTINUANCE TOGETHER WITH ORDER OF COURT FILED
                 DATED MAY 28, 1997 CONTINUING OMNIBUS PRE-TRIAL HEARING TO
                 JULY 2, 1997 AT 9:45 A.M. 2C:SH (JCM)(MGD)(5/29/97)

6/03/97 ORDER    ORDER OF JUNE 3, 1997 AFTER PRE-TRIAL CONFERENCE IN THE
                 ABOVE AND THERE BE OUTSTANDING OMNIBUS PRE-TRIAL MOTION
                 NOT HEARD, THE CRIMINAL TRIAL SCHEDULED IN THE ABOVE FOR
                 JUNE 9, 1997 IS CONTINUED.  SHALL BE PLACED ON THE NEXT
                 AVAILABLE CRIMINAL TRIAL LIST.(JCM)(KC)6/5/97C:DA,DEF,ATTY,
                 PROB

6/06/97 NOTICE   NOTICE OF HEARING
                 SCHEDULED FOR 07/02/97 AT  9:45 AM - OMNIBUS PRE-TRIAL

6/27/97 SUPPLEME. SUPPLEMENTAL OMNIBUS PRE-TRIAL MOTION FILED BY ATTORNEY
                 FOR DEFENDANT. 2C:SH (MG)

7/01/97 PLEA     ORDER OF JUNE 30, 1997 HAVING ENTERED A GUILTY PLEA TO
                 (2) COUNTS OF ACCIDENT INVOLVING DEATH OR INJURY BY
                 UNLICENSED OPERATOR, EACH(F_3),(2) COUNTS OF AGGRAVATED
                 ASSAULT BY MOTOR VEHICLE WHILE DRIVING UNDER THE INFLUENCE
                 EACH(F-2),& DUI (M-2) & DRIVING WHILE SUSPENDED OR REVOKED
                 AS A SECOND OR SUBSEQUENT OFFENSE(SUMMARY) AND (2) COUNT OF
                 RECKLESSY ENDANGERING ANOTHER PERSON, EACH (M-2). SENTENCING
                 SET FOR AUGUST 18, 1997 AT 1:30 PM.  PROBATION TO PREPARE A
                 PRE-SENTENCE REPORT AND VICTIM'S IMPACT STATEMENT. SHALL
                 UNDERGO CRN BY BRADFORD/SULLIVAN D&A. (JCM)(KC)7/10/97C:DA,

DOCKET ENTRIES
DOCKET LIST

D U C . . . .                    PAGE

STYLE: RONALD JAMES BAKER                          CASE NO. 96 . . . 16
ACTION: CRIMINAL TRANSCRIPT                        FILED: 12/11/96
JUDGE : JOHN C. MOTT
*********************************************************************

DEF.ATTY.PROB.D&A

8/20/97 SENTENCING ORDER OF COURT FILED DATED AUGUST 18, 1997 SENTENCING
DEFENDANT AS FOLLOWS: AGG. ASSAULT BY MOTOR VEHICLE WHILE
UNDER THE INFLUENCE--PAY COSTS, RESTITUTION OF $83,894.95
AND UNDERGO IMPRISONMENT FOR 30-120 MONTHS; SECOND COUNT
OF AGGRAVATED ASSAULT BY MOTOR VEHICLE WHILE UNDER THE
INFLUENCE--PAY RESTITUTION OF $18,347.62 AND UNDERGO
IMPRISONMENT FOR 30-120 MONTHS;ACCIDENT INVOLVING INJURY BY
UNLICENSED OPERATOR--UNDERGO IMPRISONMENT THE 15-30 MONTHS;
ON SECOND COUNT OF ACCIDENT INVOLVING INJURY BY UNLICENSED
OPERATOR--UNDERGO IMPRISONMENT FOR 15-30 MONTHS. SENTENCES
TO RUN CONSECUTIVELY TO EACH OTHER AND TO BE SERVED IN A
STATE CORRECTIONAL FACILITY.  NO FURTHER SENTENCES IMPOSED
FOR THE OTHER CHARGES DEFENDANT PLEADED GUILTY TO AS THEY
ALL MERGE FOR PURPOSES OF SENTENCING.  DISMISS ANY
REMAINING CHARGES. C:DEF., DA, PROB., COUNSEL, ST. POL.
(JCM)(MGD)(8/20/97)

8/21/97 JUDGMENT   JUDGMENT ENTERED BY BRADFORD COUNTY PROBATION DEPT. IN
ACCORDANCE WITH ACT 1996-3 FOR FINES, COSTS, RESTITUTION
AND FEES.  TRANSCRIPT PREPARED AND NOTICE FORWARDED TO DEFT.
(9:00 A.M.) DEBT: $102,676.57 PLUS INTEREST AND COSTS. (DC)

9/16/97 APPEAL   NOTICE OF APPEAL OF ORDER ENTERED AUGUST 18, 1997 FILED.
C:SUP. CT. (MGD)

9/18/97 ORDER   ORDER OF SEPTEMBER 18, 1997 A NOTICE OF APPEAL FILED IN THE
ABOVE, THE APPELLANT SHALL FORTHWITH WITHIN 14 DAYS FILED
A CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL.
(JCM)(KC)DA,DEF,ATTY

10/03/97 STENO.   STENOGRAPHER'S NOTES OF TESTIMONY FOR SENTENCING HEARING
HELD AUGUST 18, 1997 LODGED. (MGD)

10/03/97 AFFIDAVIT   AFFIDAVIT OF JULIE LUNDQUIST FILED. (MGD)

10/07/97 STATEMENT   CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL FILED
BY ATTORNEY FOR DEFENDANT. 4C:SH (MGD)

10/10/97 NOTICE   SUPERIOR COURT DOCKETING STATEMENT FILED. #00906HBG97. (MGD)

10/10/97 STATEMENT   STATEMENT PURSUANT TO RULE 1925 (A) OF THE PENNSYLVANIA
RULES OF APPELLATE PROCEDURE.(JCM)(KC)C:DA,DEF,SH

10/14/97 STENO.   STENOGRAPHER'S NOTES OF TESTIMON FOR SENTENCING HEARING
HELD AUGUST 18, 1997 FILED. (MGD)

**COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS**

**v.**            **: BRADFORD COUNTY, PENNSYLVANIA**

**RONALD JAMES BAKER**      **: NO. 96 CR 000 716**

: : : : : : : : : : : : : : :

**O R D E R**

AND NOW, this 18th day of August, 1997, on the first count of Aggravated Assault by Motor Vehicle While Driving Under the Influence of Alcohol, the Defendant is sentenced to pay the costs, to pay all mandatory and discretionary charges, to make restitution of eighty-three thousand eight-hundred and ninety-four dollars and ninety-five cents ($83,894.95), and to undergo imprisonment for a period of not less than thirty (30) months nor more than one-hundred twenty (120) months. On the second count of Aggravated Assault by Motor Vehicle While Driving Under the Influence of Alcohol, the Defendant is sentenced to make restitution of eighteen-thousand three-hundred and forty-seven dollars and sixty-two cents ($18,347.62), and to undergo imprisonment for a period of not less than thirty (30) months nor more than one-hundred and twenty (120) months. On the first count of Accident Involving Injury by Unlicensed Operator, the Defendant is sentenced to undergo imprisonment for a period of not less than fifteen (15) months nor more than thirty (30) months. On the second count of Accident Involving Injury by Unlicensed Operator, the Defendant is sentenced to undergo imprisonment for not less than fifteen (15) months nor more than thirty (30) months. These sentences shall run

#4

consecutively with each other.  It is the intention of the Court hereby that the Defendant's total period of confinement shall be not less than seven and one-half (7 ½) years nor more than twenty-five (25) years, and he shall stand committed in a state correctional institution until the said sentence is served in full.  No further sentences are imposed for the other charges that the Defendant pleaded guilty to as they all merge for sentencing purposes with one or more of the foregoing charges.  The Court hereby grants the Commonwealth's motion and dismisses any remaining charges filed against the Defendant in this matter.

BY THE COURT:

_____ J.

JCM/jl

**COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS**

vs                                    : BRADFORD COUNTY, PENNSYLVANIA

**RONALD JAMES BAKER**                : NO.  96 CR 000716

:    :    :    :    :    :    :    :    :    :    :    :    :

### STATEMENT PURSUANT TO RULE 1925(a) OF THE PENNSYLVANIA RULES OF APPELLATE PROCEDURE

### BEFORE: MOTT, J.

The Appellant has filed a statement of matters complained of on appeal in which he asserts that this Court's sentence imposed in the above captioned matter is unduly excessive, unreasonable and constitutes an abuse of discretion.  The Court would stand on the reasons set forth on the record of the sentencing hearing conducted on August 18, 1997 in the matter.

We would further note, however, that at the sentencing hearing, the Court was fully informed by a comprehensive pre-sentence investigation report, that the sentence imposed is well within the statutory maximum allowed by the law, and that the sentence imposed is exactly consistent with the plea agreement entered into between the Appellant and the Commonwealth.

Therefore, the sentence should not be disturbed on this appeal.

Date:    October 10, 1997                                    J.
                                        John C. Mott

#5

**For the Appellant**

      Susan E. Hartley, Esq.

**For the Appellee**

      **Commonwealth of Pennsylvania**
      **Robert B. McGuinness, Esq.**
      **District Attorney**



**JAMES O. POWELL**

District Justice
District Court # 42-3-03
701 S. Fourth St.
Fourth St. Annex
Towanda, Pa. 18848
717-268-5057

<u>ARRAIGNMENT NOTICE</u>

DISTRICT JUSTICE
DISTRICT COURT 42-3-03
717-268-5057

COMMONWEALTH OF PENNSYLVANIA VS. *Ronald Baker*

YOU MUST APPEAR IN THE BRADFORD COUNTY COURTHOUSE ON *January 9, 1997*
AT 8:30AM IN COURTROOM NO. *2* FOR ARRAIGNMENT.
AT THAT TIME YOU WILL BE ADVISED AS TO THE CHARGES PENDING AGAINST YOU.
IF YOU SO DESIRE, YOU MAY ENTER A PLEA TO THE CHARGES AT THE TIME OF
ARRAIGNMENT.
IF YOU DO NOT APPEAR, A BENCH WARRANT WILL BE ISSUED, YOU WILL THEN BE
ARRESTED AGAIN AND SENT TO JAIL!!!

CONTACT YOUR ATTORNEY IMMEDIATELY.  IF YOU CANNOT AFFORD A PRIVATE
ATTORNEY, CONTACT THE OFFICE OF THE PUBLIC DEFENDER AT THE COURTHOUSE,
(717)265-1713.

ACCEPTED BY: *Ronald Baker*                    DATE: *12/10/96*
_____
SIGNATURE OF DEFENDANT

SIGNED BY THE DEFENDANT IN THE PRESENCE OF AND A COPY DELIVERED TO THE
DEFENDANT BY _____            DATE: *12/10/96*
_____
SIGNATURE OF DISTRICT JUSTICE

*********************************************************************

IF YOU ARE CHARGED WITH D.U.I. AND ARE APPLYING FOR THE A.R.D. PROGRAM,
YOU ARE REQUIRED TO UNDERGO A C.R.N. EVALUATION. YOU ARE DIRECTED TO APPEAR
FOR THIS EVALUATION ON

_____, AT _____, AT
_____. PUBLIC RESOURCES, 5 LOMBARD ST., TOWANDA, PA
BRADFORD COUNTY DRUG & ALCOHOL, 419 S. MAIN ST., ATHENS,PA

IF YOU ARE FOUND GUILTY OR PLEAD GUILTY, YOU WILL ALSO HAVE TO UNDERGO AN
EVALUATION. IF YOU WISH TO UNDERGO AN EVALUATION NOW, YOU SHOULD APPEAR AT
THE ABOVE TIME AND PLACE.

B.A.C. _____DEFENDANT'S PHONE NO. _____

*# 6*

| 1. Docket Number of Final Issuing Authority | 2. Common Pleas Docket Number | 3 State Identification Number | | OTN | E 690923-2 |
|---|---|---|---|---|---|
| CR-0000247-96 | 96CR000716 | | | | |

| 4. Final Issuing Authority/to be completed by Final Issuing Authority | DATE SIG NO | 5 Transferred from Initial Issuing Authority | DISTRICT NO |
|---|---|---|---|
| JAMES O. POWELL | 42 3 03 | | |

**DEFENDANT**

| 6. Name and Address/Last Name First | | 7. Date of Transfer | 8. Docket No of Initial Issuing Authority |
|---|---|---|---|
| BAKER, RONALD JAMES | | | CR-0000247-96 |
| 515 2ND STREET | | 9 Affiant Who Signed Complaint Name and Address: | |
| TOWANDA, PA 18848 | | JEFFREY P. SREDENSCHEK | |
| | | PA STATE POLICE - TOWANDA | |
| | | RD 1 | |
| | | TOWANDA, PA 18848 | |

| 10. Date of Birth | 11 Sex | 12 Race | 13 Operator License Number | 14 State | 15 OR | 16 OCA | 17 Badge Number Officer I.D |
|---|---|---|---|---|---|---|---|
| 01 23 61 | M | W | 60032700 | PA | PAPSP8500 | | 6866 |

| 18. Date of Arrest MM DD YY | 19 Date Complaint Filed or Citation Issued or Filed | 20. Summons Issued MM DD YY | Date Issued MM DD YY | 21 Warrant MM DD YY | 22 Summons Returned MM DD YY | 23 Prel MM DD YY | Preliminary Arraignment 24 Time | 25 Date Waiven to Court MM DD YY |
|---|---|---|---|---|---|---|---|---|
| 10 15 96 | | 10 15 96 | | | | 10 15 96 | 7:40 P | |

| 26. Prelim Hear /Bus Trial | 27 Address of Preliminary Hearing/Summary Trial | | | | | 32 Date Set For Preliminary Hearing |
|---|---|---|---|---|---|---|
| 12 10 96 | 701 S. 4TH STREET, TOWANDA, PA 18848 | | | | | |

| 28 Description of Charges | OR | Grading | Offense Date | 30 Section and Subsection | 31. Disposition MM DD YY |
|---|---|---|---|---|---|
| a | AGGRAVATED ASSAULT BY VEHICLE DUI | F2 | 09 29 96 | VC3735-1 | HDCT |
| b | AGGRAVATED ASSAULT BY VEHICLE WHILE DU | F2 | 09 29 96 | VC3735-1 | HDCT 12 10 96 |
| 2. | AGGRAVATED ASSAULT BY VEHICLE WHILE | F2 | 09 29 96 | VC3735-1 | HDCT 10 25 96 C |
| b | ACC INVOLVING DEATH/INJURY-NOT PRO | | 09 29 96 | VC3742-1 | DTS |
| I | ACC INVOLVING DEATH/INJURY-NOT P | | 09 29 96 | VC3742-1 | HDCT |
| 4 | ACC INVOLVING DEATH/INJURY-NOT | | 09 29 96 | VC3742-1 | HDCT |

| 34. Advised of His Right to Apply for Assignment of Counsel? | Yes X | No | 35. Public Defender Requested by the Defendant? | Yes | No X | 36. Application Provided for Appointment of Public Defender? | Yes | No X | 37 In cases where so required I the within named Issuing Authority did make a reasonable effort to settle the difference between the Defendant and the Complainant or | MM DD YY |
|---|---|---|---|---|---|---|---|---|---|---|

| 38. Codefendant's Name | 38. OTN | 38. Codefendant's Name | 39. OTN |
|---|---|---|---|
| a | | c | |
| b | | d | |

| 40. Enter 'C' for witness for Complainant Enter 'D' for Witness for Defendant | 41 Witnesses Names and Addresses and Names and Addresses of persons (not more than 2) Defendant wishes to be Notified for trial | 42 Sworn | 43 Testified | 44 |
|---|---|---|---|---|
| | | | | |
| | | | | |

| 46. Commonwealth's Attorney | Attorney's Name and Address for: | 46 I.D No |
|---|---|---|
| 47. Defendant | AGNELLINO, ESQ., ARTHUR D. 515 SOUTH MAIN ST, ATHENS, PA 18810 | X Private 65140 |
| | | Other |

| 49. Imprisonment | 50. Fines Amount | 51 Costs | 52 Judgment of Sentence | |
|---|---|---|---|---|
| | $ .00 | $ .00 | BAL: $ | .00 |

| Bail | Prelim Arraignment | | Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment | 56 Date Bail Posted MM DD YY |
|---|---|---|---|---|
| | | | **SEE CURRENT BAIL INFORMATION PAGE** | |

| Bail | Prelim Hearing | | Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing | 60 Date Bail Posted MM DD YY |
|---|---|---|---|---|
| | | | **SEE CURRENT BAIL INFORMATION PAGE** | |

| | Place of Commitment | | |
|---|---|---|---|
| 10 15 96 | BRADFORD CO.CORR. | TROY | PA |



COPY: CLERK OF COURTS

| 61 Date Transcript Sent MM DD YY |
|---|
| 12 11 96 |

Certified this 11th day of DECEMBER 19 96

My commission expires first Monday of January 2000    SEAL

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket.

