| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS |
| | : | |
| VS. | : | OF BRADFORD COUNTY, PENNSYLVANIA |
| | : | |
| RONALD BAKER | : | CRIMINAL ACTION (Law) |
| | : | Case No. 96 CR000716 |

## OMNIBUS PRETRIAL MOTION

**TO THE HONORABLE JUDGES OF THE ABOVE NAMED COURT:**

The application of the Defendant, Ronald Baker, by his Attorney, Arthur D. Agnellino, respectfully represents:

1. He is the Defendant in the above-captioned information.

2. He seeks the relief specified below, either in full or in the alternative, as provided by Pa.R.Crim.P. 306 and 323.

3. Since Petitioner's request for discovery is still being considered by the Commonwealth, and since additional investigation and preparation are necessary for this case, Petitioner reserves the right to file additional motions pursuant to Pa.R.Crim.P. 307.

### I.
### MOTION FOR DISCOVERY

4. On January 3, 1997, the Defendant was charged by Information filed in this Court with (33) Counts of various violations of the Commonwealth's Criminal Code and Motor Vehicle Code, arising from an alleged D.U.I. accident that Defendant was involved in on September 29, 1996.

5. The Defendant has made an informal request for discovery, and has not yet received the mandatory discovery under Pa.R.Crim.P. 305.

6. The Defense is specifically requesting that the Commonwealth be ordered to provide the defense with copies of all police and accident reports, including all witness statements and written interviews by the Commonwealth in reference to the accident, such as the statements of all passengers in Richard Vanderpool's automobile; all statements by David Shores, and all witness statements addressed below.

7. the Defendant is specifically requesting that the Commonwealth be ordered to provide copies of all pictures taken of all the automobiles involved; all pictures of the road and accident

#16

scene, and any other pictures taken by the Commonwealth in its investigation of the accident; or in the alternative, order copies at Defendant's expense, and pictures of the victim's injuries it intends to use at trial.

8.    The Defendant is specifically requesting that the Commonwealth provide the Defendant with the name, addresses, and phone numbers of all experts it intends to call and a copy of all experts it intends to call, and a copy of any  scientific test, expert opinions and written or recorded reports prepared by the expert.

**WHEREFORE,** Defendant moves this Court for such discovery.

## COUNT II.
### Motion for Discretionary Discovery

9.   Defendant realleges and incorporates Paragraphs 1 through 8 above.

10.   The Defense specifically requests the names, addresses of eye witnesses and all written or recorded statements, and substantially verbatim oral statements of eye witnesses the Commonwealth intends to call at trial.

## COUNT III
### Motion to Quash

11.   Defendant realleges and incorporates Paragraphs 1 through 8 above.

12.   The Defendant moves this Court for an Order to Quash the following Counts: Counts 3, 7, 9, 13, 14, 17, 18, 19, 21, 22, 24, and 25 of the Indictment, based upon the fact that the Commonwealth has failed to prove a prima facie case at the preliminary hearing that these crimes took place; and that a number of these charges were not in the original Complaint, and are thus either not related to the original charges, involve the element of surprise, and impairs substantially Defendant's right to anticipate the prosecutor's proof.

**WHEREFORE,** Defendant moves for an Order to Quash the Information as to the above charges.

## COUNT IV
### Motion to Suppress Evidence

13.   Defendant realleges and incorporates Paragraphs 1 through 12 above.

14.   The arresting officer failed to request the medical personnel at Memorial Hospital to draw Defendant's blood for blood alcohol testing, and by doing so, any subsequent request for Defendant's medical records and blood alcohol testing must be suppressed, and an illegal

search and seizure.

**WHEREFORE,** Defendant moves the Court for a Suppression Order.

## COUNT V.
### Appointment of Expert Witnesses and Investigator

15.  Defendant realleges and incorporates Paragraphs 1 through 14 above.

16.  The Defendant has no sufficient funds to employ expert witnesses and investigators to assist in the preparation of the case.

17.  The Defendant will need the assistance of an investigator to collect necessary information for the expert witnesses who will need to reconstruct the accident and the other, to be a forensic expert on blood.

**WHEREFORE,** Defendant moves the Court for appointment of expert witnesses and investigator.

## COUNT IV.
### Motion to Disqualify District Attorney

18.  Defendant realleges and incorporates Paragraphs 1 through 17 above.

19.  The Defendant has previously been represented by Robert McGuinness, Esquire, currently District Attorney for Bradford County.

20.  Previous representation as defense counsel is in conflict with prosecution of the Defendant.

21.  Mr. McGuinness would be privy to confidential information regarding the Defendant, arising from his prior representations.

**WHEREFORE,** Defendant requests the appointment of a Special Prosecutor and disqualify the District Attorney.

## COUNT VII

### Motion for Leave to File a Prepared Jury Questionnaire

22.  Defendant realleges and incorporates Paragraphs 1 through 21 above.

23.  Defendant has a right to background information of jurors.

24. Defendant requests leave for Defense to prepare proposed jury questionnaire.

**WHEREFORE,** Defendant prays for the relief sought above.

### COUNT VIII.
### Motion to Dismiss - Diminins

25. Defendant realleges and incorporates Paragraphs 1 through 24 above.

26. Count 20 and Count 23 of the Information are entitled "Aggravated Assault", these charges, although a crime, cannot be applied in this case because neither the Legislature or the Court intended such charges to be alleged in D.U.I. cases of this kind.

**WHEREFORE,** Defendant request that this Court dismiss these Counts.

### COUNT IX.
### Motion to Suppress Prior Driving Record.

27. Defendant realleges and incorporates Paragraphs 1 through 26 above.

28. The Commonwealth has obtained a certified copy of Defendant's driving record.

29. The record, with the exception as to the current suspension that defendant is under, is irrelevant and highly prejudicial if allowed to be viewed by the jury.

30. Defendant contends that it does not fall under any of the exceptions for allowing such information in, under Pennsylvania case law and Rules of Evidence.

**WHEREFORE,** Defendant requests the Court suppress or exclude Defendant's prior driving record.

### COUNT X.
### Motion to Exclude Prior Criminal Record.

31. Defendant realleges and incorporates Paragraphs 1 through 30 above.

32. Defendant has an extensive criminal record with at least one crime of dishonesty.

33. Defendant's criminal record does not fall within any of the known exceptions such as motive, intent, absence of mistake, accident, common scheme or plan.

34. Defendant's robbery crime is not admissible for impeachment because it is over 10 years old.

**WHEREFORE,** Defendant moves this Court to exclude his criminal record.

OMNIBUS PRETRIAL MOTION

## COUNT XI.
### Motion to Exclude Physical Evidence

35. Defendant realleges and incorporates Paragraphs 1 through 34 above.

36. Defendant at the time of the accident, was found with having been in the car.

37. Defendant didn't own the car nor is there any proof that he drank the beer.

38. The probative value of allowing the beer cans into evidence is outweighed by its undue prejudice.

WHEREFORE, Defendant moves the Court to exclude the physical evidence stated above.

RESPECTFULLY SUBMITTED this ___7___ day of ___January___, 1997.

ARTHUR D. AGNELLINO, ESQ./Bar#65140
515 South Main Street
Athens, PA 18810
Telephone: (717) 888-6786

COMMONWEALTH OF PENNSYLVANIA　　　:　　IN THE COURT OF COMMON PLEAS

　　　　　　　　　VS.　　　　　　　　　　　　:　　OF BRADFORD COUNTY, PENNSYLVANIA

　　　　　　　　　　　　　　　　　　　　　　　　:
RONALD BAKER　　　　　　　　　　　　　:　　CRIMINAL ACTION (Law)
　　　　　　　　　　　　　　　　　　　　　　　　:　　Case No. 96 CR000716

## BRIEF IN SUPPORT OF OMNIBUS PRETRIAL MOTION

### ARGUMENT I.
### MANDATORY DISCOVERY

Pa.R.Crim.P. 305(B) provides for mandatory and discretionary discovery by the Commonwealth. While the Defendant believes that all discovery issues can be resolved without intervention from the Court, the Defendant is also protecting his right to discovery by filing this motion.

Further, the Defendant is making a continuing request for discovery at this time.

Defendant specifically requests all pictures or supply Defendant with copies of all pictures of the automobiles involved in this incident; all pictures of the accident site taken by the police; copies of all statements taken by the police of Richard Vanderpool, and all passengers in his automobile, and all statements of David Shores.

Defendant requests all names and addresses of the Commonwealth's expert witnesses and copies of all reports prepared by them.

### ARGUMENT II.
### DISCRETIONARY DISCOVERY

Pa.Crim.P. 305 (B)(2), provides that the Defendant, if he files a motion for pretrial discovery, the Court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph:

1. Names, addresses of eye witnesses;

2. All written or recorded statements and substantially verbatim oral statements of eyewitnesses the Commonwealth intends to call at trial (sic).

Defendant requests the names, addresses and statements of all eyewitnesses. This is a case that will involve the need of a reconstructionist, and in order for the accident

reconstructionist  to recreate the accident, Defendant needs the names of all the eyewitnesses.

## ARGUMENT III
## MOTION TO QUASH

Defendant requests the Court to quash Count 3 of the Information "Accident Involving Death/Injury and Not Licensed (M-2), involving Richard Benjamin, because it is a necessary element of the crime for there to be some form of injury to the person that was involved in the accident.  At the preliminary hearing, the child's mother, Kimberly Benjamin, testified under oath that the child, Richard Benjamin did not sustain injury.  The Commonwealth had failed to produce a prima facia case on this charge at the preliminary hearing and should not be allowed to proceed to trial on it.

Defendant requests that the Court quash the Information concerning Counts 13, 14, 17, 18, and 19, which relates to reckless endangerment of Richard Vanderpool and all of the parties in his car.  At the preliminary hearing, the Court did not bound this charge over based upon the fact that the Commonwealth failed to prove a prima facia case as to reckless endangerment to the parties in the Vanderpool car.

Defendant requests Counts 7 and 9, of the Information concerning simple assault with a deadly weapon, Counts 21 and 22 - aggravated assault deadly weapon, and Counts 24 and 25, criminal mischief be quashed.  These charges were not in the original Complaint filed with the District Magistrates's court.  Defendant had not had the opportunity to challenge the sufficiency of evidence of these charges in order to obtain a find if there was evidence to support a prima facia case.

A Defendant cannot be required to answer charges different from or unrelated to the ones which he was arrested and held to bail.  Commonwealth v. Jacobs, 640 a.2D 1326 (1994).

It is well established that an Information is in error when it could mislead the Defendant or involves an element of surprise prejudicial to the Defendant's efforts to prepare his defense, or precludes the Defendant from anticipating the prosecutor's proof or impairs a substantial right.  Commonwealth v. McIntosh, 476 A.2d 1316 (1984).

In this case, by adding the additional charges after the preliminary hearing, Defendant was precluded form challenging the prosecutor's proof and having a court determine if these charges can in fact be applied to this case.

## ARGUMENT IV
## MOTION TO SUPPRESS EVIDENCE

On September 29, 1996, the day of the  accident, Defendant was transported by ambulance from the accident scene to the Memorial Hospital in Towanda, Pennsylvania.

Trooper Christopher Wegreynowicz, investigating officer, observed empty and full beer cans near the Defendant's vehicle, and interviewed Trooper Gary Stevens and Mike Thiem, a paramedic, for Towanda Hospital. Both men said they observed an odor of alcohol from Defendant.

Trooper Wegreynowicz went to Memorial Hospital and observed the Defendant, but was unable to speak to him because he was being cared for by the trauma team. Officer Wegreynowicz did not request the medical personnel to draw blood for BAC testing.

On October 2, 1996, three (3) days after the accident, Trooper Wegreynowicz requested the BAC results of Defendant from Memorial Hospital's medical reports. The Trooper never requested the medical personnel to draw blood for BAC testing at t he time he was at the hospital when Defendant was admitted on September 29, 1996, nor did he obtain a warrant for the blood. Because he did not transport, or accompany Defendant to the hospital, the hospital personnel, pursuant to 75 Pa.C.S.A. 3755(A) was not requested to draw blood for the purpose of criminal prosecution.

The Defendant contends that this failure by Trooper Wegreynowicz to comply with the requirements of 75 Pa.C.S.A. 3755(A) results in securing the blood alcohol test without a search warrant as required by Article I §8, of the Pennsylvania Constitution.

The Fourth Amendment to the U.S. Constitution provides that the right of the people to be secure in their persons, houses, paper, and effects, against unreasonable searches and seizures, shall not be violated. No warrants shall issue but upon probable cause. U.S. Constitution Amendment IV.

The Fourth Amendment applies to the states by virtue of the Fourteenth Amendment of the Federal Constitution. N.J. v. T.L.O., 469 U.S. 325, 334 (1985).

In the instant case, the search occurred when the hospital personnel took blood samples to facilitate medical treatment. This search did not implicate the Defendant's Fourth Amendment Rights because the hospital drew blood on its own initiative for its own specific purposes. Comm. v. Franz, 634 A.2d 662, 663 (1993).

The second search occurred when Trooper Wegreynowicz obtained the results of Defendant's BAC test by submitting a written request for the results.

The hospital by complying with the officer's request, acted as an agent of the Government. Comm. v. Riedel, 651 A.2d 135, 138 (1994). The purpose of the search was to obtain the Defendant's blood test results for use in his subsequent prosecution, the police initiated the search, and the Commonwealth ratified the search by intending to use the test results at trial, thereby implicating the Defendant's Fourth Amendment rights.

75 Pa.C.S.A. 1547, known as the 'Implied Consent Law', states:

**A) General Rule** - Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1)  While under the influence of alcohol or a controlled substance or both;

or

(2)  which was involved in an  accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or  was killed.....

The 'reasonable grounds' requirement has been interpreted to require probable cause. **Comm. v. Clark**, 499 A.2d 317, 322 (1985).

Together, these sections comprise a statutory scheme that implies the consent of a driver to undergo chemical blood testing under particular circumstances.

A police officer may request that emergency room personnel take blood samples for testing from a person who requires medical treatment when probable cause exists to believe that the person was operating a vehicle under the influence of alcohol.  75 Pa.C.S.A. 3755(A). When such a request is made, the hospital personnel have an affirmative duty to obtain the blood samples and to transmit them for blood alcohol content testing.

The test results are released upon request of the person tested, his attorney, his physician or government officials or agencies.  When a police officer fails to follow this procedure and fails to request the blood samples be drawn, the statute does not authorize the officer to obtain medical records of a person suspected of operating a motor vehicle under the influence of alcohol.  **Comm. v. Shaw** 655 A.2d 1024, 1027 (1995).