AOPC 554A-84    PRINTED: 12/11/96  7:35:54

| 1.Docket Number of Final Issuing A... | 2 Common Pleas Docket Number | 3 State Identification Number | OTN | E 690923-2 |
|---|---|---|---|---|
| CR-0000247-96 | | | | |

| 4.Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO | 5 Transferred from Initial Issuing Authority | | DISTRICT NO |
|---|---|---|---|---|
| JAMES O. POWELL | 42 3 03 | | | |

| | 7. Date of Transfer | 8 Docket No of Initial Issuing Authority |
|---|---|---|
| 6 Name and Address (Last Name First) | | CR-0000247-96 |

**DEFENDANT**

BAKER, RONALD JAMES
515 2ND STREET
TOWANDA, PA 18848

9 Affiant Who Signed Complaint (Name and Address)
JEFFREY P. SREDENSCHEK
PA STATE POLICE - TOWANDA
RD 1
TOWANDA, PA 18848

| 10. Date of Birth | 11 Sex | 12.Race | 13 Operator License Number | 14 State | 15 OR | 16 OCA | 17 Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| MM DD YY 01 23 61 | M | W | 60032700 | PA | PAPSP8500 | | 6866 |

| 18. Date of Arrest | 19. Date Complaint Filed or Citation Issued or Filed | 20 Summons Issued | Date Issued | 21 Warrant | 22 Summons Returned | Preliminary Arraignment | | 25 Date Waved to Court |
|---|---|---|---|---|---|---|---|---|
| MM DD YY 10 15 96 | MM DD YY 10 15 96 | MM DD YY | MM DD YY 10 15 96 | | | 23 Date 10 15 96 | 24 Time 7:40 P | |

| 26 Prelim Hear./Bent. Trial | 27. Address of Preliminary Hearing/Summary Trial | 32 Date Set For Preliminary Hearing | 33 CONT |
|---|---|---|---|
| 12 10 96 | 701 S. 4TH STREET, TOWANDA, PA 18848 | | |

| 28. Description of Charges | Grading | 29 Offense Date | 30 Section and Subsection | 31 Disposition | | |
|---|---|---|---|---|---|---|
| | | MM DD YY | | | MM DD YY | |
| 1a PASS LEFT UNSAFE | S | 09 29 96 | | HDCT | 12 10 96 | |
| b FAIL TO YIELD RIGHT | S | 09 29 96 | | HDCT | 10 25 96 C |
| c PASS WITH RIGHT | S | 09 29 96 | | HDCT | |
| 2 DISREGARD TRAFFIC LANE (SINGLE) | S | 09 29 96 | | HDCT | |
| 3 AGGRAVATED ASSAULT | F1 | 09 29 96 | CC2702A1 | HDCT | P |
| 4 AGGRAVATED ASSAULT | F1 | 09 29 96 | CC2702A1 | HDCT | |

| 34.Advised of His Right to Apply for Assignment of Counsel? | Yes X | No | 35.Public Defender Requested by the Defendant? | Yes | No X | 36.Application Provided for Appointment of Public Defender? | Yes X | No | 37 In cases where so required I the within named Issuing Authority did make a reasonable effort to settle the difference between the Defendant and the Complenant on | Date MM DD YY |
|---|---|---|---|---|---|---|---|---|---|---|

| 38 Co-Defendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39 OTN |
|---|---|---|---|
| a | | c | |
| b | | d | |

| 40 Enter 'O' after witnesses for Commonwealth Enter 'D' after witnesses for Defendant | 41.Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42 Sworn | 43 Testified | 44 |
|---|---|---|---|---|

| 45. District Attorney | Attorney's Name and Address for: | 46 I.D No |
|---|---|---|
| | RD #, TOWANDA, PA 18848 | |

| 47. Defendant | | X Private | 65140 |
|---|---|---|---|
| AGNELLINO, ESQ., ARTHUR D. 513 SOUTH MAIN ST. ATHENS, PA 18810 | | Other | |

| | Amount | 51 Costs | Judgment of Sentence | BAL: $ .00 |
|---|---|---|---|---|
| | 50 Fines $ .00 | $ .00 | | |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| Bail of Arraignment Assignment | | **SEE CURRENT BAIL INFORMATION PAGE** | 55 Date Bail Posted |
|---|---|---|---|
| MM DD YY | | | MM DD YY |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| Amount of Bail at Preliminary Hearing | | **SEE CURRENT BAIL INFORMATION PAGE** | 90 Date Bail Posted |
|---|---|---|---|
| MM DD YY | | | MM DD YY |

| Place of Commitment | | |
|---|---|---|
| 10 15 96 | BRADFORD CO.CORR. | TROY | PA |

COPY: CLERK OF COURTS

| 64 Date Transcript Sent |
|---|
| MM DD YY |
| 12 11 96 |

Certified this ___11___ day of _____ 19 ___.

My commission expires first Monday of January, 2000.   SEAL

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket

PRINTED: 12/11/96   7:35:54

| 1.Docket Number of Final Issuing Authority | 2 Comr   Docket Number | | 3.92file Identification Number | | OTN | E 690923-2 |
|---|---|---|---|---|---|---|
| CR-0000247-96 | | | | | | |

4.Final Issuing Authority/to be completed by Final Issuing Authority

| JAMES O. POWELL | | COURT NO. | 5 Transferred from Initial Issuing Authority | | DISTRICT NO. |
|---|---|---|---|---|---|
| | | 42 | 3 | 03 | |

**DEFENDANT**

| 6 Name and Address/Last Name First | | 7 Date of Transfer | 8 Docket No of Initial Issuing Authority |
|---|---|---|---|
| BAKER, RONALD JAMES<br>515 2ND STREET<br>TOWANDA, PA 18848 | | | CR-0000247-96 |

9 Affiant Who Signed Complaint (Name and Address)
JEFFREY P. SREDENSCHEK
PA STATE POLICE - TOWANDA
RD 1
TOWANDA, PA 18848

| 10 Date of Birth | 11 Sex | 12 Race | 13 Operator License Number | 14 Rate | 15 DA | 16 OCA | 17 Badge Number/Officer I D |
|---|---|---|---|---|---|---|---|
| MM DD YY<br>01 23 61 | M | W | 60032700 | PA | PAPSP8500 | | 6866 |

| 18. Date of Arrest<br>MM DD YY<br>10 15 96 | 19. Date Complaint Filed or Citation Issued or Filed<br>MM DD YY<br>10 15 96 | 20 Summons Issued<br>MM DD YY | 21 Warrant<br>MM DD YY<br>10 15 96 | 22 Summons Returned<br>MM DD YY | Preliminary Arraignment<br>23 Date<br>MM DD YY<br>10 15 96 | 24 Time<br>7:40 P | 25 Date Bound to Court<br>MM DD YY |
|---|---|---|---|---|---|---|---|

| 26.Prelim.Hear./Bench Trial | 27 Address of Preliminary Hearing/Summary Trial | | 28 Date Set for Preliminary Hearing |
|---|---|---|---|
| 12 10 96 | 701 S. 4TH STREET, TOWANDA, PA 18848 | | |

| 28. Description of Charges | | | | 29 Count/Cher | Grading | 30 Offense Date<br>MM DD YY | 30 Section and Subsection | 31 Disposition | 32 Date Set for Preliminary Hearing<br>MM DD YY |
|---|---|---|---|---|---|---|---|---|---|
| I | | AGGRAVATED ASSAULT | | | F1 | 09 29 96 | CC2702A1 | HDCT | 12 10 96 |
| II | | RECKLESSLY ENDANGERING ANOTHER PERSON | | | M2 | 09 29 96 | CC2705 | HDCT | 10 25 96 C |
| III | | RECKLESSLY ENDANGERING ANOTHER PERSO | | | M2 | 09 29 96 | CC2705 | HDCT | |
| IV | | RECKLESSLY ENDANGERING ANOTHER PER | | | M2 | 09 29 96 | CC2705 | HDCT | |
| V | | RECKLESSLY ENDANGERING ANOTHER | | | M2 | 09 29 96 | CC2705 | DIS | |
| X | | RECKLESSLY ENDANGERING ANOTHER | | | M2 | 09 29 96 | CC2705 | DIS | |

| 34.Advised of His Right to Apply for Assignment of Counsel? | Yes No<br>X | 35.Public Defender Requested by the Defendant? | Yes No<br>X | 36.Application Provided for Appointment of Public Defender? | Yes No<br>X | 37 In cases where so required, I the within named Issuing Authority did make a reasonable effort to settle the difference between the Defendant and the Complainant on | Date<br>MM DD YY |
|---|---|---|---|---|---|---|---|

| 38. Codefendant(s) Name | | 39. OTN | 38. Codefendant(s) Name | | 39. OTN |
|---|---|---|---|---|---|
| a | | | c | | |
| b | | | d | | |

| 40.Enter 'C' for witness for Complainant<br>Enter 'D' for Witness for Defendant | 41.Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42 Sworn | 43 Testified | 44 |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| 46. Complainant | DISTRICT ATTORNEY | Attorney's Name and Address for:<br>MAIN ST, TOWANDA, PA 18848 | | 48 I D No |
|---|---|---|---|---|

| 47. Defendant | ABRILLINO, ESQ., ARTHUR D.<br>515 SOUTH MAIN ST,<br>ATHENS, PA 18810 | X Private | 65140 |
|---|---|---|---|
| | | Other | |

| 49.<br>MM DD YY | 50. Fines<br>Amount<br>$ .00 | 51 Costs<br>$ .00 | 52 Judgment of Sentence | BAL: $ .00 |
|---|---|---|---|---|

| Bail at Preliminary Arraignment | | Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment | | 56 Date Bail Posted<br>MM DD YY |
|---|---|---|---|---|
| | | **SEE CURRENT BAIL INFORMATION PAGE** | | |

| Current Bail at Preliminary Hearing | | Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing | | 60 Date Bail Posted<br>MM DD YY |
|---|---|---|---|---|
| | | **SEE CURRENT BAIL INFORMATION PAGE** | | |

| 61. Commitment<br>MM DD YY<br>10 15 96 | 62 Record | 63 Place of Commitment |
|---|---|---|
| | C | BRADFORD CO.CORR. | TROY | PA |

COPY: CLERK OF COURTS

| 64 Date Transcript Sent<br>MM DD YY |
|---|
| 13 11 96 |

Certified this _____ day of _____, 19___

My commission expires first Monday of January, 2000.    SEAL

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket

AOPC 5914-94   PRINTED: 12/11/96   7:35:54

| 1. Docket Number of Fi...ing Authority | 2. Common Pleas Docket Number | 3. State Identification Number | OTN | E 690923-2 |
|---|---|---|---|---|

CR-0000247-96

| 4. Final Issuing Authority to be completed by Final Issuing Authority | DISTRICT NO. | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|

JAMES O. POWELL    42  3  03

| 6. Name and Address (Last Name First) | 7. Date of Transfer |
|---|---|

BAKER, RONALD JAMES
515 2ND STREET
TOWANDA, PA 18848

8. Docket No. of Initial Issuing Authority
CR-0000247-96

9. Affiant Who Signed Complaint (Name and Address)
JEFFREY P. SREDENSCHEK
PA STATE POLICE - TOWANDA
RD 1
TOWANDA, PA 18848

| 10. Date of Birth | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. OCA | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| 01 23 61 | M | W | 60032700 | PA | PAPSP8500 | | 6866 |

| 18. Date of Arrest | 19. Date Complaint Filed or Citation Issued or Filed | 20. Summons Issued | 21. Warrant | 22. Summons Returned | Preliminary Arraignment | Date | Time | 25. Date Waived to Court |
|---|---|---|---|---|---|---|---|---|
| 10 15 96 | 10 15 96 | | | | 10 15 96 | 7:40 P | |

| 26. Prelim. Hear./Main Trial | 27. Address of Preliminary Hearing/Summary Trial | 32. Date Set For Preliminary Hearing | 33. C O N T |
|---|---|---|---|
| 12 10 96 | 701 S. 4TH STREET, TOWANDA, PA 18848 | | |

| 28. Description of Charges | 29. Off. Chg. | Grading | 30. Offense Date | 30. Section and Subsection | 31. Disposition | | |
|---|---|---|---|---|---|---|---|
| 17  RECKLESSLY ENDANGERING ANOTHER PERSON | | M2 | 09 29 96 | CC2705 | DIS | 12 10 96 | |
| R  SIMPLE ASSAULT | | | 09 29 96 | CC2701A1 | HDCT | 10 25 96 | C |

| 34. Advised of His Right to Apply for Assignment of Counsel? | Yes X | No | 35. Public Defender Requested by the Defendant? | Yes | No X | 36. Application Provided for Appointment of Public Defender? | Yes X | No | 37. In cases where so required : the within named Issuing Authority did make a reasonable effort to settle the difference between the Defendant and the Complainant | Date MM DD YY |
|---|---|---|---|---|---|---|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| a | | a | |
| b | | b | |

| 40. Enter "O" as witness | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Witness Number |
|---|---|---|---|---|

Attorney's Name and Address for:
MAIN ST., TOWANDA, PA 18848     46. I.D. No

| 47. Defendant | | |
|---|---|---|

ARMELLINO, ESQ., ARTHUR D.
515 SOUTH MAIN ST.,
ATHENS, PA 18810

X Private    65140
Other

| 49. Fines | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|
| $  .00 | $  .00 | | .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

**SEE CURRENT BAIL INFORMATION PAGE**

| 56. Date Bail Posted MM DD YY |
|---|

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

**SEE CURRENT BAIL INFORMATION PAGE**

| 60. Date Bail Posted MM DD YY |
|---|

| 10 15 96 | | BRADFORD CO. CORR. | TROY | PA |
|---|---|---|---|---|

COPY: CLERK OF COURTS

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 12 11 96 |

Certified this _____ day of _____, 19____

My commission expires first Monday of January, 2000.    SEAL

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket

PRINTED: 12/11/96   7:35:54

| 1 Docket Number of Final Issuing Authority | 2 Common Pleas Docket Number | 3 Rate Identification Number | | OTN | E 690923-2 |
|---|---|---|---|---|---|

CR-0000247-96

| 4 Final Issuing Authority to be completed by Final Issuing Authority | DISTRICT NO. 42 3 03 | 5 Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|

JAMES O. POWELL

**DEFENDANT**

| 6 Name and Address Last Name First | 7 Date of Transfer | 8 Docket No of Initial Issuing Authority |
|---|---|---|