In this case, Trooper Wegreynowicz failed to request the medical personnel to draw Defendant's blood when he was brought to the hospital.  Instead, he waited three (3) days after, and requested the Defendant's medical records for the BAC test results.  This action violated the procedure set forth above, and therefore, created an unlawful search of Defendant's blood alcohol test results, and thus, the results must be suppressed.

## ARGUMENT V.
### APPOINTMENT OF EXPERT WITNESS AND PRIVATE INVESTIGATOR

Under Pa.R.Crim.P. 317, the defendant may request assignment of counsel if he does not have sufficient funds to employ counsel. Counsel may if counsel feels it essential, ask the court for authority to appoint an investigator and expert to aid in the defendant's defense. The propriety of such a request is left to the sound discretion of the trial court. Commonwealth v. Gelorm, 475 a.2D 765 (1985).

Although Defense Counsel has been retained by Defendant's family, the Defendant is indigent, has no savings, income and has been incarcerated for over 4 months. This is a case in which Defendant is facing up to 103 years in prison, if convicted on all Counts. Further, it is a case that will need the assistance of an accident reconstruction expert to reconstruct the accident so as to determine the cause of the accident. Further Defense Counsel needs the assistance of a private investigator to assist in the interviewing of witnesses and gathering of essential evidence to prepare a defense, and to aid the expert in his or her reconstruction of the accident.

Defense Counsel has spoken to Mr. Roger Brown, a local private investigator, who is willing to assist in the case, and has spoken to Mr. Steven Riechert, a reconstruction expert, and former Pennsylvania State Trooper. Defense Counsel requests that the Court grant the appointment of the above parties and provide funds for their work in this case as well as for funds for a forensic pathologist if the Court determines not to suppress Defendant's blood.

## ARGUMENT VI.
### DISQUALIFICATION OF DISTRICT ATTORNEY

Rule 1.9 of the Rules of Professional Conduct states:

A lawyer who has formerly represented a client in a matter shall not thereafter:

A) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interest of the former client unless the former client consents after a full disclosure of the circumstances and consultation;

or

B) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when information has become generally known.

The Bradford County District Attorney has represented the Defendant in other criminal matters. All criminal matters are substantially related matters because at sentencing if Defendant is convicted, the court takes into account the Defendant's prior criminal record, thus one criminal matter is substantially related to the next criminal action that Defendant faces.

Further, the Court is allowed to review all relevant factors at sentencing. How can the Court or Defense Counsel distinguish between what is in the mind of the District Attorney or how he obtained that knowledge when at sentencing he makes arguments for a particular sentence based upon knowledge that he otherwise learned as Defendant's attorney? This is tantamount to dropping a blot of ink into a glass of milk, and ask one to separate and seek out the element once mixed.

During the trial, the District Attorney would have a wealth of prior knowledge that he could take advantage of if Defendant takes the stand, such as using other crimes, acts and evidence to impeach the witness, some of these acts that he could use may arise only from prior representation, and some of the prior crimes which the District Attorney could have taken from Defendant's record could be exploited in more detail because the District Attorney has prior knowledge.

It is no secret that the District Attorney is seeking to make an example out of Defendant, and has file a 33 Count Information on an alleged Aggravated Assault by Motor Vehicle DUI case, which if his former client is convicted of all counts, could put him in prison for a total of 106 years.

Rule 1.9 is not just a conflict of interest rule, but is a blanket prohibition against representing former clients especially in criminal cases where so much of one's prior criminal history can be used at trial, sentencing and bail.

At the bail hearing in this case, bail was set for $150,000.00. The District Attorney stated that the Defendant has been a fugitive from justice at least half a dozen times, and has a criminal record of hurting people. The Defendant has informed Counsel that only once was he extradited back to Pennsylvania on a criminal charge, and his record basically consists of fist fights, not that of the aggravated nature.

Although Pennsylvania has abandoned the old cannons or ethics, Rule 1.9 of the Pa. Rules of Professional Conduct is akin to the old ethic Canon 9, which provides that a lawyer should avoid even the *appearance of professional impropriety*.

In this case, because prior and future criminal cases of a Defendant are substantially related, there can be no mistaking that to once represent a criminal defendant as his defense counsel, and then prosecute the same defendant reeks of impropriety.

Rule 1.6 of the Pa. rules of Professional Conduct states:

(a)  A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c).

(b)  A lawyer shall reveal such information if necessary to comply with the duties stated in Rule 3.3.

(c)  A lawyer  may reveal such information to the extent that the lawyer reasonably believes necessary:

> (1)   to prevent the client from committing a criminal act that tthe lawyer believes is likely to result in death or substantial bodily harm or substantial injury to the financial interests or property of another;

> (2)  to prevent or to rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services are being or had been used; or

> (3)  to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil ...

> In addition to these provisions, a lawyer may be obligated or permitted by other provisions of law to give information about a client.  Whether another provision of law supersedes Rule 1.6 is a matter of interpretation beyond the scope of these Rules, but a presumption should exist against such a supersession.

> **Former Client**

> The duty of confidentiality continues after the client-lawyer relationship has terminated.

The principle of confidentiality is enlarged in several respects under the Rules:

First, the confidentiality requirement applies to all information about the client relating to representation.  Thus, Rule 1.6 imposes confidentiality on information relating to the

representation even if it is acquired before or after the relationship existed.  It does not require the client to indicate information that is to be confidential.

The privilege is strictly that of the client's.  A lawyer cannot disclose "confidences" unless the client first expressly consent after disclosure.

Therefore, the Court has before it the question of how can the Court prevent the disclosure of information that the District Attorney has learned from the Defendant, his former client, who would be able to use to his advantage against the client, and which the District Attorney has shown that he has already used against his former client at Defendant's bail hearing, and could use such knowledge gleaned from his former client at trial and sentencing. the only solution to this obvious "appearance of impropriety" and to protect the Defendant is for the Court to order the District Attorney to recuse himself on the basis of the law stated above.

## ARGUMENT VII.
## LEAVE TO FILE A PREPARED JURY QUESTIONNAIRE

Defendant has a right to background information about prospective jurors which might furnish the motions to strike for cause based on lack of impartiality.  U.S. v. Segal, 534, F.2d 578 (CA.3, 1976) see also U.S. V. McDonnell, 573 F.2d 165 (1978).

Since the case at bar is a high profile case that has been in the headlines of the local papers, Defendant seeks leave to submit a jury questionnaire and have the Court submit it to all potential jurors in this case so the Defendant can be assured that he has on open minded jury.

## ARGUMENT VIII
## MOTION TO DISMISS - DE MINIMIS INFRACTIONS

Counts 20 and 23, Aggravated Assault against Kimberly Benjamin Chelsea Brenner should be dismissed by this Court for lack of the requisite Mens Rea.

A person is guilty of aggravated assault if he:

>    (1) Attempts to cause serious bodily injury to another or causes
>    such injury intentionally, knowingly or recklessly under
>    circumstances manifesting extreme indifference to the value of
>    human life.  18 Pa.C.S. 2701.

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct.....its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the acto's situation. 18 Pa.C.S.A. 302(B)(3).

More recklessness is insufficient to support a conviction for aggravated assault which

requires a higher degree of culpability; ie: that which considers and then disregards the threat unnecessarily posed to human life by the offending conduct.

There must be an element of deliberation or conscious disregard of danger not present to the same extent in e.g. either reckless endangerment, or driving while intoxicated. Commonwealth v. O'Hanlon, 653 A.2d 616 (1995).

For the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assures that injury or death will ensue. The recklessness must, therefore, be such that life threatening injury is essentially certain to occur.

This state of mind is accordingly equivalent to that which seeks to cause injury. Examples of such behavior make the distinction clear. Commonwealth v. Daniels, 354 A.2d 538 (1976). defendant fired a gun into a crowd; Commonwealth v. Laing, 456 A.2d 204 (1983) defendant drove his car into a crowd.

In each of these instances the defendants could reasonable anticipate that serious bodily injury or death would be the likely and logical consequence of his action and ignored it.

By contrast, however, if it is proven that Defendant Ronald Baker drove while intoxicated, serendipity, without intention, placed the victim Kim Benjamin and Chelsea Brenner in his path when he drove on the wrong side of the road. The mens rea in such circumstances does not rise to the level of aggravated assault.

It has been alleged by the District Attorney's Office that the Defendant spoke of committing suicide that day. Even if this was true, which the Defendant does not construe in any way to be true, it would be far-fetched to believe that Defendant, when he attempted to pass on the road in question, knew that a car driven by Kimberly Benjamin was coming in the opposite direction when neither Defendant nor Kimberly Benjamin could even see each other's vehicles until moments before impact, because of the sharp curve in the road.

Counts 21 and 22, Aggravated Assault - Deadly Weapon should be dismissed based upon the lack of Mens Rea stated above, in that mere operation of a motor vehicle does not raise ones culpability to the degree necessary for Aggravated Assault to occur when there is no showing of one's ignorance to anticipate serious bodily injury or death. Commonwealth v. O'Hanlon, Supra at 618. Likewise in order for an object to be considered a deadly weapon under the Crimes Code it must:

Be any firearm, whether loaded or unloaded or any device designed as a weapon and capable of producing death or serious bodily injury or any other device or instrumentality which in the manner in which it is used, or intended to be used, is calculated or likely to produce death or serious bodily injury. 18 Pa.C.S.A. 2301.

A deadly weapon need not be an inherently lethal instrument or device, **Commonwealth v. McCullum**, 602 A.2d 313 (1992).

An automobile is not, when used properly, inherently dangerous, it is evident that the manner of use makes it a deadly weapon. There must be a showing of the requisite culpability to prove the vehicle was used as a weapon. **Commonwealth v. Thomas**, 656 A.2d 514 (1995).

Kinds of culpability defined:

> **A person acts knowingly with respect to a material element of an offense when**
>
> **(i)  if the elements involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and**
>
> **(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.  18 Pa.C.S.A. 302 (B)(2).**

Certainly the Defendant in attempting to pass another car and by failing to see another oncoming car in the opposite direction when the accident occurred, did not posses the necessary culpability as defined above to be aware that an accident and injury was practically certain to occur by his conduct in contrast to cases where as aforementioned, defendant used his car to drive into a crowd. **Commonwealth v. Laing**, 456 A.2d 204 (1983) or **Commonwealth v. Scofield**, 521 A.2d 40    (1987) where defendant drove at a pedestrian; and **Commonwealth v. Thomas**, 656 A.2d 514, where defendant in a high speed chase, crashed through a playground and ran over children in an attempt to escape.

In the case at bar, Defendant is only negligent of passing another vehicle and hitting an oncoming car. He did not intend the use of his vehicle to be an instrument to hurt someone, but simply was involved in an accident.

To allow every automobile accident to cause the driver to be accused of having a deadly weapon is outrightly against public policy.

Defendant requests Count 24 and 25 of the Information, entitled **Criminal Mischief - Endanger Person or Property.**

**Criminal Mischief is defined:**

**(A) Offense defined.  A person is guilty of criminal mischief if he:**

> **(2)  intentionally or recklessly tampers with tangible property of**

another so as to endanger person or property....18 Pa.C.S.A. 3304.

The statute in question requires intent to tamper with property so as to place a person or property in danger.

The culpable mental states elemental to the commission of the instant offense states:

(B)  Kinds of culpability defined:

(1)  A person acts intentional with respect to a material element of an offense when:

(i)  If the element involves the nature of his conduct or a result thereof, it is his <u>conscious object</u> to engage in conduct of that nature or to cause such a result; and

(ii)  if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

(3)  A person acts recklessly with respect to a material element of an offense when he <u>consciously disregards a substantial and justifiable risk</u> that the material element exists or will result from his conduct. <u>The risk must be of such a nature and degree that, considering</u> the nature and intent of the actor's conduct and circumstances known to him, its disregard involves a <u>gross deviation</u> from the standard of conduct that a reasonable person would observe in the actor's situation. 18 Pa.C.S.A. 302.

Hence, if Defendant were criminally motivated in damaging the two automobile in Counts 24 and 25, the Commonwealth would have to prove that the nature of his conduct was to consciously cause the result. The statute here in question seeks to guard against, ie, tampering with tangible property of another with the intent to place person or property in danger.

The police reports and testimony at the preliminary hearing did not establish that Defendant's actions in this case was intentional, but simply that he is to have allegedly caused an incident by passing on a road while allegedly under the influence of alcohol..

The statute in question requires intent to tamper with property so as to place a person or persons or property in danger.

Defendant's alleged negligent driving did not elevate him to a point of intending to tamper with the said property. Therefore, the Court must next consider whether the Defendant's

conduct was reckless.   This means the Commonwealth must demonstrate that Defendant disregarded an unjustifiable and substantial risk that his conduct would produce the intended result.

to do this there must be a showing of a gross deviation from the standard of conduct of a reasonable person in Defendant's situation. Since Defendant's conduct did not cause the harm which the statute seeks to protect against, it logically follows that risk which Defendant is assumed to have disregarded is equally non-existent.

Lastly, these charges must be dismissed on the based of being *De Minimis*.   When De Minimis Infractions exist, the court should dismiss a prosecution if having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant

> (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did  so only to an extent too trivial to  warrant condemnation or conviction.

A car accident involving a defendant who has no intent nor acted recklessly to cause the result of the crime as it is defined must be dismissed by the court as being a demininis infraction.

## ARGUMENT IX.
## MOTION TO SUPPRESS PRIOR DRIVING RECORD

The Commonwealth has obtained a certified driving record of Defendant from the Pennsylvania Department of Transportation, Bureau of Driver Licensing.

The Commonwealth has advised Defendant that they intend to request the admission into evidence of that driving record.

Evidence of other crimes, wrongs or acts is not admissible to prove the Defendant's propensity for such conduct.  Commonwealth v. Jones, 454 A.2d 8, 11, (1982).  (Defendant will stipulate that on the day in question his driver's license was suspended).

The general rule in Pennsylvania is that evidence of other crimes, wrongs or acts, is not admissible to prove the  actor's propensity or character for such conduct.  Commonwealth v. Zettlemoyer, 454 A.2d 937 (1992).

In a criminal case, evidence of prior crimes may not be admitted to show that the Defendant is a "bad Man" or has a criminal disposition.  Commonwealth v. Jones, 454 A.2d 8, 11 (1982).  Therefore, the Defendant's prior driving record is not admissible evidence.

Evidence of other crimes, wrongs or acts  may be admissible for other purposes.

<u>Commonwealth v. Morris</u>, 525 .2d 715 (1981).