BAKER, RONALD JAMES
515 2ND STREET
TOWANDA, PA 18848

CR-0000247-96

9 Affiant Who Signed Complaint (Name and Address)
JEFFREY P. SREDENSCHEK
PA STATE POLICE - TOWANDA
RD 1
TOWANDA, PA 18848

| 10 Date of Birth MM DD YY | 11 Sex | 12 Race | 13 Operator License Number | 14 State | 15 OCA | 16 OCA | 17 Badge Number (Officer) I D |
|---|---|---|---|---|---|---|---|
| 01 23 61 | M | W | 60032700 | PA | PAPSP8500 | | 6866 |

| 18 Date of Arrest MM DD YY | 19 Date Complaint Filed or Citation Issued or Filed | 20 Summons Date Issued MM DD YY | 21 Warrant MM DD YY | 22 Summons Returned MM DD YY | 23 Preliminary Arraignment MM DD YY 24 Time | 25 Date Revert to Court MM DD YY |
|---|---|---|---|---|---|---|
| 10 15 96 | 10 15 96 | 10 15 96 | | | 10 15 96 7:40 P | |

| 26 Prelim Hear./Run Trial MM DD YY | 27 Address of Preliminary Hearing/Summary Trial | | 32 Date Set For Preliminary Hearing | 33 C C I |
|---|---|---|---|---|
| 12 10 96 | 701 S. 4TH STREET, TOWANDA, PA 18848 | | | |

| 28 Description of Charges | | OR Grading | Offense Date MM DD YY | 30 Section and Subsection | 31 Disposition | | |
|---|---|---|---|---|---|---|---|
| 1 | DRIVING UNDER THE INFLUENCE OF ALCOHOL | M2 | 09 29 96 | VC3731A1 | EDCT | 12 10 96 | |
| | OR B/W. A/C .10% OR GREATER | M2 | 09 29 96 | VC3731A4 | EDCT | 10 25 96 C | |
| | RECKLESS DRIVING | S | 09 29 96 | | EDCT | | |
| | DRIV WHILE OPER PRIV SUSP OR REVOK | S | 09 29 96 | | EDCT | | |
| | FOR D/O A LIC | S | 09 29 96 | | EDCT | | |
| | CARELESS DRIVING | S | 09 29 96 | | EDCT | | |

| 34 Advised of His Right to Apply for Assignment of Counsel? | Yes No | 35 Public Defender Requested by the Defendant? | Yes No | 36 Application Provided for Appointment of Public Defender? | Yes No | 37 In cases where so required the within named Issuing Authority did make a reasonable effort to settle the difference between the Defendant and the Complainant on | Date MM DD YY |
|---|---|---|---|---|---|---|---|
| | X | | X | | X | | |

| 38 Codefendant Name | 38 OTN | 38 Codefendant Name | 38 OTN |
|---|---|---|---|
| a | a | a | a |
| b | b | b | b |

| 40 Enter "O" for witness "C" for Complainant Only "D" for Witness for Defendant | 41 Witnesses Names and Addresses and Names and Addresses of persons (not more than 2). Defendant wishes to be Notified for trial | 42 Sworn | 43 Testified | 44 |
|---|---|---|---|---|

| 46 Complainant's Attorney's Attorney | Attorney's Name and Address for: MAIN ST., TOWANDA, PA 18848 | 46 I D No. |
|---|---|---|

| 47 Defendant | AGHELLINO, ESQ., ARTHUR D. 515 SOUTH MAIN ST. ATHENS, PA 18810 | X Private | 65140 |
|---|---|---|---|
| | | Other | |

| | 50 Fines $ .00 | 51 Costs $ .00 | 52 Judgment of Sentence | BAL: $ .00 |
|---|---|---|---|---|

| Bail at Preliminary Arraignment | | | Name and Address of Corporate Surety and Agent or Individual Surety: Preliminary Arraignment | | 53 Date Bail Posted MM DD YY |
|---|---|---|---|---|---|
| | | | **SEE CURRENT BAIL INFORMATION PAGE** | | |

| Bail at Preliminary Hearing | | | Name and Address of Corporate Surety and Agent or Individual Surety: Preliminary Hearing | | 56 Date Bail Posted MM DD YY |
|---|---|---|---|---|---|
| | | | **SEE CURRENT BAIL INFORMATION PAGE** | | |

| 58 15 96 | | BRADFORD CO.CORR. | TROY | PA |
|---|---|---|---|---|

COPY: CLERK OF COURTS

| 54 Date Transcript Sent MM DD YY |
|---|
| 12 11 96 |

Certified this _____11th_____ day of _____December_____ 19 __

My commission expires first Monday of January, 2000.   SEAL

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket.

PRINTED: 12/11/96   7:35:54

**CURRENT BAIL INFORMATION**



Report Date: 12/11/96
System Date: 12/11/96
Report Id: CSS25R

Time   7:35
Mag. Dist. No.   42-3-03
Docket Number: CR-0000247-96

Defendant Name: BAKER, RONALD JAMES

Last Bail Action: SET   Date: 10/15/96   Time: 7:40PM   Common Pleas Court Order Number: _____

Bail Set Amount: $   150,000.00   Date: 10/15/96

Modified Bail Amount: _____   Date: _____

Event Type: ARRAIGNMENT   Date: 10/15/96   Time: 7:40PM

Release Type 1: MONETARY BAIL   Release Type 2: _____

Monetary Release Type: STRAIGHT BAIL

Bail Bond Signed: NO   Date: _____   Time: _____

| SURETY TYPE | SURETY NAME AND ADDRESS | SECURITY TYPE | POSTED AMOUNT | PAID IN AMOUNT |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| LAST SURETY TYPE | LAST RECEIPT NUMBER | LAST RECEIPT DATE | LAST RECEIPT AMOUNT | LAST SURETY TYPE | LAST REFUND DATE | LAST REFUND CHECK NUMBER |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Name of Unsecured Surety: _____
Release Conditions in Addition to Bail Bond Conditions:

Domestic Violence Conditions Imposed? NO

Bail Forfeiture Amount: $ _____   Date of Execution of Forfeiture: _____

Bail Forfeiture Set Aside Amount: $ _____

Reason for Last Bail Action of: _____

DEPT: CLERK OF COURTS
PRINTED: 12/11/96   7:35:54

COUNTY OF: **BRADFORD**

**POLICE
CRIMINAL COMPLAINT
CR-247-96
COMMONWEALTH OF PENNSYLVANIA
VS.**

Magisterial District Number: 42-3-03

District Justice Name: Hon.   James POWELL

Address:   701 S. 4th St.
Towanda, Pa. 18848

Telephone: ( 717 ) 268-5057

DEFENDANT:

NAME and ADDRESS

Ronald James BAKER,W-N, M
515 2nd St
Towanda ,PA 18848

Docket No.: _____

Date Filed: 10/15/96

OTN: E 690923-2

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B. | Defendant's Social Security Number | Defendant's SID |
|---|---|---|---|---|
| ☒ White ☐ Asian ☐ Black ☐ Hispanic ☐ Native American ☐ Unknown | ☐ Female ☒ Male | 01/23/61 | •160520621 | 142-81-28-2 |

| Defendant's A.K.A. | Defendant's Vehicle Information: | | | | Defendant's Driver's License Number | |
|---|---|---|---|---|---|---|
| | Plate Number | State | Registration Sticker (MM/YY) | State | | |
| | J492XJ | NY | | PA | 60032700 | |

| Complaint/Incident Number | Complaint/Incident Number Police Participants | UCR/NIBRS Code |
|---|---|---|
| P5-351138 | | 210 |

**District Attorney's Office**  ☐ Approved   ☐ Disapproved because: _____
(The district attorney may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing
Pa.R.Cr.P. 107.)

| (Name of Attorney for Commonwealth - Please Print or Type) | (Signature of Attorney for Commonwealth) | (Date) |
|---|---|---|

I, Tpr. Jeffrey P. SREDENSCHEK                                                    6866
_(Name of Affiant - Please Print or Type)_                                        _(Officer Badge Number(s))_

of PA STATE POLICE-TOWANDA STATION                    PAPSP8500
_(Identify Department or Agency Represented and Political Subdivision)_   _(Police Agency ORI Number)_   _(Originating Agency Case Number I)_

do hereby state: (check the appropriate box)
1. ☒  I accuse the above named defendant who lives at the address set forth above
   ☐  I accuse the defendant whose name is unknown to me but who is described as _____

   ☐  I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have
      therefore designated as John Doe

with violating the penal laws of the Commonwealth of Pennsylvania at   SR 2004 approx 200' north
                                                                        _(Place-Political Subdivision)_

of SR2005, Towanda Twp

in _____BRADFORD_____ ,PA_____ County on or about _09/29/96 approx 1630hrs_

Participants were:   (if there were participants, place their names here, repeating the name of above defendant)
Ronald James BAKER
_____

2. The acts committed by the accused were:
(Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated,
without more, is not sufficient. In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)

SEE   PAGE 2 OF 5

continued page 2

1-5

endant's Name:   Ronald James BAKER

Docket Number:   CR-247-96



# CRIMINAL COMPLAINT

3 counts Aggravated Assault by Vehicle while driving under the influence.
Graded as a Felony two(2) (i.e. one count each for Kim BENJAMIN,
Chelsea BRENNER,& Richard BENJAMIN) Sec.3735.1.(a).
To wit: The defendant did negligently cause serious bodily injury
to other persons while the result of a violation of section 3731.

3 counts Accidents involving death or personal injury while not properly licensed.
Graded as a Felony three(3) (i.e. one count each for Kim BENJAMIN,
Chelsea BRENNER,& Richard BENJAMIN)Sec. 3742.1.(a).
To wit: The defendant was the driver of a vehicle and caused an
accident resulting in injury or death of any person and whose operating
privledge at the time of the accident is canceled,revoked or suspended
pursuant to section 1532 and not restored or who at the time of the
accident had not been issued a valid driver's license.

1 count Driving Under the Influence of Alcohol.
Graded as a Misdemeanor two(2) Sec. 3731(a)(1)(4)
To wit: the defendant did operate and was in actual physical control
of the movement of a motor vehicle,while under the influence of alcohol
to a degree which renders a person incapable of safe driving and while
the amount of alcohol by weight in the blood of the person is .10% or
greater. BAKERS B.A.C.-.125%

1 count Reckless Driving.
Graded as a Summary Offense Sec. 3736(a)
To wit: In that the defendant did operate a motor vehicle in a willful
or wanton disregard for the safety of persons or property.

## "CONTINUED"

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act
of Assembly, or in violation of

| | (Section) | (Subsection) | | (PA Statute) | (Counts) |
|---|---|---|---|---|---|
| 1. | 3735.1. | (a) | of the | TITLE 75 | 3 |
| 2. | 3742.1. | (a) | of the | TITLE 75 | 3 |
| 3. | 3731 | (a)(1),(4) | of the | TITLE 75 | 1 |
| 4. | 3736 | (a) | of the | TITLE 75 | 1 |

3. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have
made. (In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed
and sworn to before the issuing authority.)

4. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information
and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S.
§4904) relating to unsworn falsification to authorities.

October        15        , 19 9        TPR.

AND NOW, on this date        10/15        , 19 96, I certify that the complaint has been properly
completed and verified. An affidavit of probable cause must be completed in order for a warrant to issue.

42-1-83
(Signature Name)
(Issuing Authority)

# SEAL

2-3

CONTINUATION OF CRIMINAL COMPLAINT                    CR-247-96

DEFENDANT:S NAME:  Ronald James BAKER

                                                      COMM OF PA
DOCKET NUMBER:                                        Bradford Co.

           PA VEHICLE CODE TITLE 18
1 count  Driving While Operating Privledge is suspended or revoked.
         Graded as a Summary Offense Sec. 1543(a) Second or subsequent
         offense Section 6503.
         To wit: In that the defendant did operate a vehicle on a highway or
         trafficway of this Commonwealth after the commencement of a suspension,
         revocation or cancelltion of the operating privlege and before the
         operating privlege has been restored.
1 count  Drivers required to be licensed.
         Graded as a Summary Offense Sec.1501(a)
         To wit: In that the defendant did operate a vehicle on a Commonwealth
         highway without a valid driver's license.
1 count  Careless Driving.
         Graded as a Summary Offense Sec.3714
         To wit: In that the defendant did operate a motor vehicle in a careless
         disregard for the safety of persons or property.
1 count  Limitations on overtaking on the left.
         Graded as a Summary Offense Sec 3305
         To wit: In that the defendant did drive to the left of the center or
         marked center line of the roadway in overtaking and passing another vehicle
         proceeding in the same direction unless the left side is clearly visible and
         free of oncoming traffic for a sufficient distance, the left side was not
         free of oncoming vehicles and BAKER did hit another vehicle.
1 count  Meeting vehicle proceeding in opposite direction.
         Graded as a Summary Offense Sec.3302
         To wit: In that the defendant did fail to stay to the right of a
         roadway while proceeding in opposite directions of another vehicle and
         pass to the right.
1 count  No-passing zone.
         Graded as a Summary Offense Sec 3307(b)
         To wit: In that the defendant did drive on the left side of the roadway
         within a no-passing zone and attempt to pass vehicles.
1 count  Driving on roadways laned for traffic.
         Graded as a Summary Offense Sec 3309(1)
         To wit: In that the defendant did fail to stay as nearly as practicable
         entirely within a single lane and did move from that lane without
         doing so safely.

October 15, 1996

October 15, 1996

CR-247-96

## CONTINUATION OF CRIMINAL COMPLAINT

**DEFENDANTS NAME:** Ronald James BAKER                    COMM OF PA

**DOCKET NUMBER:**                                          Bradford Co.

Pennsylvania Consolidated Statues(TITLE 18 Crimes Code)

**3 counts** Aggravated Assault.
Graded as a Felony one(1)(i.e. one each for Kim BENJAMIN,Chelsea BRENNER,&
Richard BENJAMIN)SEC.2702(a)(1)
To wit: In that the defendant did attempt to cause serious bodily
injury to another,or cause such injury intentionally,knoingly or
recklessly under circumstances manifesting extreme indifference to
the value of human life.

**6 counts** Recklessly endangering another person.
Graded as a Misdemeanor two(2)(one count each for Kim BENJAMIN,
Chelsea BRENNER, Richard BENJAMIN,David SHORES,Fred VANDERPOOL,&
Richard VANDERPOOL) Sec 2705
To Wit: In that the defendant did recklessly engage in conduct which
places or may place another person in danger of death or serious bodily
injury.

**3 count**  Simple Assault.
Graded as a Misdemeanor two(2)(one count each for Kim BENJAMIN,
Chelsea BRENNER,& Richard BENJAMIN) Sec 2701(a)(1)
To wit: In that the defendant did attempt to cause or intentionally
knowingly or recklessly causes bodily injury to another.

OCTOBER 15,1996

OCTOBER 15, 1996



**POLICE
CRIMINAL COMPLAINT**



| | |
|---|---|
| Defendant's Name: | BAKER, RONALD JAMES |
| Docket Number: | CR-247-96 |

### AFFIDAVIT of PROBABLE CAUSE

This officer has been advised by Trooper Christopher Wegrzynowicz that he investigated a three vehicle collision in Towanda Township, Bradford County, Pennsylvania, on September 29, 1996. The said Trooper determined that the collision occurred at approximately 16:30 hrs. He further reported that the Defendant, Ronald J Baker, was the operator of a White Hyundai automobile bearing New York registration number J492XJ. Wegrzynowicz further reported that Baker attempted to pass a vehicle operated by Richard Vanderpool in a no passing zone on Glenn Road and in the process struck the oncoming vehicle operated by Kimberly Benjamin in a head on manner. Benjamin had two passengers, Chelsea Brenner and Richard Benjamin. Baker had a passenger in his vehicle, being David Shores. Vanderpool's vehicle contained one passenger, Fred Vanderpool. Wegrzynowicz reported that Kim Benjamin, Chelsea Brenner, and Richard Benjamin were seriously injured. David Shores was also injured in the three car collision.