Pennsylvania courts have established five exceptions to the general rule excluding evidence of other crimes, wrongs or acts. The courts traditionally held that such evidence may be admissible if relevant to show motive, intent or knowledge, absence of motive, intent or knowledge, absence of mistake or accident, common scheme or plan or identity. <u>Commonwealth v. Morris</u>, 425 A.2d 715 (1981). When evidence is relevant and important to one of these five issues, it is generally conceded that the prejudicial effect may be outweighed by the probative value. <u>Commonwealth v. Peterson</u>, 307 w.2D 264, 269-70 (1973).

In <u>Commonwealth v. Spunill</u>, 391 A.2d 1048 (1978), the court expressed reluctance to accept additional exceptions to the Rule of Exclusion. The use of defendant's prior driving record fall under none of th exceptions outlined above.

The only part of the Defendant's driving record that is relevant wold be the suspension that he was under at the time of the accident and Defendant is wiling to stipulate that he was driving while suspended.

Therefore, this Honorable Court must suppress the use of that prior driving record against Defendant.

**ARGUMENT X.**
**MOTION TO EXCLUDE PRIOR CRIMINAL RECORD**

The Defendant has numerous criminal convictions, non of which involves crimes of dishonesty with the exception of possibly robbery. The robber charge dates back to 1982.

The court must limit the use of prior convictions to crimes involving dishonest or false statement. <u>Commonwealth v. Bigham</u>, 307 A.2d at 262, for purposes of impeaching a witness.

The Supreme Court of Pennsylvania later added to this Rule in the case of <u>Commonwealth v. Randall</u>, 528 A.2d 1326, Pennsylvania's equivalent of Federal Rule of Evidence 609(A)(1)(2), that allows for the Court to exclude prior crimes of dishonesty where a period of more than 10 years has lapsed since the date of conviction or of the release of the witness from the confinement imposed for that conviction, whatever is the latter date, unless the court determines int he interest of justice, that the probative value of the conviction supported by the specific facts and circumstances substantially outweighs its prejudicial effect.

In the case at bar, it would be in direct violation of the Randall case and Federal Rule of Evidence 609(A)(1)(2) if the Defendant decides to testify and the District Attorney attempts to impeach by using his prior record of robbery because the crime is over 10 years old, and there is no substantial basis for permitting such examination by the District Attorney.

Further, for the reasons stated in the preceding argument, the Court should exclude the entire criminal record for lack of motive, intent, absence of mistake or accident, common scheme and plan.

## ARGUMENT XI.
## EXCLUDE BEER CANS IN DEFENDANT'S AUTOMOBILE

At the time of the accident, the police report stated that there were full and empty beer cans in Defendant's car. Defendant does not own the car it was leased by a ladyfriend of Defendant's whom he does not live with.

There was no proof shown at the preliminary hearing, nor is there any independent proof that the automobile belongs to the Defendant. To allow this evidence that beer cans were in Defendant's car would be highly prejudicial because the Commonwealth cannot lay proper foundation to show how the cans are relevant to its case. If the car was owned by Defendant and he bought the cans and carried them into the car or if the Commonwealth had witnesses that Defendant drank beer that day from those cans, there may be a causal link for their admissibility. The Commonwealth has even made reference that Defendant stole the car on the day in question; thereby, by the Commonwealth's own admission, Defendant had no ownership or control of the car. Of course, the defense does not in any way concede to this theory that the car was stolen.

The trial court has discretion to exclude relevant and otherwise competent evidence if it has certain negative characteristics. Commonwealth v. Ulatoski, 371 A.2d 186, 191 (1977).

In Dunn Mining Co. v. Industrial Fuels Corp., 473 A.2d 584 (1984), the Superior Court stated:

> A trial court may properly exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusio of issues or misleading the jury.

Certainly, empty and full beer cans in a car not owned by the defendant who was working on the car for his lady friend, who he does not live with, and furthermore, no showing by the Commonwealth that Defendant was drinking beer in the car, is highly prejudicial and the probative value of the evidence is outweighed by unfair prejudice.

In Commonwealth v. Hickman, 309 A.2d 564 (1973), the Pennsylvania Supreme Court stated that evidence that two bullets in a gun ships trap were fired by the same gun that killed the homicide victim was irrelevant even though the defendant's gun had been fired into the trap. The evidence was irrelevant because the trap contained 10 years worth of bullets and the Commonwealth did not establish that these two came from Defendant's gun.

The same case exists here; the Commonwealth cannot establish that the empty beer cans

were drank by the Defendant at any time on the day in question or that they were Defendant's cans.

Wherefore, Defendant requests that all evidence pertaining to the beer cans be excluded.

RESPECTFULLY SUBMITTED this ___3rd___ day of ___January___, 1997.

_____
ARTHUR D. AGNELLINO, ESQ./Bar#65140
515 South Main Street
Athens, PA 18810
Telephone: (717) 888-6786

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| VS. | : | OF BRADFORD COUNTY, PENNSYLVANIA |
| RONALD BAKER | : | CRIMINAL ACTION (Law) |
| | : | Case No. 96 CR000716 |

## MOTION FOR HEARING

AND NOW, this ___13th___ day of February, 1997, Attorney for the Defendant, Arthur D. Agnellino, moves this Honorable Court to set a date, time and place for a hearing on the within matter.  Counsel requests (2) two hours for the hearing.

DATED this ___2nd___ day of ___January___, 1997.

ARTHUR D. AGNELLINO, ESQ./Bar#65140
515 South Main Street
Athens, PA 18810
Telephone: (717) 888-6786

## ORDER

AND NOW, this ___13th___ day of ___February___ 1997, the Court hereby sets the ___11th___ day of ___April___, 1997, at ___1:00___ m., in Courtroom No. ___2___, as the time and place of hearing in the issues of the within matter concerning Defendant's Omnibus motion.  The Court schedules ___2___ hours for the hearing.

BY THE COURT:

_____ J.

#17

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| VS. | : | OF BRADFORD COUNTY, PENNSYLVANIA |
| RONALD BAKER | : | CRIMINAL ACTION (Law)<br>Case No. 96 CR000716 |

## MOTION FOR TRANSCRIPT OF PRELIMINARY HEARING

COMES NOW, the Defendant, by and through his attorney, Arthur D. Agnellino, and moves this Court for an Order directing the District Court of Towanda to transmit a tape of the Defendant's preliminary hearing to the Court to transcribe.

1. The Defendant was charged by Complaint with numerous counts involving an alleged D.U.I. on September 29, 1996.

2. On December 10, 1996, a preliminary hearing was held before District Magistrate James Powell in his Courtroom in Towanda.

3. Defendant has recently filed an Omnibus Motion which includes a Motion to Quash numerous charges based upon the fact that the Commonwealth failed to prove a prima facia case on those charges, and Judge Powell refused to bind them over.

WHEREFORE, Defendant moves this Court for an Order requiring the District Court to transmit the tape of the said hearing to this Court's court reporter to be transcribed.

RESPECTFULLY SUBMITTED this ___12TH___ day of February, 1997.

ARTHUR D. AGNELLINO, ESQ./Bar #65140
515 South Main Street
Athens, PA 18810
Telephone: (717) 888-6786

BRADFORD COUNTY
PROTHONOTARY
CLERK OF COURTS
FEB 2 8 1997

#18

## CERTIFICATE OF MAILING

The undersigned hereby certifies that a true and correct copy of the foregoing Motion and Order for Transcript of Preliminary Hearing was duly mailed from Athens, Pennsylvania on the 13th day of _February_, 1997, to the following parties, postage prepaid thereon:

District Attorney's Office
Bradford County Courthouse
Towanda, PA 18848

Arthur D. Agnellino, Esq./Bar #65140
515 South Main St.
Athens, PA 18810

COMMONWEALTH OF PENNSYLVANIA        :        IN THE COURT OF COMMON PLEAS

                VS.        :        OF BRADFORD COUNTY, PENNSYLVANIA

RONALD BAKER        :        CRIMINAL ACTION (Law)
                    :        Case No. 96 CR000716

## ORDER

AND NOW, on this _18th_ day of _____Feb_____, 1997, upon reading the motion to order the tape recording of Defendant's preliminary hearing held on December 10, 1996;

THE COURT DIRECTS the District Magistrate Court in Towanda, Pennsylvania to transmit to tape to this Court for the purpose of transcribing it;

THE COURT FURTHER DIRECTS that this Court's court stenographer transcribe the tape at Defendant's expense.

BY THE COURT:

J. _____



FEB 1 4

#19

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

            VS. : OF BRADFORD COUNTY, PENNSYLVANIA

RONALD BAKER : CRIMINAL ACTION (Law)
             : Case No. 96 CR000716

## CERTIFICATE OF PERSONAL SERVICE

The undersigned hereby certifies that a true and correct copy of a Motion for Hearing, Omnibus Pretrial Motion, and Brief in Support of Omnibus Motion was personally served by him on the _6TH_ day of _February_, 1997, to the following parties, postage prepaid thereon:

Robert McGuiness
District Attorney
District Attorney's Office
Bradford County Courthouse
Towanda, PA 18848

Arthur D. Agnellino, Esq./Bar #65140
515 South Main St.
Athens, PA 18810

#20

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS |
| | : | |
| VS. | : | OF BRADFORD COUNTY, PENNSYLVANIA |
| | : | |
| RONALD BAKER | : | CRIMINAL ACTION (Law) |
| | : | Case No. 96 CR000716 |

## PRAECIPE TO FILE VERIFICATION

**TO THE PROTHONOTARY:**

Please file this Verification as part of an Omnibus Motion filed in this Court on or about February 7, 1997.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was personally served by him on the ___7th___ day of ___March___, 1997, to the following parties, postage prepaid thereon:

Robert McGuiness
District Attorney
District Attorney's Office
Bradford County Courthouse
Towanda, PA 18848

Arthur D. Agostino, Esq./Bar #65140
515 South Main St.
Athens, PA 18810

#21

COMMONWEALTH OF PENNSYLVANIA     :     IN THE COURT OF COMMON PLEAS
                                 :
                    VS.          :     OF BRADFORD COUNTY, PENNSYLVANIA
                                 :
RONALD BAKER                     :     CRIMINAL ACTION (Law)
                                 :     Case No. 96 CR000716

---

## VERIFICATION

I verify that the statements made in the Omnibus Motion filed in this matter on February 7, 1997 are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. 4904, relating to unsworn falsification to authorities.

DATED: _____*March 7 1997*_____


Arthur D. Agnellino, Esq.

COMMONWEALTH OF PENNSYLVANIA        : IN THE COURT OF COMMON PLEAS

              VS.        : OF BRADFORD COUNTY, PENNSYLVANIA

RONALD JAMES BAKER        : NO.  96CR000716
: : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

## MOTION FOR TRANSCRIPT

     Now comes Petitioner and moves the Court for an Order directing the Court Stenographer to prepare a transcript of the preliminary hearing in the above-styled matter for use at hearing on April 11, 1997.

     WHEREFORE, a transcription order is requested.

                     Respectfully submitted,

RECEIVED
MAR 1 3 1997

                     Robert B. McGuinness, Esq.
                     District Attorney

DATED: 3-12-97

-------------------------------------------------------------------

## O R D E R

     AND NOW, this ___13th___ day of March, 1997, upon Motion of the District Attorney, the Court directs District Justice James O. Powell to turnover a tape recording of the preliminary hearing held December 1996, in the above matter to the Court Stenographer _Mary Taylor_ for transcription. Said Stenographer is directed to prepare a preliminary hearing transcript from said tape at the Commonwealth's expense.

               BY THE COURT:

                                 _____ J.

#22

**COMMONWEALTH OF PENNSYLVANIA**   :    IN THE COURT OF COMMON PLEAS

                 VS.                        :    OF BRADFORD COUNTY, PENNSYLVANIA

**RONALD BAKER**                       :    CRIMINAL ACTION (Law)
                                              Case No. 96 CR000716

---

## RULE

    **AND NOW**, this _25th_ day of _March_, 19_97_, upon consideration of the foregoing Petition for Leave to Withdraw Appearance, the Court grants a rule to show cause why the appearance of _Arthur Agur_, Esquire, on behalf of defendant _Ronald Baker_ should not be allowed to be withdrawn.

    Rule returnable on _April 9_, 19_97_ at _1:00_ p.m. in Courtroom _2_, _Bradford_ County Courthouse, _Towanda_ Pennsylvania.

_JCM_ ~~_____~~

 

                                        **BY THE COURT:**

                                        _____ J.



RECEIVED
MAR 25 1997
ADMINISTRATION

# 23

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS |
| | : | |
| VS. | : | OF BRADFORD COUNTY, PENNSYLVANIA |
| | : | |
| RONALD BAKER | : | CRIMINAL ACTION (Law) |
| | : | Case No. 96 CR000716 |

## PETITION OF DEFENDANT'S COUNSEL FOR LEAVE TO WITHDRAW

The petition of Arthur D. Agnellino, Esq., respectfully represents:

1. That an information was filed on January 3, 1997, and petitioner was retained by defendant's family to represent him in the initial investigation and pleadings.

2. Prior to the information being filed, the Petitioner also represented the Defendant at the preliminary hearing before Magistrate James Powell, which was held on or about December 9, 1996.

3. The Petitioner has performed approximately 70 hours of work in this case, which includes interviewing numerous witnesses, inspecting the scene of the accident, reviewing the law of all of the 33 counts of the information filed against the Defendant; preparing and researching an Omnibus Motion, and checklist; representing Defendant at his preliminary hearing, arraignment, and had various negotiations with the District Attorney's Office to arrange a plea.

4. The Defendant is an indigent, and has been incarcerated since October, 1996. Petitioner had originally made arrangements with Defendant's family to be retained and to be paid. As of date Petitioner has received only a total of $2,000.00, and has performed over 70 hours of work and expects to put between 80 to 100 more hours into the case prior to trial.

5. Defendant is looking at a maximum sentence of over 100 years, and it is imperative for the defendant to obtain expert witnesses to testify as to blood alcohol level, and reconstruction of the scene of the accident.

6. Since Defendant is indigent, and the family is unable to retain Petitioner for services already rendered and unable to pay Petitioner to represent Defendant through trial or pay for expert witnesses, Petitioner asks that this Court relieve him of the duty of being Defendant's attorney, and provide Defendant with a public defender.

7. Defendant's family have no funds to hire the Petitioner nor can they provide funds for expert witnesses.

8. The continued representation of Defendant without payment of Petitioner's fees, or the prospect of such payment, has resulted and will further result in an unreasonable financial burden on Petitioner, and good cause exists therefore under Rule 1.16(c)(5) of the Pennsylvania Rules of Professional Conduct for Petitioner's withdrawal. (see attached copy of Rule).

9. The District Attorney's Office has been consulted and has no objection to Petitioner's withdrawal from this case at this time.

10. Defendant has signed a consent for Petitioner to withdraw below, and has been advised that he is entitled to a public defender, due to his indigence status, and requests that a public defender be appointed.