Mike Thrm, a para medic for Towanda hospital, responded to the crash site and treated Baker. Thrm reported Baker emitted a strong odor of an alcoholic beverage. Blood alcohol concentration test results were obtained from Towanda Memorial Hospital indicating that Baker had a B.A.C. of 0.125 % after the crash.

An official Penn. D.O.T. driver's record showed that Baker was unlicensed and under suspension on September 29, 1996.

I, _____ TPR. JEFFREY P. SAEGERTSCHER _____, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

TPR. _____

Sworn to and subscribed before me this 15th day of OCTOBER, 1996.

_____ Date _____, District Justice

My commission expires first Monday of January, 2000.

**SEAL**

3-3

# WARRANT OF ARREST

WARRANT CONTROL NO.:
3065386

DOCKET NUMBER:
CR-0000247-96

COMMONWEALTH
OF
PENNSYLVANIA

VS

BAKER, RONALD JAMES

OFFENSE DATE    9/29/96

CHARGE

75 §3735.1 §§

I acknowledge that I am voluntarily and knowingly pleading guilty. I paid to the officer the fine and costs stated in the warrant in the amount of

$ _____

_____
(Defendant's Signature)

I acknowledge that I am voluntarily and knowingly pleading not guilty. I paid to the officer the collateral for my appearance at trial stated in the warrant in the amount of

$ _____

_____
(Defendant's Signature)

Officer's costs:

Warrant _____
Miles @ _____◊
Commitments _____
Miles @ _____◊
Conveying to hearing _____
Miles @ _____◊
    Total _____

---

RETURN WHERE DEFENDANT IS FOUND

By authority of this warrant

____ 15 ____ 19 9_

☒ I took into custody the within named

☐ He is now at liberty on bail posted before _____

☐ In the _____ jail.

☒ before you for disposition.
☐ I accepted a guilty plea and collected
$ _____
for fine and costs.

☐ I accepted a not guilty plea and collected $ _____
for collateral.

☐ I accepted the fine and costs due in the amount of
$ _____

RETURN WHERE DEFENDANT IS NOT FOUND

After careful search, I cannot find the within named defendant

_____
SIGNATURE

_____
NAME

_____
TITLE

---



COMMONWEALTH OF PENNSYLVANIA

COUNTY OF _____

To any authorized person:

In the name of the Commonwealth of Pennsylvania, you are commanded to take into custody the within named

(Name): BAKER, RONALD JAMES

(Address): 515 2ND STREET
TOWANDA, PA 18848

If the defendant be found in said Commonwealth, and bring the defendant before us at: JAMES O POWELL

(Address): 701 S. 4TH STREET
4TH STREET ANNEX
TOWANDA, PA 18848-0000

to answer the Commonwealth or PA ST POL - TOWANDA
(Political Subdivision)

upon the complaint or citation of SUDERSCHER, JEFFREY P. charging the defendant with 75 §3735.1 §§ (3 COUNTS) AGG ASSAULT BY MOTOR VEHICLE WHILE DUI and further to be dealt with according to law, and for such purposes this shall be your sufficient warrant.

Witness the hand and official seal of the issuing authority on this ____ /5 ____ day of _____ , 19 ____

_____
(Signature)

SEAL

Registered District No.: 42-3-03

Citation No.: 0409193-96
TFN: 10/15/96
Docket No.: CR-0000247-96
OTN: K 690923-2

Amount required to satisfy sentence:
Fine : $
Costs: $
Other: $
Total: $

Amount needed to satisfy collateral: $ _____

Reason for warrant: FELONY

AOPC 417-91          COPY : SHERIFF/CONSTABLE

10/15/96
12-3-03

**DISTRICT JUSTICE SYSTEM**
**COMMONWEALTH OF PENNSYLVANIA**

PAGE   1
ADDITIONAL CHARGES

**WARRANT OF ARREST**

CR-0000247-96

**COMMONWEALTH OF PENNSYLVANIA**
VS
BAKER, RONALD JAMES

| CHARGE | DESCRIPTION | OFFENSE DATE |
|---|---|---|
| 75 §3742.1 §§A (3 COUNTS) | ACCIDENTS CAUSING INJURY WHICLE NOT PROPERLY | 9/29/96 |
| 75 §3731 §§A1* | DUI UNSAFE DRIVING | 9/29/96 |
| 75 §3731 §§A4* | DUI BAC GREATER THEN .10, BAC .125 | 9/29/96 |
| 75 §3736 §§A | RECKLESS DRIVING | 9/29/96 |
| 75 §1543 §§A | OPERATOR LIC SUSPENDED 2ND OF SUBSEQUENT OFFENSE | 9/29/96 |
| 75 §1501 §§A | DRIVERS REQUIRED TO BE LICENSED | 9/29/96 |
| 75 §3714 §§ | CARELESS DRIVING | 9/29/96 |
| 75 §3305 §§ | LIMITATIONS ON OVERTAKING ON THE LEFT | 9/29/96 |
| 75 §3302 §§ | MEETING OF VEHICLES PROCEEDING IN OPPOSITE DIRECT | 9/29/96 |
| 75 §3307 §§B | NO PASSING ZONES | 9/29/96 |
| 75 §3309 §§1 | DRIVING ON ROADWAYS LANED FOR TRAFFIC | 9/29/96 |
| 18 §2702 §§A1 (3 COUNTS) | AGGRAVATED ASSAULT | 9/29/96 |
| 18 §2705 §§ (6 COUNTS) | RECKLESSLY ENDANGERING | 9/29/96 |
| 18 §2701 §§A1 | SIMPLE ASSAULT | 9/29/96 |



PRINTED: 10/15/96 18:59:54

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF: BRADFORD**

**PRELIMINARY ARRAIGNMENT NOTICE**

**COMMONWEALTH OF**

**PENNSYLVANIA**

Mag. Dist. No.
**42-3-03**

DJ Name. Hon
**JAMES O. POWELL**
Address **701 S. 4TH STREET**
**4TH STREET ANNEX**
**TOWANDA, PA**
Telephone: **(717) 268-5057**    **18848-0000**

**VS.**

DEFENDANT: NAME and ADDRESS
**BAKER, RONALD JAMES**
**515 2ND STREET**
**TOWANDA, PA 18848**

**JAMES O. POWELL**
**701 S. 4TH STREET**
**4TH STREET ANNEX**
**TOWANDA, PA 18848-0000**

Docket No.: **CR-0000247-96**
Date Filed: **10/15/96**
OTN:    **E 690923-2**



**75 §3735.1 §§ (3 COUNTS) AGG ASSAULT BY MOTOR VEHICLE WHILE DUI**
(Charge)
**75 §3742.1 §§A (3 COUNTS) ACCIDENTS CAUSING INJURY VEHICLE NOT PROPERLY LIC**
(Charge)

You are hereby notified that a preliminary arraignment will be held in the above captioned case at the following time and place:

| Date: | **10/15/96** | Place: **DISTRICT COURT 42-3-03** |
|---|---|---|
| Time: | **7:40 PM** | **701 S. 4TH STREET** |
| | | **4TH STREET ANNEX** |
| | | **TOWANDA, PA 18848-0000** |

At the preliminary arraignment, you will be given a copy of the criminal complaint that has been filed against you. In addition, you will be advised of your right to counsel, your right to a preliminary hearing, and the amount and types of bail available if your offense is a bailable offense.

At the preliminary arraignment, a date and time will be fixed for your preliminary hearing and you will be given a reasonable opportunity to post bail. If bail is not posted, you may be committed according to law.

If you are disabled and require assistance, please contact the Magisterial District office at the address above.

If you have any questions, please contact the above office immediately.

_10/15/96_ Date _____                                   . District Justice

My commission expires first Monday of January, 2000 .                          **SEAL**

DATE PRINTED: 10/15/96                COMPLAINT NUMBER: 9300190-96
GREEN/BLUE COPY PRINTED               DATE SIGNED:    9/03/90

AOPC 495-94

10/15/96
12-3-03

**DISTRICT JUSTICE SYSTEM**
**COMMONWEALTH OF PENNSYLVANIA**

PAGE   1
ADDITIONAL CHARGES

PRELIMINARY ARRAIGNMENT
HEARING
CR-0000247-96

COMMONWEALTH OF PENNSYLVANIA
VS
BAKER, RONALD JAMES

**CHARGE**                                      **DESCRIPTION**

75 §3731 §§A1* DUI UNSAFE DRIVING
75 §3731 §§A4* DUI BAC GREATER THEN .10, BAC .125
75 §3736 §§A RECKLESS DRIVING
75 §1543 §§A OPERATOR LIC SUSPENDED 2ND OF SUBSEQUENT OFFENSE
75 §1501 §§A DRIVIERS REQUIRED TO BE LICENSED
75 §3714 §§ CARELESS DRIVING
75 §3305 §§ LIMITATIONS ON OVERTAKING ON THE LEFT
75 §3302 §§ MEETING OF VEHICLES PROCEEDING IN OPPOSITE DIRECT
75 §3307 §§B NO PASSING ZONES
75 §3309 §§1 DRIVING ON ROADWAYS LANED FOR TRAFFIC
18 §2702 §§A1 (3 COUNTS) AGGRAVATED ASSAULT
18 §2705 §§ (6 COUNTS) RECKLESSLY ENDANGERING
18 §2701 §§A1 SIMPLE ASSAULT

10/15/96

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: **BRADFORD**

**COMMITMENT**

COMMONWEALTH OF

PENNSYLVANIA

Mag Dist No    **42-3-03**

DJ Name Hon ,
**JAMES O. POWELL**
Address **701 S. 4TH STREET**
**4TH STREET ANNEX**
**TOWANDA, PA**
Telephone **(717) 268-5057**    **18848-0000**

VS.

DEFENDANT    NAME and ADDRESS
**BAKER, RONALD JAMES**
**515 2ND STREET**
**TOWANDA, PA 18848**

**DIST ATTNY**

Docket No.: **CR-0000247-96**
Date Filed: **10/15/96**
OTN:    **E 690923-2**

**75 §2735.1 §§ (3 COUNTS) AGG ASSAULT BY MOTOR VEHICLE WHILE DUI**
_____(Charge)_____

**75 §3742.1 §§A (3 COUNTS) ACCIDENTS CAUSING INJURY VEHICLE NOT PROPERLY LIC**
_____(Charge)_____

To ANY AUTHORIZED PERSON of the above named County of this Commonwealth:

You are hereby commanded to convey and deliver into the custody of the Keeper of the county prison the
above named defendant. You, the Keeper are required to receive the defendant into your custody to be
safely kept by you until discharged by due course of law or for:

☐ A PERIOD OF _____ DAYS UNTIL _____

☑ A HEARING AT

| Date: **10/25/96** | Place: **DISTRICT COURT 42-3-03** |
|---|---|
| Time: **9:00 AM** | **701 S. 4TH STREET** |
| | **4TH STREET ANNEX** |

☐ A FURTHER HEARING

| Date: | Place: |
|---|---|
| Time: | |

☐ COMMON PLEAS COURT ACTION

☐ OTHER: _____

CURRENT AMOUNT OF BAIL: __**150,000.00**__    **STRAIGHT BAIL**

Witness my hand and official seal this _15th_ day of _OCTOBER_, 19_96_.

_10/15/96_ Date _____, District Justice

My commission expires first Monday of January, 2000    **SEAL**

AOPC 550-88

10/15/96
42-3-03

DISTRICT JUSTICE SYSTEM
COMMONWEALTH OF PENNSYLVANIA

PAGE   1
ADDITIONAL CHARGES

COMMITMENT

CR-0000247-96

COMMONWEALTH OF PENNSYLVANIA
VS
BAKER, RONALD JAMES

**CHARGE**                     **DESCRIPTION**

75 §3731 §§A1* DUI UNSAFE DRIVING
75 §3731 §§A4* DUI BAC GREATER THEN .10, BAC .125
75 §3736 §§A RECKLESS DRIVING
75 §1543 §§A OPERATOR LIC SUSPENDED 2ND OF SUBSEQUENT OFFENSE
75 §1501 §§A DRIVIERS REQUIRED TO BE LICENSED
75 §3714 §§ CARELESS DRIVING
75 §3305 §§ LIMITATIONS ON OVERTAKING ON THE LEFT
75 §3302 §§ MEETING OF VEHICLES PROCEEDING IN OPPOSITE DIRECT
75 §3307 §§B NO PASSING ZONES
75 §3309 §§1 DRIVING ON ROADWAYS LANED FOR TRAFFIC
18 §2702 §§A1 (3 COUNTS) AGGRAVATED ASSAULT
18 §2705 §§ (6 COUNTS) RECKLESSLY ENDANGERING
18 §2701 §§A1 SIMPLE ASSAULT

PRINTED: 10/15/96 19:54:19

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: **BRADFORD**

# NOTICE OF PRELIMINARY HEARING

## COMMONWEALTH OF

### PENNSYLVANIA

| | |
|---|---|
| Mag. Dist. No | 42-3-03 |
| DJ Name Hon | JAMES O. POWELL |
| Address | 701 S. 4TH STREET |
| | 4TH STREET ANNEX |
| | TOWANDA, PA |
| Telephone | (717) 268-5057    18848-0000 |

JAMES O. POWELL
701 S. 4TH STREET
4TH STREET ANNEX
TOWANDA, PA 18848-0000

VS.

DEFENDANT       NAME and ADDRESS
BAKER, RONALD JAMES
515 2ND STREET
TOWANDA, PA 18848

Docket No.: CR-0000247-96
Date Filed: 10/15/96
OTN:     E 690923-2

75 §3735.1 §§ (3 COUNTS) AGG ASSAULT BY MOTOR VEHICLE WHILE DUI
(Charge)

75 §3742.1 §§A (3 COUNTS) ACCIDENTS CAUSING INJURY VEHICLE NOT PROPERLY LIC
(Charge)

## NOTICE TO DEFENDANT

A complaint has been filed charging you with the offense(s) set forth above and on the attached copy of the complaint. A preliminary hearing on these charges has been scheduled for:

| | |
|---|---|
| Date:    10/25/96 | Place:DISTRICT COURT 42-3-03 |
| | 701 S. 4TH STREET |
| Time:    9:00 AM | 4TH STREET ANNEX |
| | TOWANDA, PA 18848-0000 |

If you fail to appear at the time and place above, a warrant will be issued for your arrest.

At the preliminary hearing you may:

1.   Be represented by counsel;

2.   Cross-examine witnesses and inspect physical evidence offered against you;

3.   Call witnesses on your behalf other than witnesses to testify to your good reputation only, offer evidence on your behalf and testify;

4.   Make written notes of the proceeding, or have your counsel do so, or make a stenographic, mechanical or electronic record of the proceedings.

**If you cannot afford to hire an attorney, one may be appointed to represent you. Please contact the office of the district justice for additional information regarding the appointment of an attorney.**

**If you are disabled and require assistance, please contact the Magisterial District office at the address above.**

If you have any questions, please call the above office immediately.

10/25/96   Date _____        , District Justice

My commission expires first Monday of January,  2000        SEAL

10/15/96
42-3-03

## DISTRICT JUSTICE SYSTEM
## COMMONWEALTH OF PENNSYLVANIA

PAGE   1
ADDITIONAL CHARGES

NOTICE OF
PRELIMINARY HEARING
CR-0000247-96

COMMONWEALTH OF PENNSYLVANIA
VS
BAKER, RONALD JAMES

| CHARGE | DESCRIPTION |
|---|---|
| 75 §3731 §§A1* | DUI UNSAFE DRIVING |
| 75 §3731 §§A4* | DUI BAC GREATER THEN .10, BAC .125 |
| 75 §3736 §§A | RECKLESS DRIVING |
| 75 §1543 §§A | OPERATOR LIC SUSPENDED 2ND OF SUBSEQUENT OFFENSE |
| 75 §1501 §§A | DRIVIERS REQUIRED TO BE LICENSED |
| 75 §3714 §§ | CARELESS DRIVING |
| 75 §3305 §§ | LIMITATIONS ON OVERTAKING ON THE LEFT |
| 75 §3302 §§ | MEETING OF VEHICLES PROCEEDING IN OPPOSITE DIRECT |
| 75 §3307 §§B | NO PASSING ZONES |
| 75 §3309 §§1 | DRIVING ON ROADWAYS LANED FOR TRAFFIC |
| 18 §2702 §§A1 | (3 COUNTS) AGGRAVATED ASSAULT |
| 18 §2705 §§ | (6 COUNTS) RECKLESSLY ENDANGERING |
| 18 §2701 §§A1 | SIMPLE ASSAULT |

PRINTED: 10/15/96 19:49:38

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: **BRADFORD**

**NOTICE OF CONTINUANCE**

Mag Dist No.