WHEREFORE, Petitioner requests that this Court grant Petitioner leave to withdraw as attorney for defendant in this action and that a date for a Rule to Show Cause be scheduled.

DATED this __25th__ day of ___March_____, 1997.

ARTHUR D. AGNELLINO, ESQ./Bar #65140
515 South Main Street
Athens, PA 18810
Telephone: (717) 888-6786

Petitioner and Attorney for Defendant

## VERIFICATION

I verify that the statements made in the foregoing Petition are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. 4904, relating to unsworn falsification to authorities.

DATED: __March 25, 1997__

Arthur D. Agnellino, Esq.

## STATEMENT OF DEFENDANT

I, Ronald Baker, hereby consent to the withdrawal of Arthur D. Agnellino as my attorney of record and request that the Court provide me with a public defender due to the fact that I am indigent and unable to afford an attorney at this time.

I will submit to the court, the necessary documents for the appointment of a public defender.

DATED: _3/24/97_____, 1997.


_Ronald J Baker_____
Ronald Baker

## CERTIFICATE OF PERSONAL SERVICE

The undersigned hereby certifies that a true and correct copy of a Motion for Hearing, Omnibus Pretrial Motion, and Brief in Support of Omnibus Motion was personally served by him on the __25TH__ day of _____, 1997, to the following parties, postage prepaid thereon:

Robert McGuiness
District Attorney
District Attorney's Office
Bradford County Courthouse
Towanda, PA 18848

_____
Arthur D. Agnellino, Esq./Bar #65140
515 South Main St.
Athens, PA 18810

lawyer "Maintain complete records of all funds, securities, and other properties of a client    Rule 1 15(a) extends these requirements to property of a third person that is in the lawyer's possession in connection with the representation

Rule 1 15(b) is substantially similar to DR 9 102(B)(1) and (4)

Rule 1 15(c) is substantially similar to DR 9 102(A)(2), except that the requirement regarding disputes applies to property concerning which an interest is claimed by a third person as well as by a client

## RULE 1.16   Declining or Terminating Representation

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if.

(1) the representation will result in violation of the rules of professional conduct or other law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client, or

(3) the lawyer is discharged

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if

(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(2) the client has used the lawyer's services to perpetrate a crime or fraud;

(3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client, or

(6) other good cause for withdrawal exists

(c) When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

### COMMENT

A lawyer should not accept representation in a matter unless it can be performed competently, promptly, without improper conflict of interest and to completion

### Mandatory Withdrawal

A lawyer ordinarily must decline or withdraw from representation if the client demands that the lawyer engage in conduct that is illegal or violates the Rules of Professional

44

**COMMONWEALTH OF PENNSYLVANIA** : IN THE COURT OF COMMON PLEAS

                         v.                  : BRADFORD COUNTY, PENNSYLVANIA

**RONALD JAMES BAKER**          : NO.  96 CR 000716

:   :   :   :   :   :   :   :   :   :   :   :   :   :

# O R D E R

    **AND NOW**, this 1st day of April, 1997, after criminal pre-trial conference held in the above matter, on motion of counsel for the Defendant, and there being an outstanding Omnibus pre-trial motion scheduled for hearing on April 11, 1997, the criminal trial scheduled for April 7, 1997 is continued.  The Court Administrator is directed to place this matter on the next available criminal trial list.

                                      BY THE COURT:

                                                J.

cc:
atto.: Court Administrator
      Probation

#24

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS |
| VS. | : | OF BRADFORD COUNTY, PENNSYLVANIA |
| RONALD BAKER | : | CRIMINAL ACTION (Law) |
| | : | Case No. 96 CR000716 |

## CERTIFICATE OF PERSONAL SERVICE

    The undersigned hereby certifies that a true and correct copy of a Rule Returnable to show cause why the appearance of Arthur Agnellino, Esq. should not be allowed to be withddrawn, dated March 25, 1997, was personally served by him on the _28TH_ day of _March_, 1997, to the following parties, postage prepaid thereon:

Robert McGuiness
District Attorney
District Attorney's Office
Bradford County Courthouse
Towanda, PA 18848

Ronald Baker
Bradford County Jail
Troy, Pa.

_A. D. [signature]_

Arthur D. Agnellino, Esq./Bar #65140
515 South Main St.
Athens, PA 18810

#25



Court Administration

| | | |
|---|---|---|
| **Mary Lou Vanderpool**<br>District Court Administrator | **Bradford County Courthouse**<br>301 Main Street<br>Towanda, PA 18848<br>(717) 265-1707 FAX: (717) 265-1733 | **Robin L. Lehman**<br>Deputy |

4/04/97

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE COURT OF COMMON PLEAS
OF BRADFORD COUNTY, PENNSYLVANIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMMONWEALTH OF PA          *
          VS.               *   NO.  96CR000716
RONALD JAMES BAKER          *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PRE-TRIAL CONFERENCE & TRIAL NOTICE

TO: RONALD JAMES BAKER
    515 SECOND ST.
    (BRADFORD CO. JAIL)
    TOWANDA, PA     18848

     Please be advised that the Court directs that the Defendant and
his/her counsel shall appear for a pre-trial conference on
05/21/97 at 8:30 AM at the Bradford County Courthouse, Towanda, Pa.

     If a plea agreement has been reached, defense shall be
     appear before the Court for entry of a plea immediately
     the conference.  If a plea is not entered on that day, the
     indicated that this shall constitute sufficient grounds for
     Court to reject any plea agreement.

     If a plea is not entered on that date, be prepared to
     to trial on JUNE 9, 1997, at 8:30 a.m.

                              Sincerely,
                              Mary Lou Vanderpool
                              District Court Administrator

     's Address:
     ST., (BRADFORD CO. JAIL), TOWANDA,, PA
cc: OFFICIAL COURT FILE
          COPIES OF THIS NOTICE WERE SENT TO:
               DISTRICT ATTORNEY
               RONALD JAMES BAKER
               ARTHUR D AGNELLINO

X #26



Court Administration

| Mary Lou Vanderpool | **Bradford County Courthouse** | Robin L. Lehman |
|---|---|---|
| District Court Administrator | 301 Main Street | Deputy |
| | Towanda, PA 18848 | |
| | (717) 265-1707 FAX: (717) 265-1733 | |

4/04/97

**************************************

IN THE COURT OF COMMON PLEAS
OF BRADFORD COUNTY, PENNSYLVANIA
**************************************

COMMONWEALTH OF PA          *
          VS.                          *  NO.  96CR000716
RONALD JAMES BAKER          *

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

PRE-TRIAL CONFERENCE & TRIAL NOTICE
     TO: FILE COPY ONLY


     Please be advised that the Court directs that the Defendant and
his/her counsel shall appear for a pre-trial conference on
04/11/97 at 8:30 AM at the Bradford County Courthouse, Towanda, Pa.

          If a plea agreement has been reached, defense shall be
to appear before the Court for entry of a plea immediately
this conference.  If a plea is not entered on that day, the
indicated that this shall constitute sufficient grounds for
to reject any plea agreement.

          If a plea is not entered on that date, be prepared to
trial on JUNE 9, 1997, at 8:30 a.m.

                              Sincerely,
                              Mary Lou Vanderpool
                              District Court Administrator

Address:
PT., (BRADFORD CO. JAIL), TOWANDA,, PA
cc: OFFICIAL COURT FILE
          COPIES OF THIS NOTICE WERE SENT TO:
          DISTRICT ATTORNEY
          RONALD JAMES BAKER
          ARTHUR D AGNELLINO

COMMONWEALTH OF PENNSYLVANIA      : IN THE COURT OF COMMON PLEAS OF

VS.                              : BRADFORD COUNTY, PENNSYLVANIA

RONALD J. BAKER                  : NO. 96CR000716

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

AND NOW, this 4th day of April _____, 1997, upon Motion of the Commonwealth, the Court hereby sets the 11th day of _____ April _____, 1997 at 1:00 P.M. in Courtroom No. 2 of the Bradford County Courthouse, Towanda, Pennsylvania, as the date, time and place for hearing on Commonwealth's Motion for Discovery From Defendant.

BY THE COURT:

John C. _____ J.
Mew

COMMONWEALTH OF PENNSYLVANIA       : IN THE COURT OF COMMON PLEAS

                    V.             : OF BRADFORD COUNTY, PENNSYLVANIA

RONALD J. BAKER                    : NO.  96CR000716
: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

<u>COMMONWEALTH'S MOTION FOR DISCOVERY FROM DEFENDANT</u>

TO THE HONORABLE JOHN C. MOTT, JUDGE:

        Now comes the Commonwealth and requests an Order directing the

Defendant, Ronald J. Baker, and his counsel to provide pretrial

discovery of the following pursuant to Pa.R.Crim.P. 305 (c)(2):

                (i) results of reports of physical or mental
                examinations, and of scientific tests or
                experiments, or copies thereof, within the
                possession or control of the defendant, which
                the defendant intends to introduce as evidence
                in chief, or which were prepared by witness whom
                the defendant intends to call at the trial,
                when results or reports relate to the testimony
                of that witness, provided the defendant has
                requested and received discovery under paragraph
                (B)(1)(e); and

                (ii) the names and addresses of eyewitnesses
                whom the defendant intends to call in its case
                in chief, provided that the defendant has
                previously requested and received discovery
                under paragraph (B)(2)(a)(i).

        Further, in accord with Pa.R.Crim.P. 305 (c)(2)(b), the

Commonwealth requests discovery as follows:

                (b) If an expert whom the defendant intends to
                call in any proceeding has not prepared a
                report of examination or tests, the court,
                upon motion, may order that the expert prepare,
                and that the defendant disclose, a report
                stating the subject matter on which the expert
                is expected to testify; the substance of the
                facts to which the expert is expected to testify;
                and a summary of the expert's opinions and the
                grounds for each opinion.

The said items are material to the Commonwealth's case preparation and this request is reasonable in light of the defendant's requests.

WHEREFORE, the Commonwealth requests all mandatory and discretionary discovery from the defendant.

Respectfully submitted,

DATED:

Robert B. McGuinness, Esq.
District Attorney



*Court Administration*

Mary Lou Vanderpool
District Court Administrator

**Bradford County Courthouse**
301 Main Street
Towanda, PA 18848
(717) 265-1707 FAX: (717) 265-1733

Robin L. Lehman
Deputy

4/10/97

COMMONWEALTH OF PA
VS.
RONALD JAMES BAKER

NO.  96CR000716

: : : : : : : : : : : : : : : : : : : : : : : : : :

TO: FILE COPY ONLY

Because of the Court's involvement in a criminal jury trial on 4/11/97 the OMNIBUS PRE-TRIAL in the above captioned matter has been rescheduled.

You are, therefore, directed to appear on 05/21/97, at 9:00 before the HONORABLE JOHN C. MOTT in Court Room No. 2 at the Bradford County Courthouse, Towanda, Pennsylvania.

Sincerely,

Mary Lou Vanderpool
District Court Administrator

CC:  Court file
Defendant's Address:
915 SECOND ST., (BRADFORD CO. JAIL), TOWANDA,, PA18848
COPIES OF THIS NOTICE WERE SENT TO:
DISTRICT ATTORNEY
RONALD JAMES BAKER
ARTHUR D AGNELLINO

#28



*Court Administration*

**Mary Lou Vanderpool**
District Court Administrator

**Bradford County Courthouse**
301 Main Street
Towanda, PA 18848
(717) 265-1707 FAX: (717) 265-1733

Robin L. Lehman
Deputy

4/10/97

COMMONWEALTH OF PA
VS.
RONALD JAMES BAKER

NO.   96CR000716

: : : : : : : : : : : : : : : : : ' : : : : : : : :

TO: RONALD JAMES BAKER
515 SECOND ST.
(BRADFORD CO. JAIL)
TOWANDA,, PA      18848

Because of the Court's involvement in a criminal jury trial on 4/11/97 the OMNIBUS PRE-TRIAL in the above captioned matter has been rescheduled.

You are, therefore, directed to appear on 05/21/97, at 1:00 PM before the HONORABLE JOHN C. MOTT in Court Room No. 2 of the Bradford County Courthouse, Towanda, Pennsylvania.

Sincerely,

Mary Lou Vanderpool
District Court Administrator

MLV

CC:  Court file
Defendant's Address:
515 SECOND ST., (BRADFORD CO. JAIL), TOWANDA,, PA18848
COPIES OF THIS NOTICE WERE SENT TO:
DISTRICT ATTORNEY
RONALD JAMES BAKER
ARTHUR D AGNELLINO

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

v.                                                 : BRADFORD COUNTY, PENNSYLVANIA

RONALD JAMES BAKER                 : NO.  96 CR 000716

:     :     :     :     :     :     :     :     :     :     :     :     :

# O R D E R

AND NOW, this 9th day of April, 1997, being the time and place set for Rule Returnable on the petition of the Defendant's counsel for leave to withdraw filed in the above captioned matter, and the Commonwealth having informed the Court that it opposes the petition, the parties are directed to schedule the matter for hearing or argument before the Court.

BY THE COURT:

_____ J.

ts
attn.: Court Administrator



#29

# IN THE COURT OF COMMON PLEAS
# OF BRADFORD COUNTY, PENNSYLVANIA

COMMONWEALTH                                    *

                            VS.                 * NO. 96CR000716

RONALD J. BAKER                                 *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### O R D E R

AND NOW,  April 16, 1997, the Omnibus Pre-trial hearing having been erroneously

rescheduled for May 21, 1997, a date when there will be no District Attorney's available, the

Court hereby continues said hearing until Friday, May 30, 1997, at 8:30 a.m.

The Court directs that the defendant and counsel shall be present at that time and ready to

proceed.

BY THE COURT:

John C. Mott

# 30

**COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS**

$\qquad$ **v.** $\qquad$ **: BRADFORD COUNTY, PENNSYLVANIA**

**RONALD JAMES BAKER** $\qquad$ **: NO. 96 CR 000 716**

:   :   :   :   :   :   :   :   :   :   :   :   :   :   :

# O R D E R

AND NOW, this 30th day of April, 1997, upon agreement of the parties, this Court's Order of April 9, 1997, in the above matter is vacated and shall have no further force and effect.  Furthermore, the Commonwealth having informed the Court that it has no objections to the petition of Defendant's counsel to withdraw in the above-captioned matter, the petition is granted and Arthur Agnellino, Esq. is granted leave to withdraw, and by this order shall be deemed to have withdrawn as counsel for the Defendant, Ronald James Baker, in the above matter.