**COMMONWEALTH OF**

**42-3-03**

**PENNSYLVANIA**

DJ Name Hon

Address
**JAMES O. POWELL**
**701 S. 4TH STREET**
**4TH STREET ANNEX**
**TOWANDA, PA**

**VS.**

DEFENDANT                         NAME and ADDRESS
**BAKER, RONALD JAMES**
**515 2ND STREET**
**TOWANDA, PA 18848**

Telephone **(717) 268-50?**       **18848-0000**

**JAMES O. POWELL**
**701 S. 4TH STREET**
**4TH STREET ANNEX**
**TOWANDA, PA 18848-0000**

| | |
|---|---|
| Docket No. | **CR-0000247-96** |
| Date Filed | 10/15/96 |
| OTN: | **E 690923-2** |

**75 §3735.1 §§ (3 COUNTS) AGG ASSAULT BY MOTOR VEHICLE WHILE DUI**
(Charge)

**75 §3742.1 §§A (3 COUNTS) ACCIDENTS CAUSING INJURY VEHICLE NOT PROPERLY LIC**
(Charge)

Please note that the hearing in the above captioned case, which was scheduled to occur on: _____ **10/25/96**

has been continued to:

| Date: | **12/10/96** | Place: | **DISTRICT COURT 42-3-03** |
|---|---|---|---|
| | | | **701 S. 4TH STREET** |
| Time: | **1:80 PM** | | **4TH STREET ANNEX** |
| | | | **TOWANDA, PA 18848-0000** |

If you have any questions, please contact this office immediately.

Continuance requested by: _____ **DISTRICT, ATTORNEY** _____

If you are disabled and require assistance, please contact the Magisterial District office at the address above.

_____: Date _____ _____ District Justice

My commission expires first Monday of January, 2000 .                **SEAL**

ADPC 919-88       PRINTED: 11/13/96 13:83:47

```
11/13/96                    DISTRICT JUSTICE SYSTEM          PAGE    1
4243-03                     COMMONWEALTH OF PENNSYLVANIA     ADDITIONAL CHARGES


        NOTICE OF CONTINUANCE              COMMONWEALTH OF PENNSYLVANIA
                                                          VS
              CR-0000247-96                      BAKER, RONALD JAMES


    CHARGE                                  DESCRIPTION

    75 §3731 §§A1* DUI UNSAFE DRIVING
    75 §3731 §§A4* DUI BAC GREATER THEN .10, BAC .125
    75 §3736 §§A RECKLESS DRIVING
    75 §1543 §§A OPERATOR LIC SUSPENDED 2ND OF SUBSEQUENT OFFENSE
    75 §1501 §§A DRIVIERS REQUIRED TO BE LICENSED
    75 §3714 §§ CARELESS DRIVING
    75 §3305 §§ LIMITATIONS ON OVERTAKING ON THE LEFT
    75 §3302 §§ MEETING OF VEHICLES PROCEEDING IN OPPOSITE DIRECT
    75 §3307 §§B NO PASSING ZONES
    75 §3309 §§1 DRIVING ON ROADWAYS LANED FOR TRAFFIC
    18 §2702 §§A1 (3 COUNTS) AGGRAVATED ASSAULT
    18 §2705 §§ (6 COUNTS) RECKLESSLY ENDANGERING
    18 §2701 §§A1 SIMPLE ASSAULT
```

**INFORMATION**

COMMONWEALTH OF PENNSYLVANIA            :   IN THE COURT OF COMMON PLEAS
                                        :   BRADFORD, PENNSYLVANIA
               VS.                      :   CRIMINAL DIVISION
                                        :
RONALD BAKER                            :   ACTION NO. 96CR000716
01/23/61                                :
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                             :

    THE DISTRICT ATTORNEY OF BRADFORD COUNTY, by this information
charges that on or about Sunday, the 29th day of September, 1996,
in said County of Bradford, Pennsylvania, the defendant did
commit the crime of

    COUNT 1 - ACCIDENTS INVOLVING DEATH/INJURY & NOT LICENSED - (F 3)
The Defendant, was the driver of a vehicle and did cause an accident resulting
in injury or death of a person, namely, Kimberly Benjamin and whose operating
privilege at the time of the accident was canceled, recalled, revoked or
suspended pursuant to Section 1532 of the Pennsylvania Motor Vehicle Code
(relating to revocation or suspension of operating privilege) and not restored
or who at the time of the accident had not been issued a valid driver's license
in violation of Section 3742.1 of the Pennsylvania Motor Vehicle Code a FELONY
of the Third Degree.

    COUNT 2 - ACCIDENTS INVOLVING DEATH/INJURY & NOT LICENSED - (F 3)
The Defendant, was the driver of a vehicle and did cause an accident resulting
in injury or death of a person, Chelsea Brenner, and whose operating privilege
at the time of the accident was canceled, recalled, revoked or suspended
pursuant to Section 1532 of the Pennsylvania Motor Vehicle Code (relating to
revocation or suspension of operating privilege) and not restored or who at the
time of the accident had not been issued a valid driver's license in violation
of Section 3742.1 of the Pennsylvania Motor Vehicle Code a ~Felony of the Third
Degree.

    COUNT 3 - ACCIDENTS INVOLVING DEATH/INJURY & NOT LICENSED - (M 2)
The Defendant, was the driver of a vehicle and did cause an accident resulting
in injury or death of a person, Richard Benjamin and whose operating privilege
at the time of the accident was canceled, recalled, revoked or suspended
pursuant to Section 1532 of the Pennsylvania Motor Vehicle Code (relating to
revocation or suspension of operating privilege) and not restored or who at the
time of the accident had not been issued a valid driver's license in violation
of Section 3742.1 of the Pennsylvania Motor Vehicle Code a Misdemeanor of the
Second Degree.

    COUNT 4 - DRIVING UNDER THE INFLUENCE OF ALCOHOL - (M 1)
The defendant drove, operated or was in actual physical control of the movement
of a vehicle, while under the influence of alcohol to a degree which rendered
defendant incapable of safe driving, in violation of Section 3731(a)(1) of
the Pennsylvania Motor Vehicle Code, Act of December 15, 1982, 75 Pa. C.S.
Section 3731(a)(1).

    COUNT 5 - DRIVING UNDER THE INFLUENCE OF ALCOHOL - (M 1)
The defendant drove, operated or was in actual physical control of the movement
of a vehicle while the amount of alcohol by weight in the blood of the person
was 0.10% or greater, the test amount being ~.125%, in violation of Section
3731 (a) (4) of the Pennsylvania Motor Vehicle Code, Act of December 15, 1982, 75 Pa. C.S.
Section 3731 (a) (4)

#7

COUNT 6 - SIMPLE ASSAULT - (M 2)
The Defendant did attempt to cause or intentionally, knowingly or recklessly did cause bodily injury to Kimberly Benjamin in violation of Section 2701(a)(1) of the Pennsylvania Crimes Code a MISDEMEANOR of the ~Second Degree. 18 Pa.C.S. Section 2701(a)(1)

COUNT 7 - SIMPLE ASSAULT - BODILY INJURY W/DEADLY WEAPON - (M 2)
The Defendant negligently caused bodily injury to Kimberly Benjamin~ with a deadly weapon in violation of Section 2701(a)(2) of the Pennsylvania Crimes Code a MISDEMEANOR of the ~Second Degree.  18 Pa.C.S. Section 2701(a)(2).

COUNT 8 - SIMPLE ASSAULT - (M 1)
The Defendant did attempt to cause or intentionally, knowingly or recklessly did cause bodily injury to Chelsea Brenner in violation of Section 2701(a)(1) of the Pennsylvania Crimes Code a MISDEMEANOR of the Second Degree.18 Pa.C.S. Section 2701(a)(1)

COUNT 9 - SIMPLE ASSAULT - BODILY INJURY W/DEADLY WEAPON - (M1)
The Defendant negligently caused bodily injury to Chelsea Brenner, with a deadly weapon in violation of Section 2701(a)(2) of the Pennsylvania Crimes Code a MISDEMEANOR of the Second Degree.18 Pa.C.S. Section 2701(a)(2).

COUNT 10 - RECKLESSLY ENDANGERING ANOTHER PERSON - (M 2)
The Defendant recklessly engaged in conduct which placed or may have placed Kimberly Benjamin in danger of death or serious bodily injury in violation of Section 2705 of the Pennsylvania Crimes Code, a MISDEMEANOR of the Second Degree. 18 Pa. C.S. Section 2705.

COUNT 11 - RECKLESSLY ENDANGERING ANOTHER PERSON - (M 2)
The Defendant recklessly engaged in conduct which placed or may have placed Chelsea Brenner in danger of death or serious bodily injury in violation of Section 2705 of the Pennsylvania Crimes Code, a MISDEMEANOR of the Second Degree.        18 Pa. C.S. Section 2705.

COUNT 12 - RECKLESSLY ENDANGERING ANOTHER PERSON - (M 2)
The Defendant recklessly engaged in conduct which placed or may have placed Richard Benjamin, in danger of death or serious bodily injury in violation of Section 2705 of the Pennsylvania Crimes Code, a MISDEMEANOR of the Second Degree. 18 Pa. C.S. Section 2705.

COUNT 13 - RECKLESSLY ENDANGERING ANOTHER PERSON - (M 2)
The Defendant recklessly engaged in conduct which placed or may have placed Richard Vanderpool in danger of death or serious bodily injury in violation of Section 2705 of the Pennsylvania Crimes Code, a MISDEMEANOR of the Second Degree. 18 Pa. C.S. Section 2705.

COUNT 14 - RECKLESSLY ENDANGERING ANOTHER PERSON - (M 2)
The Defendant recklessly engaged in conduct which placed or may have placed Fred Vanderpool, in danger of death or serious bodily injury in violation of Section 2705 of the Pennsylvania Crimes Code, a MISDEMEANOR of the Second Degree. 18 Pa. C.S. Section 2705.

COUNT 15 - AGGRAVATED ASSAULT BY VEHICLE WHILE DUI - (F 2)
The Defendant did negligently cause serious bodily injury to another person, Chelsea Brenner as a result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) and shall be convicted of violating section 3731 and the violation of section 3731 is the cause of the injury to the victim.     75 Pa.C. S. Section 3735.1(a)

COUNT 16 - AGGRAVATED ASSAULT BY VEHICLE WHILE DUI - (F 2)
The Defendant did negligently cause serious bodily injury to another person, Kimberly Benjamin as a result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) and shall be convicted of violating section 3731 and the violation of section 3731 is the cause of the injury to the victim.
75 Pa. C. S. Section 3735.1(a)

COUNT 17 - RECKLESSLY ENDANGERING ANOTHER PERSON - (M 2)
The Defendant recklessly engaged in conduct which placed or may have placed Chris Anna, infant child of Kelly Place, in danger of death or serious bodily injury in violation of Section 2705 of the Pennsylvania Crimes Code, a MISDEMEANOR of the Second Degree. 18 Pa. C.S. Section 2705.

COUNT 18 - RECKLESSLY ENDANGERING ANOTHER PERSON - (M 2)
The Defendant recklessly engaged in conduct which placed or may have placed Amy Parker, in danger of death or serious bodily injury in violation of Section 2705 of the Pennsylvania Crimes Code, a MISDEMEANOR of the Second Degree. 18 Pa. C.S. Section 2705.

COUNT 19 - RECKLESSLY ENDANGERING ANOTHER PERSON - (M 2)
The Defendant recklessly engaged in conduct which placed or may have placed Kelly Place, in danger of death or serious bodily injury in violation of Section 2705 of the Pennsylvania Crimes Code, a MISDEMEANOR of the Second Degree. 18 Pa. C.S. Section 2705.

COUNT 20 - AGGRAVATED ASSAULT - BODILY INJURY - (F 1)
The Defendant attempted to cause serious bodily injury to Kimberly Benjamin, or attempted to cause serious bodily injury to another, or caused such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life, in violation of Section 2702(a)(1) of the Pennsylvania Crimes Code a FELONY of the First Degree.
18 Pa. C.S. Section 2702(a)(1).

COUNT 21 - AGGRAVATED ASSAULT - DEADLY WEAPON - (F 2)
The Defendant did attempt to cause, or intentionally or knowingly did cause bodily injury to Kimberly Benjamin, with a deadly weapon, namely, -motor vehicle,in violation of Section 2702(a)(4) of the Pennsylvania Crimes Code a FELONY of the Second Degree. 18 Pa. C.S. Section 2702(a)(4).

COUNT 22 - AGGRAVATED ASSAULT - DEADLY WEAPON - (F 2)
The Defendant did attempt to cause, or intentionally or knowingly did cause bodily injury to Chelsea Brenner, with a deadly weapon, namely, -motor vehicle,in violation of Section 2702(a)(4) of the Pennsylvania Crimes Code a FELONY of the Second Degree. 18 Pa. C.S. Section 2702(a)(4).

COUNT 23 - AGGRAVATED ASSAULT - BODILY INJURY - (F 1)
The Defendant attempted to cause serious bodily injury to Chelsea Brenner, or attempted to cause serious bodily injury to another, or caused such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life, in violation of Section 2702(a)(1) of the Pennsylvania Crimes Code a FELONY of the First Degree.
18 Pa. C.S. Section 2702(a)(1).

COUNT 24 - CRIMINAL MISCHIEF-ENDANGER PERSON OR PROPERTY - (F 3)
The Defendant did intentionally or recklessly tamper with tangible property, a 1998 Hyundai Accent of another, Snorac, Inc. so as to endanger person or property in violation of Section 3304(a)(2) of the Pennsylvani Crimes Code a FELONY of the Third Degree. 18 Pa. C. S. Section 3304(a)(2).

**COUNT 25 - CRIMINAL MISCHIEF-ENDANGER PERSON OR PROPERTY - (F 3)**
The Defendant did intentionally or recklessly tamper with tangible property, 1989 Ford Tempo of another, Richard Benjamin so as to endanger person or property in violation of Section 3304(a)(2) of the Pennsylvani Crimes Code a ~FELONY of the Third Degree. 18 Pa. C. S. Section 3304(a)(2).

**COUNT 26 - DRIVING WHILE OPERATING PRIVILEGE SUSPEND/REVOKED - (SUMMARY 0)**
The defendant operated a motor vehicle, upon a highway in this Commonwealth, at a time when said defendant's operating privileges were suspended, revoked or cancelled, in violation of Section 1543(a) of the Pennsylvania Motor Vehicle Code, Act 81 of 1976, 75 Pa. C.S. Section 1543(a).

**- SUBSEQUENT CONVICTIONS OF CERTAIN OFFENSES -**
The Defendant was convicted of a second or subsequent violation of one or more of the following motor vehicle offenses: Section 1501(a); Section 1543; Section 3367; Section 3367; Section 3733; Section 3734; Section 3748; in violation of Section 6503 of the Pennsylvania Motor Vehicle Code. 75 Pa. C.S. Section 6503

**COUNT 27 - DRIVING WITHOUT A LICENSE,**    · **(SUMMARY 0)**
The Defendant drove a motor vehicle, upon a highway of this Commonwealth, without a valid license, in violation of Section 1501(a) of the Pennsylvania Motor Vehicle Code, Act of June 17, 1976, 75 Pa. C.S. Section 1501(a).
**-SUBSEQUENT CONVICTIONS OF CERTAIN OFFENSES-**    The defendant was convicted of a second or subsequent violation of one or more of the following motor vehicle offenses:   Section 1501(a); Section 1543; Section 3367; Section 3367, Secction 3733; Section 3734; Section 3748 in violation of Section 6503 of the Pennsylvania Motor Vehicle Code.   75 Pa. C.S. Section 6503.