BY THE COURT:

_____ J.

# 31

# IN THE COURT OF COMMON PLEAS
## OF BRADFORD COUNTY, PENNSYLVANIA

COMMONWEALTH OF PA.                    :

VS.                                    :

RONALD J. BAKER          :     NO. 96CR000716

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, May 12, 1997, the court having been advised by Theodore

Hinckley, Esquire, Public Defender, that he has a conflict of interest with regard to the

above-captioned defendant, the court hereby appoints the following attorney to represent

Ronald J. Baker in the above captioned case:

> SUSAN HARTLEY, ESQUIRE
> FOSTER & HARTLEY
> 320 SOUTH MAIN STREET
> POST OFFICE BOX 278
> ATHENS PA 18810
> (717)888-9607

BY THE COURT:

John C. Mott                    J.

cc:  Theodore Hinckley, Esquire
     Susan Hartley, Esquire

RJL
Defendant's Address:
200 Second Street
Towanda, PA 18848

#32

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

VS.                              : OF BRADFORD COUNTY, PENNA.

RONALD J. BAKER                  : NO. 96CR000716

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

### ORDER

AND NOW, this _25th_ day of _May_, 1997, upon consideration of the attached motion of Susan E. Hartley, Esquire:

_____ the motion is denied.

__X__ the motion is granted and the matter scheduled for May 30, 1997 at 8:30 a.m. before John C. Mott, is hereby continued until _July 2, 1997_ at _9:45_ A M.

The moving party shall promptly notify all interested parties of this Order.

BY THE COURT:

John C. Mott _____ J.



#34

COMMONWEALTH OF PENNSYLVANIA   : IN THE COURT OF COMMON PLEAS

    VS.   : OF BRADFORD COUNTY, PENNA.

RONALD J. BAKER   : NO. 96CR000716

: : : : : : : : : : : : : : : : : : : : : : : : : : : : :

## MOTION FOR CONTINUANCE

NOW COMES Ronald J. Baker, by and through his attorney, Susan E. Hartley, Esquire, and moves for a continuance as follows:

1.   The above-captioned matter is scheduled for Omnibus Pre-Trial Hearing on May 30, 1997 at 8:30 a.m. before Judge Mott.

2.   The moving party for said proceeding is Susan E. Hartley.

3.   The opposing party is the Commonwealth of Pennsylvania represented by the Bradford County District Attorney's Office.

4.   The proceeding was scheduled by Order dated April 16, 1997.

5.   The proceeding has been previously continued by the Commonwealth on one occasion.

6.   A continuance is requested because Attorney Hartley was only recently appointed to represent the Defendant, Ronald J. Baker, and is unable to be prepared for a hearing



on such short notice.

7. __X_ The following parties have been notified of this request and have no objection:

District Attorney's Office (Robert McGuinness, Esquire)

Ronald J. Baker

_____ The following parties have not been notified of this request:

_____ Efforts to notify the above-named parties include:

_____ The following parties objected to the continuance for the reason stated herein:

8. I hereby certify that if a continuance is granted, the party moving for the continuance will be provided a cop of this Motion forthwith and I will notify all witnesses who would be appearing at my request.

9. I specifically request a continuance

__X_ of not less than 30 days_____

_____ of not more than _____

_____ to the next available date.

Respectfully submitted,

FOSTER & HARTLEY

BY: _____
Susan E. Hartley



**COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS**

                                   v.                          : BRADFORD COUNTY, PENNSYLVANIA

**RONALD JAMES BAKER**               : NO.  96 CR 000716

:    :    :    :    :    :    :    :    :    :    :    :    :    :

# O R D E R

**AND NOW**, this 3rd day of June, 1997, after pre-trial conference held in the above matter, and upon motion of counsel for the Defendant and there being an outstanding omnibus pre-trial motion not yet heard by the Court, the criminal trial scheduled in the above matter for June 9, 1997 is continued.

The Court Administrator is directed to place this matter on the next available criminal trial list.

**BY THE COURT:**

_____ J.

cc: Court Administrator
       Probation

Jun 3  2 33 PM '97

#35

## Court Administration

| Mary Lou Vanderpool | Bradford County Courthouse | Robin L. Lehman |
|---|---|---|
| District Court Administrator | 301 Main Street | Deputy |
| | Towanda, PA 18848 | |
| | (717) 265-1707 FAX: (717) 265-1733 | |

6/06/97

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE COURT OF COMMON PLEAS**
**OF BRADFORD COUNTY, PENNSYLVANIA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMMONWEALTH OF PA                         \*
                          VS.               \*   NO.  96CR000716
RONALD JAMES BAKER                          \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PRE-TRIAL CONFERENCE & TRIAL NOTICE**

TO: RONALD JAMES BAKER
    515 SECOND ST.
    (BRADFORD CO. JAIL)
    TOWANDA,  PA      18848

Please be advised that the Court directs that the Defendant and his/her counsel shall appear for a pre-trial conference on 07/18/97 at 8:30 AM at the Bradford County Courthouse, Towanda, Pa.

If a plea agreement has been reached, defense shall be required to appear before the Court for entry of a plea immediately before the conference.  If a plea is not entered on that day, the Court has indicated that this shall constitute sufficient grounds for the Court to reject any plea agreement.

If a plea is not entered on that date, be prepared to proceed to trial on SEPTEMBER 8, 1997, at 8:30 a.m.

Sincerely,
Mary Lou Vanderpool
District Court Administrator

Defendant's Address:
515 SECOND ST., (BRADFORD CO. JAIL), TOWANDA,, PA
cc: OFFICIAL COURT FILE
COPIES OF THIS NOTICE WERE SENT TO:
    DISTRICT ATTORNEY
    RONALD JAMES BAKER
    SUSAN HARTLEY

X
# 36



*Court Administration*

| | | |
|---|---|---|
| **Mary Lou Vanderpool**<br>District Court Administrator | **Bradford County Courthouse**<br>301 Main Street<br>Towanda, PA 18848<br>(717) 265-1707 FAX: (717) 265-1733 | **Robin L. Lehman**<br>Deputy |

6/06/97

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IN THE COURT OF COMMON PLEAS**
**OF BRADFORD COUNTY, PENNSYLVANIA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMMONWEALTH OF PA                       *
         VS.                                            *   NO.   96CR000716
RONALD JAMES BAKER                       *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PRE-TRIAL CONFERENCE & TRIAL NOTICE**
       **TO: FILE COPY ONLY**


        Please be advised that the Court directs that the Defendant and
his/her counsel shall appear for a pre-trial conference on
07/03/97 at 8:30 AM at the Bradford County Courthouse, Towanda, Pa.

        If a plea agreement has been reached, defense shall be
prepared to appear before the Court for entry of a plea immediately
following the Conference.   If a plea is not entered on that day, the
Court has indicated that this shall constitute sufficient grounds for
the Court to reject any plea agreement.

        If a plea is not entered on that date, be prepared to
proceed to trial on SEPTEMBER 8, 1997, at 8:30 a.m.

                                        Sincerely,
                                        Mary Lou Vanderpool
                                        District Court Administrator

mlv
Defendant's Address:
   111 MAPLE ST., (BRADFORD CO. JAIL), TOWANDA,, PA

         COPIES OF THIS NOTICE WERE SENT TO:
              DISTRICT ATTORNEY
              RONALD JAMES BAKER
              SUSAN HARTLEY

**COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS**

                    **v.**                 **: BRADFORD COUNTY, PENNSYLVANIA**

**RONALD JAMES BAKER**          **: NO. 96 CR 000 716**

:   :   :   :   :   :   :   :   :   :   :   :   :   :   :

## O R D E R

AND NOW, this 30th day of June, 1997, the Defendant having appeared in open court and having tendered a plea of guilty to two counts of Accident Involving Death or Injury by Unlicensed Operator, each of which is a felony of the third degree; to two counts of Aggravated Assault by Motor Vehicle While Driving Under the Influence, each of which is a felony of the second degree; to one count of Driving Under the Influence of Alcohol, a misdemeanor of the second degree; to one count of Driving While Operating Privilege is Suspended or Revoked, as a second or subsequent offense, a summary offense; and to two counts of Recklessly Endangering Another Person, each of which is a misdemeanor of the second degree, the Court schedules sentencing thereon for August 18, 1997 at 1:00 p.m., Number 4, at which time the Defendant and his counsel are directed to appear. The Probation Office is ordered to prepare a pre-sentence investigation report and a Victim's Impact Statement, if appropriate, in anticipation of sentencing at that time. The Court reserves ruling on whether it will accept the Defendant's plea and the plea agreement until the time of sentencing. At the time of sentencing, the Court will also consider the Commonwealth's motion for the dismissal of the remaining charges filed against the

#58

defendant in this matter.

Furthermore, the Defendant is directed to immediately undergo a CRN

evaluation to be performed by the Bradford/Sullivan County Drug and Alcohol Program.

BY THE COURT:

_____ J.

JCM/jl
Attn: Court Administrator
     Probation

TRANSCRIPT OF JUDGMENT

IN THE COURT OF COMMON PLEAS
OF BRADFORD COUNTY, PENNA.

BRADFORD COUNTY PROBATION DEPARTMENT

VS.

RONALD JAMES BAKER

CASE NO: 95CR000716

Judgment has been entered in favor of the Bradford County
Probation Department as follows:

COSTS:           $434.00
FINES:                      FILING FEES: $14.82
RESTITUTION:     $102,242.57
P. O. COSTS:

TOTAL:           $102,676.57

Pursuant to Act 1996-3, effective April 2, 1996,  this
lien shall maintain its priority indefinitely and no Writ of
Revival need be filed.

To satisfy the Judgment, the following must be signed by
Plaintiff and the signature witnessed by two witnesses:

RECEIVED SATISFACTION in full of the within Judgment, costs,
fines, restitution, etc.  The Prothonotary is directed to
mark the same satisfied of record.

_____          _____
Plaintiff                        Witness

                                 _____
DATE:_____           Witness

#39

IN THE COURT OF COMMON PLEAS OF BRADFORD COUNTY PENNSYLVANIA
::::::::::::::::::::::::::::::::::::::::::::::::::::::.: :::::::::::

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF BRADFORD

     VS.                96CR000716

RONALD JAMES BAKER

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

IN ACCORDANCE WITH ACT 1996-3, EFFECTIVE APRIL 7, 1996, JUDGMENT

IS HEREBY ENTERED AGAINST THE ABOVE-NAMED DEFENDANT IN THE AMOUNT

OF:

| | | |
|---|---|---|
| COSTS | $434.00 | |
| FINES | | |
| RESTITUTION | $102,242.57 | |
| SUPERVISION FEE | | |
| TOTAL AMOUNT | $102,676.57 | |
| JUDGMENT FEE | $ 14.82 | |
| TOTAL DUE | $102,691.39 | |

AND NOW THIS __21st__ OF __August, 1997__  JUDGMENT IS ENTERED
ACCORDINGLY.

_____
PROTHONOTARY

8/27/97

IN THE COURT OF COMMON PLEAS

OF BRADFORD COUNTY, PENNA.

CASE NO: 96CR0007I8

BRADFORD COUNTY PROBATION DEPARTMENT

VS.

RONALD JAMES BAKER

---

TO:   RONALD JAMES BAKER
      515 SECOND ST.   (BRADFORD CO. JAIL)
      TOWANDA, PA       18848

YOU ARE HEREBY NOTIFIED THAT A JUDGMENT HAS BEEN FILED AGAINST YOU BY THE COUNTY OF BRADFORD, IN ACCORDANCE WITH ACT 3-1996, FOR THE FULL AMOUNT OF COSTS, FINES, RESTITUTION AND FEES, DUE IN CRIMINAL ACTION DESCRIBED ABOVE.   THE TOTAL AMOUNT OF THE JUDGMENT ENTERED AGAINST YOU IS $107,676.57, PLUS FILING FEES AMOUNTING TO $14.82.

PLEASE MAKE YOUR PAYMENT PAYABLE TO THE BRADFORD CO. PROBATION DEPARTMENT.   SEND YOUR PAYMENTS TO:   BRADFORD CO. PROBATION DEPT., BRADFORD CO. COURTHOUSE, 301 MAIN ST., TOWANDA PA   18848.

Very truly yours,

PROTHONOTARY OF BRADFORD COUNTY

BY:   DAWN CLOSE

---

COMMONWEALTH         : IN THE COURT OF COMMON PLEAS

    Vs.               : OF BRADFORD COUNTY PENNSYLVANIA

RONALD JAMES BAKER    : NO.  96 CR 000716

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## APPLICATION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

**TO THE HONORABLE JUDGES OF THE ABOVE NAMED COURT:**

NOW COMES Susan E. Hartley, Esquire, Counsel for Appellant, and respectfully represents as follows:

1.  On or about May 12, 1997, counsel was appointed by this Honorable Court to represent Ronald James Baker in the within action.

2.  Counsel herein is paid solely by Bradford County and is acting in the capacity of a Court appointed counsel.

3.  Upon information and belief, no application for Ronald James Baker to proceed in forma pauperis was ever provided to the Court or required by the Court.

4.  Upon information and belief Appellant is unable to pay the filing fees and costs associated with the taking of the within appeal.

WHEREFORE, counsel respectfully requests that this Honorable Court grant leave for Appellant to proceed In Forma Pauperis for the taking of this appeal.

Respectfully submitted,

FOSTER & HARTLEY

BY: _Susan E. Hartley_
       Susan E. Hartley

COMMONWEALTH                    : IN THE COURT OF COMMON PLE...

    Vs.                    : OF BRADFORD COUNTY PENNSYLVANIA ROBERT

RONALD JAMES BAKER             : NO. 96     000716

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

## NOTICE OF APPEAL

    Notice is hereby given that RONALD JAMES BAKER,
Defendant above named, hereby appeals to the Superior Court of
Pennsylvania from the Order entered in this matter on the 18th
day of August, 1997.  This Order has been reduced to judgment and
entered in the docket as evidenced by the attached copy of the
docket entry.

                FOSTER & HARTLEY

                BY: _Susan E. Hartley_
                Susan E. Hartley
                320 S. Main Street
                PO Box 278
                Athens, PA.  18810
                (717) 888-9607
                Attorney No. 40402

# 40



COMMONWEALTH            : IN THE COURT OF COMMON PLEAS

      Vs.                  : OF BRADFORD COUNTY PENNSYLVANIA ROBERT

RONALD JAMES BAKER       : NO. 96 CR 000716

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

### ORDER FOR TRANSCRIPT

     A Notice of Appeal having been filed in this matter, the official court reporter is hereby ordered to produce, certify and file the transcript in this matter in conformity with Rule 1922 of the Pennsylvania Rules of Appellate Procedure.