**COUNT 28 - RECKLESS DRIVING - (SUMMARY 0)**
The defendant drove an automobile or vehicle, upon a highway of this Commonwealth, in a willful or wanton disregard for the safety of persons or property, in violation of Section 3736 of the Pennsylvania Motor Vehicle Code Act of May 30, 1990, 75 Pa. C.S. Section 3736.

**COUNT 29 - CARELESS DRIVING - (SUMMARY 0)**
The defendant did drive a vehicle, on a public highway of this Commonwealth, in careless disregard for the safety of persons or property, in violation of Section 3714 of the Pennsylvania Motor Vehicle Code, Act of June 17, 1976, 75 Pa. C.S. Section 3714.

**COUNT 30 - LIMITATIONS ON OVERTAKING ON THE LEFT - (SUMMARY 0)**
The defendant drove a vehicle, on a highway of the Commonwealth, on the left side of the center or marked center line of the roadway in overtaking and passing another vehicle proceeding in the same direction and at such time the left side was not clearly visible and was not free of oncoming traffic for a sufficient distance ahead to permit the overtaking and passing to be completely made without interfering with the operation of any vehicle approaching from the opposite direction of any vehicle being overtaken; and further the defendant did not return to an authorized lane of travel as soon as practicable, in violation of Section 3305 of the Pennsylvania Motor Vehicle Code, Act of June 17, 1976, 75 Pa. C.S. Section 3305.

**COUNT 31 - MEETING VEHICLE PROCEEDING IN OPPOSITE DIRECTION - (SUMMARY 0)**
The defendant drove a vehicle, on a public highway in this Commonwealth, and did meet a vehicle on said roadway proceeding in an opposite direction and at such time the defendant failed to give to the other vehicle at least one half of the main traveled portion of the roadway as nearly as possible, in violation of Section 3302 of the Pennsylvania Motor Vehicle Code, Act of June 17, 1976, 75 Pa. C.S. Section 3302.

COUNT 32 - NO-PASSING ZONES - (SUMMARY 0)
The defendant did drive a motor vehicle, upon a highway in this Commonwealth, a roadway where signs and markings are in a place to define a no-passing zone, as set forth in sub-section (a) of Section 3307, and the defendant did pass on the left side of the roadway within the no-passing zone, in violation of Section 3307(b) of the Pennsylvania Motor Vehicle Code, Act of June 17, 1976, 75 Pa. C.S. Section 3307(b).

COUNT 33 - DRIVING ON ROADWAYS LANED FOR TRAFFIC - (SUMMARY 0)
The defendant drove a motor vehicle, on a roadway divided into two or more clearly marked lanes for traffic and failed to drive his vehicle as nearly as practicable entirely within a single lane without having first ascertained that the movement can be made with safety, in violation of Section 3309(1) of the Pennsylvania Motor Vehicle Code, Act of June 17, 1976, 75 Pa. C.S. Section 3309(1).

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

_____
Attorney for the Commonwealth

75 Pa. C. S. Section 3742.1-F-3 - 0.00 -
75 Pa. C. S. Section 3742.1-F-3 - 0.00 -
75 Pa. C. S. Section 3742.1-M-2 - 0.00 -
75 Pa. C.S. Section 3731(a)(1)-M-1 - 0.00 -
75 Pa. C.S. Section 3731(a)(4)-M-1 - 0.00 -
75 Pa. C. S. Section 2701(a)(1)-M-2 - 0.00 -
75 Pa. C.S. Section 2701(a)(2)-M-2 - 0.00 -
75 Pa. C. S. Section 2701(a)(1)-M-1 - 0.00 -
75 Pa. C.S. Section 2701(a)(2)-M-1 - 0.00 -
75 Pa. C.S. Section 2705-M-2 - 0.00 -
75 Pa. C.S. Section 2705-M-2 - 0.00 -
75 Pa. C.S. Section 2705-M-2 - 0.00 -
75 Pa. C.S. Section 2705-M-2 - 0.00 -
75 Pa. C.S. Section 2705-M-2 - 0.00 -
75 Pa. C. S. Section 3725.1(a)-F-2 - 0.00 -
75 Pa. C. S. Section 3725.1(a)-F-2 - 0.00 -
75 Pa. C.S. Section 2705-M-2 - 0.00 -
75 Pa. C.S. Section 2705-M-2 - 0.00 -
75 Pa. C.S. Section 2702(a)(1)-F-1 - 0.00 -
75 Pa. C.S. Section 2702(a)(4)-F-2 - 0.00 -
75 Pa. C.S. Section 2702(a)(4)-F-2 - 0.00 -
75 Pa. C.S. Section 2702(a)(1)-F-1 - 0.00 -
75 Pa. C. S. Section 3304(a)(2)-F-3 - 0.00 -
75 Pa. C. S. Section 3304(a)(2)-F-3 - 0.00 -
75 Pa. C.S. Section 1543(a)-SUMMARY-0 - 0.00 -
75 Pa. C.S. Section 1501(a)-SUMMARY-0 - 0.00 -
75 Pa. C.S. Section 3736-SUMMARY-0 - 0.00 -
75 Pa. C.S. Section 3714-SUMMARY-0 - 0.00 -
75 Pa. C.S. Section 3305-SUMMARY-0 - 0.00 -
75 Pa. C.S. Section 3302-SUMMARY-0 - 0.00 -
75 Pa. C.S. Section 3307(b)-SUMMARY-0 - 0.00 -
75 Pa. C.S. Section 3309(1)-SUMMARY-0 - 0.00 -

_____
Citation of Statute, Section & Penalty
see Defendant/Arthur Agnellino, Esq.

COMMONWEALTH OF PENNSYLVANIA    :    IN THE COURT OF COMMON PLEAS
                                :
                    VS.         :    OF BRADFORD COUNTY, PENNSYLVANIA
                                :
RONALD BAKER                    :    CRIMINAL ACTION (Law)
                                :    Case No. 96 CR000716

---

## REQUEST FOR BILL OF PARTICULARS

---

**TO THE HONORABLE JUDGES OF THE ABOVE COURT AND THE BRADFORD COUNTY DISTRICT ATTORNEY'S OFFICE:**

Defendant, by and through his attorney, Arthur D. Agnellino, 515 South Main Street, Athens, Pennsylvania 18810, requests the Bradford County Attorney's Office, pursuant to PA R.C.P. Co. 304, to furnish the said defendant and his attorney, and such other persons as are necessary to assist in the following information, and requests your Honorable Court to Order the District Attorney to produce the same upon default, as follows:

1. A list of names and addresses of all witnesses concerning the crimes charged herein whom the District Attorney intends to call as witnesses at the trial of the Defendant.

2. The exact times, places and dates it is alleged the Defendant committed the crimes charged in the information.

3. A description of any and all physical evidence which the Commonwealth intends to introduce at the trial of the within matter.

4. A specification of the acts the defendant has alleged to have personally performed.

5. The personal and actual statements made by the alleged victim or any witnesses which the police officers have interviewed in relation to the acts alleged to have performed by the Defendant.

6. All documentary evidence, but not limited to reports prepared an kept as records by

#8

any department or agency of the Commonwealth of Pennsylvania, including but not limited to the statements made by Defendant to any officer in the State Police Department or any other police department that may have interviewed the alleged victim, and any analysis as to the substance in the pipe that Defendant is alleged to have possessed.

7. The exact date that Defendant gave his statement to the officers.

8. All information that is requested on Defendant's Informal Request, attached hereto as "Exhibit A".

9. List the specific suspension or revocation date on Defendants driving record in which the Commonwealth alleged the Defendant was driving under, in Counts 1, 2, and 3 of its Information that the Defendant was driving and involved in an accident involving death/injury, and not licensed, in violation of 75 PA.C.S. Section 3742.1.

10. State is the specific serious bodily injury as defined in 75 Pa.C.S. Section 3742.1, relating to accidents involving death/injury, and not licensed, that the Commonwealth alleges Kimberly Benjamin; Chelsea Brenner and Richard Benjamin suffered as a result of Defendant's actions, in regard to Counts 1, 2, and 3.

11. What are the alleged facts which the Commonwealth contends, shows Defendant operated or was in actual physical control of the movement of a vehicle, while under the influence of alcohol to a degree which rendered Defendant incapable of safe driving, in violation of Section 75 Pa.C.S. 373(a)(1), as stated in Count 4 of the Information.

12. What are the alleged facts which the Commonwealth alleges that Defendant operated or was in actual physical control of the movement of a vehicle with a B.A.C. of 1.25% as stated in Count V of the Information.

13. At what time was the blood sample taken from Defendant.

14. Describe what methods were used to take Defendant's blood sample and whether the sample was performed by medical personnel under the direction of a police officer or whether the sample was obtained for medical purposes.

15. What facts does the Commonwealth allege which constitute simple assault by Defendant upon Kimberly Benjamin, as stated in Count 6 of the Information.

16. What injury is alleged to have been sustained by Kimberly Benjamin under Count 6 of the Information.

17. State the object which is alleged to be a deadly weapon as stated in Count 7 of the Information, that was alleged to have been used by Defendant against Kimberly Benjamin.

18. What facts does the Commonwealth allege which constitutes  simple assault by Defendant upon Chelsea Brenner, as stated in Count 8 of the Information.

19. State the object which is alleged to be a deadly weapon as stated in Count 9 of the Information, that was alleged to have been used by Defendant against Chelsea Brenner.

20. State the facts which the Commonwealth alleges constitutes Reckless Endangering by Defendant upon Kimberly Benjamin, Chelsea Brenner, Richard Benjamin, Richard Vanderpool, and Fred Vanderpool, as stated in Counts 10, 11, 12, 13, and 14, of the Information.

21. State the facts that the Commonwealth alleges constitutes aggravated assault by vehicle while Driving Under the Influence by Defendant, upon Chelsea Brenner and Kimberly Benjamin, as stated in Counts 15 and 16 of the Information.

22. State in detail what serious injuries the Commonwealth alleges that Chelsea Brenner and Kimberly Benjamin sustained as to constitute serious bodily injury under 75 Pa.C.S.

3735.1(A), as alleged in Counts 15 and 16 of the Information.

23.   State the acts that the Commonwealth alleges Defendant did which constitutes reckless endangering another person, as stated in Counts 18 and 19 of the Information, concerning Amy Parker and Kelly Place.

24.   State in detail the facts that the Commonwealth alleges constitutes Attempt to Cause Serious Injury by Defendant towards Kimberly Benjamin, in violation of 18 Pa.C.S. Section 2702(a)(1) as alleged in Count 20 of the Information.

25.   State in detail the facts that the Commonwealth alleges which constitutes Aggravated Assault by Defendant towards Kimberly Benjamin as alleged in Count 20 of the Information.

26.   state in detail the serious injures that the Commonwealth alleges Kimberly Benjamin sustained in Count 20 of the Information.

27.   State in detail the Deadly Weapon alleged to have been used by defendant upon Kimberly Benjamin as stated in Count 21 of the Information.

28.   State in detail the Deadly Weapon alleged to have been used by Defendant upon Chelsea Brenner as stated in Count 22 of the Information.

29.   State in detail the facts that the Commonwealth alleges constitutes Attempt to Cause Serious Bodily Injury by Defendant towards Chelsea Brenner as alleged in Count 23 of the Information.

30.   State in detail the facts that the Commonwealth alleges which constitutes Aggravated Assault by Defendant towards Chelsea Brenner as alleged in Count 23 of the Information.

31.   State in detail the facts that the Commonwealth alleges Defendant performed as to commit Criminal Mischief, as set forth in Count 24 of the Information.

32.   State in detail the fact that the Commonwealth alleges Defendant performed as to

constitute Criminal Mischief as set forth in Count 25 of the Information.

   That the above-requested items and information are material to the above-captioned case.


                              Respectfully submitted,


Copy to the D.A.

January 15, 1997

                              _____
                              ARTHUR D. AGNELLINO
                              Attorney for Defendant

# ARTHUR D. AGNELLINO, ATTORNEY AT LAW
### 515 So. Main Street
### Athens, Pennsylvania 18810
#### Telephone:(717) 888-6786

TO:  DISTRICT ATTORNEY          DATE: January 15, 1997
FROM: ARTHUR D. AGNELLINO       RE:   Ronald Baker

In compliance with the informal request provisions for pretrial discovery and inspection, Rule 305A, C.P.R., demand is made for the following information and material, Rules 305B(1) and 305B(2) (a-d), CPR.:

A. Any evidence favorable to the accused which is material either to guilt or to punishment, and which is within the possession and/or control of the attorney for the Commonwealth;

B. The defendant's prior criminal record, and defendant's driving record;

C. The circumstances and results of any identification of the defendant by voice, photograph, or in person identification;

D. Any tangible object, including videos, pictures, etc., or other tangible evidence; or tape recorded statements made by Defendant or the victim.

E. The transcripts and recordings and notes of the officer prior to reducing these notes, transcripts and recordings into the officer's affidavit for probable cause;

F. The notes and actual written statements of the victim and any witnesses that the Commonwealth intends to call as witnesses at trial.

G. All police reports;

H. All accident reports;

I. List of all phone numbers and addresses of witnesses, eyewitnesses to the alleged crimes, and expert witnesses;

J. Any and all photographs taken at the scene of the crime and all photographs otherwise relating to this case, and pictures of all automobiles involved;

K. Any reports indicating Defendant's refusal to take a chemical test;

L. Name and addresses of alleged hunters who were in the area allegedly target practicing a the

time of the crime, and are alleged to be eyewitnesses.

M.   Names and addresses of all persons interviewed by the District Attorney's Office, its investigators or agents, Sheriff's Department or State Police, or any other law enforcement agency known to the District Attorney or his representatives in relation to this case.

N.   Names and addresses of all witnesses having knowledge of the offense, including those who have ben interviewed by the District Attorney's Office.

O.   All written statements made by witnesses or any other persons, whether signed or unsigned, which relate to the case.   If no statements have been given then a summary of the testimony each witness is expected to give at trial.

P.   Results or reports of scientific tests, expert opinions and written or recorded reports prepared by the expert.

Q.   A complete medical record and report concerning the medical and psychological (if such care has been given) of Kimberly Benjamin, Chelsea Brenner and Richard Benjamin, or have the victim or victim's legal representative sign the attached release.

R.   The names and addresses of all health care providers, hospitals, doctors, and surgeons, who have provided medical and or psychological aid to Kimberly Benjamin, Chelsea Brenner and Richard Benjamin.

Respectfully submitted,

This request was served
on the D.A.'s Office on
the ___ day of January, 1997.

ARTHUR D. AGNELLINO
Attorney for Defendant

IN THE COURT OF COMMON PLEAS
OF BRADFORD COUNTY, PENNSYLVANIA

COMMONWEALTH OF PA

        VS.

RONALD JAMES BAKER

_____

        Please enter my appearance on behalf of
the_____ in the above entitled
matter.

1/07/97                         _____
                                Attorney for:

                                ATTORNEY I.D.# 65140

BRADFORD COUNTY
Phau
CLERK OF COURTS
Jan 9  9 06 AM '97

#9

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                                                :
                        VS.                     : OF BRADFORD COUNTY, PENNSYLVANIA
                                                :
RONALD BAKER                                    : CRIMINAL ACTION (Law)
                                                : Case No. 96 CR000716

## MOTION FOR PRETRIAL DISCOVERY AND INSPECTION

COMES NOW, the Defendant by and through his attorney of record, Arthur D. Agnellino, and moves this Court pursuant to Rule 305 of the Pennsylvania Rules of Criminal Procedure, for pretrial discovery and inspection.