                FOSTER & HARTLEY

                BY: _____
                     Susan E. Hartley

COMMONWEALTH             : IN THE COURT OF COMMON PLEAS

     Vs.                 : OF BRADFORD COUNTY PENNSYLVANIA ROBERT

RONALD JAMES BAKER       : NO. 96 CR 000716

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing

document upon the persons and in the manner indicated below,

which service satisfies the requirements of Pa.R.A.P. 121:

Service by first class mail addressed as follows:


**Official Court Stenographer**          Judge John C. Mott
**Bradford County Courthouse**           Judge's Chambers
**Towanda, PA.  18848**                  Bradford County Courthouse
                                         Towanda, PA.  18848

**District Attorney**
**Bradford County Courthouse**
**Towanda, PA  18848**


**Dated:** *9-16-97*              BY: *Susan Hartley*
                                 Susan E. Hartley
                                 Foster & Hartley
                                 320 S. Main Street
                                 PO Box 278
                                 Athens, PA.  18810

STYLE: RONALD JAMES BAKER
ACTION: CRIMINAL
JUDGE : JOHN C. MOTT
CHARGE: UNINTENTIONAL DEATH W/DU
        UNINTENTIONAL DEATH W/DU
        ACC.INV. DEATH/PERS. INJ
        ACC.INV. DEATH/PERS. INJ
        ACC.INV. DEATH/PERS. INJ
        DRIV. UNDER THE INFLUENC
        DRIV. UNDER INFLUENCE
        RECKLESS DRIVING
        DRIVING UNDER SUSPENSION
        DRIVERS REQ. TO BE LICEN
        CARELESS DRIVING
        LIMIT. ON OVERTAKING ON
        MEET. VEH. PROC. OPP. DI
        DR. ROADWAYS LANED FOR T
        AGG.ASSLT/INDIFF. HUMAN
        AGG.ASSLT/INDIFF. HUMAN
        AGG.ASSLT/INDIFF. HUMAN
        RECK. ENDANG. ANOTHER
        RECK. ENDANG. ANOTHER
        RECK. ENDANG. ANOTHER
        SIMPLE ASSAULT

OTN: E690923-1                          AFFIANT: PA. STATE
BAIL: $150,000.00                       DIST JUST: JAMES POWELL
DATE/ARRST: 10/15/96                    SID: 142-81-78-2
JUDG DATE: 8/21/97                      JUDG TYPE:
AMOUNT:    102,676.57                   INTEREST:

*********************************************************************

    C 001                               ATTORNEY(S):
COMMONWEALTH OF PA
                                        DISTRICT ATTORNEY
                                        COURT HOUSE
                                        TOWANDA, PA. 18848


                        ** VS **


    D 001                               ATTORNEY(S):
RONALD JAMES BAKER
313 SECOND ST.                    - (SCI. CAMP HILL    SUSAN HARTLEY
TOWANDA, PA  18848                                     FOSTER & HARTLEY
DOB:  1/23/61                                          PO BOX 175
SEX: MALE                                              ATHENS, PA.  18810
LIC NUMBER: PA. 60032700
SSN: 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

STYLE: RONALD JAMES BAKER
ACTION: CRIMINAL TRANSCRIPT
JUDGE : JOHN C. MOTT

**********************************************************************

**********************************************************************

DATE        TYPE        DESCRIPTION

**********************************************************************

1/15/96 REQUEST      REQUEST FOR BILL OF PARTICULARS FILED BY THE DEFENDANT.
                     (MGD)

12/11/96 NOTICE      NOTICE OF ARRAIGNMENT FOR
                     (MGD)
                     EXTRA DATE    : 1/09/97

1/03/97 INFORMATNS   COMMONWEALTH S INFORMATIONS FILED.
                     (MGD)

1/09/97 ARRAIGN      DEFENDANT APPEARED FOR ARRAIGNMENT WITH COUNSEL AND ENTERED
                     A PLEA OF NOT GUILTY
                     (CW)

1/09/97 APPEARNCE    PRAECIPE FOR ENTRY OF APPEARANCE ON BEHALF OF DEFENDANT
                     FILED.
                     (CW)
                     ATTORNEY(S)  : ARTHUR D AGNELLINO

1/21/97 MOTION       MOTION FOR PRETRIAL DISCOVERY AND INSPECTION FILED BY
                     ATTORNEY FOR DEFENDANT. 3C:AA (MGD)

1/27/97 ANSWER       ANSWER TO REQUEST FOR PRE-TRIAL DISCOVERY AND INSPECTION.
                     FILED BY COMMONWEALTH.
                     (MGD)

1/27/97 BILL         BILL OF PARTICULARS FILED BY THE COMMONWEALTH
                     (MGD)

2/03/97 NOTICE       NOTICE OF HEARING
                     SCHEDULED FOR 02/06/97 AT  9:45 AM - PLEA

2/06/97 ORDER        ORDER OF FEBRUARY 6, 1997 HAVING COME FOR A PLEA HEARING
                     AAND THE DEFENDANT HAVING NOT ENTERED APLEA, THE MATTER IS
                     TO BE SCHEDULED FOR CRIMINAL TRIAL LIST. (3CM)(FC(2/10/97
                     C:DA,DEF,ATTY

2/07/97 NOTICE       NOTICE OF HEARING
                     SCHEDULED FOR 04/01/97 AT  9:00 AM - CRIMINAL PRE-TRIAL CONF

2/07/97 MOTION       OMNIBUS PRE-TRIAL MOTION FILED BY ATTORNEY FOR DEFENDANT.
                     C:AA (MGD)

STYLE: RONALD JAMES BAKER                    CASE NO. 96●●●●●●
ACTION: CRIMINAL TRANSCRIPT                          PAGE: 02/15
JUDGE : JOHN C. MOT.
**************************************************************

2/13/97 MOTION     MOTION FOR HEARING TOGETHER WITH ORDER OF COURT FILED DATED
                   FEBRUARY 13, 1997 SETTING HEARING FOR APRIL 11, 1997 AT
                   1:00 P.M. C:AA  JCM (MGD)(2/13/97)

2/14/97 MOTION     MOTION FOR TRANSCRIPT OF PRELIMINARY HEARING FILED BY
                   ATTORNEY FOR DEFENDANT.

2/18/97 ORDER      ORDER OF COURT FILED FEBRUARY 18, 1997 DIRECTING
                   TRANSCRIPT BE MADE OF PRELIMINARY HEARING HELD DECEMBER 16,
                   1996. 2C:AA (JCM)(MGD)(2/18/97)

2/18/97 SERVICE    CERTIFICATE OF SERVICE OF OMNIBUS MOTION AND ORDER UPON
                   DISTRICT ATTORNEY FILED BY ATTORNEY FOR DEFENDANT. (MGD)

3/07/97 PRAECIPE   PRAECIPE TO FILE VERIFICATION FILED BY ATTORNEY FOR
                   DEFENDANT. (MGD)

3/13/97 MOTION     MOTION FOR TRANSCRIPT TOGETHER WITH ORDER OF COURT FILED
                   DATED MARCH 13, 1997 DIRECTING TRANSCRIPT BE MADE OF
                   PRELIMINARY HEARING BY TRACY SHAYLOR. 4C:DA (JCM)(MGD)
                   (3/13/97)

3/25/97 PETITION   PETITION TO WITHDRAW AS COUNSEL TOGETHER WITH RULE FILED
                   DATED MARCH 25, 1997 RETURNABLE APRIL 9, 1997 AT 1:00 P.M.
                   2C:AA (JCM)(MGD)(3/26/97)

4/01/97 ORDER      ORDER OF APRIL 1, 1997 AFTER CRIMINAL PRE-TRIAL CONFERENCE
                   THERE BEING OUTSTANDING OMNIBUS PRE-TRIAL MOTION SCHEDULED
                   FOR HEARING ON APRIL 11, 1997 THE TRIAL SCHEDULED FOR APRIL
                   7, 1997 IS CONTINUED.  TO BE PLACED ON NEXT TRIAL LIST.
                   4/3/97C:DA,DEF,AA

4/02/97 SERVICE    CERTIFICATE OF SERVICE OF PETITION TO WITHDRAW UPON DISTRICT
                   ATTORNEY AND DEFENDANT FILED BY ATTORNEY FOR DEFENDANT.
                   (MGD)

4/04/97 NOTICE     NOTICE OF HEARING
                   SCHEDULED FOR 04/11/97 AT  1:00 PM - OMNIBUS PRE-TRIAL

4/04/97 MOTION     COMMONWEALTH'S MOTION FOR DISCOVERY FROM DEFENDANT TOGETHER
                   WITH ORDER OF COURT FILED DATED APRIL 4, 1997 SETTING
                   HEARING FOR APRIL 11, 1997 AT 1:00 P.M. 3C:DA (JCM)(MGD)
                   (4/4/97)

4/11/97 NOTICE     NOTICE OF CONTINUANCE FROM COURT ADMINISTRATOR: CONTINUES
                   OMNIBUS PRE-TRIAL TO MAY 21, 1997 AT 1:00 P.M. (MGD)

4/14/97 ORDER      ORDER OF APRIL 9, 1997 SET FOR RULE ON PETITION TO WITH-
                   DRAW AS COUNSEL. AND THE COMMONWEALTH HAVING INFORMED

STYLE: RONALD JAMES BAYLE
ACTION: CRIMINAL TRANSCRIPT
JUDGE : JOHN C. MOTT

*******************************************************************

THE COURT THAT IF DENIES THE PETITION, THE PARTIES BE
DIRECTED TO SCHEDULE THE MATTER FOR HEARING OR ARGUMENT.
(JCM)(EC)4/16/97C:

**4/17/97 ORDER**   ORDER OF APRIL 16, 1997 THE CRIMINAL PRE-TRIAL SCHEDULED FOR
MAY 21, 1997 THE COURT CONTINUES PRE-TRIAL HEARING UNTIL FRIDAY
MAY 30, 1997 AT 8:30 AM. (JCM)(EC)DA,DEF,AM

**5/01/97 ORDER**   ORDER OF APRIL 30, 1997 THIS COURT'S ORDER OF APRIL 9, 1997
IN THE ABOVE IS VACATED. PETITION OF DEFENDANTS COUNSEL TO
WITHDRAW IS GRANTED AND GEORGE MORRELL, ESQ IS WITHDRAWN.
DA,DEF,AM

**5/13/97 ORDER**   ORDER OF COURT: FILED, APPOINTING COUNSEL
ORDER OF MAY 12, 1997 THE PUBLIC DEFENDER HAVING A CONFLICT,
THE COURT APPOINTS SUSAN HARTLEY, ESQ. FOR THE DEFENDANT.
5/13/97C:DA,DEF,SM
ATTORNEY(S)  : SUSAN HARTLEY

**5/15/97 STENO.**   STENOGRAPHER'S NOTES OF TESTIMONY FOR PRELIMINARY HEARING
HELD DECEMBER 16, 1996 FILED. (MG0)

**5/29/97 MOTION**   MOTION FOR CONTINUANCE TOGETHER WITH ORDER OF COURT FILED
DATED MAY 28, 1997 CONTINUING OMNIBUS PRE-TRIAL HEARING TO
JULY 2, 1997 AT 9:45 A.M. JC:SH (JCM)(MG0)(5/29/97)

**6/03/97 ORDER**   ORDER OF JUNE 3, 1997 AFTER PRE-TRIAL CONFERENCE IN THE
ABOVE AND THERE BE OUTSTANDING OMNIBUS PRE-TRIAL MOTION
NOT HEARD, THE CRIMINAL TRIAL SCHEDULED IN THE ABOVE FOR
JUNE 9, 1997 IS CONTINUED. SHALL BE PLACED ON THE NEXT
AVAILABLE CRIMINAL TRIAL LIST.(JCM)(EC)6/5/97C:DA,DEF,ATTY,
PROB

**6/06/97 NOTICE**   NOTICE OF HEARING
SCHEDULED FOR 07/02/97 AT  9:45 AM - OMNIBUS PRE-TRIAL

**6/27/97 SUPPLEME.**   SUPPLEMENTAL OMNIBUS PRE-TRIAL MOTION FILED BY ATTORNEY
FOR DEFENDANT. JC:SH (MG)

**7/01/97 PLEA**   ORDER OF JUNE 30, 1997 HAVING ENTERED A GUILTY PLEA TO
(2) COUNTS OF ACCIDENT INVOLVING DEATH OR INJURY BY
UNLICENSED OPERATOR, EACH A COUNT OF AGGRAVATED
ASSAULT BY MOTOR VEHICLE WHILE DRIVING UNDER THE INFLUENCE
EACH A COUNT OF DRIVING WHILE OPERATING PRIVILEGE IS REVOKED
AS A SECOND OR SUBSEQUENT OFFENSE SENTENCING ON EACH COUNT OF
RECKLESSLY ENDANGERING ANOTHER PERSON EACH THE PRE-SENTENCING
SET FOR AUGUST, 1997 THE DEFENDANT IS DIRECTED TO PREPARE A
PRE-SENTENCE REPORT. THE COURT OF THE DEPARTMENT, DRUG
UNDER BOND BE PRESENT

STYLE: RONALD JAMES BALCH
ACTION: CRIMINAL TRANSCRIPT
JUDGE : JOHN C. MOTT

**8/20/97 SENTENCING** ORDER OF COURT ...
DEFENDANT ...
UNDER THE INFLUENCE ...
AND UNDERGO IMPRISONMENT FOR ... MONTHS; SECOND COUNT
OF AGGRAVATED ASSAULT BY MOTOR VEHICLE WHILE UNDER ...
INFLUENCE--PAY RESTITUTION ... 
IMPRISONMENT FOR ...120 MONTHS; ACCIDENT ... BY
UNLICENSED OPERATOR--UNDERGO IMPRISONMENT THE ... MONTHS
ON SECOND COUNT OF ACCIDENT INVOLVING INJURY BY UNLICENSED
OPERATOR--UNDERGO IMPRISONMENT FOR ... MONTHS. SENTENCE
TO RUN CONSECUTIVELY TO EACH OTHER  AND TO BE SERVED IN A
STATE CORRECTIONAL FACILITY.  NO FURTHER SENTENCES IMPOSED
FOR THE OTHER CHARGES DEFENDANT PLEADED GUILTY TO AS THEY
ALL MERGE FOR PURPOSES OF SENTENCING.  DISMISS ANY
REMAINING CHARGES. C:DEF., DA, PROB., COUNSEL, ST. POL.
(JCM)(MGD)(8/20/97)

**8/21/97 JUDGMENT**   JUDGMENT ENTERED BY BRADFORD COUNTY PROBATION DEPT. IN
ACCORDANCE WITH ACT 1996-3 FOR FINES, COSTS, RESTITUTION
AND FEES.  TRANSCRIPT PREPARED AND NOTICE FORWARDED TO DEF.,
(9:00 A.M.) DEBT: $102,676.57 PLUS INTEREST AND COSTS. ...