The Defendant is filing this motion for the purpose of preserving the statutory time limit of 14 days from the date of arraignment in which to file such motion.

Since the arraignment, the Defendant has filed a Request for Bill of Particulars, and attached to such Request was an Informal Request for pretrial discovery and inspection pursuant to Rule 305B(1) and 305(B)(2), and a Request for Expert Witnesses and Eye Witnesses. A copy of the Informal Request and the copy of the requested Bill of Particulars is attached hereto as Exhibit "A", incorporated herein by reference.

Since the time of arraignment, the District Attorney, Robert McGuiness and defense counsel have discussed the case and have discussed the disclosure of various evidence which would include eye witnesses, police reports, photos of the accident scene, and all other items that are listed from A through R, on the Informal Request.

Since this is a case which involves many witnesses and numerous items of evidence, it is believed that it will take more time than the 14 days allotted to file this motion, and review all of the evidence to determine if additional evidence is needed.

THEREFORE, as aforementioned, the Defendant has filed this motion so as to be within

3c: A. Agnellino, Esq.

# 10

the statutory time period of 14 days in which to do so, and a good faith effort is taking place between defense attorney Agnellino and the District Attorney, Robert McGuiness to disclose evidence; but in the event that the Court is required to intervene, the Defendant requests that the Court address all items of discovery which was submitted to the District Attorney's office on January 15, 1997.

A Brief is attached hereto, and incorporated herein by reference and filed simultaneously with this Motion.

WHEREFORE, the Defense requests that the Court compel discovery of the items listed in the attached Exhibit "A", and set a hearing date in which this Motion can be heard.

DATED this _21st_ day of _January_, 1997.

ARTHUR D. AGNELLINO, ESQ./Bar #65140
515 South Main Street
Athens, PA 18810
Telephone: (717) 888-6786

CERTIFICATE OF MAILING

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly mailed from Athens, Pennsylvania on the _21st_ day of _January_, 1997, to the following parties, postage prepaid thereon:

Robert McGuiness, Esq.
District Attorney's Office
Bradford County Courthouse
Towanda, PA 18848

Arthur D. Agnellino, Esq./Bar #65140
515 South Main St.
Athens, PA 18810

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS |
| VS. | : | OF BRADFORD COUNTY, PENNSYLVANIA |
| RONALD BAKER | : | CRIMINAL ACTION (Law) |
| | : | Case No. 96 CR000716 |

## REQUEST FOR BILL OF PARTICULARS

**TO THE HONORABLE JUDGES OF THE ABOVE COURT AND THE BRADFORD COUNTY DISTRICT ATTORNEY'S OFFICE:**

Defendant, by and through his attorney, Arthur D. Agnellino, 515 South Main Street, Athens, Pennsylvania 18810, requests the Bradford County Attorney's Office, pursuant to PA R.C.P. Co. 304, to furnish the said defendant and his attorney, and such other persons as are necessary to assist in the following information, and requests your Honorable Court to Order the District Attorney to produce the same upon default, as follows:

1. A list of names and addresses of all witnesses concerning the crimes charged herein whom the District Attorney intends to call as witnesses at the trial of the Defendant.

2. The exact times, places and dates it is alleged the Defendant committed the crimes charged in the information.

3. A description of any and all physical evidence which the Commonwealth intends to attempt to introduce at the trial of the within matter.

4. A specification of the acts the defendant has alleged to have personally performed.

5. The personal and actual statements made by the alleged victim or any witnesses which the police officers have interviewed in relation to the acts alleged to have performed by the Defendant.

6. All documentary evidence, but not limited to reports prepared an kept as records by

*Exhibit 'A'*

any department or agency of the Commonwealth of Pennsylvania, including but not limited to the statements made by Defendant to any officer in the State Police Department or any other police department that may have interviewed the alleged victim, and any analysis as to the substance in the pipe that Defendant is alleged to have possessed.

7.  The exact date that Defendant gave his statement to the officers.

8.  All information that is requested on Defendant's Informal Request, attached hereto as "Exhibit A".

9.  List the specific suspension or revocation date on Defendants driving record in which the Commonwealth alleged the Defendant was driving under, in Counts 1, 2, and 3 of its Information that the Defendant was driving and involved in an accident involving death/injury, and not licensed, in violation of 75 PA.C.S. Section 3742.1.

10.  State is the specific serious bodily injury as defined in 75 Pa.C.S. Section 3742.1, relating to accidents involving death/injury, and not licensed, that the Commonwealth alleges Kimberly Benjamin; Chelsea Brenner and Richard Benjamin suffered as a result of Defendant's actions, in regard to Counts 1, 2, and 3.

11.  What are the alleged facts which the Commonwealth contends, shows Defendant operated or was in actual physical control of the movement of a vehicle, while under the influence of alcohol to a degree which rendered Defendant incapable of safe driving, in violation of Section 75 Pa.C.S. 373(a)(1), as stated in Count 4 of the Information.

12.  What are the alleged facts which the Commonwealth alleges that Defendant operated or was in actual physical control of the movement of a vehicle with a B.A.C. of 1.25 % as stated in Count V of the Information.

13.  At what time was the blood sample taken from Defendant.

14. Describe what methods were used to take Defendant's blood sample and whether the sample was performed by medical personnel under the direction of a police officer or whether the sample was obtained for medical purposes.

15. What facts does the Commonwealth allege which constitute simple assault by Defendant upon Kimberly Benjamin, as stated in Count 6 of the Information.

16. What injury is alleged to have been sustained by Kimberly Benjamin under Count 6 of the Information.

17. State the object which is alleged to be a deadly weapon as stated in Count 7 of the Information, that was alleged to have been used by Defendant against Kimberly Benjamin.

18. What facts does the Commonwealth allege which constitutes simple assault by Defendant upon Chelsea Brenner, as stated in Count 8 of the Information.

19. State the object which is alleged to be a deadly weapon as stated in Count 9 of the Information, that was alleged to have been used by Defendant against Chelsea Brenner.

20. State the facts which the Commonwealth alleges constitutes Reckless Endangering by Defendant upon Kimberly Benjamin, Chelsea Brenner, Richard Benjamin, Richard Vanderpool, and Fred Vanderpool, as stated in Counts 10, 11, 12, 13, and 14, of the Information.

21. State the facts that the Commonwealth alleges constitutes aggravated assault by vehicle while Driving Under the Influence by Defendant, upon Chelsea Brenner and Kimberly Benjamin, as stated in Counts 15 and 16 of the Information.

22. State in detail what serious injuries the Commonwealth alleges that Chelsea Brenner and Kimberly Benjamin sustained as to constitute serious bodily injury under 75 Pa.C.S.

3735.1(A), as alleged in Counts 15 and 16 of the Information.

23. State the acts that the Commonwealth alleges Defendant did which constitutes reckless endangering another person, as stated in Counts 18 and 19 of the Information, concerning Amy Parker and Kelly Place.

24. State in detail the facts that the Commonwealth alleges constitutes Attempt to Cause Serious Injury by Defendant towards Kimberly Benjamin, in violation of 18 Pa.C.S. Section 2702(a)(1) as alleged in Count 20 of the Information.

25. State in detail the facts that the Commonwealth alleges which constitutes Aggravated Assault by Defendant towards Kimberly Benjamin as alleged in Count 20 of the Information.

26. state in detail the serious injures that the Commonwealth alleges Kimberly Benjamin sustained in Count 20 of the Information.

27. State in detail the Deadly Weapon alleged to have been used by defendant upon Kimberly Benjamin as stated in Count 21 of the Information.

28. State in detail the Deadly Weapon alleged to have been used by Defendant upon Chelsea Brenner as stated in Count 22 of the Information.

29. State in detail the facts that the Commonwealth alleges constitutes Attempt to Cause Serious Bodily Injury by Defendant towards Chelsea Brenner as alleged in Count 23 of the Information.

30. State in detail the facts that the Commonwealth alleges which constitutes Aggravated Assault by Defendant towards Chelsea Brenner as alleged in Count 23 of the Information.

31. State in detail the facts that the Commonwealth alleges Defendant performed as to commit Criminal Mischief, as set forth in Count 24 of the Information.

32. State in detail the fact that the Commonwealth alleges Defendant performed as to

constitute Criminal Mischief as set forth in Count 25 of the Information.

That the above-requested items and information are material to the above-captioned case.

Respectfully submitted,

Copy to the D.A.

January 15, 1997

ARTHUR D. AGNELLINO
Attorney for Defendant

## ARTHUR D. AGNELLINO, ATTORNEY AT LAW
515 So. Main Street
Athens, Pennsylvania 18810
Telephone:(717) 888-6786

TO:   DISTRICT ATTORNEY            DATE: January 15, 1997
FROM: ARTHUR D. AGNELLINO          RE:   Ronald Baker

In compliance with the informal request provisions for pretrial discovery and inspection, Rule 305A, C.P.R., demand is made for the following information and material, Rules 305B(1) and 305B(2) (a-d), CPR.:

A.  Any evidence favorable to the accused which is material either to guilt or to punishment, and which is within the possession and/or control of the attorney for the Commonwealth;

B.  The defendant's prior criminal record, and defendant's driving record;

C.  The circumstances and results of any identification of the defendant by voice, photograph, or in person identification;

D.  Any tangible object, including videos, pictures, etc., or other tangible evidence; or tape recorded statements made by Defendant or the victim.

E.  The transcripts and recordings and notes of the officer prior to reducing these notes, transcripts and recordings into the officer's affidavit for probable cause;

F.  The notes and actual written statements of the victim and any witnesses that the Commonwealth intends to call as witnesses at trial.

G.  All police reports;

H.  All accident reports;

I.  List of all phone numbers and addresses of witnesses, eyewitnesses to the alleged crimes, and expert witnesses;

J.  Any and all photographs taken at the scene of the crime and all photographs otherwise relating to this case, and pictures of all automobiles involved;

K.  Any reports indicating Defendant's refusal to take a chemical test;

L.  Name and addresses of alleged hunters who were in the area allegedly target practicing a the

time of the crime, and are alleged to be eyewitnesses.

M.  Names and addresses of all persons interviewed by the District Attorney's Office, its investigators or agents, Sheriff's Department or State Police, or any other law enforcement agency known to the District Attorney or his representatives in relation to this case.

N.  Names and addresses of all witnesses having knowledge of the offense, including those who have ben interviewed by the District Attorney's Office.

O.  All written statements made by witnesses or any other persons, whether signed or unsigned, which relate to the case.  If no statements have been given then a summary of the testimony each witness is expected to give at trial.

P.  Results or reports of scientific tests, expert opinions and written or recorded reports prepared by the expert.

Q.  A complete medical record and report concerning the medical and psychological (if such care has been given) of Kimberly Benjamin, Chelsea Brenner and Richard Benjamin, or have the victim or victim's legal representative sign the attached release.

R.  The names and addresses of all health care providers, hospitals, doctors, and surgeons, who have provided medical and or psychological aid to Kimberly Benjamin, Chelsea Brenner and Richard Benjamin.

Respectfully submitted,

This request was served
on the D.A.'s Office on
the ___ day of January, 1997.

ARTHUR D. AGNELLINO
Attorney for Defendant

COMMONWEALTH OF PENNSYLVANIA     :     IN THE COURT OF COMMON PLEAS
                                 :
                    VS.          :     OF BRADFORD COUNTY, PENNSYLVANIA
                                 :
RONALD BAKER                     :     CRIMINAL ACTION (Law)
                                 :     Case No. 96 CR000716

## BRIEF IN SUPPORT OF MOTION FOR PRETRIAL DISCOVERY
## AND INSPECTION

### FACTS

The Defendant was arraigned on January 9, 1997, and a Request for Bill of Particulars was filed on January 15, 1997, along with a letter of Informal Request for Discovery, pursuant to Rule 305 of the Pennsylvania Rules of Criminal Procedure.

Prior to the filing of the Request for Bill of Particulars, Defense Counsel Agnellino and the District Attorney, Robert McGuiness, have had numerous discussions about the case and the disclosure of witnesses, statements, police reports, and accident reports pertaining to this matter.

Although it is believed by Attorney Agnellino that the statements and witness reports will be disclosed to him as per the District Attorney's statements, Attorney Agnellino has filed a motion for pretrial discovery under Rule 305 so as to have a timely filed motion; and in the event that any necessary evidence is not disclosed, that the defense will have a timely motion so as to seek an Order from the Court to compel discovery.

### LAW AND ARGUMENT

Rule 305(A), entitled *Informal Discovery*, places the burden upon either party to make a good faith effort to resolve all questions of discovery and provide information required or requested under the Rules as to which there is no dispute.

Attorney Agnellino and District Attorney Robert McGuiness have discussed the disclosure of various evidence, and it is believed by defense, that such disclosure will take place; however, due to the fact that there is a 14 day period in which a motion for pretrial discovery must be filed, unless there is leave by the Court for additional time, Defense Counsel Agnellino, in order to preserve the right to seek an Order to compel discovery, has filed this motion in a timely fashion.

Rule 305(B)(1), entitled *Mandatory Discovery*, places a burden upon the Commonwealth to disclose to defense attorney, any evidence favorable to the accused, which is material either to guilt or to punishment, and which is within the possession or control of the attorney for the Commonwealth, any written confession or inculpatory statement or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made, defendant's prior criminal record, any identification of

defendant by voice, photo or in person identification, results of reports of scientific tests, expert opinions, and written or recorded reports of polygraph examination or other physical or mental examinations of defendant, any tangible objects including document, photos, fingerprints or other tangible evidence, the transcripts and recordings of electrical surveillance and authority by which the said transcripts and recordings were obtained.

Defense Attorney Agnellino has requested the defendant's criminal record as well as defendant's driving record, since this is a driving related offense. Further, Defense has requested all photographs, police reports and accident reports pertaining to the accident in which the defendant is being charged with.

These items are essential to the defense so that an expert witness, such as a reconstruction expert can use this evidence to reconstruct the accident as it happened at the time in question.

Section 305(B)(2), which relates to evidence that is discretionary with the Court, holds that it is discretionary with the court to compel the Commonwealth to produce the names and addresses of eye witnesses, all written and recorded statements and substantially verbatim oral statements of eye witnesses the Commonwealth intends to call at trial, all written or recorded statements and substantially verbatim oral statements made by co-defendants and by co-conspirators, etc.; and any other evidence specifically identified by the Defendant, provided the Defendant can additionally establish that its disclosure would be in the interest of justice.

Defense Attorney Agnellino, has requested a list of all phone numbers and addresses of all witnesses and eyewitnesses to the alleged crime, and expert witnesses, any reports indicating that the defendant refused a chemical test, and result and reports of scientific tests, expert opinions, written or recorded reports prepared by an expert, and the complete medical record reports concerning the medical and psychological injuries to the victims, and the lists of doctors, hospital and surgeons, or psychologists that they have been seen by.

On the issue of the eye witnesses, it is imperative that the names and addresses of all eyewitnesses to this accident be produced by the Commonwealth because it is alleged by the Commonwealth in various discussions with District Attorney McGuiness that there were eye witnesses to the accident including apparently, hunters, who were target practicing in the woods at the time of the accident. These witnesses are imperative and indispensable witnesses because this reconstruction expert would need to speak with these witnesses so as to create an accurate reconstruction of the accident as it occurred, so that the jury will have an accurate reconstruction as triers of fact to review to determine the guilt or innocence of defendant.

Defense Attorney Agnellino has also requested the Commonwealth present any evidence of the Defendant refusing a chemical test and further present evidence of the scientific tests or the method of obtaining the blood test from the Defendant by the State Police. This is important so as to determine by a blood expert, whether or not the blood alcohol content of the Defendant at the time at which his blood was taken, is accurate and reflects the level of Defendant's blood alcohol content at the time of the accident.