7/18/97

Mr. David Szewczak, Prothonotary
Superior/Supreme Court of Penna.
Fulton Bank Building, 9th Floor
200 N. Third Street
Harrisburg, PA  17108

RE:  RONALD JAMES BAKER
     96CR000716

Dear Mr. Szewczak:

Enclosed, find Notice of Appeal in the above entitled
matter, together with supporting documents.

Thank you.

                    Very truly yours,

                    Cheryl C. Wood-Walter,
                    Prothonotary & Clerk of Courts

                    By:  MARGARET DELL, DEPUTY
                    ─────────────────────────

ENC.

**COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS**

vs

: BRADFORD COUNTY, PENNSYLVANIA

**RONALD JAMES BAKER**                    : NO.  96 CR 000716

:     :     :     :     :     :     :     :     :     :     :     :

**O R D E R**

**AND NOW,** this 18th day of September, 1997, a Notice of Appeal in the above-captioned matter having been filed on the 16th day of September, 1997, the Appellant shall forthwith, and within fourteen (14) days of the date of this Order, file of record in the lower court, and serve on the trial judge, a concise statement of matters complained of on appeal pursuant to Pa. R.A.P. 1925(b), and a full and complete brief in support thereof.  Failure to comply with such direction may be considered by the Appellate Court as a waiver of all objections to the Order, ruling or other matters complained of.

Appellant shall forthwith order, if he has not already done so, any transcript required for the purpose of transmission to the Appellate Court and shall make any necessary payment or deposit therefor.

Appellant shall remain responsible for the transcript preparation throughout the Appellate process.  Appellant is specifically directed to the provisions and potential sanctions of Pa. R.A.P. 1911(d) and comments thereto.

BY THE COURT:

_____ J.

Court Administrator
Clerk of Courts

# 41

**COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS**

                          **v.**                        **: BRADFORD COUNTY, PENNSYLVANIA**

**RONALD JAMES BAKER**             **: NO. 96CR000716**

:   :   :   :   :   :   :   :   :   :   :   :   :   :

**AFFIDAVIT**

**TO:** ✓Court file
       District Attorney
       Susan E. Hartley, Esq.

     I, Julie Lundquist, Court Stenographer, hereby notify the parties, through their counsel, that a transcript of the Notes of Testimony of the Sentencing Hearing conducted in the above matter, August 18, 1997, has been lodged in the Office of the Prothonotary this date.

     Counsel are hereby notified that any objections to the text of said transcript are to be made within five (5) days from the date of this notice.

October 3, 1997                 *Julie L. Lundquist*
                                      Julie L. Lundquist

# 42

| COMMONWEALTH | : IN THE COURT OF COMMON PLEAS |
|---|---|
| Vs. | : OF BRADFORD COUNTY PENNSYLVANIA |
| RONALD JAMES BAKER | : NO. 96 CR 000716 |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## CONCISE STATEMENT OF MATTERS
## COMPLAINED OF ON APPEAL

TO THE HONORABLE JUDGES OF THE ABOVE NAMED COURT:

NOW COMES Appellant, Ronald James Baker, by and through counsel, Susan E. Hartley, and respectfully represents as follows:

1.  Ronald James Baker is the Defendant/Appellant in the above-captioned case.

2.  On or about August 18, 1997, this Honorable Court sentenced Appellant to a period of confinement of not less than seven and one-half (7 1/2) years nor more than twenty-five (25) years to be served in a State Correctional Institution.

3.  Appellant avers that the maximum sentence imposed by the Court is unduly excessive, unreasonable and constitutes an abuse of the Sentencing Court's discretion.

Respectfully submitted,

Susan E. Hartley

#93

COMMONWEALTH                    : IN THE COURT OF COMMON PLEAS

    Vs.                         : OF BRADFORD COUNTY PENNSYLVANIA

RONALD JAMES BAKER              : NO. 96 CR 000716

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

<u>BRIEF IN SUPPORT OF CONCISE
STATEMENT OF MATTERS COMPLAINED
OF ON APPEAL</u>

1.

Defendant/Appellant avers that the maximum sentence imposed
by the Sentencing Court is unduly excessive, unreasonable, and
constitutes an abuse of the Sentencing Court's discretion.  The
Sentencing Court did not fully consider the circumstances of the
Defendant, including his age, education, and capacity for
rehabilitation.  The Sentencing Court did not specifically state
reasons in support of the imposition of consecutive sentences on
the offenses.  Since the Trial Court did have discretion in
determining whether to sentence the Defendant to consecutive or
to concurrent sentences, the Court is required to state on the
record at the time of sentencing the reasons for imposing
consecutive sentences.  <u>Commonwealth vs. Button</u>, 322 Pa. 239, 481
A.2d 342 (1984).  The Court did not impose the sentence that is
the minimum sentence consistent with the protection needs of the
public, the gravity of the offense and the rehabilitative needs
of the Defendant as is required in <u>Commonwealth vs. Wicks</u>, 265
Pa. Super. 305, 401 A.2d 1223 (1979).



The Court may not, as this Sentencing Court seemed to do, base its sentence solely upon the seriousness of the injuries inflicted upon the victims.  Commonwealth vs. Butch, 487 Pa. 30, 407 A.2d 1302 (1979).  The Pennsylvania Judiciary is firmly committed to the "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime".  North Carolina vs. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969).

Although none of the individual sentences imposed against the Defendant/Appellant is in excess of the statutory maximum, Defendant/Appellant urges that the aggregation of said sentence is so manifestly excessive as to inflict too severe a punishment. The sentence imposed by the Sentencing Court demands punishment stripped of all rehabilitative beneficence, contrary to Commonwealth vs. Parrish, 340 Pa. Super. 528, 490 A.2d 905 (1985).

Respectfully submitted,

Susan E. Hartley, Esquire

██████ C. ██████ ████

Prothonotary & Clerk of Courts

Court House

Towanda, PA 18848

ADDRESS CORRECTION REQUESTED

Com. Exhibits
E 69 & 2-3-2
RBaKeC

#45

# C U M U L A T I V E   R E P O R T
## MEMORIAL HOSPITAL
One Hospital Drive, Towanda, PA, 18848
Allan Ross M.D.

PATIENT: BAKER, RONALD                           MN: 20799
LOCATION: CCU  2                          PHYSICIAN: BERKOWITZ, ROY .
DOB: 01/23/1961  AGE: 35  SEX: M

## C H E M I S T R Y

| | 3329048-M4 | 3330013-M3 | 3401001-M2 | 3402004-M1 | REFERENCE |
|---|---|---|---|---|---|
| COLLECTED | 09/29/96 18:20 | 09/30/96 05:45 | 10/01/96 05:30 | 10/02/96 07:03 | RANGE |
| PHYSICIAN | MIKAYA, MARTIN | BERKOWITZ, ROY | BERKOWITZ, ROY | BERKOWITZ, ROY | |
| Collected | 09/29/96 18:20 LY | 09/30/96 05:45 PCN | 10/01/96 05:30 PCN | 10/02/96 07:58 KBP | |

### A U T O M A T E D   C H E M I S T R Y   R E S U L T S

| | 09/29/96 18:20 LY | 09/30/96 05:45 PCN | 10/01/96 05:30 PCN | 10/02/96 07:58 KBP | |
|---|---|---|---|---|---|
| Collected | 09/29/96 18:20 LY | 09/30/96 05:45 PCN | 10/01/96 05:30 PCN L | 10/02/96 07:58 KBP | |
| SODIUM | 136 | 138 | 133 L | 133 L | 135-145 mmol/L |
| POTASSIUM | 3.9 | 6.8 CH | 4.5 | 4.1 | 3.6-5.0 mmol/L |
| CHLORIDE | 102 | 108 | 103 | 101 | 101-111 mmol/L |
| CO2 | 20 L | 23 | 28 | 31 | 22-32 mmol/L |
| GLUCOSE | 201 H | 169 H | 178 H | 150 H | 70-105 mg/dL |
| BUN | 14 | 17 | 21 | 9 | 7-18 mg/dL |
| CREATININE | 1.8 H | 1.5 M | 1.4 H | 0.9 | 0.6-1.3 mg/dL |
| CALCIUM | | 7.6 L | 7.5 CL | 8.2 L | 8.9-10.8 mg/dL |
| ALBUMIN | | 3.1 L | 2.5 L | 2.4 L | 3.2-5.5 g/dl |
| TOTAL PROTEIN | | 4.9 L | 4.7 L | 4.8 L | 6.0-8.0 g/dl |
| LACT. DEHYDROGENASE | | 1167 CH | 535 CH | 334 H | 91-180 IU/L |
| ALT | | 445 CH | 309 CH | 225 CH | 10-60 IU/L |
| AST | | 876 CH | 390 CH | 223 H | 10-42 IU/L |
| TOTAL BILIRUBIN | | 0.8 | 0.9 | 1.0 | 0.2-1.0 mg/dL |
| URIC ACID | | 9.6 H | 8.5 H | 6.2 | 2.6-7.2 mg/dL |
| TOT. CHOL | | 97 L | 85 L | 109 | 100-200 mg/dL |
| ALK PHOS | | 30 L | 37 L | 41 L | 42-121 IU/L |
| GAMMA GT | | 90 H | 64 | 52 | 7-64 IU/L |
| TRIGLYCERIDES | | 275 H | 282 H | 226 H | 35-160 mg/dL |
| PHOSPHOROUS | | 3.3 | 2.6 | 2.0 L | 2.5-4.6 mg/dL |
| CPK | | 18220 CH | 12595 CH | 4054 CH | 22-269 IU/L |
| OSMULALITY | 278 | 281 | 274 | 268 | |
| ANION GAP | 14 | 7 | 2 | 1 | |
| A/G RATIO | | 1.7 | 1.1 | 1.0 | |
| BU/CR RATIO | 8 | 11 | 15 | 10 | |

### T O X I C O L O G Y   R E S U L T S

| | 09/29/96 18:20 LY | | | | |
|---|---|---|---|---|---|
| Collected | 09/29/96 18:20 LY | | | | |
| ETHANOL | 125.46 | M5 | | | 0-0.1 MG/dL |

M5: CALLED CCU   tel. 10/02/96, 08:00, called to JH by KP @ 0800
   all enzymes repeated

M6: CALLED CCU   tel. 10/01/96, 07:06, called to LB by KP @ 0710
   all enzymes repeated

M8: CALLED CCU   tel. 09/30/96, 08:15, called to TL @ 0720 & mc @ 0816 by kp
   CHEM repeated

KEY FOR RESULTS:   L  LOW.   H  HIGH.   AB  ABNORMAL.   C  CRITICAL   T  TOXIC   *  REPORTED FIRST TIME

## C H E M I S T R Y

PRINTED:  10/06/96 19:14                    34                    Patient Page  1

# C U M U L A T I V E   R E P O R T
## MEMORIAL HOSPITAL
One Hospital Drive, Towanda, PA. 18848
Allan Ross M.D.

PATIENT: BAKER, RONALD                       MRN: 20799
LOCATION: CCU 2                               PHYSICIAN: BERKOWITZ, ROY .
DOB: 01/23/1961   AGE: 35   SEX: M
                                     continued
## C H E M I S T R Y

| | 3329048-M4 | 3330013-M3 | 3401001-M2 | 3402004-M1 | |
|---|---|---|---|---|---|
| COLLECTED | 09/29/96 18:20 | 09/30/96 05:45 | 10/01/96 05:30 | 10/02/96 07:03 | REFERENCE |
| PHYSICIAN | MIKAYA, MARTIN | BERKOWITZ, ROY | BERKOWITZ, ROY | BERKOWITZ, ROY | RANGE |

NB: NO NORMAL RANGES ARE ESTABLISHED FOR ETAHNOL. THE FOLLOWING
    RANGES ARE TO BE USED AS A GUIDELINE ONLY.

<10 MG/dL: NO EVIDENCE OF RECENT ETHANOL INGESTION.
10-99 MG/DL: EVIDENCE OF RECENT ETHANOL INGESTION. MAY NOT BE INTOXICATED.
100-200 MG/dL: RECENT ETHANOL INGESTION. WITH INTOXICATION
200-300 MG/dL: POTENTIALLY TOXIC LEVEL OF ETHANOL INGESTION.
300-400 MG/dL: POTENTIALLY FATAL LEVEL OF ETHANOL INGESTION.

KEY FOR RESULTS:  L  LOW.   H  HIGH.   AB  ABNORMAL.   C  CRITICAL   T  TOXIC   *  REPORTED FIRST TIME
## C H E M I S T R Y
PRINTED:  10/02/96 19:14                    35                        Patient Page  2

I,   Tpr.Christopher WEGRZYNOWICZ   , a member of the   PA STATE POLICE
                                                                        (Name of

TOWANDA STATION         have reasonable grounds to believe that _____
     the Police Agency)                                                        (Name

Ronald BAKER                may have been driving, operating or in actual
   of Patient)

physical control of a motor vehicle,while under the influence of alcohol,

which was involved in an accident on 09/29/96_____.
                                           (Date)

As a result of the accident, the patient was treated at the Towanda

Memorial Hospital at which time blood was drawn from the patient.

I request that the Towanda Memorial Hospital release to me a copy of the

analysis of the blood as to its alcohol content. The information requested

is confidential patient information and is being requested solely for law

enforcement purposes.