Defense Attorney Agnellino further requests that the Court order the medical reports of the victims and/or their respective legal representatives sign necessary releases and provide a list of hospitals, doctors, surgeons, psychologists, etc, that they have been seen or treated by. This information is necessary to determine whether serious bodily injury has occurred to the victims. Serious bodily injury is an element of the crimes of Aggravated Assault, Injury or Death by Non-Licensed Driver, and Aggravated Assault by Motor Vehicle-DUI. Therefore, it is imperative that the Court compel discovery of these items, or in the alternative, compel the Commonwealth to have the victims or their legal representative sign the necessary releases and provide the necessary names and addresses and phone numbers of doctors, hospitals, surgeons, etc. that the victims have seen in reference to this matter.

**RESPECTFULLY SUBMITTED** this 21st day of January, 1997.

ARTHUR D. AGNELLINO, ESQ./Bar #65140
315 South Main Street
Athens, PA 18810
Telephone: (717) 888-6786

COMMONWEALTH OF PENNSYLVANIA       : IN THE COURT OF COMMON PLEAS

            VS.                : OF BRADFORD COUNTY, PENNSYLVANIA

Ronald Baker                 : NO. 96CR000716

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

**ANSWER TO INFORMAL REQUEST FOR PRE-TRIAL DISCOVERY AND INSPECTION PURSUANT TO PENNSYLVANIA RULES OF CRIMINAL PROCEDURE 305-A**

In compliance with the informal request provisions for Pre-trial Discovery and Inspection of the Pennsylvania Rules of Criminal Procedure Rule 305-A, the Commonwealth answers the Informal Request made by the Defendant to disclose to the Defendant certain information as set forth in the Informal Request as follows:

1. The following information and/or copies of information can be obtained from the Bradford County District Attorney's Office, Monday through Friday during the hours of 9:00 a.m. to 12:00 p.m. and 1:00 p.m. to 5:00 p.m.

(a) Any evidence favorable to the accused which is material to guilt or to punishment, and which is within the possession or control of the Attorney for the Commonwealth.

(b) Any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the persons to whom the confession or inculpatory statement was made, which is in the possession or control of the Attorney for the Commonwealth.

(c) The defendant's prior criminal record.

(d) The circumstances and results of any identification of the defendant by voice, photograph, or in-person identification.

(e) Results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examination of the defendant, which are within the possession or control of the Attorney for the Commonwealth.

(f) Any tangible objects, including documents, photographs, fingerprints, or other tangible evidence.

(G) The transcripts and recordings of any electronics surveillance, and the authority by which the said transcripts and recordings were obtained.

2. In the event that counsel for the defendant or the defendant requests items which are discretionary with the Court under Rule 305 B (2) an appointment will be arranged by the District Attorney's Office, if requested by counsel for the defendant or the defendant, for the purpose of discussing the defendant's request for the discovery of items which are discretionary with the Court.

Respectfully submitted,

_Bernette R. Abrams_

Attorney for the Commonwealth

#11

**COMMONWEALTH OF PENNSYLVANIA**                     : IN THE COURT OF COMMON PLEAS
                                                     : BRADFORD, PENNSYLVANIA
                        **VS.**        Jan 27  : :  : CRIMINAL DIVISION

**RONALD BAKER**                                     : ACTION NO. 96CR000716
: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :
                              **BILL OF PARTICULARS**

   Now comes Rosannette R. Abrams, Assistant District Attorney of Bradford
County and respectfully answers the Request for Bill of Particulars as follows:

   On or about September 29, 1996 in Bradford County, Pennsylvania, the
Defendant, was the driver of a vehicle and did cause an accident resulting
in injury or death of a person, namely, Kimberly Benjamin and whose operating
privilege at the time of the accident was canceled, recalled, revoked or
suspended (relating to revocation or suspension of operating privilege) and not
restored or who at the time of the accident had not been issued a valid driver's
license. The Defendant, was the driver of a vehicle and did cause an accident
resulting in injury or death of a person, Chelsea Brenner, and whose operating
privilege at the time of the accident was canceled, recalled, revoked or
suspended (relating to revocation or suspension of operating privilege) and not
restored or who at the time of the accident had not been issued a valid driver's
license. The Defendant, was the driver of a vehicle and did cause an accident
resulting in injury or death of a person, Richard Benjamin and whose operating
privilege at the time of the accident was canceled, recalled, revoked or
suspended (relating to revocation or suspension of operating privilege) and not
restored or who at the time of the accident had not been issued a valid driver's
license. The defendant drove, operated or was in actual physical control of the
movement of a vehicle, while under the influence of alcohol to a degree which
rendered the defendant incapable of safe driving, The defendant drove, operated
or was in actual physical control of the movement
of a vehicle while the amount of alcohol by weight in the blood of the person
was 0.10% or greater, the test amount being -.125%. The Defendant did attempt
to cause or intentionally, knowingly or recklessly did cause bodily injury to
Kimberly Benjamin. The Defendant negligently caused bodily injury to Kimberly
Benjamin with a deadly weapon. The Defendant did attempt to cause or
intentionally, knowingly or recklessly did cause bodily injury to Chelsea
Brenner. The defendant did negligently caused bodily injury to Chelsea Brenner,
with a deadly weapon. The Defendant recklessly engaged in conduct which placed
or may have placed Kimberly Benjamin in danger of death or serious bodily
injury. The Defendant recklessly engaged in conduct which placed or may have
placed Chelsea Brenner in danger of death or serious bodily injury. The
defendant recklessly engaged in conduct which placed or may have placed
Richard Benjamin, in danger of death or serious bodily injury. The defendant
recklessly engaged in conduct which placed or may have placed Richard Vanderpool
in danger of death or serious bodily injury. The defendant recklessly engaged
in conduct which placed or may have placed Fred Vanderpool, in danger of death
or serious bodily injury. The defendant did negligently cause serious bodily
injury to another person,
Chelsea Brenner as a result of a violation of section 3731 (relating to driving
under influence of alcohol or controlled substance) and shall be convicted of
violating section 3731 and the violation of section 3731 is the cause of the
injury to the victim. The Defendant did negligently cause serious bodily injury
to another person, Kimberly Benjamin as a result of a violation of section 3731
(relating to driving under influence of alcohol or controlled substance) and
shall be convicted of violating section 3731 and the violation of section 3731
is the cause of the injury to the victim. The Defendant recklessly engaged in

#12

Case 3:13-cv-00652-ARC   Document 36   Filed 02/15/17   Page 95 of 100

conduct which placed or may have placed ~Chris Ann, infant child of Kelly Place, in danger of death or serious bodily injury. The Defendant recklessly engaged in conduct which placed or may have placed Amy Parker, in danger of death or serious bodily injury. The Defendant recklessly engaged in conduct which placed or may have placed Kelly Place, in danger of death or serious bodily injury. The Defendant attempted to cause serious bodily injury to Kimberly Benjamin, or attempted to cause serious bodily injury to another, or caused such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. The defendant did attempt to cause, or intentionally or knowingly did cause bodily injury to Kimberly Benjamin, with a deadly weapon, namely, ~motor vehicle. The defendant did attempt to cause, or intentionally or knowingly did cause bodily injury to Chelsea Brenner, with a deadly weapon, namely, ~motor vehicle. The defendant attempted to cause serious bodily injury to Chelsea Brenner, or attempted to cause serious bodily injury to another, or caused such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. The defendant did intentionally or recklessly tamper with tangible property, a 1996 Hyundai Accent of another, Snorac, Inc. so as to endanger person or property. The defendant did intentionally or recklessly tamper with tangible property, 1989 Ford Tempo of another, Richard Benjamin so as to endanger person or property. The defendant operated a motor vehicle, upon a highway in this Commonwealth, at a time when said defendant's operating privileges were suspended, revoked or cancelled. The Defendant was convicted of a second or subsequent violation of one or more of the following motor vehicle offenses:

Section 1501(a); Section 1543; Section 3367; Section 3367; Section 3733; Section 3734; Section 3748.

The defendant drove a motor vehicle, upon a highway of this Commonwealth, without a valid license. The defendant drove an automobile or vehicle, upon a highway of this Commonwealth, in a willful or wanton disregard for the safety of persons or property. The defendant did drive a vehicle, on a public highway of this Commonwealth, in careless disregard for the safety of persons or property. The defendant drove a vehicle, on a highway of the Commonwealth, on the left side of the center or marked center line of the roadway in overtaking and passing another vehicle proceeding in the same direction and at such time the left side was not clearly visible and was not free of oncoming traffic for a sufficient distance ahead to permit the overtaking and passing to be completely made without interfering with the operation of any vehicle approaching from the opposite direction of any vehicle being overtaken; and further the defendant did not return to an authorized lane of travel as soon as practicable. The defendant drove a vehicle, on a public highway in this Commonwealth, and did meet a vehicle on said roadway proceeding in an opposite direction and at such time the defendant failed to give to the other vehicle at least one half of the main traveled portion of the roadway as nearly as possible. The defendant did drive a motor vehicle, upon a highway in this Commonwealth, a roadway where signs and markings are in a place to define a no-passing zone, as set forth in sub-section (a) of Section 3307, and the defendant did pass on the left side of the roadway within the no-passing zone. The defendant drove a motor vehicle, on a roadway divided into two or more clearly marked lanes for traffic and failed to drive his vehicle as nearly as practicable entirely within a single lane without having first ascertained that the movement can be made with safety.

Respectfully submitted,

*Rosanette R. Abram*

Attorney for the Commonwealth



Court Administration

| Mary Lou Vanderpool | Bradford County Courthouse | Robin L. Lehman |
| District Court Administrator | 301 Main Street | Deputy |
| | Towanda, PA 18848 | |
| | (717) 265-1707 FAX: (717) 265-1733 | |

2/03/97

**************************************

IN THE COURT OF COMMON PLEAS
OF BRADFORD COUNTY, PENNSYLVANIA

**************************************

COMMONWEALTH OF PA
VS.                              NO.   96CR000716
RONALD JAMES BAKER

: : : : : : : : : : : : : : : : : : : : : : : : : : :

TO: FILE COPY ONLY

Please be advised that you are directed to appear on 02/06/97 at

9:20 AM (#2) before the Honorable JOHN C. MOTT in Court Room

No. 2         of the Bradford County Courthouse, Towanda,

Pennsylvania, for a/an PLEA in the above

captioned matter.

Sincerely,

Mary Lou Vanderpool
District Court Administrator

MLV
CC:     Court file
        Defendant's Address:
        111 _____ ST.
        (BRADFORD CO. JAIL)
        _____, PA    18848
        COPIES OF THIS NOTICE WERE SENT TO:
        DISTRICT ATTORNEY          PROBATION
        RONALD JAMES BAKER
        ARTHUR D AGNELLINO

# 13



| Mary Lou Vanderpool | Bradford County Courthouse | Robin L. Lehman |
|---|---|---|
| District Court Administrator | 301 Main Street | Deputy |
| | Towanda, PA 18848 | |
| | (717) 265-1707 FAX: (717) 265-1733 | |

2/03/97

*****************************************

**IN THE COURT OF COMMON PLEAS
OF BRADFORD COUNTY, PENNSYLVANIA**

*****************************************

**COMMONWEALTH OF PA
VS.**                                    NO. 96CR000716
**RONALD JAMES BAKER**

: : : : : : : : : : : : : : : : : : : : : : : : :

TO: RONALD JAMES BAKER
519 SECOND ST.
(BRADFORD CO. JAIL)
TOWANDA,, PA          18848

Please be advised that you are directed to appear on 02/06/97 at

9:30 AM (#2) before the Honorable JOHN C. MOTT in Court Room

No. 2       of the Bradford County Courthouse, Towanda,

Pennsylvania, for a/an PLEA in the above

captioned matter.

                    Sincerely,

                    Mary Lou Vanderpool
                    District Court Administrator

MLV
CC:     Court file
        Defendant's Address:
        519 SECOND ST.
        (BRADFORD CO. JAIL)
        TOWANDA,, PA          18848
        COPIES OF THIS NOTICE WERE SENT TO:
        DISTRICT ATTORNEY            PROBATION
        RONALD JAMES BAKER
        ARTHUR D AGNELLINO

COMMONWEALTH OF PENNSYLVANIA  : IN THE COURT OF COMMON PLEAS

                    v.                      : BRADFORD COUNTY, PENNSYLVANIA

RONALD JAMES BAKER                 : NO. 96 CR 000716

:     :     :     :     :     :     :     :     :     :     :     :     :     :

# O R D E R

AND NOW, this 6th day of February, 1997, being the time and place

scheduled for a plea proceeding in the above captioned matter, and the Defendant having

elected to not enter a plea, the Court Administrator is directed to place this matter on the

next available criminal trial list.

BY THE COURT:

_____ J.

to
attn.: Court Administrator

#14



Mary Lou    anderpool
District Court Administrator

**Bradford County Courthouse**
301 Main Street
Towanda, PA 18848
(717) 265-1707 FAX: (717) 265-1733
2/07/97

Robin L. Lehman
Deputy

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**IN THE COURT OF COMMON PLEAS**
**OF BRADFORD COUNTY, PENNSYLVANIA**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

COMMONWEALTH OF PA       \*
          VS.         \*   NO.   96CR000716
RONALD JAMES BAKER       \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PRE-TRIAL CONFERENCE & TRIAL NOTICE**

TO: RONALD JAMES BAKER
     515 SECOND ST.
     (BRADFORD CO. JAIL)
     TOWANDA, PA       18848

Please be advised that the Court directs that the Defendant and his/her counsel shall appear for a pre-trial conference on 04/01/97 at 8:30 AM at the Bradford County Courthouse, Towanda, Pa.

If a plea agreement has been reached, defense shall be prepared to appear before the Court for entry of a plea immediately following the conference. If a plea is not entered on that day, the Court has indicated that this shall constitute sufficient grounds for the Court to reject any plea agreement.

If a plea is not entered on that date, be prepared to proceed to trial on APRIL 7, 1997, at 8:30 a.m.

                   Sincerely,
                   Mary Lou Vanderpool
                   District Court Administrator

      Address:
     ST., (BRADFORD CO. JAIL), TOWANDA,, PA
     OFFICIAL COURT FILE
        COPIES OF THIS NOTICE WERE SENT TO:
          DISTRICT ATTORNEY
          RONALD JAMES BAKER
          ARTHUR D AGNELLINO

X #15



**Court Administration**

Mary Lou Vanderpool
District Court Administrator

**Bradford County Courthouse**
301 Main Street
Towanda, PA 18848
(717) 265-1707 FAX: (717) 265-1733
2/04/97

Robin L. Lehman
Deputy

************************************
IN THE COURT OF COMMON PLEAS
OF BRADFORD COUNTY, PENNSYLVANIA
************************************

COMMONWEALTH OF PA        *
        VS.               *    NO.  96CR000716
RONALD JAMES BAKER        *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
PRE-TRIAL CONFERENCE & TRIAL NOTICE
TO: FILE COPY ONLY

          Please be advised that the Court directs that the Defendant and
his/her counsel shall appear for a pre-trial conference on
04/01/97 at 8:30 AM at the Bradford County Courthouse, Towanda, Pa.

          If a plea agreement has been reached, defense shall be
prepared to appear before the Court for entry of a plea immediately
following the conference.  If a plea is not entered on that day, the
Court has indicated that this shall constitute sufficient grounds for
the Court to reject any plea agreement.

          If a plea is not entered on that date, be prepared to
go to trial on APRIL 7, 1997, at 8:30 a.m.

                              Sincerely,
                              Mary Lou Vanderpool
                              District Court Administrator

          's Address:
        MAIN ST., (BRADFORD CO. JAIL), TOWANDA,, PA
cc: OFFICIAL COURT FILE
          COPIES OF THIS NOTICE WERE SENT TO:
               DISTRICT ATTORNEY
               RONALD JAMES BAKER
               ARTHUR D AGNELLINO