Tpr. Christopher WEGRZYNOWICZ
                  (Officer's Name)

7080
              (Badge Number)

10/02/96
              (Date)

Comm 2 JoP

PAGE   1

**PENNSYLVANIA DEPARTMENT OF TRANSPORTATION**
**BUREAU OF DRIVER LICENSING**
**CERTIFICATION STATEMENT**
**OCT 10 1996**

DRIVER: RONALD JAMES BAKER
        515 2ND STREET
        TOWANDA, PA  18848

DRIVER LICENSE NO    : 60032700
DATE OF BIRTH        : JAN 23 1961
SEX                  : MALE
RECORD TYPE          : NON-DRIVER

**DRIVER LICENSE (DL)**
------------------------------------
LICENSE CLASS        :
LICENSE ISSUE DATE:
LICENSE EXPIRES      :

MED RESTRICTIONS     : NONE
LEARNER PERMITS      :
LICENSE STATUS       : SUSPENDED
                       REVOKED

**COMMERCIAL DRIVER LICENSE (CDL)**
------------------------------------
CDL LICENSE CLASS    :
CDL LICENSE ISSUED   :
CDL LICENSE EXPIRES  :
CDL ENDORSEMENTS     : NONE
CDL RESTRICTIONS     : NONE
CDL LEARNER PERMITS  :
CDL LICENSE STATUS   : SUSPENDED
                       REVOKED

**PROBATIONARY LICENSE (PL)**
------------------------------------
PL LICENSE CLASS     :
PL LICENSE ORIG ISS  :
PL LICENSE ISSUED    :
PL LICENSE EXPIRES   :
PL LICENSE STATUS    :

**OCCUPATIONAL LIMITED LICENSE (OLL)**
------------------------------------
OLL LICENSE CLASS    :
OLL LICENSE ISSUED   :
OLL LICENSE EXPIRES  :
OLL LICENSE STATUS   :

**\*\*\* CONTINUED \*\*\***

PAGE   2

CERTIFICATION STATEMENT - OCT 10 1996 - LICENSE NUMBER 60032700 CONTINUED

----------------------------------------------------------------------

REPORT OF VIOLATIONS AND DEPARTMENTAL ACTIONS

----------------------------------------------------------------------

| | |
|---|---|
| VIOLATION DATE: | APR 13 1979 |
| VIOLATION: | VEHICLE CODE:  1501A |
| DESCRIPTION: | OPERATOR MUST BE LICENSED |
| CONVICTION DATE: | APR 27 1979 |
| ACTION: | NO ACTION |

| | |
|---|---|
| VIOLATION DATE: | SEP 14 1979 |
| VIOLATION: | VEHICLE CODE:  3733  MAJOR VIOLATION |
| DESCRIPTION: | FLEEING POLICE OFFICER |
| CONVICTION DATE: | SEP 24 1979 |
| ACTION: | SUSPENSION FOR    6 MONTH(S) EFFECTIVE DEC 06 1979 |
| | OFFICIAL NOTICE MAILED NOV 01 1979 |

| | |
|---|---|
| VIOLATION DATE: | SEP 14 1979 |
| VIOLATION: | VEHICLE CODE:  1501A  MAJOR VIOLATION |
| DESCRIPTION: | OPERATOR MUST BE LICENSED |
| CONVICTION DATE: | SEP 24 1979 |
| ACTION: | SUSPENSION FOR    6 MONTH(S) EFFECTIVE JUN 06 1980 |
| | OFFICIAL NOTICE MAILED NOV 14 1979 |

| | |
|---|---|
| VIOLATION DATE: | SEP 14 1979 |
| VIOLATION: | VEHICLE CODE:  1533 |
| DESCRIPTION: | FAILURE TO RESPOND |
| ACTION: | SUSPENSION EFFECTIVE JAN 15 1981 |
| | OFFICIAL NOTICE MAILED JAN 15 1981 |

*** CONTINUED ***

PAGE  3
_RTIFICATION STATEMENT - OCT 10 1996 - LICENSE NUMBER 60032700 CONTINUED

VIOLATION DATE:    SEP 14 1979
VIOLATION:         VEHICLE CODE:   1533
DESCRIPTION:       FAILURE TO RESPOND
ACTION:            SUSPENSION EFFECTIVE JAN 30 1981
                   OFFICIAL NOTICE MAILED JAN 30 1981


VIOLATION DATE:    SEP 14 1979
VIOLATION:         VEHICLE CODE:   1533
DESCRIPTION:       FAILURE TO RESPOND
ACTION:            SUSPENSION EFFECTIVE FEB 05 1981
                   OFFICIAL NOTICE MAILED FEB 05 1981


VIOLATION DATE:    APR 13 1979
VIOLATION:         VEHICLE CODE:   1533
DESCRIPTION:       FAILURE TO RESPOND
ACTION:            SUSPENSION EFFECTIVE FEB 12 1981
                   OFFICIAL NOTICE MAILED FEB 12 1981


VIOLATION DATE:    SEP 14 1979
VIOLATION:         VEHICLE CODE:   1533
DESCRIPTION:       FAILURE TO RESPOND
ACTION:            SUSPENSION EFFECTIVE MAR 10 1981
                   OFFICIAL NOTICE MAILED MAR 10 1981


VIOLATION DATE:    AUG 26 1984
VIOLATION:         VEHICLE CODE:   1543
DESCRIPTION:       DRIVING WHILE SUSP/REVOKE
SENTENCING DATE:   NOV 01 1984
ACTION:            DRIVING PRIV REVOKED FOR   6 MONTH(S) EFFECTIVE FEB 07 1985
                   OFFICIAL NOTICE MAILED FEB 07 1985




*** CONTINUED ***

PAGE   4
...ON STATEMENT - OCT 10 1996 - LICENSE NUMBER 60032700 CONTINUED

..... DATE:           AUG 08 1984
....ON:              VEHICLE CODE:  1501A  MAJOR VIOLATION
...RIPTION:          OPERATOR MUST BE LICENSED
...NVICTION DATE:    NOV 01 1984
ACTION:              HABITUAL OFFENDER REVO FOR    5 YEAR(S) EFFECTIVE AUG 07 1985
                     OFFICIAL NOTICE MAILED FEB 11 1985


VIOLATION DATE:      JUL 17 1984
VIOLATION:           VEHICLE CODE:  1501A  MAJOR VIOLATION
DESCRIPTION:         OPERATOR MUST BE LICENSED
CONVICTION DATE:     NOV 01 1984
ACTION:              HABITUAL OFFENDER REVO FOR    2 YEAR(S) EFFECTIVE AUG 07 1990
                     OFFICIAL NOTICE MAILED FEB 20 1985


VIOLATION DATE:      AUG 20 1988
VIOLATION:           VEHICLE CODE:  1501A  MAJOR VIOLATION
DESCRIPTION:         OPERATOR MUST BE LICENSED
CONVICTION DATE:     SEP 01 1988
ACTION:              HABITUAL OFFENDER REVO FOR    2 YEAR(S) EFFECTIVE AUG 07 1992
                     OFFICIAL NOTICE MAILED NOV 07 1988


VIOLATION DATE:      OCT 05 1988
VIOLATION:           VEHICLE CODE:  1501A  MAJOR VIOLATION
DESCRIPTION:         OPERATOR MUST BE LICENSED
CONVICTION DATE:     OCT 18 1988
ACTION:              HABITUAL OFFENDER REVO FOR    2 YEAR(S) EFFECTIVE AUG 07 1994
                     OFFICIAL NOTICE MAILED NOV 30 1988


VIOLATION DATE:      JAN 14 1989
VIOLATION:           VEHICLE CODE:  1501A  MAJOR VIOLATION
DESCRIPTION:         OPERATOR MUST BE LICENSED
CONVICTION DATE:     JAN 24 1989
ACTION:              HABITUAL OFFENDER REVO FOR    2 YEAR(S) EFFECTIVE AUG 07 1996
                     OFFICIAL NOTICE MAILED MAR 20 1989


*** CONTINUED ***

PAGE   5
...ON STATEMENT - OCT 10 1996 - LICENSE NUMBER 60032700 CONTINUED

```
    .. DATE:      MAR 04 1989
    ..ION:        VEHICLE CODE:  1543   MAJOR VIOLATION
   ..RIPTION:     DRIVING WHILE SUSP/REVOKE
..ONVICTION DATE: MAR 16 1989
  ACTION:         HABITUAL OFFENDER REVO FOR     2 YEAR(S) EFFECTIVE AUG 07 1998
                  OFFICIAL NOTICE MAILED MAY 23 1989


VIOLATION DATE:   MAR 09 1989
VIOLATION:        VEHICLE CODE:  1501A   MAJOR VIOLATION
DESCRIPTION:      OPERATOR MUST BE LICENSED
CONVICTION DATE:  APR 12 1989
ACTION:           HABITUAL OFFENDER REVO FOR     2 YEAR(S) EFFECTIVE AUG 07 2000
                  OFFICIAL NOTICE MAILED JUN 15 1989


VIOLATION DATE:   FEB 14 1989
VIOLATION:        VEHICLE CODE:  1533
DESCRIPTION:      FAILURE TO RESPOND
ACTION:           SUSPENSION EFFECTIVE OCT 05 1989
                  OFFICIAL NOTICE MAILED OCT 05 1989


VIOLATION DATE:   AUG 03 1989
VIOLATION:        VEHICLE CODE:  3733   MAJOR VIOLATION
DESCRIPTION:      FLEEING POLICE OFFICER
CONVICTION DATE:  AUG 16 1989
ACTION:           HABITUAL OFFENDER REVO FOR     2 YEAR(S) EFFECTIVE AUG 07 2002
                  OFFICIAL NOTICE MAILED OCT 20 1989


VIOLATION DATE:   JUL 25 1989
VIOLATION:        VEHICLE CODE:  1543   MAJOR VIOLATION
DESCRIPTION:      DRIVING WHILE SUSP/REVOKE
CONVICTION DATE:  AUG 16 1989
ACTION:           HABITUAL OFFENDER REVO FOR     2 YEAR(S) EFFECTIVE AUG 07 2004
                  OFFICIAL NOTICE MAILED NOV 09 1989
```

*** CONTINUED ***

PAGE   6
.ON STATEMENT - OCT 10 1996 - LICENSE NUM! ~R 60032700 CONTINUED


.. DATE:              FEB 14 1989
...ON:                VEHICLE CODE:   1543   MAJOR VIOLATION
..RIPTION:            DRIVING WHILE SUSP/REVOKE
..NVICTION DATE:      OCT 12 1989
ACTION:               HABITUAL OFFENDER REVO FOR     2 YEAR(S) EFFECTIVE AUG 07 2006
                      OFFICIAL NOTICE MAILED JAN 11 1990


VIOLATION DATE:       FEB 13 1989
VIOLATION:            VEHICLE CODE:   1543   MAJOR VIOLATION
DESCRIPTION:          DRIVING WHILE SUSP/REVOKE
CONVICTION DATE:      OCT 12 1989
ACTION:               HABITUAL OFFENDER REVO FOR     2 YEAR(S) EFFECTIVE AUG 07 2008
                      OFFICIAL NOTICE MAILED JAN 17 1990


VIOLATION DATE:       AUG 28 1988
VIOLATION:            VEHICLE CODE:   1543   MAJOR VIOLATION
DESCRIPTION:          DRIVING WHILE SUSP/REVOKE
CONVICTION DATE:      OCT 12 1989
ACTION:               HABITUAL OFFENDER REVO FOR     2 YEAR(S) EFFECTIVE AUG 07 2010
                      OFFICIAL NOTICE MAILED JAN 23 1990


VIOLATION DATE:       AUG 03 1989
VIOLATION:            VEHICLE CODE:   1543   MAJOR VIOLATION
DESCRIPTION:          DRIVING WHILE SUSP/REVOKE
CONVICTION DATE:      AUG 10 1989
ACTION:               HABITUAL OFFENDER REVO FOR     2 YEAR(S) EFFECTIVE AUG 07 2012
                      OFFICIAL NOTICE MAILED JAN 25 1990


*** CONTINUED ***

ION STATEMENT - OCT 10 1996 - LICENSE NUMBER 60032700 CONTINUED

DATE:              MAY 02 1989
ION:               VEHICLE CODE:  1533
RIPTION:           FAILURE TO RESPOND
TION:              SUSPENSION EFFECTIVE JAN 31 1990
                   OFFICIAL NOTICE MAILED JAN 31 1990


VIOLATION DATE:    DEC 28 1989
VIOLATION:         VEHICLE CODE:  1501A  MAJOR VIOLATION
DESCRIPTION:       OPERATOR MUST BE LICENSED
CONVICTION DATE:   FEB 08 1990
ACTION:            HABITUAL OFFENDER REVO FOR    5 YEAR(S) EFFECTIVE AUG 07 2014
                   OFFICIAL NOTICE MAILED APR 16 1990


VIOLATION DATE:    MAR 25 1995
VIOLATION:         VEHICLE CODE:  1543  MAJOR VIOLATION
DESCRIPTION:       DRIVING WHILE SUSP/REVOKE
CONVICTION DATE:   APR 12 1995
ACTION:            SUSPENSION FOR    1 YEAR(S) EFFECTIVE AUG 07 2019
                   OFFICIAL NOTICE MAILED MAY 02 1995


VIOLATION DATE:    APR 19 1996
VIOLATION:         VEHICLE CODE:  1543A
DESCRIPTION:       DRIVING WHILE SUSP/REVOKE
CONVICTION DATE:   MAY 08 1996
ACTION:            DRIVING PRIV REVOKED FOR    2 YEAR(S) EFFECTIVE AUG 07 2020
                   OFFICIAL NOTICE MAILED AUG 26 1996



                   OPER LICENSE RECEIVED DEC 06 1979




                   *** CONTINUED ***

ـION STATEMENT - OCT 10 1996 - LICENSE NUMBER 60032700 CONTINUED

REPORT OF MEDICALS AND DEPARTMENTAL ACTIONS

NO MEDICALS OR DEPARTMENTAL ACTIONS DURING THIS REPORTING PERIOD

REPORT OF ACCIDENTS AND DEPARTMENTAL ACTIONS

NO ACCIDENTS DURING THIS REPORTING PERIOD

*** END OF RECORD ***

..ION STATEMENT - OCT 10 1996 - LICENSE NUMBER 60032700 CONTINUED

IN COMPLIANCE WITH YOUR REQUEST, I HEREBY CERTIFY THAT I
HAVE CAUSED A SEARCH TO BE MADE OF THE FILES OF THE DEPART-
MENT OF TRANSPORTATION, AND HAVE SET FORTH ABOVE AN ACCURATE
SUMMARY OF ALL RECORDS IN THE NAME OF THE PERSON INDICATED.

SINCERELY,

*Rebecca J. Bickley*

SEAL

DIRECTOR, BUREAU OF DRIVER LICENSING
FOR
SECRETARY OF TRANSPORTATION

COMMONWEALTH OF PENNSYLVANIA SS:                    DATE:OCT 10 1996

I HEREBY CERTIFY THAT REBECCA L. BICKLEY, DIRECTOR OF THE
BUREAU OF DRIVER LICENSING, OF THE PENNSYLVANIA DEPARTMENT
OF TRANSPORTATION IS THE LEGAL CUSTODIAN OF THE DRIVER
LICENSING RECORDS OF THE DEPARTMENT OF TRANSPORTATION. AS
THE DIRECTOR OF THE AFORESAID BUREAU, SHE HAS LEGAL CUSTODY
OF THE ORIGINAL OR MICROFILM RECORDS WHICH ARE THE SUBJECT
OF THE ABOVE CERTIFICATION.

IN TESTIMONY WHEREOF, I HAVE HEREUNTO SET MY HAND  AND  SEAL
OF THIS DEPARTMENT THE DAY AND YEAR AFORESAID.

SINCERELY,

*Bradley L. Mallory*

SECRETARY OF TRANSPORTATION

SEAL